## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND | § | C.A. NO. _____ |
| PETITION OF TRITON ASSET LEASING | § | |
| GmbH, TRANSOCEAN HOLDINGS LLC, | § | |
| TRANSOCEAN OFFSHORE DEEPWATER | § | |
| DRILLING INC., AND TRANSOCEAN | § | |
| DEEPWATER INC.,AS OWNER, MANAGING | § | Fed. R. Civ. P. 9(h) |
| OWNERS, OWNERS PRO-HAC VICE, | § | |
| AND/OR OPERATORS OF THE MODU | § | |
| DEEPWATER HORIZON, IN A CAUSE FOR | § | |
| EXONERATION FROM OR LIMITATION | § | |
| OF LIABILITY | § | IN ADMIRALTY |

## COMPLAINT AND PETITION FOR
## EXONERATION FROM OR LIMITATION OF LIABILITY

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Petitioners, Triton Asset Leasing GmbH, Transocean Holdings LLC, Transocean Offshore Deepwater Drilling Inc., and Transocean Deepwater Inc., as Owner, Managing Owners, Owners *Pro Hac Vice*, and/or Operators, of the MODU *Deepwater Horizon*, her engines, gear, tackle, appurtenances, etc., in a cause of exoneration from or limitation of liability, civil and maritime, under Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims and in support thereof would respectfully show the Court as follows:

### 1.

This is a case of admiralty and maritime jurisdiction under 28 U.S.C. §1333 and is filed pursuant to Rule 9(h) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, all as hereinafter more fully appears.

[1]

**2.**

Petitioner Triton Asset Leasing GmbH is, and was at all material times hereinafter mentioned, a limited liability company organized and existing under the laws of the Swiss Confederation with its principal office in Zug, Switzerland.

**3.**

Petitioner Transocean Holdings LLC is, and was at all material times hereinafter mentioned, a limited liability company organized and existing under the laws of the State of Delaware, with its principal office in Houston, Texas.

**4.**

Petitioner Transocean Offshore Deepwater Drilling Inc. is, and was at all material times hereinafter mentioned, a corporation organized and existing under the laws of the State of Delaware, with its principal office in Houston, Texas.

**5.**

Petitioner Transocean Deepwater Inc. is, and was at all material times hereinafter mentioned, a corporation organized and existing under the laws of the State of Delaware, with its principal office in Houston, Texas.

**6.**

Petitioners were at all times material hereto the Owner, Managing Owners, Owners *Pro Hac Vice*, and/or Operators, of the MODU *Deepwater Horizon*, etc., and/or are considered "owners" of the vessel under the Limitation of Liability Act, 46 U.S.C. 30501 *et seq.*, as a party or parties sought to be held liable "as owner" of the MODU *Deepwater Horizon*, per the claims set forth in Paragraph 14, *infra*, and accordingly are entitled to the protections afforded by the

[2]

Limitation of Liability Act.  *See In re Magnolia Marine Transport Co.*, 2003 A.M.C. 2425 (E.D. Okla. 2003); *In re Shell Oil Company*, 780 F. Supp. 1086 (E.D. La. 1991).

## 7.

Prior to the occurrence of the casualty herein described, the MODU *Deepwater Horizon* was a fifth-generation mobile offshore drilling unit having a burden of 32,588 gross tons (ITC). She had the approximate dimensions of 396 feet in length, 256 feet in breadth and 136 feet in depth.  Her station keeping was by way of 8 Kamewa-rated 7375 horsepower each, fixed-propeller, full 360 degree azimuth thrusters.  Prior to and at all times hereinafter described, Petitioners exercised due diligence to make and maintain the MODU *Deepwater Horizon* in all respects seaworthy, and at all times material hereto she was, in fact, tight, staunch, strong, properly and sufficiently manned, supplied, equipped and furnished, and well and sufficiently fitted with suitable engines, machinery, gear, tackle, apparel, appliances, and furniture, all in good order and condition and suitable for the service in which the vessel was engaged.

## 8.

The remains of the MODU *Deepwater Horizon* now lay sunken in approximately five thousand feet of water, in federal waters, in the Gulf of Mexico, and accordingly is not within any District.

## 9.

On or about January 30, 2010, the MODU *Deepwater Horizon* commenced a voyage in federal waters of the Gulf of Mexico in the vicinity of Mississippi Canyon Block 727 to the vicinity of Mississippi Canyon Block 252 for the purpose of conducting contract drilling operations in federal waters of the Gulf of Mexico.  On or about April 20, 2010, the MODU

[3]

*Deepwater Horizon* was conducting normal drilling operations in the Gulf of Mexico, when there occurred a fire and an apparent explosion or explosions aboard the MODU *Deepwater Horizon*. The fire and explosion(s) severely damaged the MODU *Deepwater Horizon*, which ultimately sank on April 22, 2010, and the marine casualty resulted in personal injuries and death to persons aboard the MODU *Deepwater Horizon* and in the vicinity of the fire and explosion(s).

