IN THE UNITED STATES DISTRICT COURT FOR THE
FOR THE SOUTHERN DISTRICT OF TEXAS
SOUTHERN DIVISION

| | | |
|---|---|---|
| **In re: The Complaint and Petition of TRITON ASSET LEASING GmbH, TRANSOCEAN HOLDINGS LLC, TRANSOCEAN OFFSHORE DEEPWATER DRILLING INC., and TRANSOCEAN DEEPWATER INC., as owner, managing owners, Owners Pro Hac Vice, and/or Operators of the MODU DEEPWATER HORIZON, in a cause for exoneration from or Limitation of Liability.** | * * * * * * * | Case No. 4:10-cv-01721<br><br>In Admiralty |

BRIEF OF BILLY WILKERSON
IN RESPONSE TO AND OPPOSITION TO
THE MOTION OF TRANSOCEAN
TO STRIKE HIS MOTION TO MODIFY THE INJUNCTION

This brief is by Billy Wilkerson in opposition to the Motion to Strike filed Friday by the four Transocean entities[1] who have complained in this case for exoneration from or limitation of liability from the DEEPWATER HORIZON oil spill. Transocean's motion should be denied.

I.   **Procedural Stance.**

The context of this issue is that (1) on Thursday, May 13th the Transocean entities filed a complaint in this Court for exoneration from or for limitation of liability, (2) concurrently with their complaint they sought a nationwide injunction *which in at least three ways exceed what is allowed*

---

[1] They filed for four different Transocean entities. So far they have not tried to separate them, so to keep it simple for this purpose, today we will go along and just call them all collectively "Transocean." We can all sort them out later.

2

*by the Limitation Act and Supplemental Rule F*,[2] (3) as is common in admiralty limitation cases, that nationwide injunction was granted without notice or hearing [we do not complain of lack of notice or hearing, but that is certainly a factor supporting the propriety of allowing appropriate later motions to modify the *ex parte* injunction], (4) not unnaturally, the problems not being readily apparent on the face of the pleadings, the injunction was granted as sought, (5) on the second business day following the issuance of the injunction, May 17th, Billy Wilkinson filed a motion to modify the injunction in three precise ways in which, he asserts, the injunction goes beyond what is allowed by Supplemental Rule F and the Limitation Act, and (6) on May 21st the Transocean Limitation Plaintiffs filed a motion to strike Billy Wilkinson's motion to modify the injunction. This brief is in response to that motion to strike by the Transocean plaintiff entities.

## II.    The Motion to Strike is Baseless.

The motion to strike has three theories, it seems to us, although their "advisory opinion" theory sort of oozes unpredictably amongst the three: (A) that Billy Wilkerson is not a "party" because the text of Rule F does not specifically provide for motions to modify an injunction against other proceedings, before the claim process has fully begun, and that as a "nonparty" Billy Wilkinson lacks standing to move now to modify the injunction, (B) that modifying the injunction would not involve a "case or controversy" and instead would improperly seek "an advisory opinion," and (C) that if the Court modified the injunction so that the only permissible plaintiffs for limitation would

---

[2] Their full name is "Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions." For the sake of simplicity we will just refer to Rule F as "Rule F."

3

be the ones clearly and specifically allowed by the Limitation Act -- namely, an "owner" or a "charterer," and not an "operator" -- this would be "an advisory opinion."

We will address those three theories in the order in which they are presented.

### A. The Terms of the Federal Rules of Civil Procedure and Statutes Allow, and Supplemental Rule F Does Not Prohibit, Motions to Modify Injunctions, and Billy Wilkerson Clearly Has "Standing" to Seek Modification.

#### i. Applicable Statutes and Rules Allow for the Filing of Motions to Modify the Injunction.

Transocean starts off by saying that Rule F sets out a procedure for limitation cases in which ultimately anybody opposing exoneration or limitation can come into the limitation concursus and file a claim and oppose exoneration or limitation.

Well, we agree with that. So far, so good.

But then Transocean says that since Supplemental Rule F allows the filing of claims down the road, that is it; that is all you can file and nothing else. They say at the bottom of their page one that Rule F is all the Court has to look at to decide this question.

Well, that is a pretty crabbed view of limitation proceedings. For one thing, the Admiralty Supplemental Rules *themselves* say that "[t]he Federal Rules of Civil Procedure also apply to [limitation cases] except to the extent that they are inconsistent with these Supplemental Rules."[3] And nothing in Rule F or any other Supplemental Rule says "plus, you cannot file a motion to modify an injunction," or anything like it.

---

[3] Supplemental Rule A(2).

4

But the Federal Rules of Civil Procedure **DO** specifically allow for the filing of motions to modify or dissolve restraining orders and injunctions, FED R.CIV. P. 65(b)(4).

So, when Transocean says as they do that "[t]he Court need go no further in its analysis of Wilkerson's request than Rule F," they are already wrong right out of the chute. The Court needs to look at the Federal Rules of Civil Procedure, too. And they allow for the filing of a motion to modify an injunction.

