UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
SOUTHERN DIVISION

| | | |
|---|---|---|
| **In re: The Complaint and Petition of** | * | |
| **TRITON ASSET LEASING GmbH,** | | |
| **TRANSOCEAN HOLDINGS LLC,** | * | Case No. 4:10-cv-01721 |
| **TRANSOCEAN OFFSHORE** | | |
| **DEEPWATER DRILLING INC.,** | * | In Admiralty |
| **TRANSCEAN DEEPWATER INC.,** | | |
| as owner, managing owners, Owners | * | |
| Pro Hac Vice, and/or Operators of the | | |
| **MODU DEEPWATER HORIZON,** | * | |
| in a cause for exoneration from or | | |
| **Limitation of Liability.** | * | |

## MOTION TO DEFER RULING ON MOTIONS TO TRANSFR

Comes now Billy Wilkerson, pursuant to the provisions of 28 U.S. C. § 1404(a) and Rule F(9) of the Supplemental Rules for Admiralty of Maritime Claims of the Federal Rules of Civil Procedure, and moves this Court to defer ruling on all motions to transfer until the Judicial Panel on Multidistrict Litigation selects the proper transferor court for all proceedings relating to the Gulf oil spill. As grounds for this motion, Movant would show:

1. Billy Wilkinson is one of the many plaintiffs represented by undersigned counsel in the following lawsuits now pending in the United States District Court for the Southern District of Alabama. The lawsuits filed by this firm in the Southern District of Alabama at the time of preparation of this document are (1) Original Oyster House, Inc., et al., v. Transocean Holdings, Inc., Civ. No.10-223-KD; (2) Fishtrap Charters LLC, et al., v. Transocean Holdings, Inc., Civ. No. 10-202-CB, (3) Orange Beach Marina, et al., v. Transocean Holdings, Inc., Civ. No. 10-217-B; (4) Fort Morgan Sales, Rentals & Development, Inc., et al., v. Transocean Holdings, Inc., Civ. No. 10-203-

KD; (5) Billy Wilkerson, et al., v. Transocean Holdings, Inc., Civ. No. 10-201-CB, and (6) Blue Water Yacht Sales, et al., v. Transocean Holdings, Inc., Civ. No.10-224-KD. Some of these are class action complaints and some not. Undersigned counsel also represent plaintiffs in the Northern District of Florida and in the Southern District of Mississippi.

2.   In the event this limitation should proceed in accordance with Supplemental Rule F, plaintiff Billy Wilkinson and all other plaintiffs represented by undersigned counsel expect to move in due course for relief from any stay or injunction in order to pursue their claims in jury trials, and may also be claimants against any potential Limitation Fund.

3.   On May 6, 2010, certain lawyers for certain plaintiffs in some seven of the scores of actions so far brought as a result of this tragedy filed a motion before the Judicial Panel for Multidistrict Litigation ["JPML"], under 28 U.S.C. § 1407, seeking the consolidation of all the litigation involving this matter in the United States District Court for the Eastern District of Louisiana, and seeking an expedited hearing on the issue. On May 6, 2010, the JPML entered an Order *denying* an expedited hearing, and setting a briefing schedule and a hearing on the motion for July 29, 2010, in Boise, Idaho.

4.   The next day, on May 7, 2010, certain but not all of the BP entities who are defendants in this case -- perhaps notably excluding BP, PLC, the parent company -- appeared in some or all pending cases resulting from the DEEPWATER HORIZON disaster, and moved to stay the lawsuits pending a decision by the JPML. The moving BP defendants recited that they had filed a second motion to consolidate and transfer the litigation, in their motion asking for transfer to a judge in the Southern District of Texas, in Houston.

5.   On May 12, 2010, these plaintiffs in these Alabama cases and in other cases represented by this firm filed a brief in the JPML joining in the request of certain other plaintiffs that

pretrial proceedings be consolidated in a single court, but asking that they be consolidated in the Southern District of Alabama, instead of the Southern District of Texas or the Eastern District of Louisiana.

6. It is understood that additional claimants have filed, or will file, similar motions before the JPML for transfer to one or more additional district courts, including the Northern District of Florida, the Southern District of Mississippi, the Northern District of Alabama, and the Western District of Louisiana, as well as for transfer in this district.

7. Thus, all actions relating to the spill are likely to be transferred to a single district for all pretrial proceedings. That district may be the Eastern District of Louisiana, this district, or some other district. It would be imprudent for this Court to guess where the situs of those proceedings will be, pending a decision by the JPML.

Wherefore, Billy Wilkinson respectfully moves this Court to defer ruling on the proper location to transfer this action until a ruling is made by the JPML.

STEVEN L. NICHOLAS
Alabama State Bar No. ASB-2021-N35S
Attorney-in-Charge
Cunningham Bounds, LLC
1601 Dauphin Street
Mobile, Alabama 36604
251-471-6191
251-479-1031 (fax)

OF COUNSEL:

ROBERT T. CUNNINGHAM, JR.
GEORGE W. FINKBOHNER, III
STEVE OLEN
LUCY E. TUFTS
Cunningham Bounds, LLC
1601 Dauphin Street
Mobile, Alabama 36604
251-471-6191
251-479-1031 (fax)

DAVID A. BAGWELL
Post Office Box 2126
Fairhope, Alabama 36533
251-928-2970
251-928-6597 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that I have on this May 24, 2010 electronically filed the foregoing with the Clerk of this Court using the CM/ECF system which will send notification of such filing to each and every lawyer who has at the time of this filing appeared in this proceeding.

_____
STEVEN L. NICHOLAS