IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND PETITION | § | |
| OF TRITON ASSET LEASING GmbH, | § | CIV.A. NO. 4:10-CV-1721 |
| TRANSOCEAN HOLDINGS LLC, | § | |
| TRANSOCEAN OFFSHORE DEEPWATER | § | |
| DRILLING, INC., AND TRANSOCEAN | § | |
| DEEPWATER, INC., AS OWNER, | § | |
| MANAGING OWNER, OWNERS PRO-HAC | § | |
| VICE, AND/OR OPERATORS OF THE | § | |
| MODU DEEPWATER HORIZON, IN A | § | |
| CAUSE FOR EXONERATION FROM OR | § | |
| LIMITATION OF LIABILITY | § | ADMIRALTY 9(h) |

**ANSWER AND CLAIMS OF JOSHUA KRITZER; NICKALUS WATSON; WILLIAM P. JOHNSON; HEATH LAMBERT; COBY RICHARD; DUSTIN JOHNSON; BRETT GUILLORY; STENSON ROARKE; DENISE ARNOLD, MOTHER OF SHANE ROSHTO; JACQUELYN DUNCAN; CATHLEENA WILLIS; FRANK IRELAND; DARREN COSTELLO; CARL TAYLOR; AND RHONDA BURKEEN, INDIVIDUALLY, AND AS PERSONAL REPRESENTATIVE FOR THE ESTATE OF AARON DALE BURKEEN AND ON BEHALF OF ALL HEIRS (INCLUDING AB AND TB (MINOR CHILDREN)), AND AS PERSONAL REPRESENTATIVE FOR HER MINOR SON, TB**

Claimants Joshua Kritzer; Nickalus Watson; William P. Johnson; Heath Lambert; Coby Richard; Dustin Johnson; Brett Guillory; Stenson Roarke; Denise Arnold, mother of Shane Roshto; Jacquelyn Duncan; Cathleena Willis; Frank Ireland; Darren Costello; Carl Taylor; and Rhonda Burkeen, individually, and as personal representative for the Estate of Aaron Dale Burkeen and on behalf of all heirs (including AB and TB (minor children)), file this Answer and Claims in response to Petitioners Triton Asset Leasing GmbH, Transocean Holdings LLC, Transocean Offshore Deepwater Drilling, Inc., Transocean Deepwater, Inc.'s ("Petitioners") Verified Complaint for Exoneration From or Limitation of Liability and would respectfully show the Court that:

## FIRST DEFENSE

The allegations of the Complaint fail to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6).

## SECOND DEFENSE

The Limitation of Liability Act, 46 U.S.C. § 30501 *et seq.*, is unconstitutional in that it deprives the Claimants of property rights without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and does not provide for equal protection of the laws pursuant to the Fifth and Fourteenth Amendments to the United States Constitution.

## THIRD DEFENSE

Claimants assert the flotilla doctrine.  The limitation fund is inadequate and the Complaint should be dismissed because Petitioners have failed to deposit adequate security for the Vessel and for the additional vessels within the flotilla, which were under a common operational control, supervision, and enterprise.

## FOURTH DEFENSE

The limitation fund is inadequate and the Complaint should be dismissed because Petitioners have failed to deposit adequate security for the vessel identified in the Complaint for Exoneration From or Limitation of Liability and for the additional vessels within the flotilla which were under common operational control, supervision and enterprise.  Pursuant to Rule F(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims, the proper limitation fund must be deposited at the time of filing.  Petitioners' deposit, at the time of filing, did not meet federal standards. As such, this limitation action must be dismissed.

**FIFTH DEFENSE**

The limitation fund is inadequate and the Complaint should be dismissed because Petitioners have failed to accurately identify all of the vessels in the flotilla which should be included in the limitation fund.

