IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND PETITION OF TRITON ASSET LEASING GmbH, TRANSOCEAN HOLDINGS LLC, TRANSOCEAN OFFSHORE DEEPWATER DRILLING INC., AND TRANSOCEAN DEEPWATER INC., AS OWNER, MANAGING OWNERS, OWNERS PRO-HAC VICE, AND/OR OPERATORS OF THE MODU DEEPWATER HORIZON, IN A CAUSE FOR EXONERATION FROM OR LIMITATION OF LIABILITY | § § § § § § § § § § § § § § § | C.A. NO. 4:10-CV-01721<br><br>Fed. R. Civ. P. 9(h)<br><br><br>IN ADMIRALTY |

**CLAIMANTS' BRIEF REGARDING ISSUES ADDRESSED IN STATUS CONFERENCE**

Pursuant to this Court's instruction on May 25, 2010, Claimants Matthew Davis, Robert Hearn, Dennis Dewayne Martinez, Eugene Dewayne Moss, Samuel Wade Pigg, Micah Joseph Sandell, Stephen Davis, and Christopher Ryan Haire[1] respectfully file this brief regarding the four issues brought up in the status conference held on May 25, 2010.

### I. Whether the current movants have standing to raise the issues now before the Court.

The Buzbee Claimants would respectfully submit that this is a non-issue as to them, because they intend to file answers and claims in this proceeding in a few days. The Buzbee Claimants would respectfully submit, however, that any individual or entity seeking relief should be required to file a valid claim. As a practical matter, this should be required so that the Court can gauge what interest, if any, the putative Claimant actually has in this proceeding.

---

[1] The Buzbee Law Firm has filed a Notice of Appearance on behalf of these Claimants, and will be filing an Answer and Claim on behalf of these Claimants, as well as several more, in the next few days.

1

**II. What issues, if any, should be taken up prior to any determination by the JPML.**

Although it seems clear that the JPML will consolidate these actions somewhere, there are no guarantees as to <u>when</u> the JPML will do so. There is a lot of work that could be accomplished in this Court prior to any action by the JPML. MANUAL FOR COMPLEX LITIGATION § 22.35. And, those that who are bringing personal injury and death actions as a result of the explosion should not be forced to wait to pursue their cases in the forum of their choice. The Buzbee Claimants respectfully submit that this action would be most convenient if pursued before this Court, in this forum. The vast majority of the personal injury claimants have brought actions in the Southern District of Texas.[2] The Petitioner is located here. The proof is here. It is clear that many of the decisions that led to the explosion occurred here. The Buzbee Claimants would respectfully submit that they be allowed to fully brief the transfer action and the Court set it for a hearing within the next twenty days. (It is important to note that many of those who have filed pleadings before the JPML have asked that personal injury and death claimants <u>not</u> be a part of any MDL proceeding.)[3]

After the transfer motion is disposed of, and if the case remains on this Court's docket as it likely will, the Buzbee Claimants respectfully submit that the Court create a dual track separating the personal injury and death cases from those cases seeking damages as a result of the spill itself. It is already apparent that the "top kill" effort that has widely been reported was a failure. This fact, as a practical matter, will mean that many of the individuals and entities who have suffered, or will suffer, damages as a result of the oil spill may not know the full extent of

---

[2] The Buzbee Law Firm has filed state court cases on behalf of eight plaintiffs so far, and intends to file at least ten more. All of these actions have been filed in Harris County State Court. The Arnold & Itkin law firm represents at least fifteen claimants, and has brought suit for many of these claimants in Galveston County State Court. The Buzbee Claimants and the Arnold & Itkin Claimants represent the overwhelming majority of personal injury Claimants who have initiated suit, so far.

[3] In light of the many recusals that have occurred in the Eastern District, it is possible that this Court may be assigned the MDL proceeding.

their damages for some time--not so with regard to the personal injury claimants.  The Petitioner filed this action claiming that it had no privity or knowledge of the wrongful conduct that led to the explosion.  The Petition filed this action, despite the already mountains of evidence that has come out of the congressional and Coast Guard hearings that clearly establishes that many of the critical decisions made, were made by shore side management—in Houston.  The Buzbee Claimants respectfully requests that a small committee of attorneys representing personal injury and death claimants be appointed to handle the personal injury cases.  This committee could finance and manage the discovery specifically directed to the privity and knowledge issue.  The Buzbee Claimants respectfully submit that there is already sufficient evidence available to defeat the limitation proceeding.  Once the proceeding is defeated, the personal injury and death claimants should be allowed to promptly return to the courts they previously chose to pursue their actions.

      The manual for complex litigation provides ample authority for the appointment of a committee, setting separate deadlines, and handling discrete issues in complex litigation.  *See generally* MANUAL FOR COMPLEX LITIGATION § 22.6. The Buzbee Claimants thus request, after the transfer issue is resolved, the following: 1. The Court establish a dual-track by setting a separate monitions deadline for personal injury and death claimants; 2. The Court appoint a Claimant's steering committee, upon application, for this personal injury and death claimant track; 3. The Court allow limited discovery during a brief period directed toward the privity and knowledge issue, only.  As limitation proceedings do not address damages, there should be no discovery directed to the Claimants.  The only issue is whether the Petitioner's shore-side management had privity and knowledge of the conduct or circumstances that led to the explosion

and sinking of the *Deepwater Horizon*;[4] 4. The Court then set a dispositive motion deadline regarding this issue; and 5. In the event that this issue is not resolved with motion practice, the Court set this limited issue for trial.

### III. Whether and in what way the Court's current injunction order should be modified.

The Buzbee Claimants understand that this issue is moot.

### IV. Whether the limitation action should be dismissed entirely.

As this Court is aware, the longer this Limitation Proceeding remains pending the longer the personal injury and death Claimants will have to wait to pursue their actions for damages in the court of their choosing. As stated above, this Limitation Proceeding is at best, weak.  There is already sufficient informal evidence available to defeat the limitation action.  Proceeding as described in # 2. above is a fair and reasonable way to put this issue in a position to be resolved relatively quickly, while at the same time providing the Petitioner the benefits of the Limitation of Liability Act.

---

[4] Typically, it is up to the Claimants to prove liability, and then the Petitioner must prove that shore-side management had no privity and knowledge of the actions or circumstances that led to the vessel casualty.  In this instance it is evident that Transocean is liable and the only factual issue is whether Transocean can demonstrate that shore-side management was unaware of the acts or circumstances that led to the explosion. Once these two limitation issues are resolved, the stay should be lifted immediately and the Claimants are free to pursue their cases in the courts of their choosing.

Respectfully submitted,

**THE BUZBEE LAW FIRM**

By:    */S/ Anthony G. Buzbee*
      Anthony G. Buzbee
      State Bar No. 24001820
      S.D. Tex. I.D. No. 22679
      J.P. Morgan Chase Tower
      600 Travis, Suite 7300
      Houston, Texas 77002
      Telephone: (713) 223-5393
      Facsimile: (713) 223-5909
      www.txattorneys.com

OF COUNSEL:
**THE BUZBEE LAW FIRM**
Sean E. O'Rourke
State Bar No. 24046547
S.D. ID No. 685220

**ATTORNEYS FOR CERTAIN CLAIMANTS**

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of this document has been duly served on all known counsel of record and pro se parties in accordance with the Federal Rules of Civil Procedure on this June 1, 2010, as set forth below:

        */S/ Anthony G. Buzbee*
        Anthony G. Buzbee