**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **IN RE THE COMPLAINT AND** | **C.A. NO. 4:10-cv-01721** |
| **PETITION OF TRITON ASSET LEASING** | |
| **GmbH, TRANSOCEAN HOLDINGS LLC,** | |
| **TRANSOCEAN OFFSHORE DEEPWATER** | |
| **DRILLING INC., AND TRANSOCEAN** | |
| **DEEPWATER INC., AS OWNER, MANAGING** | **Fed. R. Civ. P. 9(h)** |
| **OWNERS, OWNERS PRO-HAC VICE,** | |
| **AND/OR OPERATORS OF THE MODU** | |
| **DEEPWATER HORIZON, IN A CAUSE FOR** | |
| **EXONERATION FROM OR LIMITATION** | **IN ADMIRALTY** |
| **OF LIABILITY** | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

# MEMORANDUM OF ISSUES CITED BY COURT AND IN
# OPPOSITION TO MOTION TO STRIKE OF MICHELLE M. JONES

Plaintiff Michelle M. Jones, on behalf of herself and her minor son, Stafford H. Jones,

presents this Court with a Memorandum addressing the four issues recently cited by the

Court in its Minute Entry on May 25, 2010.  In addition, this Memorandum serves as Jones'

opposition to Transocean's Motion to Strike Movants' Motion to Transfer Venue/Dismiss

(R.Doc. 52).

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Michelle M. Jones, on her own behalf and on behalf of her minor son, filed a wrongful death suit on April 25, 2010 based upon the presumed death of her husband, Gordon Lewis Jones, while onboard the MODU Deepwater Horizon.  She filed suit in the Eastern District of Louisiana.[1]   Defendants named in that suit include BP, Cameron International, Halliburton, and Transocean, the owner of the Deepwater Horizon, among others.

On May 13, 2010, Transocean (through its related entities) filed a Limitation of Liability action to limit its liability in Jones' suit, and the many other wrongful death/personal injury and economic injury suits, to the present value of the rig and its pending freight.[2] Thereafter, Jones filed a Motion to Transfer this Limitation action to the Eastern District of Louisiana.[3]  Other claimants did the same.

This Court now asks the parties to address the following issues: (1) whether the current movants have standing to raise the issues now before the Court; (2) what issues, if any, should be taken up prior to any determinations by the JPML; (3) whether and in what way the Court's current injunction order should be modified; (4) whether the limitation action should be dismissed entirely.  The following memorandum addresses those issues.  In addition, this memorandum serves as opposition to Transocean's Motion to Strike (R.Doc.

---

[1]      Case No. 10-cv-1196 (E.D. La.).

[2]      R.Doc. 1.

[3]      R.Doc. 42.

52), which directly relates to the standing issue identified by the Court.

## II.   JONES HAS STANDING TO REQUEST TRANSFER BEFORE FILING AN ANSWER TO OR CLAIM IN LIMITATION ACTION

Limitation Complainants rely on Supplemental Admiralty Rule F(5) to argue that Jones must file an answer and claim in the limitation action before requesting transfer of the action.  However, that Rule only requires the filing of an answer and claim before contesting the right to exoneration or limitation.  In particular, the Rule states, in part, "[i]f a claimant desires to contest either the right to exoneration from or the right to limitation of liability the claimant shall file and serve an answer to the complaint unless the claim has included an answer."  Jones has not yet contested the right to exoneration or limitation of liability. Instead, she has objected to venue of this action and requested its transfer to the Eastern District of Louisiana, pursuant to Supplemental Admiralty Rule F(9).

If this Court concluded that Jones cannot object to venue before filing an answer or claim, she would not be given the opportunity to object to venue at any time.  In this regard, once she answers the action or files a claim she will have waived her right to challenge the forum of the action.  Jones should be allowed the opportunity to challenge venue before filing an answer.  Otherwise, her right to do so is waived forever.

At the recent status conference the case of *In Re: Horseshoe Entertainment*, 337 F.3d 429 (5th Cir. 2003) was discussed.  In that case, an employee brought an action for discrimination under Title VII and the Americans with Disabilities Act (ADA).  Like limitation of liability actions, there are special venue provisions for claims brought under

Title VII and the ADA.[4]    In connection with a Motion to Transfer filed by Horeshoe

pursuant to 28 U.S.C. §1404(a), the Fifth Circuit noted:

> For reasons not readily discernable from the record or the
> parties' briefing, the Middle District Court waited some thirteen
> months until July, 2002 to rule on Horseshoe's motion to
> transfer.  **As indicated earlier, Horseshoe filed its' motion to
> transfer timely and before it filed its answer and in our view
> disposition of that motion should have taken a top priority
> in the handling of this case by the Middle District Court.
> (emphasis added)**

337 F. 3d at 433.

This holding clearly applies in this instance.  This Court should acknowledge that the

pending Motions to Transfer should take "a top priority in the handling of this case."

In *In re Tampa Bay Marine Towing & Service, Inc.*[5] The vessel owner similarly filed

a limitation action.  However, before the Court entered a notice to all claimants and entered

a stipulation, it considered the issue of venue and transfer pursuant to Fed.R.Civ.P. Supp. R.

(F)(9).  While the Magistrate Judge's recommendation was ultimately overturned,[6] these

decisions addresses the importance and ability of addressing venue before proceeding with

the limitation action.

