**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE THE COMPLAINT AND PETITION OF TRITON ASSET LEASING GmbH, TRANSOCEAN HOLDING LLC, TRANSOCEAN OFFSHORE DEEPWATER DRILLING INC., AND TRANSOCEAN DEEPWATER INC., AS OWNER, MANAGING OWNERS, OWNERS PRO-HAC VICE, AND/OR OPERATORS OF THE MODU DEEPWATER HORIZON, IN A CAUSE FOR EXONERATION FROM OR LIMITATION OF LIABILITY** | § § § § § § § § § § § | **C.A. NO. 4:10-CV-01721** <br> **Fed. R. Civ. P. 9(h)** <br> **IN ADMIRALTY** |

**MEMORANDUM IN RESPONSE TO COURT'S REQUEST ON SPECIAL ISSUES AND IN OPPOSITION TO PETITIONERS' MOTION TO STRIKE MOVANTS' MOTIONS TO TRANSFER VENUE/DISMISS**

**MAY IT PLEASE THE COURT:**

Movants, certain plaintiffs in proceedings filed in the United States District Court for the Eastern District of Louisiana, filed a motion to transfer this limitation proceeding pursuant to FRCP Supplemental Rules for Admiralty and Maritime Claims, Rule F(9), on May 21, 2010. (Rec. Doc. 42).[1] This Honorable Court issued a Minute Entry on May 25, 2010, requesting briefing of issues including standing of the current movants; the issues, if any, which the Court should take up prior to any determinations by the JPML; and whether the limitation proceeding should be dismissed.

## STANDING

Petitioners in the limitation of liability proceeding argue in their motion to strike that since the movants have not filed a claim or an answer in the limitation proceeding, they cannot seek relief by a motion to transfer. (Rec. Doc. 52, pp. 5-7). Movants respectfully submit that they are not

[1] The listed attorneys all state that they represent parties with potential claims in the above-captioned limitation proceeding.

required to file a claim or an answer before moving to transfer this proceeding to another venue. In fact, movants might risk waiving that relief by filing responsive pleadings before filing their motion to transfer. FRCP Supplemental Rule A(1)(A)(iv) provides for the application of the Supplemental Rules to limitation actions, and Rule A(2) provides that the Federal Rules of Civil Procedure also apply to those proceedings except to the extent they are inconsistent with the Supplemental Rules. FRCP Rule 12(b)(3) provides that a claim for relief based upon improper venue may be asserted by motion. FRCP Rule 12(b) further provides that a motion asserting any of the defenses listed in Rule 12(b) "must be made before pleading if a responsive pleading is allowed." Supplemental Rule F(9) — providing for the transfer of limitation actions for improper or inappropriate venue — includes nothing that is inconsistent with FRCP Rule 12(b).

Thus, the applicable rules do not by their terms require that an answer or claim must be filed prior to the filing of a motion to transfer. To the contrary, the FRCP instead may require the motion to transfer based on improper venue to be filed first. In allowing an impleader in a limitation action, this Court has previously recognized that a limitation proceeding is not so unique that its use bars resort to the ordinary rules of procedure. *In re McAninch*, 392 F.Supp. 96, 97 (S.D. Tex. 1975), citing *British Transport Comm v. United States*, 354 U.S. 129, 132-139 (1957).

Petitioners base their standing argument in part upon an order by Honorable Nancy K. Johnson, Magistrate Judge, Southern District of Texas, in C.A. No. H-03-3280, *In re Matter of Horizon Vessels, Inc.* Magistrate Judge Johnson did conclude in that action that the claimants in that case did not have standing to challenge venue since they had not filed claims and answers. (4:03-CV-03280, Rec. Doc. 20, U.S.D.C., S.D. TX.). However, Magistrate Judge Johnson did not cite authorities for that conclusion. Nor did Judge Johnson address the lack of any provision in the

Supplemental Rules requiring the movant to first file a claim or answer or the Rule 12(b) requirement that a motion challenging venue must be made prior to filing responsive pleadings.

