IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND PETITION OF TRITON ASSET LEASING GmbH, TRANSOCEAN HOLDINGS LLC, TRANSOCEAN OFFSHORE DEEPWATER DRILLING INC., AND TRANSOCEAN DEEPWATER INC., AS OWNER, MANAGING OWNERS, OWNERS PRO-HAC VICE, AND/OR OPERATORS OF THE MODU DEEPWATER HORIZON, IN A CAUSE FOR EXONERATION FROM OR LIMITATION OF LIABILITY | § § § § § § § § § § § § | C.A. NO. 4:10-cv-01721<br><br>Fed. R. Civ. P. 9(h)<br><br>IN ADMIRALTY |

**PETITIONERS' BRIEF REGARDING THE LACK OF LEGAL STANDING OF ALL MOVANTS WHO SEEK A CONVENIENCE TRANSFER OF THIS PROCEEDING WITHOUT BEING A PARTY TO THIS LIMITATION ACTION**

TO:   THE HON. KEITH P. ELLISON, UNITED STATES DISTRICT JUDGE

COME NOW, PETITIONERS, Triton Asset Leasing GmbH, Transocean Holdings LLC, Transocean Offshore Deepwater Drilling Inc., and Transocean Deepwater Inc., and, further to the Court's directive of May 25, 2010, file this, their Brief Regarding the Lack of Legal Standing of All Movants Who Seek a Convenience Transfer of this Proceeding Without Being a Party to this Limitation Action, and further thereto would respectfully show the Court as follows:

I.

**PROCEDURAL HISTORY**

1.   This matter arises out of a limitation of liability complaint filed by Petitioners under 46 U.S.C. § 30501, *et seq.*, arising out the April 20, 2010, casualty involving the DEEPWATER HORIZON.

2.   On May 13, 2010, Petitioners filed in this Court their Complaint and Petition for Exoneration from or Limitation of Liability (the "Limitation Action"). On that same day, the

[1]

Court signed an Order Directing Claimants to File and Make Proof of Claims, Directing the Issuance of Monition, and Restraining Prosecution of Claims (the "Restraining Order"). **[Rec. Doc. No. 9]**.

3. On May 14, 2010, Natalie Roshto ("Roshto") filed a motion to transfer this action to the Eastern District of Louisiana. **[Rec. Doc. No. 12]**. Roshto, who is a plaintiff in a wrongful death complaint filed in the Eastern District of Louisiana (Civil action 10-1156), has not filed a claim and answer in this Limitation Action.

4. On May 17, 2010, Michael Williams ("Williams") filed a motion to transfer this action to the Eastern District of Louisiana. **[Rec. Doc. No. 20]**. Williams, who is a plaintiff in a personal injury complaint filed in the Eastern District of Louisiana (Civil action 10-1243), has not filed a claim and answer in this Limitation Action.

5. On May 19, 2010, Ray Vath and certain other persons (the "Vath Movants") filed a motion to dismiss, and/or, alternatively, transfer this action to the Eastern District of Louisiana. **[Rec. Doc. no. 31]**. The Vath Movants, who are plaintiffs in a class action complaint filed in the Eastern District of Louisiana, have not filed claims and answers in this Limitation Action.

6. On May 21, 2010, William D. Gregorie and certain other persons (the "Gregorie Movants") filed a motion to transfer this action to the Eastern District of Louisiana. **[Rec. Doc. no. 42]**. The Gregorie Movants, who are plaintiffs in various purported class actions, personal injury cases and wrongful death complaints filed in the Eastern District of Louisiana (Civil action nos. 10-1351, 10-1156 c/w 10-1196, 10-1229, 10-1222, 10-1519, 10-1344, 10-1346, 10-1222, 10-1452, 10-1248, 10-1515, 10-1314, 10-1246, 10-1472) as well as certain purported

claimants who have not yet filed suit anywhere, have not filed claims and answers in this Limitation Action.

