IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND PETITION OF TRITON ASSET LEASING GmbH, TRANSOCEAN HOLDINGS LLC, TRANSOCEAN OFFSHORE DEEPWATER DRILLING INC., AND TRANSOCEAN DEEPWATER INC., AS OWNER, MANAGING OWNERS, OWNERS PRO-HAC VICE, AND/OR OPERATORS OF THE MODU DEEPWATER HORIZON, IN A CAUSE FOR EXONERATION FROM OR LIMITATION OF LIABILITY | § § § § § § § § § § § § | C.A. NO. 4:10-cv-01721<br><br>Fed. R. Civ. P. 9(h)<br><br><br>IN ADMIRALTY |

## PETITIONERS' BRIEF REQUESTING DEFERRAL OF RULING ON MOTIONS TO TRANSFER

TO:   THE HON. KEITH P. ELLISON, UNITED STATES DISTRICT JUDGE

COME NOW, PETITIONERS, Triton Asset Leasing GmbH, Transocean Holdings LLC, Transocean Offshore Deepwater Drilling Inc., and Transocean Deepwater Inc., and, further to the Court's directive of May 25, 2010, file this, their Brief Requesting Deferral of Ruling on Motions to Transfer, and further thereto would respectfully show the Court as follows:

*A.   What issues, if any, should be taken up prior to any determination by the JPML?*

1.   Petitioners respectfully submit that the four issues identified in the Court's Minute Entry following the Status Conference of May 25, 2010, should be addressed, and that all other issues presently before the Court (only Motions for Transfer) should be deferred until after the expected determination by the JPML. If other issues arise before the JPML determination, this Court should determine on an issue-by-issue basis whether or not they should be taken up. Petitioners are not at this time aware of any other issues that would need to be considered.

[1]

### B.     *The Issues In This Court's May 25, 2010, Minute Entry Should Be Taken Up.*

2.     Petitioners submit that the Court should proceed to address the standing issues raised by Petitioners in their Motions to Strike. (Issue number 1.) It would be helpful for all parties to know sooner rather than later that (as Petitioners are separately briefing) claims must be filed before parties have standing to file motions.

3.     Issue number 2 is being addressed in this Brief. The Court presumably will take the issue up either explicitly or implicitly, by simply deferring ruling on any Motion to Transfer until after the JPML determination.

4.     Issue number 3 has already been addressed by the modified stay order submitted by Petitioners and entered by this Court, making it clear that direct claims against Petitioners under the Oil Pollution Act of 1990 ("OPA"), 33 U.S.C. §§ 2701, *et seq.*, are excluded from the stay.

5.     As to issue number 4, as Petitioners argue separately, there is no basis for this Limitations Action to be entirely dismissed, and the Court's denial of a dismissal would be helpful to parties contemplating filing claims herein and perhaps to the JPML.

### C.     *Motions to Transfer Should Be Deferred.*

6.     The only other issues presently before this Court are presented by the Motions to Transfer the case under Rule F(9) of the Supplemental Rules for Certain Admiralty or Maritime Claims of the Federal Rules of Civil Procedure and under 28 U.S.C. § 1404(a). Petitioners submit that these Motions should be stricken, as they have not been filed by Claimants with standing. But even if such Motions were properly re-filed, they should not be taken up until after

[2]

the expected determination of the JPML on the appropriate location of over 100 related suits involving the *Deepwater Horizon* incident.

7. Many parties have already filed pleadings with the JPML on this subject, and numerous other parties will likely file pleadings by the current response deadline of June 10, 2010. Various parties have different views about the appropriate scope of an MDL proceeding, and there are many different views expressed thus far on the appropriate forum. But there is general agreement among Plaintiffs and Defendants that treatment of many related cases in one forum will be appropriate, so MDL treatment of many if not all cases related to this incident seems extremely likely.

8. Where the JPML panel will send the cases is much less certain. Related actions are pending not just in the five Gulf States, but in a number of other states – Alaska, Tennessee, New York, Delaware, Kentucky and possibly others. Thus far, the courts to which various parties have suggested the JPML should assign the scores of related cases include the Southern District of Texas, all three Districts in Louisiana, the Southern District of Mississippi, the Southern District of Alabama and the Northern District of Florida. Other nominations are possible in responsive filings to be filed by June 10, 2010, and there is of course the possibility that the JPML could send the cases somewhere else entirely.

