IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND § | | C.A. NO. 4:10-cv-01721 |
| PETITION OF TRITON ASSET LEASING § | | |
| GmbH, TRANSOCEAN HOLDINGS LLC, § | | |
| TRANSOCEAN OFFSHORE DEEPWATER § | | |
| DRILLING INC., AND TRANSOCEAN § | | |
| DEEPWATER INC., AS OWNER, MANAGING§ | | Fed. R. Civ. P. 9(h) |
| OWNERS, OWNERS PRO-HAC VICE, § | | |
| AND/OR OPERATORS OF THE MODU § | | |
| DEEPWATER HORIZON, IN A CAUSE FOR § | | |
| EXONERATION FROM OR LIMITATION § | | |
| OF LIABILITY § | | IN ADMIRALTY |

**PETITIONERS' BRIEF IN OPPOSITION TO**
**DISMISSAL OF THE LIMITATION ACTION**

TO:   THE HON. KEITH P. ELLISON, UNITED STATES DISTRICT JUDGE

COME NOW, PETITIONERS, Triton Asset Leasing GmbH, Transocean Holdings LLC, Transocean Offshore Deepwater Drilling Inc., and Transocean Deepwater Inc., and, further to the Court's directive of May 25, 2010, file this, their Brief in Opposition to Dismissal of the Limitation Action, and further thereto would respectfully show the Court as follows:

I.

**SUMMARY OF THE ARGUMENT OPPOSING DISMISSAL**

1. The Court cannot dismiss this Limitation Action for three reasons. First, the only request for dismissal has been filed by "putative claimants" who are not before this Court and who lack standing to request any relief in this proceeding. The Vath Movants must comply with the two procedural requirements of Supplemental Rule F and file both a claim and an answer in these proceedings before seeking any other relief from this Court.

[1]

2.     Second, assuming for the sake of argument that the Court properly could consider the putative claimants' Motion to Dismiss, the Court must necessarily find the motion to be moot. The sole basis for the dismissal requested by the putative claimants relates to claims asserted against Petitioners arising under the Oil Pollution Act of 1990 that were believed to be stayed by the Court's Order Directing Claimants to File and Make Proof of Claims, Directing Issuance of Monition, and Staying Prosecution of Claims **[Rec. Doc. No. 9]** entered on May 13, 2010. While the putative claimants' perception in this regard was at all times ill-informed and incorrect, Petitioners submitted, and the Court entered on May 25, 2010, an Amended Order Directing Claimants to File and Make Proof of Claims, Directing Issuance of Monition, and Restraining Prosecution of Claims **[Rec. Doc. No. 61]** that clearly and unequivocally excludes from both the concursus of this Limitation Action and the Court's injunction any direct claims asserted against Petitioners under the Oil Pollution Act.

3.     Finally, under the preclusive venue options available to Petitioners under Supplemental Rule F(9), venue was properly laid in this district. The fact that venue may have been proper in other districts, as well, is of no moment, inasmuch as several of the lawsuits pending against Petitioners on May 13, 2010, were pending either in the Southern District of Texas or in state District and County Courts at Law encompassed within the geographical area of the Southern District of Texas.

## II.

## PROCEDURAL HISTORY

4.     Petitioners filed their Complaint and Petition for Exoneration from or Limitation of Liability under the Limitation Act, 46 U.S.C. § 30501, *et seq.*, in this Honorable Court on May 13, 2010 **[Rec. Doc. No. 1]**. Venue for this Limitation Action is entirely proper in this Court,

because Petitioners had been sued in this district for claims with respect to which Petitioners seek exoneration from or limitation of liability. *See* FED. R. CIV. P. SUPP. F(9), which in pertinent part provides as follows:

> [S]hall be filed in any district in which the vessel has been attached or arrested to answer for any claim with respect to which the plaintiff seeks to limit liability; or, if the vessel has not been attached or arrested, then in any district in which the owner has been sued with respect to any such claim.

5. Ray Vath, the Louisiana Environmental Action Network, Inc., Charles Robin, III, and Lisa Robin, and George Barisich, Individually and on behalf of the United Commercial Fisherman's Association, Inc. [collectively the "Vath Movants"], are plaintiffs in several actions now pending in the United States District Court for the Eastern District of Louisiana.[1] On May 19, 2010, collectively as "putative claimants in the limitation proceedings," the Vath Movants filed in this proceeding a *Motion to Dismiss and/or, Alternatively, Transfer of this Limitation Action to the United States District Court for the Eastern District of Louisiana* **[Rec. Doc. No. 31]**.

6. Also on May 19, 2010, attorney Thomas E. Bilek filed a document styled *Declaration of Thomas E. Bilek in Support of Opposed Motion to Dismiss and/or, Alternatively, Transfer* **[Rec. Doc. No. 33]**, ostensibly in further support of the Vath Movants' motion referenced in paragraph 3, above.

