## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND | § | C.A. NO. 4:10-cv-01721 |
| PETITION OF TRITON ASSET LEASING | § | |
| GmbH, TRANSOCEAN HOLDINGS LLC, | § | |
| TRANSOCEAN OFFSHORE DEEPWATER | § | |
| DRILLING INC., AND TRANSOCEAN | § | |
| DEEPWATER INC., AS OWNER, MANAGING | § | Fed. R. Civ. P. 9(h) |
| OWNERS, OWNERS PRO-HAC VICE, | § | |
| AND/OR OPERATORS OF THE MODU | § | |
| DEEPWATER HORIZON, IN A CAUSE FOR | § | |
| EXONERATION FROM OR LIMITATION | § | |
| OF LIABILITY | § | IN ADMIRALTY |

### PETITIONERS' BRIEF IN OPPOSITION TO FURTHER
### MODIFICATION OF THE COURT'S INJUNCTION ORDER

TO:   THE HON. KEITH P. ELLISON, UNITED STATES DISTRICT JUDGE

COME NOW, PETITIONERS, Triton Asset Leasing GmbH, Transocean Holdings LLC,

Transocean Offshore Deepwater Drilling Inc., and Transocean Deepwater Inc., and, further to

the Court's directive of May 25, 2010, file this, their Brief in Opposition to Further Modification

of the Court's Injunction Order, and further thereto would respectfully show the Court as

follows:

### I.

### SUMMARY OF THE ARGUMENT
### OPPOSING FURTHER MODIFICATION

1.      The Court should not entertain further modification to the Court's Injunction

Order **[Rec. Doc. No. 61]** for two reasons.  First, the only requests for modification of the

Injunction Order or effectively modification by dismissal have been filed by "putative claimants"

who are not before this Court and who lack standing to request any relief in this proceeding.

Wilkerson and the Vath Movants must comply with the two procedural requirements of

[1]

Supplemental Rule F and file both a claim and an answer in these proceedings before seeking any other relief from this Court.

2.      Second, assuming for the sake of argument that the Court properly could consider the putative claimants' Motion to Clarify or Modify Injunction and Motion to Dismiss, the Court must necessarily find the motions to be moot.  The bases for the clarification, modification, and dismissal requested by the putative claimants relates to claims asserted against Petitioners arising under the Oil Pollution Act of 1990 that were believed to have been stayed by the Court's Order Directing Claimants to File and Make Proof of Claims, Directing Issuance of Monition, and Staying Prosecution of Claims **[Rec. Doc. No. 9]** entered on May 13, 2010.  While the putative claimants' perception in this regard was at all times inaccurate, Petitioners submitted, and the Court entered on May 25, 2010, an Amended Order Directing Claimants to File and Make Proof of Claims, Directing Issuance of Monition, and Restraining Prosecution of Claims **[Rec. Doc. No. 61]** that clearly and unequivocally excludes from both the concursus of this Limitation Action and the Court's injunction any direct claims asserted against Petitioners under the Oil Pollution Act.  If there had previously been any basis for the putative claimants' motions, the clarification provided by the May 26th Order renders them moot.

## II.

## PROCEDURAL HISTORY

3.      Petitioners filed their Complaint and Petition for Exoneration from or Limitation of Liability under the Limitation Act, 46 U.S.C. § 30501, *et seq.*, in this Honorable Court on May 13, 2010 **[Rec. Doc. No. 1]**.

[2]

4.     Billy Wilkerson [Wilkerson] is a putative class representative in an action now pending in the United States District Court for the Southern District of Alabama.[1]  On May 17, 2010, he filed a document in this Court styled *Motion to Clarify or Modify Injunction*. In that document, he described himself as "a plaintiff in related litigation and potential claimant in this proceeding" [**Rec. Doc. No. 15, pp. 1**].   In his filing, Wilkerson seeks clarification and modification of the Court's Injunction Order primarily to exclude those claims asserted against Petitioners under the Oil Pollution Act of 1990 from both the concursus established in the Court and the Court's Injunction Order.

