# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| In re Complaint and Petition of<br>**TRITON ASSET LEASING GmbH, et al.** | §<br>§<br>§<br>§<br>§<br>§<br>§ | **Civil Action No. 4:10-cv-01721**<br><br>**Relates to the following USDC-<br>SDMS Civil Action:**<br><br>**No. 1:10cv201HSO-JMR** |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
## AND/OR TO MODIFY OR LIFT STAY

### I. Introduction

The background necessary for a decision on this motion is simple and straightforward: Monica C. Montagnet filed a class action suit in the United States District Court for the Southern District of Mississippi on May 10, 2010, asserting state common law claims which arise from the *Deepwater Horizon* oil spill and seeking response costs, removal costs, remediation costs and other recoverable damages for the injury caused her property and other similarly situated Mississippi Gulf Coast properties.[1]  Notably, Montagnet did not assert a claim pursuant to the Oil Pollution Act of 1990[2] ("OPA 90").  Montagnet named TRANSOCEAN[3] and other parties as defendants in her suit.

Several days later, on May 13, 2010, TRANSOCEAN filed this limitation of liability action and obtained a monition designed to prevent any claims arising from the oil spill to proceed anywhere other than in this action.[4]  Because OPA 90 supersedes the Limitation of Liability Act[5] with respect to claims for property damages and costs occasioned by oil spills, claims such as those

---

[1] *Monica C. Montagnet vs. Transocean Ltd., et al.*, Civil Action No. 1:10-cv-201 (S.D. Miss. 05.13.2010).

[2] 33 U.S.C. §§ 2701 *et seq.*

[3] Triton Asset Leasing GmbH, Transocean Deepwater Inc., Transocean Offshore Deepwater Drilling Inc. and Transocean Holdings LLC are collectively referred to in this motion as "TRANSOCEAN."

[4] Transocean presented an amended Order to this Court on May 25, 2010 which specifies that "[t]his injunction does not apply to any *direct claims* asserted against Petitioners" under OPA 90.  Plaintiff's claims arise wholly under state law.

[5] 46 U.S.C. §§ 181 *et seq.*

asserted by Montagnet must be dismissed from this action.  In addition, the monition must be modified to exclude any state law claims alleging property damage caused by oil pollution.

## II. Argument

Based on OPA 90's clear language that allows private parties to bring legal actions pursuant to state laws that impose "additional liability or requirements with respect to … the discharge of oil or other pollution by oil within such State … or .. any removal activities in connection with such a discharge…,"[6] federal courts have uniformly held that the Limitation of Liability Act cannot be applied to require consolidation of oil spill lawsuits or to otherwise prevent plaintiffs from seeking redress in the courts of their choice.

*In re JAHRE SPRAY*[7] arose from a tanker's discharge of oil into the Delaware River.  The New Jersey federal district court initially granted the tanker owner's petition to stay related actions.[8] Several parties who had alleged a variety of federal statutory and state common law claims challenged the viability of the Limitation of Liability Act in oil pollution cases.  Agreeing with the plaintiffs, the court lifted the stay, reasoning as follows:

> The legislative history of the OPA confirms the Court's interpretation that the Limited Liability Act should not be applied to claims stemming from oil spills.[9] . . .  'OPA broadly supersedes the Limitation of Liability Act with respect to damages and removal costs under both federal and state law, including common law.  Thus the Act should no longer apply to limit any action for damages or removal costs in connection with any pollution incident.'[10]

The inapplicability of the Limitation of Liability Action to oil pollution cases is not dependent on whether the claimant pursues claims under OPA 90.  Citing OPA 90's directive that the Limitation of Liability Act "shall not be construed as . . . preempting" state law claims relating to oil discharge,

---

[6] 33 U.S.C. § 2718(a).
[7] 1996 U.S. Dist. LEXIS 11594, 1997 A.M.C. 845 (D.N.J. 1996).
[8] *Id.* at *5-6.
[9] *Id.* at *14.
[10] *Id.* at *15 (quoting, 2  THOMAS J. SCHOENBAUM, ADMIRALTY AND MARITIME LAW 376 (2nd ed. 1994)).

the Court in *In re JAHRE SPRAY* held that it "lack[ed] authority . . . to enjoin the federal, state and common law claims raised by the claimants related to the oil spill."[11]   As a consequence, the court lifted "its restraining order as to the additional state … claims related to the oil spill."[12]

The United States Court of Appeals for the Eleventh Circuit has also held that state law claims are not subject to the Limitation of Liability Act.[13]   *Bouchard Transportation Co., Inc. v. Updegraff* arose from the collision of a freighter and two tugs pushing "petroleum-carrying barges" in the Tampa Bay.[14]   The vessel owners filed limitation proceedings in federal court, prompting several interests to assert claims against the vessel owners that arose under state and federal law.[15] Following *In re JAHRE SPRAY*, the Eleventh Circuit held that the Limitation of Liability Act had no application to state law claims:

> OPA 90 authorizes states to adopt liability laws for oil spills and exempts those laws from the provisions of the Liability Act. 33 U.S.C. § 2718.  Accordingly, the Florida Act is neither subject to the Limitation Act's provisions nor otherwise preempted.[16]

In the instant case, Monica C. Montagnet has brought an action based wholly upon Mississippi state law in which she seeks recoverable costs and damages occasioned by oil polluting her property.  OPA 90 very clearly preempts the Limitation of Liability Act within the context of cases such as brought by Montagnet.  Accordingly, this Honorable Court should find that the Limitation of Liability Act has no application to the Montagnet class action or to any similar claims which arise from oil pollution, and should lift the injunction which presently prevents her from moving forward with her claim in the forum of her choosing.

---

[11] *Id.* at *18.
[12] *Id.* at *18-19.
[13] *Bouchard Transporation Co., Inc. v. Updegraff*, 147 F.3d 1344 (11th Cir. 1998).
[14] *Id.* at 1347.
[15] *Id.* at 1348.
[16] *Id.* at 1352.

### III. Conclusion

For the foregoing reasons, Monica C. Montagnet respectfully moves this Honorable Court to lift the Monition and dismiss from this limitation action any and all claims, asserted or prospective, which arise under state law and which seek removal costs, response costs, remediation expenses and other recoverable oil pollution damages caused by the *Deepwater Horizon* oil spill.

Respectfully submitted, this the 3rd day of June 2010.

By:    <u>/s/ *William M. Quin II*</u>

William M. Quin II (MS Bar No. 10834)
*Pro Hac Vice Pending*
**MᴄCʀᴀɴᴇʏ Mᴏɴᴛᴀɢɴᴇᴛ & Qᴜɪɴ, PLLC**
602 Steed Road, Suite 200
Ridgeland, Mississippi 39157
Telephone:    (601) 707.5725
Facsimile:    (601) 510.2939
wquin@mmqlaw.com

**Attorney-in-Charge for Putative Claimant,
Monica C. Montagnet**

OF COUNSEL:

W. Thomas McCraney, III    (MS Bar No. 10171)
*Pro Hac Vice Pending*
O. Stephen Montagnet, III    (MS Bar No. 10049)
*Pro Hac Vice Pending*
**MᴄCʀᴀɴᴇʏ Mᴏɴᴛᴀɢɴᴇᴛ & Qᴜɪɴ, PLLC**
602 Steed Road, Suite 200
Ridgeland, Mississippi 39157
Telephone:    (601) 707.5725
Facsimile:    (601) 510.2939

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was filed via the Live District CM/ECF system on June 3, 2010, which caused an electronic copy of same to be served automatically on counsel of record.

By:   /s/ *William M. Quin II*