UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE THE COMPLAINT AND PETITION OF TRITON ASSET LEASING GmbH, TRANSOCEAN HOLDINGS LLC, TRANSOCEAN OFFSHORE DEEPWATER DRILLING INC., AND TRANSOCEAN DEEPWATER INC., AS OWNER, MANAGING OWNERS, OWNERS PRO-HAC VICE, AND/OR OPERATORS OF THE MODU DEEPWATER HORIZON, IN A CAUSE FOR EXONERATION FROM OR LIMITATION OF LIABILITY | C.A. NO. 4:10-cv-01721<br><br>Fed. R. Civ. P. 9(h)<br><br>IN ADMIRALTY |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### OPPOSITON TO MOTION TO TRANSFER ON BEHALF OF PUTITIVE CLAIMANTMICHAEL WILLIAMS

**MAY IT PLEASE THE COURT:**

Putitive claimants Dewey Destin and Edgewater Beach Owners Association, Inc. (Movants), all Florida residents and speculative economic loss claimants with no physical damage to property to date filed a motion to transfer this limitation action to the United States District Court for the Northern District of Florida (Rec. Doc. 102).  Transocean employee and Jones Act seaman Michael Williams, a crewmember aboard the DEEPWATER HORIZON, seeks transfer to the Eastern District of Louisiana (EDLA) (Rec. Doc. 20) where his personal injury case is pending.

While Michael Williams agrees that this matter should be transferred, the suggestion that it be transferred to the Northern District of Florida is absurd on its face.

In short, Movants ignore the legal test for transfer under 28 U.S.C. §1404(a) and instead attack the EDLA on the basis that this district has too much expertise in handling multidistrict and consolidated class actions and that seven (7) of the Eastern District Judges have recused themselves. Amazingly, Movants further state "There is one active judge who is currently under impeachment after being reprimanded for same by the Judicial Counsel for the Fifth Circuit." (Doc. 102-1, p. 6)  Regardless of the outcome of the pending transfer motions, these comments regarding the EDLA are scandalous. The fact that an Eastern District Judge has been suspended from the bench while subject to an impeachment investigation is wholly irrelevant. Its mere mention and the consequent inference are repugnant, as Movants infer all of the judges sitting in the EDLA are somehow tainted or unqualified. The reference to the impeachment proceeding should be stricken from Movants' brief.

As to recusals, the Honorable Judge Carl J. Barber has not and will not recuse himself from these proceedings. Indeed, review of the EDLA Pacer System reveals that Judge Barbier now has twenty-three (23) DEEPWATER HORIZON cases before him, including the first filed Roshto case and the consolidated Jones case, arising out of the deaths of Transocean employee Shane Roshto and service hand Gordon Jones in the explosion.[1]  Judge Barbier has refused to stay proceedings not subject to the limitation stay order issued in this matter. He is allowing the parties to proceed with discovery.  Indeed, defendant BP has agreed to create a repository for transfer and storage of all documentary discovery and allow access to same by any party to

---

[1] "Roshto, et al v. Transocean Ltd., et al," Civil Action No. 2:10-cv-01156, c/w "Jones v. Transocean Ltd., et al," Civil Action No. 2:10-cv-01196.

litigation in which it has been named a defendant regardless of venue.  Defendants Halliburton and Cameron will participate as soon as privilege issues are resolved.  This eliminates any concern over the location of documents in the 28 U.S.C. §1404(a) transfer analysis and any support for the Southern District of Texas as the convenient limitation forum based on document location.  (See Rec. Docs. 20, 77 and 85)

Further, Judge Barbier has created a webpage within the EDLA's website permitting all counsel to access real time information regarding the progress of his cases.  See: www.laed.uscourts.gov.  Given that Judge Barbier now has before him the first lawsuit filed in **any jurisdiction** arising out of this disaster, two death case and one personal injury case, twenty-three cases total (Id.), has appointed two interim liaison counsel (Id.) and is well on his way to prosecuting all cases currently before him not subject to the concursus limitation, Movants' criticism of the Eastern District of Louisiana is unfounded and wholly inappropriate.

