UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

IN RE THE COMPLAINT AND
PETITION OF TRITON ASSET LEASING
GmbH, TRANSOCEAN HOLDINGS LLC,
TRANSOCEAN OFFSHORE DEEPWATER
DRILLING INC., AND TRANSOCEAN
DEEPWATER INC., AS OWNER, MANAGING
OWNERS, OWNERS PRO-HAC VICE,
AND/OR OPERATORS OF THE MODU
DEEPWATER HORIZON, IN A CAUSE FOR
EXONERATION FROM OR LIMITATION
OF LIABILITY

C. A. NO. 4:10-cv-01721

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## OPPOSITION TO TRANSOCEAN ENTITIES' MOTION TO DEFER RULING ON MOTIONS TO TRANSFER

**MAY IT PLEASE THE COURT:**

Natalie Roshto, individually and on behalf of her deceased husband, Shane Roshto, and her minor son, Blaine Roshto, appears specially in opposition to the Transocean Entities' Request to Defer Ruling on the Motions to Transfer this matter.

### A. The Limitation Is Not the Subject of the JPML Transfer Consideration

The limitation proceeding filed by the Transocean Entities is a separate and distinct concursus proceeding. It is not listed as a related action by any proceeding listed or considered by the Judicial Panel on Mult-District Litigation (JPML) in their considerations. Whatever actions the panel may take are irrelevant to this proceeding. Thus this Court is empowered to rule on the transfer motions without consideration of any JPML determinations.

### B. This Proceeding Affects the Lives of the Families of the Deceased and the injured. Transocean should not be able to further delay these proceedings.

It is disturbing enough for Transocean to attempt to limit its liability in this horrible incident given what is now publically known, but to further attempt to delay the families of the dead and injured their day in Court on a trumped-up procedural request is shameful. Movant, Natalie Roshto, on behalf of herself and her three year-old son, is the wife of Shane Roshto, now presumed dead by the United States Coast Guard. Shane Roshto was a Jones Act seaman and member of the crew of the MODU *DEEPWATER HORIZON* when she exploded on April 20, 2010. Mrs. Roshto's claims against Limitation Complainants are governed by the Jones Act, 46 U.S.C. §30104, and the general maritime law. *Chandris, Inc. v. Latsis*, 515 U.S. 347, 115 S. Ct. 2172, 132 L. Ed. 2d 314 (1995). **Roshto was, and is, a ward of this Court and despite whatever posturing or politics are brought to this Court's attention, it is this Court's responsibility to take care of the interests of Jones Act seamen and their survivors.**

This Court, presiding over the concursus limitation proceeding, sits as an Article III, Sec. 2, Clause 1 Court. As a court "sitting in admiralty," this Court should not defer to any other tribunal in deciding issues falling squarely within the federal maritime jurisdiction. The Constitution empowers this Court to take whatever steps are necessary to enforce maritime law. As a judge sitting in admiralty, Your Honor should determine the appropriate forum for the limitation concursus proceeding now. The wholly separate JPML proceeding is simply irrelevant and does not form any factual or legal basis for delay in deciding the limitation forum.

### C. The Venue for the Limitation Proceeding should be decided prior to the JPML Determination

If there is an issue that **must** be taken up before any determinations by the JPML, it is the determination of appropriate forum for the limitation of liability action. The JPML agrees. In

2

denying numerous requests for expedited hearing on MDL petitions filed as a result of the rig explosion, the Panel has stated:

> Any perceived benefit from a rushed decision regarding centralization under 28 U.S.C. §1407 of the numerous evolving civil actions is far outweighed by the potential harm spurned by depriving all affected parties, including other plaintiffs as well as defendants, sufficient time to formulate reasoned responses to the initial §1407 motion and **other similar motions**. (Emphasis added)

*In Re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, MDL-2179, Pleading 12.

The appropriate forum for the limitation action must be determined due to the far-reaching ramifications of the decision. Also, there is precedent where the JPML simply assigns a MDL to the location of a pending concursus limitation proceeding. Waiting for a JPML decision that may not issue until late summer or early fall and for an MDL proceeding that may never be established is simply unwarranted.

## CONCLUSION

For the reasons stated herein, and for the reasons stated in her prior Memorandum in Opposition of the Motion to Strike, Movant, Natalie Roshto, opposes the Tranocean Entities' Request to Defer Ruling on the Motions to Transfer. This Court, sitting in Admiralty, should rule on the Motion to Transfer now. This Court is empowered by the U. S. Constitution to do so. Its decision will have a far-reaching effect on the thousands of Louisiana residents who have and will file claims against Limitation Complainants, and on all the personal injury, death and pollution litigation filed against all other parties who caused or contributed to this disaster. With respect, this Honorable Court should transfer the captioned matter to the Eastern District of Louisiana without delay.

Respectfully submitted,

*/s/ Scott Bickford*
Scott R. Bickford (Texas Bar No. 02295200)
Martzell & Bickford
338 Lafayette Street
New Orleans, LA 70130
Telephone: (504) 581-9065
Facsimile: (504) 581-7635

And

*/s/ Ronnie G. Penton*
Ronnie G. Penton (Texas Bar No. 19640)
The Law Offices of Ronnie G. Penton
rgp@rgplaw.com
209 Hopper Place
Bogalusa, LA 70427
Telephone: (985) 732-5651
Facsimile: (985) 732-5579

**CERTIFICATE OF SERVICE**

I hereby certify that I have on this 8th day of June, 2010, filed the above and foregoing pleading through the court's CM/ECF filing system with each party receiving a copy.

*/s/ Scott R. Bickford*

4