## 10.

Any and all injury, loss, destruction and damage arising out of or related to the above-described casualty event was not caused or contributed to by any fault, negligence or lack of due care on the part of Petitioners or unseaworthiness or fault of the MODU *Deepwater Horizon*, or any person in charge of her, or any person for whom Petitioners were or are responsible. Petitioners reserve the right to amend and/or supplement this paragraph of their Complaint and Petition to specify further the faults and negligence, if any, surrounding the above-described events when the facts surrounding the casualty event become fully known, and to prove them at the trial of this cause.

## 11.

The above-described incident, any physical damage, personal injury, death, contingent losses, expenses, costs, pollution, environmental damage, loss, destruction and damages were not caused or contributed to, done, occasioned and/or incurred by any fault, negligence, unseaworthiness, or lack of due care on the part of Petitioners, or anyone for whom Petitioners are or at any material time were responsible.

[4]

**12.**

The above-described incident, any physical damage, personal injury, death, contingent losses, expenses, costs, pollution, environmental damage, loss, destruction and damages were caused or contributed to, done, occasioned and/or incurred without the privity or knowledge of Petitioners, the MODU *Deepwater Horizon*'s master or OIM, or Petitioners' superintendents, management personnel, or managing agents.

**13.**

Except as stated in Paragraph 14, *infra*, there are no demands, unsatisfied liens or claims of lien, in contract or in tort, arising from the MODU *Deepwater Horizon*'s aforementioned voyage, so far as is known to Petitioners.

**14.**

Notwithstanding the fact that the alleged injury, loss, destruction and damages described herein, if any and which are in all respects denied, were done, occasioned and incurred without the fault, design or neglect of Petitioners, or anyone for whom Petitioners are or at any material time were responsible, and without unseaworthiness or fault of the MODU *Deepwater Horizon*, nevertheless claims and demands have been made against Petitioners. Attached hereto and made a part hereof as Exhibit "A" is a list of all suits pending, of which Petitioners have knowledge, as of the time of the filing of this Complaint. Upon information and belief, Petitioners are, as of this date, unaware of any other suits against Petitioners or the MODU *Deepwater Horizon* in connection with the incident except as noted on Exhibit "A."

To the best of Petitioners' knowledge, information and belief, the MODU *Deepwater Horizon* has not been arrested or libeled to answer for any claims arising on or after the MODU

*Deepwater Horizon*'s aforementioned voyage.

**15.**

Petitioners further have been made aware that the following individuals have retained counsel, and accordingly aver that claims may be made by the following:

- a. Oleander Benton, represented by Stephen Rue & Associates, LLC, Kenner, Louisiana;

- b. Tyrone L. Benton, represented by Matthew D. Shaffer of Houston, Texas.

- c. Billy Scott Francis, represented by Matthew D. Shaffer of Houston, Texas.

- d. Brad Jones, represented by Christopher M. Rodriguez of New Orleans, Louisiana;

- e. Carlos Antonio Ramos, represented by Matthew D. Shaffer of Houston, Texas;

- f. Virginia Stevens, represented by Tim Young of New Orleans, Louisiana;

- g. Dominique Ussin, represented by Steve Gordon of Houston, Texas.

**16.**

Petitioners further are aware of potential claimants residing throughout the United States, including but not limited to the States of Alabama, Arkansas, Arizona, California, Connecticut, Florida, Georgia, Maine, Maryland, Mississippi, New York, North Carolina, Ohio, Texas, and Washington.

**17.**

As the MODU *Deepwater Horizon* has not been arrested or libeled, and as suit has been commenced within this District, Petitioners affirmatively show that venue is proper in this District pursuant to Rule F(9) of the Supplemental Rules for Certain Admiralty and Maritime Claims.

[6]

**18.**

The entire aggregate amount or value of Petitioners' interest in the MODU *Deepwater Horizon*'s aforementioned voyage and her then pending freight at the end of the above-described voyage does not exceed the sum of TWENTY-SIX MILLION, SEVEN HUNDRED SIXTY-FOUR THOUSAND AND EIGHTY-THREE AND NO/100 DOLLARS ($26,764,083.00).

**19.**

The amount of the claims that are reasonably anticipated to arise from the events in question are expected to greatly exceed the amount and value of Petitioners' interest in the MODU *Deepwater Horizon* immediately after the events in question and at the time of the termination of the voyage, and her then pending freight.