And, it never hurts to look at Federal statutes, either. A federal statute provides that orders "refusing to dissolve or modify injunctions" are immediately appealable, 28 U.S.C. § 1292(a)(1). You cannot get a court order unless you ask for it by motion, FED.R.CIV.P. 7(b)(1). So it is clear that applicable law -- the Federal Rules of Civil Procedure and statutes -- recognizes motions to modify injunctions, and that Rule F does not by its terms preclude them in limitation cases.

    **ii.** **Even Assuming That Billy Wilkerson Is a "Non-party" at this Point, under Clear Fifth Circuit Precedent He Still Has Standing to Move to Modify the Injunction.**

Transocean claims that since Mr. Wilkerson is at this point a "nonparty," he lacks standing to move to modify the injunction.

The most basic problem with their theory is that it is squarely contrary to what the United States Court of Appeals for the Fifth Circuit says is the law in this circuit, including *en banc* law. The Fifth Circuit in 2008 in *Samnorwood Independent School District*, 533 F.3d 258 (5th Cir. 2008), dealt with a nonparty school district which was challenging an injunction but which was not a party in the suit in which it was entered; as the Fifth Circuit put it, "Here the school districts were not a party to the Modified Order, but their actions are collaterally constrained by the Modified Order" [in

our case, Wilkerson's actions are **directly** constrained, not "collaterally"]. Here is what the Fifth Circuit said in holding that the nonparty school districts had standing to challenge the injunction:

> While we have found no cases directly on point, this situation is analogous to cases where this circuit had held that a third party had standing to appeal an injunction which adversely affects its interest, even when it was not a party to the litigation. *See United States v Holy Land Foundation for Relief & Dev.*, 445 F.3d 771, 780-81 (5th Cir. 2006) (judgement creditors had standing to challenge a restraining order that affected their ability to execute on assets, even though they were not a party to the case where the restraining order was entered), approved in this respect en banc, 493 F.3d 469, 472 (5th Cir. 2007) (*en banc*); *Castillo v Cameron County, Tex.*, 238 F.3d 339, 349 n. 16 (5th Cir. 2001) (holding that the state of Texas had Article III standing to appeal an injunction even though it was a nonparty because the injunction adversely affected its interests); *Charga v San Antonio Light Div of Hearst Corp.*, 701 F.2d 354, 358-60 (5th Cir. 1983) (holding that newspapers and reporters had standing to appeal a court order closing a pretrial bail reduction hearing at the request of a criminal defendant). **In each of these cases, this court held that the challenging party had standing because the equitable relief granted by the district courts placed a burden on the challenging party which gave them a personal stake in the litigation.**

*Id.* at 258 (emphasis added).

The Fifth Circuit approach is in full accordance with the developing law in the U. S. Supreme Court.[4] So there is no doubt that under Fifth Circuit law, even if Billy Wilkerson is viewed as a "nonparty," he still has standing to move to modify the injunction. This rule applies fully in a Limitation proceeding. *In re Businelle Towing Corp.*, 539 F. Supp. 609 (E.D. La. 1982) (potential claimant's motion to modify Limitation injunction within the Court's sound discretion).

---

[4] *E.g., Devlin v Scardelletti*, 536 U.S. 1 (2002) (absent class member can appeal approval of classwide settlement even if he did not intervene); *Catholic Conference v Abortion Rights Mobilization*, 487 U.S. 72, 76 (1988) ("The right of a nonparty to appeal an adjudication of contempt cannot be questioned").

6

### iii. It Is Perfectly All Right for a District Court to Modify a Stay Injunction.

Transocean does not exactly say it this way, but you can tell that what they want the court to think is that once court enters a stay injunction in a limitation proceeding, it must be sort of graven in stone and cannot be modified. But a stay injunction in a limitation case clearly *can* be modified; the U. S. Supreme Court reversed the Eighth Circuit for its reversing of a District Court which had modified the stay order,[5] and the Fifth Circuit itself has even reversed District Courts *for failing to lift or modify* the stay order in appropriate circumstances.[6] And as addressed in our brief in support of the motion to modify the injunction, which Transocean has not meaningfully criticized, these are appropriate circumstances.

### B. Billy Wilkerson Is Not Seeking "An Advisory Opinion" and There Is "A Case or Controversy".

For pretty much the same reasons -- that they think Billy Wilkerson is not a party and that Rule F requires him to wait patiently until about Thanksgiving before filing *anything* disagreeing with Transocean in this case -- Transocean says there is no "case or controversy" raised by the motion and that what Wilkerson seeks is "an advisory opinion."

Well, we all know that Article III of the Constitution requires a "case or controversy" and forbids "advisory opinions," but that is just a straw man here. The Fifth Circuit in 2008 in

---

[5] *E.g., Lewis v Lewis & Clark Marine*, 531 U.S. 438 (2001) (District Court lifted admiralty Rule F limitation stay in order to allow proceedings in state court; Eighth Circuit reversed; Supreme Court reverses Eighth Circuit and affirms District Court's lifting of stay).