**SIXTH DEFENSE**

The Limitation of Liability Act is not applicable to the instant case because at all times pertinent herein, THE MODU DEEPWATER HORIZON and/or other vessels contained within the flotilla were operated in a willful, wanton, and reckless manner or, in the alternative, the conduct and actions which lead to Claimants' injuries took place with the privity and knowledge of the owners, managing owners, owners *pro hac vice*, and/or operators of the vessels involved.

**SEVENTH DEFENSE**

The Limitation of Liability Act is not applicable in the instant case because at all relevant times, THE MODU DEEPWATER HORIZON and/or the other vessels contained within the flotilla were known by the owner and/or owner *pro hac vice* to be unseaworthy.

**EIGHTH DEFENSE**

To the extent Petitioners' insurers attempt to avail themselves of the limitation/exoneration defense, Claimants assert that the Limitation of Liability Act is unavailable to insurers of vessel owners under the circumstances.  In the alternative, no *prima facie* case has been made establishing they are entitled to avail themselves of the Limitation of Liability Act.

**NINTH DEFENSE**

The Complaint for Exoneration From or Limitation of Liability contains vague and ambiguous statements which are objectionable under Federal Rule of Civil Procedure 12(e), and

Claimants seek more definitive statements of the allegations, regardless of the nature, manner and extent of their Claim and Answer herein.

## TENTH DEFENSE

The events culminating in the injuries of Claimants were the result of the negligence, fault, or want of due care on the part of Petitioners and/or those for whom Petitioner is responsible, and/or the unseaworthiness of THE MODU DEEPWATER HORIZON and/or other vessels within the flotilla under common operational control, supervision and enterprise, all of which was within the privity and knowledge of Petitioners, for which the Complaint for Exoneration From of Limitation of Liability should be denied.

## ELEVENTH DEFENSE

The events culminating in the injuries of Claimants were not the result of any negligence, fault, or want of due care on their part or those for whom they may be responsible.

## TWELFTH DEFENSE

Claimants further allege that there was insurance coverage on THE MODU DEEPWATER HORIZON insuring Petitioners in the event of an occurrence such as that which is the subject of Claimants' claims, and the proceeds of said insurance policy should be included in this limitation proceeding (in the event the Court determines these limitation proceedings are appropriate).

## THIRTEENTH DEFENSE

Claimants state that the proceeds of any judgment, award, or settlement which may be received by Petitioners from any third party in recompense of any losses or damages sustained herein to the property or interests of Petitioners, as a result of the fault or alleged fault of said third party, must be included in the limitation fund.

## FOURTEENTH DEFENSE

In filing this Answer and Claim, Claimants specifically reserve all rights to pursue all available claims in state court for resolution of any and all issues beyond the exclusive jurisdiction of this Admiralty Court pursuant to the "Savings to Suitors" clause, 28 U.S.C. §1333, and all state law remedies.  The filing of this Claim and Answer is in no way a waiver of this right and defense and Claimants are not agreeing to join all issues in this proceeding by filing this Claim and Answer.

## FIFTEENTH DEFENSE

Claimants specifically reserve all rights to pursue all available claims in the forum of his choice for resolution of any and all issues beyond the exclusive jurisdiction of this admiralty court pursuant to the "Savings to Suitors" clause, 28 U.S.C. §1333, and all remedies, and no part of this Claim and Answer is a waiver of this defense or these rights.  Claimants will move the Court to lift the injunction and stay of proceedings in other forums. *See In re Tetra Applied Tech., L.P.*, 362 F.3d 388 (5th Cir. 2004). Further, pursuant to the holdings of *In re Liverpool, etc. Nav. Co. (Vestris)*, 57 F.2d 176, 179 (2d Cir. 1932) and *The Silver Palm*, 94 F.2d 776, 780 (9th Cir. 1937), upon Complainant's failure to obtain relief in this limitation action (should resolution of this action precede judgment in other actions), Claimants hereby assert and claims their right to have their claims and damages tried to a jury in the court of their choosing.