Transocean's argument would create an unfair result.  Under its interpretation of the

law, no one would ever be allowed to challenge venue without filing an answer or claim, and

---

[4]       *See* 42 U.S.C. §2000 e-5(f)(3); 337 F. 3d at 433.

[5]       2009 WL 5455463 (M.D. Fla. 2009).

[6]       2010 WL 199829 (M.D. Fla. 2010).

thereby possibly waiving that right. Jones requests that the Court deny Transocean's Motion to Strike and rule on Jones' Motion to Transfer soon.

## III.   COURT SHOULD ADDRESS TRANSFER NOW

Jones requests that the Court consider and rule on the pending Motions to Transfer. At the outset, this preliminary determination is necessary before the limitation action can proceed. In light of the importance of these cases to the many plaintiffs affected by this disaster, it seems logical to ask this Court to rule on issues as expeditiously as possible.

Jones is now a widow and mother of two young children. It is unfortunate her wrongful death case, which seeks the recovery of damages to support her family and replace her husband's income, is commingled with the many other economic damage suits. An expedited determination of issues, such as the request for transfer, will facilitate her efforts to expeditiously navigate through this increasingly complex landscape. Undoubtedly, the JPML will not rule on consolidation for several months. She merely asks this Court to rule on issues, such as the request for transfer, that can be addressed without regard to the consolidation proceedings.

## IV.   MODIFICATION OF THE COURT'S INJUNCTION

Jones refers to and incorporates the arguments presented in connection with Billy Wilkerson's Memoranda, filed at R.Doc. 15 and 43. Jones requests modification of the Court's Injunctions as requested by Wilkerson.

## V.   DISMISSAL OF LIMITATION ACTION

Jones is confident the law and evidence will support the dismissal of Transocean's limitation action.  The Limited Liability Act allows a vessel owner to limit its liability for any loss or injury caused by the vessel to the value of the vessel and its freight.[7]  Under the Act, a party is entitled to limitation only if it is 'without privity or knowledge' of the cause of the loss." *Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 504 (5th Cir.1994). If the shipowner is a corporation, "knowledge is judged by what the corporation's managing agents knew or should have known with respect to the conditions or actions likely to cause the loss." *Id.* Once the claimant establishes negligence or unseaworthiness, the burden shifts to the owner of the vessel to prove that negligence was not within the owner's privity or knowledge. *See Brister v. A.W.I., Inc.,* 946 F.2d 350, 355 (5th Cir.1991).

Already, investigations have revealed Transocean and its employees had knowledge of the cause of the explosions well before they occurred.[8]  It is expected even more testimony and evidence will support that conclusion.  The amount and degree of knowledge will depend on additional discovery.   For this reason, Jones contends the limitation action should

---

[7]     46 App.U.S.C. § 183(a) provides: "The liability of the owner of any vessel ... for any embezzlement, loss, or destruction by any person of any property, goods, or merchandise shipped or put on board of such vessel, or for any loss, damage, or injury by collision, or for any act, matter, or thing, loss, damage, or forfeiture, done, occasioned, or incurred, without the privity or knowledge of such owner or owners, shall not, except in the cases provided for in subsection (b) of this section, exceed the amount or value of the interest of such owner in such vessel, and her freight then pending." The exception articulated in subsection (b) is inapplicable to this case.

[8]     *See, e.g.* testimony provided by multiple witnesses, found at www.deepwaterinvestigation.com.

6

ultimately be dismissed.  Of course, as a preliminary matter, that issue is not before the Court until after a ruling on the propriety of transfer of this action the Eastern District of Louisiana, and specific discovery is allowed to support a Motion to Dismiss.

For these reasons, Jones submits that a consideration of whether the limitation action should be dismissed is premature until after the Court rules on the transfer motions.  In the alternative, Jones requests the allowance of specific, expedited discovery to support a Motion to Dismiss on this issue.

## VI.    CONCLUSION

For the foregoing reasons, Jones requests that the Court deny Transocean's Motion to Strike and allow for an expeditious consideration of the pending Motions to Transfer. Jones and her family will be prejudiced by a delay of a ruling on the pending Motions.  In addition, Jones requested some limited discovery to further address the possible dismissal of the limitation action, after the Court rules on the transfer issue.

Respectfully submitted:

**JOHN W. deGRAVELLES** (#04808), T.A.
RANDOLPH W. HUNTER (#7084)
J. NEALE deGRAVELLES (#29143)
deGravelles, Palmintier, Holthaus & Frugé, L.L.P.
618 Main Street
Baton Rouge, Louisiana 70801-1910
225/344-3735 / Fax:  225/336-1146
Jdegravelles@dphf-law.com
Rhunter@dphf-law.com
Ndegravelles@dphf-law.com
*Attorneys for Michelle M. Jones*

and

*s/Andrew Blanchfield*
ANDREW BLANCHFIELD (#16812)
KEOGH, COX & WILSON, LTD.
701 Main Street
Baton Rouge, Louisiana 70802
225/383-3796 / Fax: 225/343-9612
Ablanchfield@kcwlaw.com
*Attorneys for Michelle M. Jones*

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 1st day of June, 2010, filed the above and foregoing

pleading through the court's CM/ECF filing system with each party receiving a copy.

*s/Andrew Blanchfield*
ANDREW BLANCHFIELD

8