The jurisprudence cited by the petitioners appears to address the requirement of filing a claim or an answer in order to contest the entitlement of the petitioner to limitation, to conduct discovery, or to address substantive motions. Petitioners also cite *In re Lenzi*, 1989 WL 146659 (E.D. Pa. Dec. 1, 1989), where the Court read Supplemental Rule F(5) to mean that a person who had not filed a claim had no standing to file an answer challenging the petitioner's right to exoneration or limitation of liability. *Lenzi* cites *In re Twenty Grand Offshore, Inc.*, 313 F.Supp. 851 (S.D.Fla. 1970) (also cited by petitioners herein). In *Twenty Grand Offshore*, a tug operator whose towing hawser parted and caused a barge to crash into the shore filed a limitation petition. The charterer of the barge came into the limitation proceeding to file a motion for a more definite statement under FRCP Rule 12(e) and Supplemental Rule F(2). The Court granted the charterer's motion, and in the process it firmly rejected the limitation petitioner's argument that the charterer had to file a claim before having standing to file the Rule 12(e) motion. The Court indicated that the jurisprudence made clear long ago "that the filing of a limitation claim was not a prerequisite to the filing of exceptions to the limitation petition." *Id.* at 853.

*Twenty Grand Offshore* thus supports movants' position, providing an example of a district court entertaining a Rule 12 motion prior to the filing of an answer or claim in a limitation of liability proceeding. Further support for movants' position may be found in the Supreme Court's recent holding in *Sinochem International Co. Ltd. v. Malaysia International Shipping Corp.*, 549 U.S. 422, 425 (2007):

> We hold that a district court has discretion to respond at once to a defendant's *forum non conveniens* plea, and need not take up first any other threshold objection. In particular, a court need not resolve whether it has authority to adjudicate the cause (subject-matter jurisdiction) or personal jurisdiction over the defendant if it determines that, in any event, a foreign tribunal is plainly the more suitable arbiter of the merits of the case.

The message of *Sinochem* — that even the fundamentals, subject matter jurisdiction and jurisdiction over the person, need not be addressed if the *forum non conveniens* plea is powerful enough — seems completely applicable to the present case. It ought to follow *a fortiori* that movants have standing to file their Supplemental Rule F(9) motion. Indeed, it seems clear that this Court has the authority to order this case transferred *sua sponte.* See *Ferens v. John Deere Co.,* 494 U.S. 516, 537 (1990) (Scalia, J., dissenting, taking it as settled that district courts have the authority to grant *forum non conveniens* dismissals and 28 U.S.C. § 1404(a) transfers *sua sponte*).

**ISSUES TO BE CONSIDERED PRIOR TO JPML DETERMINATION**

This Honorable Court is sitting in admiralty to determine the respective rights of a vessel owner and claimants, and preliminary issues such as the proper venue for that dispute. The Judicial Panel on Multidistrict Litigation will apparently consider an extremely broad range of potential claims against numerous defendants arising out of this oil spill. Such claims will include individual demands and class action claims for property damage and loss of income by hundreds, and probably thousands, of individuals and other entities, arising under numerous laws, including the Oil Pollution Act, 33 U.S.C. §§ 2701, *et seq*. The JPML is apparently scheduled to hold its first hearing on July 29, 2010, almost two months from today. Since this Court must only decide issues related to the petitioners' contention that they are entitled to be exonerated from liability or to limit their liability pursuant to maritime law, there is no just reason to unnecessarily delay action in this proceeding for

two months or more, particularly since the action of the JPML will almost certainly have no relevance to these proceedings. This Court should act on the motions now before it, and movants respectfully submit that this limitation proceeding should be transferred to the United States District Court for the Eastern District of Louisiana.

**WHETHER THE LIMITATION PROCEEDING SHOULD BE DISMISSED**

In a limitation of liability proceeding, there is a divided burden of proof between the claimants and the petitioner. The claimants in this case must show that their loss was caused by the negligence or unseaworthiness of the vessel. Once a claimant establishes negligence or unseaworthiness, the petitioner must then show that it lacked privity or knowledge of the condition. Privity or knowledge extends beyond actual knowledge to knowledge that the vessel owner would have obtained by reasonable investigation. Additionally, the privity and knowledge of individuals at a certain level of responsibility is deemed to be privity and knowledge of the corporation. See, e.g., *In re Signal International, LLC*, 579 F.3d 478, 496-497 (5th Cir. 2009), and cases cited therein.