7. On May 24, 2010, Karl W. Rhodes ("Rhodes") filed a motion to transfer this action to the Eastern District of Louisiana. **[Rec. Doc. no. 45]**. Rhodes, who is a plaintiffs in a personal injury complaint filed in the Eastern District of Louisiana (Civil action 10-1502), has not filed a claim and answer in this Limitation Action.

8. On May 24, 2010, the Vath Movants joined in the motion to transfer filed by the Gregorie Movants, subject to the motion to dismiss of the Vath Movants.

9. On May 24, Petitioners moved to strike the pending motions to transfer. **[Rec. Doc. no. 52]**.

10. On May 24, non-party Wilkerson filed a motion to defer all pending motions to transfer until the Judicial Panel on Multidistrict Litigation decides whether, and, if so, where to consolidate certain class actions arising out of this matter to a district court for pretrial proceedings.

\* \* \*

11. It is against this set of facts that Petitioners maintain that Roshto, Williams, the Vath Movants, the Gregorie Movants and Rhodes lack standing to seek a transfer of this case to the United States District Court for the Eastern District of Louisiana.

## II.

## LAW AND ANALYSIS

A. *The Rule F(9) Transfer.*

12. Supplemental Rule F(9) for Certain Admiralty and Maritime Claims states, in pertinent part, as follows:

[3]

**(9) Venue; Transfer.**

...

> For the convenience of parties and witnesses, in the interest of justice, the court may transfer the action to any district; if venue is wrongly laid the court shall dismiss or, if it be in the interest of justice, transfer the action to any district in which it could have been brought. If the vessel shall have been sold, the proceeds shall represent the vessel for the purposes of these rules.

The Advisory Committee Notes to Supplemental Rule F(9) state:

> Derived from Admiralty Rule 54. The provision for transfer is revised to conform closely to the language of 28 U.S.C. Secs. 1404(a) and 1406(a), though it retains the existing rule's provision for transfer to any district for convenience.

13. Rule F(9) is modeled on the convenience transfer process set forth in 28 U.S.C. 1404(a). It is hornbook federal procedure law that a non-party cannot seek a convenience transfer of a pending suit. Wright & Miller states it simply: "A nonparty, of course, cannot seek to have an action transferred."[1] In addition, Moore's Federal Practice states "[a] plaintiff, as well as a defendant, may move to transfer venue on convenience grounds under Section 1404(a)."[2] And that a non-party lacks standing to seek a convenience transfer is further evidenced by the split in the courts over whether even a third-party defendant has standing to seek a convenience transfer.[3] Because neither Roshto, Williams, the Vath Movants, the Gregorie Movants, nor Rhodes have filed a claim and answer in this matter, they are non-parties that are not entitled to seek a convenience transfer under Rule F(9).

---

[1] 15 Wright & Miller § 3844 (3d ed.)(citing *Kivita v. Phoenix General & Health Services, Inc.*, 51 Fed, Appx. 348, 350 (2d Cir. 2002).
[2] 17 Moore's Federal Practice - Civil § 111.16[1].
[3] 17 Moore's Federal Practice - Civil § 111.16[2](citations omitted).

[4]

14. That a party seeking a Supplemental Rule F(9) transfer must be a party to the Limitation action is further evidenced by a review of several federal cases that have addressed the issue. A non-exhaustive listing of cases involving a convenience transfer that involved only parties to the Limitation Action, *i.e.* the petitioner and one or more claimants, is as follows: *See e.g. Petition of Alamo Chemical Transp. Co.*, 23 F. Supp. 789 (D.C. Tex. 1970); *In re Savannah Marine Services, Inc.* 2007 WL 5011989 (S.D. Ga. 2007*)*; *In re Campbell Transp. Co., Inc.*, 368 F.Supp.2d 553 (D. W.Va. 2005); *In re Hot Energy Services, Inc.*, 2003 WL 22835984 (E.D. La. 2003); *In re Red Circle Transport Co.*, 2002 WL 31012610 (E.D. La. 2002).