9. Petitioners filed this Limitations Action in this Court and strongly believe that it belongs here. Venue is indisputably proper. It was entirely appropriate for Petitioners to file the limitation here (as there are actions pending in the Southern District). It is further entirely appropriate for the limitation to remain here. Petitioners' principal offices are here. Numerous claims subject to the Limitations Action have been filed in this District in the form of lawsuits in

[3]

state and federal courts. And the evidence most relevant to the principal issues to be adjudicated in this action is in this District.[1]

10. A principal reason suggested by a few putative claimants for the transfer to the Eastern District of Louisiana is that a number of related cases are pending there. That is presently true – as it is true that many other cases have been filed in many other districts, as well. And it is presently quite uncertain where the bulk of the related cases will be after the JPML rules. All those cases could be in this Court, or in any one of a number of other courts. The location of related cases may well be a relevant consideration for this Court in reviewing a transfer request, but the Court should await the decision of the JPML on where those related cases will be assigned before ruling on the request.

11. Although putative claimant Billy Wilkerson presently lacks standing to file the Motion, Wilkerson made much the same points in his *Motion to Defer Ruling on Motions to Transfer* **[Rec. Doc. No. 44]**. As other claims are filed in this action, other Claimants will likely have views on where this action should proceed and should be heard.

12. For these reasons, Petitioners respectfully submit that the Court should not take up any Transfer Motions prior to a determination by the JPML.

D. *Other Issues.*

13. Petitioners are unaware of any other issues presently pending before the Court in this action. Other issues could arise that might appropriately be taken up by the Court prior to a ruling by the JPML, but Petitioners are not now aware of any such prospective issue. Petitioners

---

[1] Petitioners do not herewith file a full response opposing the Motion to Transfer, because Petitioners understand that the Court only wants briefing presently on the question of whether consideration of the Motions to Transfer should be deferred. Petitioners have responded to the Motions to Transfer with Motions to Strike. If the Motions to Transfer are to be considered, Petitioners respectfully request an opportunity to be fully heard on those Motions, which Petitioners strongly oppose.

[4]

submit that the Court should address such potential issues on an issue-by-issue basis when they arise.

### III.

### PRAYER

14. WHEREFORE, PREMISES CONSIDERED, Petitioners pray that the Court defer ruling on the Motions to Transfer until a determination by the JPML concerning the possible MDL treatment of related cases and the location of that MDL proceeding, that the Court take no action inconsistent with the continuation of this Limitation Action in this forum, and that Petitioners have such other and further relief, both at admiralty and in equity, to which they may show themselves to be justly entitled.

Respectfully submitted:

By: /s/ Frank A. Piccolo
FRANK A. PICCOLO
TBN: 24031227
SDBN: 30197
fpiccolo@preisroy.com
Wesleyan Tower
24 Greenway Plaza
Suite 2050
Houston, Texas 77046
(713) 355-6062 – Telephone
(713) 572-9129 – Facsimile

**ATTORNEY-IN-CHARGE FOR PETITIONERS TRITON ASSET LEASING GMBH, TRANSOCEAN HOLDINGS LLC, TRANSOCEAN OFFSHORE DEEPWATER DRILLING INC., AND TRANSOCEAN DEEPWATER INC.**

[5]

**OF COUNSEL:**

INNES MACKILLOP
TBN: 12761800
SDTX : 444
RONALD L. WHITE
TBN: 21328300
STX: 234
WHITE MACKILLOP & GALLANT P.C.
2200 West Loop South, Suite 1000
Houston, TX 77027
(713) 599-0211
(713) 599-1355
imackillop@wmglegal.com
rwhite@wmglegal.com

JOHN M. ELSLEY
TSB: 06591950
SDBN: 2828
Royston, Rayzor, Vickery & Williams L.L.P.
711 Louisiana Street, Suite 500
Houston TX 77002
(713)224-8380
(713)225-9945-facsimile
john.elsley@roystonlaw.com

EDWARD F. KOHNKE, IV
*Pro Hac Vice* Admission Requested
LBN: 07824
nkohnke@preisroy.com
EDWIN G. PREIS, JR.
TBN: 24029069
SDBN: 16834
epreis@preisroy.com
RICHARD J. HYMEL
*Pro-Hac Vice* Admission requested
TBN: 24038190
CARL J. HEBERT
LBN: 06724
SDBN: 15985
PREIS & ROY, APLC
102 Versailles Blvd., Suite 400
Lafayette, Louisiana 70509
(377) 237-6062 – Telephone
(377) 237-9129 – Facsimile

GEORGE M. GILLY
LBN:6234
SDTX ID No. 16885
gillyg@phelps.com
EVANS MARTIN MCLEOD
LBN:24846
SDTX *Pro Hac Vice* Admission requested
mcleodm@phelps.com
PHELPS DUNBAR, LLP
Canal Place
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Telecopier: (504) 568-9130
and
MARC G. MATTHEWS
TBN: 4055921
SDTX ID No. 705809
marc.matthews@phelps.com
700 Louisiana, Suite 2600
Houston, Texas 77002
Telephone: (713) 626-1386
Facsimile: (713) 626-1388

[7]