7. The sole basis for the Vath Movants' Motion to Dismiss is to lift the injunction and avoid the concursus established by the Court's Order Directing Claimants to File and Make Proof of Claims, Directing Issuance of Monition, and Staying Prosecution of Claims **[Rec. Doc.**

---

[1] C.A. No. 2:10-cv-01273; *Ray Vath v. BP, PLC,. et al.*; In the United States District Court for the Eastern District of Louisiana; C.A. No. 2:10-cv-01295; *Charles & Lisa Robin, III v. BP, PLC,. et al.*; In the United States District Court for the Eastern District of Louisiana; and C.A. No. 2:10-cv-01324; *George Barisich v. BP, PLC,. et al.*; In the United States District Court for the Eastern District of Louisiana.

**No. 9]**, with regard to "any and all claims, asserted or prospective, against Petitioners [. . .] under the Oil Pollution Act of 1990 ('OPA'), 33 U.S.C. §§ 2701-52." *See Memorandum of Law in Support of Opposed Motion to Dismiss and/or, Alternatively, Transfer*, pp. 1-2 **[Rec. Doc. No. 32]**.

## II.

## ARGUMENT AND AUTHORITIES

**A.   *The Vath Movants Lack Standing to Request Dismissal, and Petitioners Object to Litigating this Premature Issue.***

8.   Petitioners adopt, as if fully set forth herein, the arguments regarding standing made in their *Motion to Strike the Improper Filings of Billy Wilkerson* **[Rec. Doc. No. 40]**, *Motion to Strike Motions to Transfer Venue/Dismiss* **[Rec. Doc. No. 52]**, and *Petitioners' Brief Regarding the Lack of Legal Standing of All Movants Who Seek a Convenience Transfer of this Proceeding Without Being a Party to this Limitation Action* **[Rec. Doc. No. 81]** filed contemporaneously with this brief. The Vath Movants cannot bypass the procedural requirements of the Limitation Act and obtain relief in the form of dismissal that is both premature and beyond the Court's power to grant at this time. Absent compliance with the two procedural requirements of Supplemental Rule F, "putative claimants" like the Vath Movants are not before this Court for any purpose.

**B.   *The Vath Movants' Motion to Dismiss is Moot.***

9.   While continuing to object to the Court's consideration of the Vath Movants' Motion to Dismiss, and not litigating the issue by consent, Petitioners direct the Court to the fact that the Vath Movants' motion is moot. On May 25, 2010, the Court entered an Amended Order Directing Claimants to File and Make Proof of Claims, Directing Issuance of Monition, and

[4]

Restraining Prosecution of Claims [**Rec. Doc. No. 61**]. This Amended Order clearly and unequivocally provides that "[t]his injunction does not apply to any direct claims asserted against Petitioners under the Oil Pollution Act, 33 U.S.C. § 2701, *et seq.*" And since the sole basis for the Vath Movants' Motion to Dismiss and the relief requested was to dismiss the Limitation Action as to claims asserted against Petitioners arising under the Oil Pollution Act of 1990 that ostensibly had been stayed by the Court's original Order [**Rec. Doc. No. 9**] entered on May 13, 2010, this issue is now moot.

### C. *The Southern District of Texas is a Proper Venue for this Limitation Action under Supplemental Rule F.*

10. There were in excess of one hundred lawsuits pending against Petitioners at the time they filed this Limitation Action.[2] Those lawsuits were filed in the United States District Court for the Southern District of Texas, state District and County Courts at Law encompassed within the Southern District of Texas, the United States District Courts for Eastern District of Louisiana, the Western District of Louisiana, the Northern District of Louisiana, the Southern District of Mississippi, the Southern District of Alabama, the Northern District of Alabama, and the Northern District of Florida.[3]

11. Supplemental Rule F provides a series of preclusive venues for the filing of a Limitation Action, depending on whether the casualty vessel has been attached or arrested and/or whether the vessel owner has yet been sued. *See* FED. R. CIV. P. SUPP. F(9). In relevant part, Supplemental Rule F(9) provides that a Limitation Action:

> [S]hall be filed in any district in which the vessel has been attached or arrested to answer for any claim with respect to which the plaintiff seeks to limit liability; or,

---

[2] *See Petitioners Complaint and Petition for Exoneration From or Limitation of Liability*, Exhibit "A" [**Rec. Doc. No. 1-1**].
[3] *See id., passim.*

[5]

if the vessel has not been attached or arrested, *then in any district* (emphasis added) in which the owner has been sued with respect to any such claim.