5.     Ray Vath, the Louisiana Environmental Action Network, Inc., Charles Robin, III and Lisa Robin, and George Barisich, Individually and on behalf of the United Commercial Fisherman's Association, Inc. [collectively the "Vath Movants"], are plaintiffs in several actions now pending in the United States District Court for the Eastern District of Louisiana.[2]  On May 19, 2010, collectively as "putative claimants in the limitation proceedings," the Vath Movants filed in this proceeding a *Motion to Dismiss and/or, Alternatively, Transfer of this Limitation Action to the United States District Court for the Eastern District of Louisiana* [**Rec. Doc. No. 31**].

6.     Also on May 19, 2010, attorney Thomas E. Bilek filed a document styled *Declaration of Thomas E. Bilek in Support of Opposed Motion to Dismiss and/or, Alternatively,*

---

[1] C.A. No. 1:10-cv-201-CB-N; *Billy Wilkerson, Tessa Wilkerson, T&E Seafood, Inc., Jubilee Seafood, Inc., Malay, Inc., Country Inc. and Deep Sea Foods, Inc., individually and as representatives of the class defined* (S.D. Ala. filed April 30, 2010).

[2] C.A. No. 2:10-cv-01273; *Ray Vath v. BP, PLC,. et al.*; In the United States District Court for the Eastern District of Louisiana; C.A. No. 2:10-cv-01295; *Charles & Lisa Robin, III v. BP, PLC,. et al.*; In the United States District Court for the Eastern District of Louisiana; and C.A. No. 2:10-cv-01324; *George Barisich v. BP, PLC,. et al.*; In the United States District Court for the Eastern District of Louisiana.

*Transfer* **[Rec. Doc. No. 33]**, ostensibly in further support of the Vath Movants' motion referenced in paragraph 5, above.

7.      The sole basis for the Vath Movants' Motion to Dismiss is to lift the injunction and avoid the concursus established by the Court's Order Directing Claimants to File and Make Proof of Claims, Directing Issuance of Monition, and Staying Prosecution of Claims **[Rec. Doc. No. 9]**, with regard to "any and all claims, asserted or prospective, against Petitioners [. . .] under the Oil Pollution Act of 1990 ('OPA'), 33 U.S.C. §§ 2701-52." *See Memorandum of Law in Support of Opposed Motion to Dismiss and/or, Alternatively, Transfer*, pp. 1-2 **[Rec. Doc. No. 32]**.

## II.

## ARGUMENT AND AUTHORITIES

**A.**     ***Wilkerson and the Vath Movants Lack Standing to Request Dismissal, and Petitioners Object to Litigating this Premature Issue.***

8.      Petitioners adopt, as if fully set forth herein, the arguments regarding standing made in their *Motion to Strike the Improper Filings of Billy Wilkerson* **[Rec. Doc. No. 40]**, *Motion to Strike Motions to Transfer Venue/Dismiss* **[Rec. Doc. No. 52]**, and *Petitioners' Brief Regarding the Lack of Legal Standing of All Movants Who Seek a Convenience Transfer of this Proceeding Without Being a Party to this Limitation Action* **[Rec. Doc. No. 81]** filed contemporaneously with this brief.  Neither Wilkerson nor the Vath Movants can bypass the procedural requirements of the Limitation Act and obtain relief in the form of clarification, modification or dismissal that is both premature and beyond the Court's power to grant at this time.  Absent compliance with the two procedural requirements of Supplemental Rule F,

[4]

"putative claimants" like Wilkerson and the Vath Movants are not before this Court for any purpose.