Movants spend most of their time criticizing the EDLA because the test for transfer under 28 U.S.C. §1404 provides no support whatsoever for their position.  Movants' brief is devoid of any good faith substantive legal argument in favor of transfer to Florida.  Indeed, Movants do not have standing to even file claims in the limitation proceeding.  They are not fishermen who have general maritime law claims against Limitation Complaints.  (See:  *Guste v. M/V TESTBANK*, 524 F. Supp. 1170 (E.D. La. 1981), aff'd. 728 F.2d 748 (5th Cir. 1984), aff'd. en banc 752 F. 2d 1019 (5th Cir. 1985), cert. denied 477 U.S. 903 (1986))  Their exclusive federal remedy is the Oil Pollution Act (OPA), 33 U.S.C. §2701 et seq., which repealed both substantive limitations and procedures of the LOLA with respect to pollution damage claims.  *Bouchard Transportation Company v. Updegraff*, 147 F. 3d 1344 (11th Cir. 1998). Additionally, Movants' clairvoyance as to where the oil will travel and their conclusion that it will foul the entire west and east coast of

Florida and the eastern seaboard is not shared by any verifiable scientific opinion, only speculation. Like the remainder of Movants' argument, these self-serving statements are irrelevant to the issue at hand.

### CONCLUSION

To date, this Honorable Court has been asked by various counsel to leave the limitation proceeding in the Southern District of Texas, transfer the proceeding to the Northern District of Florida and transfer the proceeding to the Eastern District of Louisiana. Michael Williams respectfully asks this Honorable Court to scrutinize and compare the arguments for these three (3) jurisdictions closely and look at where all of the post explosion rescue efforts, all of the post explosion governmental investigation and all of the catastrophic physical pollution damage to property has occurred to date. The hole in the seabed spewing oil is a mere fifty (50) miles from the South Louisiana coast and the EDLA. South Louisiana is the command center for the ongoing pollution fight. The Eastern District of Louisiana is an excellent courthouse proven to have the ability to handle complex multiparty litigation by Movants' own admission. With respect, it is the most experienced of the courthouses at issue in handling admiralty and maritime litigation. The judge who now has before him the majority of the pending cases in the EDLA, the Honorable Carl J. Barbier, is an excellent jurist with an unquestioned reputation for fairness and judicial excellence. Judge Barbier is moving forward with discovery and has started a website dedicated to litigation arising out of this disaster. Many defendants have agreed to use an electronic document repository to insure that all parties regardless of location have access to all documentary evidence.

With the highest respect for this Honorable Court, the choice is clear. The limitation concursus proceeding belongs in the United States District Court for the Eastern District of Louisiana.

                        Respectfully submitted,

                        /s/ Paul M. Sterbcow
                        Paul M. Sterbcow (#17817)
                        Lewis, Kullman, Sterbcow & Abramson
                        sterbcow@lksalaw.com
                        601 Poydras Street, Suite 2615
                        New Orleans, LA 70130
                        Telephone: (504) 588-1500
                        Facsimile: (504) 588-1514

                        And

                        /s/ Scott Bickford
                        Scott R. Bickford (Texas Bar No. 02295200)
                        Martzell & Bickford
                        usdcedla@mbfirm.com
                        338 Lafayette Street
                        New Orleans, LA 70130
                        Telephone: (504) 581-9065
                        Facsimile: (504) 581-7635

                        And

                        /s/ Ronnie G. Penton
                        Ronnie G. Penton (#19640)
                        The Law Offices of Ronnie G. Penton
                        rgp@rgplaw.com
                        209 Hopper Place
                        Bogalusa, LA 70427
                        Telephone: (985) 732-5651
                        Facsimile: (985) 732-5579

**CERTIFICATE OF SERVICE**

I hereby certify that I have on this 8th day of June, 2010, filed the above and foregoing pleading through the court's CM/ECF filing system with each party receiving a copy.

/s/ Paul M. Sterbcow