**20.**

Petitioners desire to contest any liability of themselves and the MODU *Deepwater Horizon* for any injuries and other losses allegedly sustained by those affected by the events in question, and for any and all losses and damages, if any, which occurred during the voyage in question, including, without limitation, any claims asserted under the Oil Pollution Act, 33 U.S.C § 2701, *et seq.* for hydrocarbons emanating from the sea floor. Petitioners further claim exoneration from and/or limitation of liability for any loss, injuries, and damages sustained by those affected, and for the claims that have been made and/or those claims which hereafter may be made by any other person, firm, corporation or other entity, including without limitation, any claims asserted under the Oil Pollution Act, 33 U.S.C. § 2701, *et seq.* for hydrocarbons emanating from the sea floor. Petitioners allege that they have valid defenses on the facts and on the law to the claims of any present and/or future claimant. Petitioners, without admitting but

[7]

affirmatively denying all liability, further claim the benefit of Limitation of Liability as provided in 46 U.S.C.A., §§ 30501 to 30512, inclusive, Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, and any and all Acts of the Congress of the United States amendatory thereof or supplementary thereto, and the rules of practice of this Honorable Court and of the Supreme Court of the United States.

While not in any way admitting that Petitioners bear any liability for the alleged injury, loss and damages allegedly occurring as described above, Petitioners hereby claim and reserve the right to contest in this or any other Court any liability therefor, either of Petitioners or of the MODU *Deepwater Horizon*, and Petitioners claim and are entitled to have their liability, if any, limited to the amount or value of their interest as aforesaid in the MODU *Deepwater Horizon* following the events in question, in addition to her freight then pending.

## 21.

Petitioners are ready and willing to give a Stipulation for Value with sufficient surety for the payment into the Court's registry of the amount or value of Petitioners' interest in the MODU *Deepwater Horizon* and her then pending freight following the events in question, whenever the same shall be ordered as provided in the applicable statutes and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure and by the rules and practices of this Honorable Court and subject to such Orders as the Court may direct.

## 22.

Petitioners hereby offer their *Ad Interim* Stipulation with surety in the amount of TWENTY-SIX MILLION, SEVEN HUNDRED SIXTY-FOUR THOUSAND AND EIGHTY-

THREE AND NO/100 DOLLARS ($26,764,083.00), representing the value of Petitioners' interest in the MODU *Deepwater Horizon* and her then pending freight, at the time of the occurrence in question, and interest at the rate of 6% per annum. The *Ad Interim* Stipulation is to stand in the place of a Stipulation for Value if the amount thereof is not contested by any Claimant herein. Petitioners stands ready and agree to comply with any other Order of the Court provided for in Supplemental Rule F for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure with respect to additional security which the Court may from time to time fix as necessary to carry out the provisions of the Limitation of Liability statutes as amended.

### 23.

Petitioners would show that this Complaint and Petition have been filed within six months from the date Petitioners received first written notice of claim from any claimant for losses or damages which any person, firm, corporation or other entity sustained while the MODU *Deepwater Horizon* was on the voyage in question, and/or Petitioners would show further that no other party or parties have given written notice of claim to Petitioners concerning the voyage in question of the MODU *Deepwater Horizon*.

### 24.

All and singular the premises are true and within the Admiralty and Maritime jurisdiction of the United States and of this Honorable Court as an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Petitioners pray:

[9]

(A)     That the Court issue an Order directing that Petitioners file an *Ad Interim* Stipulation with proper security for the payment into Court of the value of Petitioners' interest in the vessel and its then pending freight at the termination of the voyage in question as set forth herein, whenever the same shall be determined and ordered by the Court, in addition to costs of Court and interest at the rate of 6% per annum, and that the Court order such increases and decreases in such stipulation as the Court may from time to time deem proper;

(B)     That the Court make an Order directing the issuance of a Monition providing for Notice to all persons, firms, corporations or other entities who might have any claim arising out of the voyage in question of the MODU *Deepwater Horizon*, citing them to file their claims with the Clerk of this Court and to serve a copy of said claims upon the attorneys for Petitioners on or before the time fixed by the Court in the Monition or be forever barred and permanently enjoined from making and filing any such claims, to make due proof of their respective claims before this Court as the Court may later direct, and also to appear and answer the allegations of this Complaint and Petition at or before a certain time to be fixed by the Monition;

(C)     That upon the filing of an *Ad Interim* Stipulation, or the giving of such stipulation as may be determined by the Court to be proper, an Injunction shall issue restraining the prosecution of all suits, actions and proceedings already begun to recover for damages sustained, arising out of, or resulting from the above-described events and restraining the commencement or prosecution hereafter of any suit, action or legal proceedings of any nature or description whatsoever, in any jurisdiction except in this action, against Petitioners, the MODU *Deepwater Horizon in rem*, their agents, officers, representatives, and their underwriters or against any employee or property of Petitioners or any other person whatsoever for whom Petitioners may be

[10]

responsible in respect of any claim or claims arising out of the aforesaid voyage of the MODU *Deepwater Horizon*;