[6] *Texaco v Williams*, 47 F.3d 765 (5th Cir. 1995).

*Samnorwood Independent School District*[7], discussed above, said that there was Article III justiciability even if the people challenging an injunction were nonparties. So under clear Fifth Circuit precedent Mr. Wilkerson's claimed "nonparty" status, if such it be, does not preclude Article III justiciability.

Neither does the nature of his claim preclude justiciability. There are three very basic problems which Mr. Wilkins raises, each of the three claiming that the terms of the injunction which was issued goes beyond the power of the Court under the Limitation Act: (1) Rule F does not apply to claims under the Oil Pollution Act, (2) neither Rule F nor the Limitation Act give the Court power to enjoin claims or litigation in other cases against non-petitioning joint tortfeasors, and (3) under the clear and precise terms of the Limitation Act only an "owner" or "charterer" is entitled to petition for exoneration or limitation, and not an "operator." Those claims are very clear and they are very precise and they operate in the moment right now, not at trial. Billy Wilkerson did not ask for an "advisory opinion;" instead, as required and allowed by Rules 7 and 65 of the Federal Rules of Civil Procedure -- and not precluded by Rule F -- he has filed for a court order modifying the injunction in those three particulars. That is not a request for "an advisory opinion." The clear rulings of the Fifth Circuit agree with Billy Wilkerson that what he is asking for is something which he is entitled to ask for.

---

[7] 533 F.3d 258, 264-65 (5th Cir. 2008).

C. **<u>Limiting the Benefit of the Stay Injunction to the "Owner" or "Charterer" of the Vessel, as the Limitation Act Requires, Is Not Asking for an Advisory Opinion.</u>**

Transocean petitioned for limitation of liability as "Owners or Charterers" -- so far, so good -- and ultimately at trial, if they prove that they are the "owner" or "[demise] charterer" as required by the Limitation Act, then they will have jumped that Limitation Act standing hurdle.

But these four entities also petitioned as "and/or operators." The statute requires that the petition be by an "owner" or "charterer" [the cases make clear that what this means and requires is a demise or bareboat charterer]. It does not allow a petition for Limitation by an "operator." And so the Court may not issue an injunction against other litigation in other courts against an "operator" which is neither an "owner" nor a demise "charterer." That is the drift of that part of our motion.

Let us be clear what Billy Wilkerson did, and what he did not, file on this issue.

First, Mr. Wilkerson did *not* file [he reserves the right to file] a motion on this basis to dismiss the claim by the "operator" [whoever that is] for failure to state a claim, although such a motion at a proper point will likely have merit,[8] especially so after *Twombly*'s enhanced pleading standard.[9] And remember, the Civil Rules and their standards apply unless the Supplemental Rules specifically say otherwise.[10]

---

[8] *E.g., Norfolk Dredging Company v M/V A.V. KASTNER*, 264 F. Supp. 2d 265 (D. Md. 2003) (granting motion to dismiss, with leave to amend, for failure of the limitation plaintiff to plead status entitling him to petition to limit, where it pleaded for limitation as "technical manager" of the vessel).

[9] *Bell Atlantic v Twombly*, 550 U.S. 544 (2007); *accord, Ashcroft v Iqbal*, ___ U.S. ___ (U.S. 2009).

[10] Supplemental Rule A(2).

Similarly Mr. Wilkerson did not yet file a motion for summary judgment on that ground, although he reserves the right to do so.

What he did do was to move to modify the injunction, because the terms of the injunction go beyond the power of the Court under the Limitation Act. Under the Limitation Act the court has power to issue injunctions for petitioning owners and charterers. Not "operators." Since the Court has no power to issue an injunction against other court proceedings against "operators" who by definition do not meet the basic requirement of the Limitation Act, then the injunction is improper and *ultra vires* and we have respectfully and properly moved to modify it in that respect. That is not "seeking an advisory opinion." We are not asking that the Court improperly try the issue now as to whether Transocean is or is not an "Owner" or "charterer" within the meaning of the act. We know the difference between a pleading, an injunction, and a trial. We are talking about the injunction which has already been issued at the request of Transocean. We think it is improperly broad. We have properly moved to modify it.

### III.   Conclusion.

In light of the foregoing, Transocean's Motion to Strike should be denied.

_____
STEVEN L. NICHOLAS
Alabama State Bar Number ASB-2021-N35S
Attorney-in-Charge
Cunningham Bounds, LLC
1601 Dauphin Street
Mobile, Alabama 36604
251-471-6191
251-479-1031 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that I have on this May 24, 2010 electronically filed the foregoing with the Clerk of this Court using the CM/ECF system which will send notification of such filing to each and every lawyer who has at the time of this filing appeared in this proceeding.

STEVEN L. NICHOLAS