## SIXTEENTH DEFENSE

The purpose of a limitation action is to provide a single forum for determining whether the vessel and its owner are liable at all, whether the owner may in fact limit liability to the value of the vessel and pending freight, and how the funds are to be distributed to the claimants.  *See* 46 U.S.C. § 30501, *et seq.*; see also THOMAS J. SCHOENBAUM, ADMIRALTY AND

MARITIME LAW 2nd Ed. § 13-5 (1994).   Because of the nature and circumstances of this action, a limitations proceeding is inappropriate and unjustified.

### SEVENTEENTH DEFENSE

Claimants reserve the right to contest the appraisal value of THE MODU DEEPWATER HORIZON and/or for any additional vessels in the flotilla, their engines, apparel, appurtenances, pending freight, etc., and the adequacy of the security.

### EIGHTEENTH DEFENSE

The Complaint does not affect Claimants' right to maintenance and cure.   Thus, Complainant's liability to Claimants for their intentional, willful, arbitrary, and capricious refusal to provide Claimants maintenance and cure is not limited to the value of any of its vessels.

### NINETEENTH DEFENSE

The limitation fund is inadequate and should be increased and/or this action should be dismissed because the limitation fund does not properly account for the value of the minerals and other appurtenances, attachments, freight and/or cargo aboard the vessel, subject to the control of the vessel, and/or owned by the Petitioners.

**AND NOW,** specifically reserving all defenses asserted herein, including, without limitation, Claimants' right to pursue their claims in state court pursuant to the Savings to Suitors clause, 28 U.S.C. §1333, and all state law remedies, Claimants respond to the individual Paragraphs of the Complaint for Exoneration From or Limitation of Liability, upon information and belief, as follows:

### I.

The allegations contained in Paragraph 1 of the Complaint are denied for lack of sufficient information to justify a belief therein.

II.

The allegations contained in Paragraph 2 of the Complaint are denied for lack of sufficient information to justify a belief therein.

III.

The allegations contained in Paragraph 3 of the Complaint are denied for lack of sufficient information to justify a belief therein.

IV.

The allegations contained in Paragraph 4 of the Complaint are denied for lack of sufficient information to justify a belief therein.

V.

The allegations contained in Paragraph 5 of the Complaint are denied for lack of sufficient information to justify a belief therein.

VI.

The allegations contained in Paragraph 6 of the Complaint are denied for lack of sufficient information to justify a belief therein.

VII.

The allegations contained in Paragraph 7 of the Complaint are denied.

VIII.

The allegations contained in Paragraph 8 of the Complaint are denied for lack of sufficient information to justify a belief therein.

IX.

The allegations contained in Paragraph 9 of the Complaint are denied for lack of sufficient information to justify a belief therein.

X.

The allegations contained in Paragraph 10 of the Complaint are denied.

XI.

The allegations contained in Paragraph 11 of the Complaint are denied.

XII.

The allegations contained in Paragraph 12 of the Complaint are denied.

XIII.

The allegations contained in Paragraph 13 of the Complaint are denied for lack of sufficient information to justify a belief therein.

XIV.

The allegations contained in Paragraph 14 of the Complaint are denied for lack of sufficient information to justify a belief therein.

XV.

The allegations contained in Paragraph 15 of the Complaint are denied for lack of sufficient information to justify a belief therein.

XVI.

The allegations contained in Paragraph 16 of the Complaint are denied for lack of sufficient information to justify a belief therein.

XVII.

The allegations contained in Paragraph 17 of the Complaint are denied for lack of sufficient information to justify a belief therein.

XVIII.

The allegations contained in Paragraph 18 of the Complaint are denied.

XIX.

The allegations contained in Paragraph 19 of the Complaint are denied for lack of sufficient information to justify a belief therein.

XX.

The allegations contained in Paragraph 20 of the Complaint are denied for lack of sufficient information to justify a belief therein.

XXI.