Here, based upon information already publicly known, where a MODU (mobile offshore drilling unit) has exploded, it seems almost a foregone conclusion that some negligence or unseaworthiness related to that explosion will be found. It appears equally certain that the managers and directors of the MODU owner will be unable to prove that they had no privity or knowledge of the manner in which the drilling operations were being conducted or of the condition of their MODU and its equipment, etc. It seems impossible for this complex apparatus engaged in deepwater drilling to have functioned without direct orders from high-ranking employees of the petitioner. The petition for exoneration from or limitation of liability should be dismissed.

## CONCLUSION

Movants respectfully submit that they have standing to seek a transfer of this limitation proceeding prior to filing an answer or a claim in this proceeding, based upon the FRCP, the Supplemental Rules for Admiralty and Maritime Claims, and the jurisprudence cited herein. This Court should act upon the motion to transfer without regard to any ongoing proceedings before the Judicial Panel on Multidistrict Litigation. Finally, based upon the circumstances of this occurrence, the petition for exoneration from or limitation of liability should be dismissed.

Respectfully submitted:

*s/John W. deGravelles*

**JOHN W. deGRAVELLES** (SD-TX 00794912 and LA 04808)
MICHAEL C. PALMINTIER (LA 10288)
C. FRANK HOLTHAUS ( LA 06976)
SCOTT H. FRUGE (LA 21599)
JOSHUA M. PALMINTIER (LA 28712)
deGravelles, Palmintier, Holthaus & Frugé, L.L.P.
618 Main Street
Baton Rouge, Louisiana 70801-1910
225/344-3735 / Fax: 225/336-1146
jdegravelles@dphf-law.com
mpalmintier@dphf-law.com
fholthaus@dphf-law.com
sfruge@dphf-law.com
jpalmintier@dphf-law.com

KENNETH H. HOOKS, III (LA 4982)
RICHARD J. DODSON (LA 25097)
H. PRICE MOUNGER (LA 19077)
Dodson, Hooks & Fredericks (APLC)
445 North Boulevard, Suite 850
Baton Rouge LA 70802
(225) 756-0222 / (225) 756-0025 (fax)
richardjdodson@aol.com
kenny@dodsonhooks.com
price@dodsonhooks.com

EDWARD J. WALTERS, JR. (LA 13214)
DARREL J. PAPILLION (LA 23243)
DAVID ABBOUD THOMAS (LA 22701)
J.E. CULLENS, JR. (LA 23011)
Walters, Papillion, Thomas, Cullens, LLC
12345 Perkins Road, Building One
Baton Rouge LA 70810
(225) 236-3636 / (225) 236-3650 (fax)
walters@lawbr.net
papillion@lawbr.net
abboud@lawbr.net
cullens@lawbr.net

GARY P. KOEDERITZ (LA 07768)
Koederitz Law Firm, LLC
4607 Bluebonnet Blvd, Suite B
Baton Rouge LA 70809
(225-295-9494 / (225) 295-9495 (fax)
gary@kwlawbr.com
***Attorneys for Plaintiffs, William D. Gregoire Veronica G. Stelly and Toby J. Stelly – USDC-ED (LA) 2:10-CV-01351***

RUSS M. HERMAN (LA 6819)
STEPHEN J. HERMAN (LA 23129 )
***Attorneys for Plaintiffs Acy J. Cooper, et al. vs. BP, PLC, et al. USDC-ED(LA) 2:10-CV-01229***
sherman@hhkc.com

JAMES P. ROY (LA 11511)
BOB F. WRIGHT (LA 13691)
CALVIN FAYARD (LA 5486)
JONATHAN B. ANDRY (LA 20081)
WILLIAM STRAIN (LA 12522)
***Attorneys for Plaintiffs Troy Wetzel, et al. vs. Transocean, PLC, et al. USDC-ED(LA) 2:10-CV-01222***
jimr@wrightroy.com