15. Finally, the cases cited by Petitioners in their motion to strike **[Rec. Doc. no. 52]** uniformly support the well-established admiralty practice that a claimant should first file a claim and answer in the Limitation action before he/she/it seeks to have standing to contest matters related to it. *See, e.g,. In re Fun Time Boat Rental & Storage, LLC*, 431 F. Supp. 2d 993, 998-999 (S.D. Ariz. 2006); *In Re The Complaint of Lenzi*, 1989 WL 146659 at *1 (E.D. Pa. Dec. 1, 1989); *In Re Matter of Horizon Vessels, Inc.* (C.A. No. H-03-5280)(S.D. Tex.).

16. If there existed jurisprudence supporting Movants' position, they would have cited it. That they did not is telling.

### III.

### CONCLUSION & PRAYER

17. It is hornbook federal procedural law that a non-party lacks standing to seek a convenience transfer, and no exception to this is available to the transfer Movants. Quite simply, they must first file a claim and answer in the Limitation Action before seeking any such relief with this Court. For that simple reason, the Court should deny the motions to transfer of Roshto,

[5]

Williams, the Vath Movants, the Gregorie Movants, and Rhodes [**collectively, Rec.Doc. Nos. 12, 20, 31, 42, and 45**].

18. WHEREFORE, PREMISES CONSIDERED, Petitioners pray that the Court strike and/or deny the motions to transfer of Roshto, Williams, the Vath Movants, the Gregorie Movants, and Rhodes [**collectively, Rec.Doc. Nos. 12, 20, 31, 42, and 45**], that the Court take no action inconsistent with the continuation of this Limitation Action in this forum, and that Petitioners have such other and further relief, both at admiralty and in equity, to which they may show themselves to be justly entitled.

Respectfully submitted:

By: _____
FRANK A. PICCOLO
TBN: 24031227
SDBN: 30197
fpiccolo@preisroy.com
Wesleyan Tower
24 Greenway Plaza
Suite 2050
Houston, Texas 77046
(713) 355-6062 – Telephone
(713) 572-9129 – Facsimile

**ATTORNEY-IN-CHARGE FOR PETITIONERS TRITON ASSET LEASING GMBH, TRANSOCEAN HOLDINGS LLC, TRANSOCEAN OFFSHORE DEEPWATER DRILLING INC., AND TRANSOCEAN DEEPWATER INC.**

**OF COUNSEL:**

INNES MACKILLOP
TBN: 12761800
SDTX : 444
RONALD L. WHITE
TBN: 21328300
STX: 234
WHITE MACKILLOP & GALLANT P.C.
2200 West Loop South, Suite 1000
Houston, TX 77027
(713) 599-0211
(713) 599-1355
imackillop@wmglegal.com
rwhite@wmglegal.com

JOHN M. ELSLEY
TSB: 06591950
SDBN: 2828
Royston, Rayzor, Vickery & Williams L.L.P.
711 Louisiana Street, Suite 500
Houston TX 77002
(713)224-8380
(713)225-9945-facsimile
john.elsley@roystonlaw.com

EDWARD F. KOHNKE, IV
*Pro Hac Vice* Admission Requested
LBN: 07824
nkohnke@preisroy.com
EDWIN G. PREIS, JR.
TBN: 24029069
SDBN: 16834
epreis@preisroy.com
RICHARD J. HYMEL
*Pro-Hac Vice* Admission requested
TBN: 24038190
CARL J. HEBERT
LBN: 06724
SDBN: 15985
PREIS & ROY, APLC
102 Versailles Blvd., Suite 400
Lafayette, Louisiana 70509
(377) 237-6062 – Telephone
(377) 237-9129 – Facsimile

[7]

GEORGE M. GILLY
LBN:6234
SDTX ID No. 16885
gillyg@phelps.com
EVANS MARTIN MCLEOD
LBN:24846
SDTX *Pro Hac Vice* Admission requested
mcleodm@phelps.com
PHELPS DUNBAR, LLP
Canal Place
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Telecopier: (504) 568-9130
and
MARC G. MATTHEWS
TBN: 4055921
SDTX ID No. 705809
marc.matthews@phelps.com
700 Louisiana, Suite 2600
Houston, Texas 77002
Telephone: (713) 626-1386
Facsimile: (713) 626-1388