*See id.* Further, "if venue is wrongly laid the court shall dismiss or, if it be in the interest of justice, transfer the action to any district in which it could have been brought." *See id.*

12. Because the Deepwater Horizon was lost in the casualty and was not attached or arrested on May 13, 2010, there were eight United States District Courts within which Petitioners could have filed this Limitation Action, and the Southern District of Texas was both an available and proper federal forum, and the most appropriate federal forum. *See id.*

13. The word "district" in Supplemental Rule F(9) refers to a geographical area, rather than a particular type of court. *See, e.g., In re the Complaint of Mike's, Inc.*, 317 F.3d 894, 897 (8th Cir. 2003); *In re the Complaint of Ensco Marine Co.*, 1999 WL 307608 at *1 (E.D. La. May 13, 1999); *In re the Matter of American River Transp. Co.*, 864 F. Supp. 554, 555-56 (E.D. La. 1994). Moreover, "[w]here there are several causes of action pending when the limitation petition is filed, nothing in the rule indicates that venue is only proper where the first suit was filed." *In re the Complaint of Ensco Marine Co.*, 1999 WL 307608 at *1 (citing Gilmore & Black, THE LAW OF ADMIRALTY (2d ed. 1975) at 850-51 n.47, itself citing *In re Tiedemann & Co.*, 259 F.2d 605, 606-07 (3d Cir. 1958)).

14. Because the geographic area covered by the Southern District of Texas encompassed several of the lawsuits pending against Petitioners on May 13, 2010, venue was properly laid in this district for this Limitation Action. And while venue also may have been proper in other United States District Courts on May 13, 2010, Supplemental Rule F(9) does not limit Petitioners' filing to any particular district among them. *See, e.g., In re Tiedemann & Co.*,

[6]

259 F.2d at 606-07; *In re Bloomfield Steamship Co.*, 227 F. Supp. 615, 618 (E.D. La. 1964); *In re the Complaint of Ensco Marine Co.*, 1999 WL 307608 at *1.

## III.

## PRAYER

15. WHEREFORE, PREMISES CONSIDERED, Petitioners pray that the Court strike and/or deny the Vath Movants' *Motion to Dismiss and/or, Alternatively, Transfer of this Limitation Action to the United States District Court for the Eastern District of Louisiana*, that the Court take no action inconsistent with the continuation of this Limitation Action in this forum, and that Petitioners have such other and further relief, both at admiralty and in equity, to which they may show themselves to be justly entitled.

Respectfully submitted:

By: _____
FRANK A. PICCOLO
TBN: 24031227
SDBN: 30197
fpiccolo@preisroy.com
Wesleyan Tower
24 Greenway Plaza
Suite 2050
Houston, Texas 77046
(713) 355-6062 – Telephone
(713) 572-9129 – Facsimile

**ATTORNEY-IN-CHARGE FOR PETITIONERS TRITON ASSET LEASING GMBH, TRANSOCEAN HOLDINGS LLC, TRANSOCEAN OFFSHORE DEEPWATER DRILLING INC., AND TRANSOCEAN DEEPWATER INC.**

**OF COUNSEL:**

INNES MACKILLOP
TBN: 12761800
SDTX : 444
RONALD L. WHITE
TBN: 21328300
STX: 234
WHITE MACKILLOP & GALLANT P.C.
2200 West Loop South, Suite 1000
Houston, TX 77027
(713) 599-0211
(713) 599-1355
imackillop@wmglegal.com
rwhite@wmglegal.com

JOHN M. ELSLEY
TSB: 06591950
SDBN: 2828
Royston, Rayzor, Vickery & Williams L.L.P.
711 Louisiana Street, Suite 500
Houston TX 77002
(713)224-8380
(713)225-9945-facsimile
john.elsley@roystonlaw.com

EDWARD F. KOHNKE, IV
*Pro Hac Vice* Admission Requested
LBN: 07824
nkohnke@preisroy.com
EDWIN G. PREIS, JR.
TBN: 24029069
SDBN: 16834
epreis@preisroy.com
RICHARD J. HYMEL
*Pro-Hac Vice* Admission requested
TBN: 24038190
CARL J. HEBERT
LBN: 06724
SDBN: 15985
PREIS & ROY, APLC
102 Versailles Blvd., Suite 400
Lafayette, Louisiana 70509
(377) 237-6062 – Telephone
(377) 237-9129 – Facsimile

[8]

GEORGE M. GILLY
LBN:6234
SDTX ID No. 16885
gillyg@phelps.com
EVANS MARTIN MCLEOD
LBN:24846
SDTX *Pro Hac Vice* Admission requested
mcleodm@phelps.com
PHELPS DUNBAR, LLP
Canal Place
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Telecopier: (504) 568-9130
and
MARC G. MATTHEWS
TBN: 4055921
SDTX ID No. 705809
marc.matthews@phelps.com
700 Louisiana, Suite 2600
Houston, Texas 77002
Telephone: (713) 626-1386
Facsimile: (713) 626-1388