### B.      *Further Modification of the Court's Injunction Order is Moot.*

9.      While continuing to object to the Court's consideration of Wilkerson's Motion to Clarify or Modify Injunction and the Vath Movants' Motion to Dismiss, and not litigating the issues by consent, Petitioners direct the Court to the fact that Wilkerson's and the Vath Movants' motions are moot.  On May 25, 2010, the Court entered an Amended Order Directing Claimants to File and Make Proof of Claims, Directing Issuance of Monition, and Restraining Prosecution of Claims **[Rec. Doc. No. 61]**.  This Amended Order clearly and unequivocally provides that "[t]his injunction does not apply to any direct claims asserted against Petitioners under the Oil Pollution Act, 33 U.S.C. § 2701, *et seq*."  And since the bases for Wilkerson's Motion to Clarify or Modify Injunction and the Vath Movants' Motion to Dismiss are to modify the Court's Injunction Order and dismiss the Limitation Action as to claims asserted against Petitioners arising under the Oil Pollution Act of 1990 that ostensibly had been stayed by the Court's original Order **[Rec. Doc. No. 9]** entered on May 13, 2010, further modification of the Court's Injunction Order for these purposes is now moot.

### III.

### <u>PRAYER</u>

10.      WHEREFORE, PREMISES CONSIDERED, Petitioners pray that the Court strike and/or deny Wilkerson's *Motion to Clarify or Modify Injunction* and the Vath Movants' *Motion to Dismiss and/or, Alternatively, Transfer of this Limitation Action to the United States District Court for the Eastern District of Louisiana*, that the Court take no action inconsistent with the

[5]

continuation of this Limitation Action in this forum, and that Petitioners have such other and further relief, both at admiralty and in equity, to which they may show themselves to be justly entitled.

Respectfully submitted:

By: _____

FRANK A. PICCOLO
TBN: 24031227
SDBN: 30197
fpiccolo@preisroy.com
Wesleyan Tower
24 Greenway Plaza
Suite 2050
Houston, Texas 77046
(713) 355-6062 – Telephone
(713) 572-9129 – Facsimile

**ATTORNEY-IN-CHARGE FOR PETITIONERS TRITON ASSET LEASING GMBH, TRANSOCEAN HOLDINGS LLC, TRANSOCEAN OFFSHORE DEEPWATER DRILLING INC., AND TRANSOCEAN DEEPWATER INC.**

[6]

**OF COUNSEL:**

INNES MACKILLOP
TBN: 12761800
SDTX : 444
RONALD L. WHITE
TBN: 21328300
STX: 234
WHITE MACKILLOP & GALLANT P.C.
2200 West Loop South, Suite 1000
Houston, TX 77027
(713) 599-0211
(713) 599-1355
imackillop@wmglegal.com
rwhite@wmglegal.com

JOHN M. ELSLEY
TSB: 06591950
SDBN: 2828
Royston, Rayzor, Vickery & Williams L.L.P.
711 Louisiana Street, Suite 500
Houston TX 77002
(713)224-8380
(713)225-9945-facsimile
john.elsley@roystonlaw.com

EDWARD F. KOHNKE, IV
*Pro Hac Vice* Admission Requested
LBN: 07824
nkohnke@preisroy.com
EDWIN G. PREIS, JR.
TBN: 24029069
SDBN: 16834
epreis@preisroy.com
RICHARD J. HYMEL
*Pro-Hac Vice* Admission requested
TBN: 24038190
CARL J. HEBERT
LBN: 06724
SDBN: 15985
PREIS & ROY, APLC
102 Versailles Blvd., Suite 400
Lafayette, Louisiana 70509
(377) 237-6062 – Telephone
(377) 237-9129 – Facsimile

[7]

GEORGE M. GILLY
LBN:6234
SDTX ID No. 16885
gillyg@phelps.com
EVANS MARTIN MCLEOD
LBN:24846
SDTX *Pro Hac Vice* Admission requested
mcleodm@phelps.com
PHELPS DUNBAR, LLP
Canal Place
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Telecopier: (504) 568-9130
and
MARC G. MATTHEWS
TBN: 4055921
SDTX ID No. 705809
marc.matthews@phelps.com
700 Louisiana, Suite 2600
Houston, Texas  77002
Telephone:  (713) 626-1386
Facsimile: (713) 626-1388

[8]