    (D)    That the Court in this proceeding adjudge:

        (i)    That Petitioners and their underwriters are not liable to any extent for any loss, injuries or damages of any party in any way arising out of, during, or consequent upon the aforesaid occurrence(s) or voyage of the MODU *Deepwater Horizon*, including, without limitation, any claims asserted under the Oil Pollution Act, 33 U.S.C. § 2701, *et seq.* for hydrocarbons emanating from the sea floor, and that therefore the MODU *Deepwater Horizon* and Petitioners are exonerated from any and all liability which has been or may be claimed as a result of the events in question; or,

        (ii)    Alternatively, if Petitioners and/or their underwriters shall be adjudged liable, then that such liability be limited to the amount or value of Petitioners' interest in the MODU *Deepwater Horizon*, etc., and her then pending freight for the voyage in which the vessel was engaged at the time of the events in question, and that the money paid or secured to be paid as aforesaid be divided *pro rata* among such claimants as they may duly prove their claims before this Court, saving to all parties any priorities to which they may be legally entitled, and that a decree may be entered discharging Petitioners and their underwriters from all further liability.

    (E)    That Petitioners may have such other and further relief, both at admiralty and in equity, to which they may show themselves to be justly entitled.

[11]

Respectfully submitted:

By: _____

FRANK A. PICCOLO
TBN: 24031227
SDBN: 30197
fpiccolo@preisroy.com
Wesleyan Tower
24 Greenway Plaza
Suite 2050
Houston, Texas 77046
(713) 355-6062 – Telephone
(713) 572-9129 – Facsimile

**ATTORNEY IN CHARGE FOR PETITIONERS
TRITON ASSET LEASING GMBH, TRANSOCEAN
HOLDINGS LLC, TRANSOCEAN OFFSHORE
DEEPWATER DRILLING INC., AND
TRANSOCEAN DEEPWATER INC.**

[12]

**OF COUNSEL:**

EDWARD F. KOHNKE, IV
*Pro Hac Vice* Admission Requested
LBN: 07824
nkohnke@preisroy.com
EDWIN G. PREIS, JR.
TBN: 24029069
SDBN: 16834
epreis@preisroy.com
RICHARD J. HYMEL
*Pro-Hac Vice* Admission requested
TBN: 24038190
CARL J. HEBERT
LBN: 06724
SDBN: 15985
PREIS & ROY, APLC
102 Versailles Blvd., Suite 400
Lafayette, Louisiana 70509
(377) 237-6062 – Telephone
(377) 237-9129 – Facsimile

INNES MACKILLOP
TBN# 12761800
SDTX # 444
WHITE MACKILLOP & GALLANT P.C.
2200 West Loop South, Suite 1000
Houston, TX 77027
(713) 599-0211
(713) 599-1355
imackillop@wmglegal.com

GEORGE M. GILLY
LBN:6234
SDTX ID No. 16885
gillyg@phelps.com
EVANS MARTIN MCLEOD
LBN:24846
SDTX *Pro Hac Vice* Admission requested
mcleodm@phelps.com
PHELPS DUNBAR, LLP
Canal Place
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Telecopier: (504) 568-9130
and
MARC G. MATTHEWS
TBN: 4055921
SDTX ID No. 705809
marc.matthews@phelps.com
700 Louisiana, Suite 2600
Houston, Texas 77002
Telephone: (713) 626-1386
Facsimile: (713) 626-1388

## VERIFICATION

| | |
|---|---|
| **THE STATE OF TEXAS** §<br>§<br>**COUNTY OF HARRIS** § | **KNOW ALL MEN BY THESE PRESENTS THAT** |

**BEFORE ME**, the undersigned authority, personally appeared Frank A. Piccolo, who, being by me duly sworn, upon his oath deposed and stated:

> My name is Frank A. Piccolo  I am a member of the law firm Preis & Roy, attorneys for Petitioners Triton Asset Leasing GmbH, Transocean Holdings LLC, Transocean Offshore Deepwater Drilling Inc., and Transocean Deepwater Inc.  I have read the foregoing Complaint and Petition and know the contents thereof, and the same are true and correct of my own knowledge, except as to the matters therein stated to be alleged upon belief and knowledge, and as to those matters I believe them to be true.

> The reason that this Verification is not being made by Petitioners is that they are corporations or other legal business entities whose officers are not presently available for this purpose.

Further, Affiant sayeth not.

_____
FRANK A. PICCOLO

SWORN TO AND SUBSCRIBED before me by Frank A. Piccolo, this _13th_ day of May, 2010, to which witness my hand and seal of office.

SONJA ROARK
Notary Public, State of Texas
My Commission Expires
July 24, 2011

_____
NOTARY PUBLIC, STATE OF TEXAS
My commission expires:_____

[14]