The allegations contained in Paragraph 21 of the Complaint are denied for lack of sufficient information to justify a belief therein.

XXII.

The allegations contained in Paragraph 22 of the Complaint are denied for lack of sufficient information to justify a belief therein.

XXIII.

The allegations contained in Paragraph 23 of the Complaint are denied for lack of sufficient information to justify a belief therein.

XXIV.

The allegations contained in the prayer for relief are not statements of fact, but conclusions of law, from which no response is necessary from these claimants.  However, if response be deemed necessary, said allegations are denied.  Claimants further specifically deny the adequacy of the valuation of THE MODU DEEPWATER HORIZON and/or the other vessels in its flotilla as asserted by Petitioners.  Claimants further re-urge their prior objection to Petitioners failing to include the value of all vessels in the flotilla which were under the common operational control, supervision and enterprise in the limitation fund, together with any insurance

proceeds, and any sums received or which may be received by Petitioners from any third party as a result of the fault or alleged fault of said third party having caused damage to the property interests of Petitioners.   Claimants further deny the adequacy of Petitioners's *Ad Interim* Stipulation for an amount equal to the value of its interest in THE MODU DEEPWATER HORIZON and/or other vessels in its flotilla and their appurtenances and hereby makes demand for Petitioners to either deposit cash proceeds into the registry of the Court in the amount of the stated value of the vessel(s) and/or provide a bond for the value of the vessel(s), issued by a reputable surety company to be approved by the Court. In so doing, Claimants specifically reserve the right to contest the stated value of the vessel and the limitation fund as aforesaid. Claimants further deny the applicability of Petitioners' Complaint to claims arising under the Oil Pollution Act of 1990. *Metlife Capital Corp. v. M/V EMILY S.*, 132 F.3d 818 (1st Cir. 1997).

**AND NOW**, specifically reserving all defenses asserted herein, including, without limitation, Claimants' right to pursue their claims in state court pursuant to the Savings to Suitors clause, 28 U.S.C. §1333, and all state law remedies, Claimants file their Claims in the Complaint for Exoneration from or Limitation of Liability of, and states that:

1.

Claimants re-urge each and every defense and objection set forth above as if the same were stated herein verbatim.

2.

Claimants suffered severe injuries and death as a result of the senseless DEEPWATER HORIZON explosion on April 20, 2010.  At the time, they were seamen or borrowed seamen employed by Petitioners or subject to their control.   Alternatively, they were non-seamen workers aboard the vessel with the permission of Petitioners.   While THE MODU

DEEPWATER HORIZON was deployed on navigable waters, and while Claimants were contributing to and aiding such vessel to accomplish its mission, Claimants sustained serious physical and mental injuries and death during the explosion and its immediate aftermath while still in the zone of danger.

3.

Petitioners are negligent, negligent per se, grossly negligent, and reckless for the following reasons:

  a.  failure to properly supervise their crew;

  b.  failure to properly train their employees;

  c.  failure to provide adequate safety equipment;

  d.  failure to provide adequate medical treatment;

  e.  operating the vessel with an inadequate crew;

  f.  failure to maintain the vessel;

  g.  failure to conduct a proper search and rescue mission;

  h.  vicariously liable for their employees' and agents' negligence, gross negligence, and recklessness;

  i.  violating applicable Coast Guard, MMS, and/or OSHA regulations; and

  j.  other acts deemed negligent, grossly negligent, and reckless.

4.

At all relevant times, THE MODU DEEPWATER HORIZON was unseaworthy.

5.