DONALD W. PRICE (LA 19452)
***Attorneys for Plaintiffs Raymond Duet et al. vs. BP, PLC, et al. USDC-ED(LA) 2:10-CV-01519***
dprice@dueprice.com

ANDY D. BIRCHFIELD (ASB-3625-C48A)
***Attorneys for Plaintiffs Gulf Crown Seafood, Inc. vs. BP, PLC, et al.***
***USDC-ED(LA) 2:10-CV-01344***
andy.birchfield@beasleyallen.com

MORRIS BART (LA 2788)
***Attorneys for Plaintiffs Isadore Creppel. vs. BP, PLC, et al.***
***USDC-ED(LA) 2:10-CV-01346***
morrisbart@morrisbart.com

HUNTER LUNDY (LA 8938)
MATT LUNDY (LA 18988)
***Attorneys for Intervenors JoJo's Seafood***
***Troy Wetzel vs. BP, PLC, et al.***
***USDC-ED(LA) 2:10-CV-01222***
hlundu@lundylawllp.com

LANNY R. ZATZKIS (LA13781)
***Attorneys for Plaintiffs Charles Schmalz et al vs. Transocean Ltd, et al.***
***USDC-ED(LA) 2:10-CV-1452***
lanny@zatzkis.com

CONRAD S. P.WILLIAMS, III (LA 14499)
***Attorneys for Plaintiffs***
duke@williamslawgroup.org

WALTER JOHN LEGER, JR. (LA 8278)
***Attorneys for Plaintiffs Ben Robin et al vs. BP, PLC, et al.***
***USDC-ED(LA) 2:10-CV-1248***

***Attorneys for Plaintiffs Charles Elmer et al vs. BP, PLC, et al.***
***USDC-ED(LA) 2:10-CV-1515***
wleger@legershaw.com

J. BURTON LEBLANC (LA 20491)
***Attorneys for Plaintiffs Robin Seafood Co. Inc. et al vs. BP, PLC, et al.***
***USDC-ED(LA) 2:10-CV-1314***
bleblanc@baronbudd.com

TIMOTHY J. YOUNG (LA 22677)
***Attorneys for Plaintiffs , Virginia Stevens***
tjy@theyoungfirm.com

JEFFREY BERNIARD (LA 29088)
***Attorneys for Plaintiffs Friloux et al. BP USDC-ED(LA) 2:10-CV-01246***
jeffberniard@laclaim.com

JEFFREY A. BREIT (LA 03451)
CURT D. MARSHALL
***Attorneys for Plaintiffs Mitchell et al. BP USDC-ED(LA) 2:10-CV-1472***
jbreit@bdbmail.com

**CERTIFICATE**

I HEREBY CERTIFY that on this 1st day of June, 2010, the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Andrew Blanchfield, Anthony G Buzbee, Charles F Herd , Jr., Cory D. Itkin, David Ashley Bagwell, Frank Anthony Piccolo, George W. Finkbohner , III, Innes A Mackillop, Jason Aron Itkin, Kevin Troy Dossett, Kurt Brynilde Arnold, M Paul Skrabanek, Marcus Grant Matthews, Richard R. Kennedy, Robert T Cunningham, Ronald L White, Scott R Bickford, Stephen C. Olen, Steven L Nicholas, Thomas E Bilek and Thomas M Sims by operation of the court's electronic filing system and mailed via USPS postage prepaid to:

Evans Martin McLeod
Phelps Dunbar LL
365 Canal St
Ste 2000
New Orleans, LA 70130-6534

Paul M Sterbcow
Lewis Kullman et al
601 Poydras St
Ste 2615
New Orleans, LA 70130

Lawrence J Centola , III
Martzell & Bickford
338 Lafayette Street
New Orleans, LA 70130

Spencer R. Doody
Marzell & Bickford
338 Lafayette Street
New Orleans, LA 70130

Neil F. Nazareth
Martzell & Bickford
338 Lafayette Street
New Orleans, LA 70130

*s/John W. deGravelles*
**JOHN W. deGRAVELLES**