As a result of said occurrences, Claimants sustained severe injuries to their bodies. Claimants' injuries resulted in physical pain, distress, mental anguish, fear, impairment, discomfort, and other medical problems.  Aaron Dale Burkeen tragically lost his life as a result

11

of this incident.  In all reasonable probability, Claimants' physical pain, physical impairment and mental anguish will continue indefinitely.  Claimants have also suffered a loss of earnings in the past, as well as a loss of future earning capacity.  Claimants have incurred and will continue to incur pharmaceutical and medical expenses in connection with their injuries.  Claimants are owed maintenance and cure for the past and the future.  Petitioners' failure to provide maintenance and cure and to pay for Claimants' medical bills has been willful, wanton, arbitrary, capricious, and callous.  Claimants seek recovery of his attorneys' fees and punitive damages for Petitioners' failure to comply with their maintenance and cure obligations.  Claimants have been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, for which they now sue.

6.

Claimants are also entitled to punitive damages because the aforementioned actions of Petitioners were grossly negligent and reckless.  Petitioners' conduct was willful, wanton, arbitrary, and capricious.  They acted with flagrant and malicious disregard of Claimants' health and safety and the health and safety of their co-workers.  Petitioners were subjectively aware of the extreme risk posed by the conditions which caused Claimants' injuries, but did nothing to rectify them.  Instead, Petitioners had Claimants and other crew members continue working despite the dangerous conditions that were posed to them and the faulty, defective equipment provided to them.  Petitioners did so knowing that the conditions posed dangerous and grave safety concerns.  Petitioners' acts and omissions involved an extreme degree of risk considering the probability and magnitude of potential harm to Claimants and others.  Petitioners had actual, subjective awareness of the risk, and consciously disregarded such risk by allowing Claimants to work under such dangerous conditions.  Moreover, Claimants may recover punitive damages

under the general maritime law because of the Vessel's unseaworthiness following the United States Supreme Court's ruling in *Atlantic Sounding*. All of the conduct mentioned in the above paragraphs was within the knowledge and privity of Petitioners.

7.

In that Claimants were American seaman, Claimants are entitled to proceed and prosecute this litigation without prepayment of cost.

Claimants pray that after due proceedings are had that:

1.      The Complaint seeking Exoneration From or Limitation of Liability be dismissed and the injunction or restraining order granted in this matter be dissolved;

2.      Alternatively, Petitioners be required to deposit additional security in the minimum amount required by law for the full value of all vessels in the flotilla which were under common operational control and supervision and engaged in a common enterprise and that said security be by way of a cash deposit into the registry of the Court or a bond issued by a surety approved by the Court and be based upon an appraisal issued by a commissioner appointed by the Court; in default of which the Complaint seeking Exoneration From or Limitation of Liability be dismissed; and pending such deposit any injunction and/or restraining order be dissolved;

3.      There be judgment rendered herein in favor of Claimants, and against Petitioners, both jointly and severally, for all damages as are reasonable in the premises, together with the maximum legal interest thereon from the date of the accident until paid and for all costs of this proceeding;

4.      Claimants be allowed to proceed and prosecute their Claim without pre-payment of costs; and,

13

5.      For all such other and further relief to which Claimants may be entitled under law and in equity.

                              Respectfully submitted,

                              **ARNOLD & ITKIN LLP**

                              */s/ Kurt B. Arnold*

                              _____
                              Kurt B. Arnold
                              State Bar No. 24036150
                              Jason Itkin
                              State Bar No. 24032461
                              Cory Itkin
                              State Bar No. 24050808
                              Robert P. Wynne
                              State Bar No. 24060861
                              Paul Skrabanek
                              State Bar No. 24063005
                              5 Houston Center
                              1401 McKinney Street, Suite 2550
                              Houston, Texas 77010
                              Telephone:     (713) 222-3800
                              Facsimile:     (713) 222-3850

                              **ATTORNEYS FOR CLAIMANTS**


                              **Certificate of Service**


I hereby certify that a true and correct copy of the above and foregoing instrument has been forwarded to all known counsel of record by CM/ECF and/or another means in accordance with the Federal Rules of Procedure on this 24th day of May, 2010.


                              */s/ Kurt B. Arnold*

                              _____
                              Kurt B. Arnold