UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: The Complaint and Petition of **TRITON ASSET LEASING GmbH;** | * | |
| **TRANSOCEAN HOLDINGS LLC;** | * | Case No. 4:10-cv-01721 |
| **TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC.; and** | * | In Admiralty |
| **TRANSOCEAN DEEPWATER INC.,** as owner, managing owners, Owners | * | |
| Pro Hac Vice, and/or Operators of the **MODU DEEPWATER HORIZON,** | * | |
| in a cause for exoneration from or **Limitation of Liability.** | * | |

### REPLY BRIEF IN SUPPORT OF
### DEFERRING RULING ON MOTIONS TO TRANSFER

Come now Billy Wilkinson and others and file this Reply Brief in support of their motion for this Court to defer ruling on any motions to transfer until after the Judicial Panel on Multidistrict Litigation (JPML) issues its ruling on the best consolidated venue for all cases relating to the Deepwater Horizon catastrophe.

### I. PROCEDURAL POSTURE.

At the status conference on May 25, 2010, this Court invited additional briefing on several issues, including whether this Court should defer any rulings until after the JPML issues its decision regarding coordination and consolidation of this matter. At the status conference, the Court indicated that the parties could rely on their previous submissions or could file an additional brief on June 1, 2010 with a reply on July 8, 2010.

The above movants were content to stand on their earlier submissions and did not file additional briefs on June 1, 2010. However, they do file this reply in support of this Court deferring its ruling on any transfer motions until after the JPML issues its ruling in this matter.

The above movants understand that the Court is not yet considering the merits of any motion to transfer, but is only inviting argument on the proper sequence of how this Court should rule on any pending matters.

## II.     ARGUMENT.

It is only logical for this Court to wait until the JPML issues its ruling before deciding whether to transfer this action. As of the date of filing this reply brief, oil has now soiled the beaches of coastal Alabama and Florida. Consequently, the economic impact of the Deepwater Horizon catastrophe has moved eastward, encompassing at least that area from Destin, Florida to the southern tip of Louisiana. Lawsuits have been filed in each federal district court from the Northern District of Florida westward to the Western District of Louisiana. Additional actions have been filed in various states, including Georgia, Kentucky, and Tennessee. Motions are pending before this Court to transfer the action to the Eastern District of Louisiana, and to the Northern District of Florida. If the Court agrees to decide the transfer issue now, there will likely be additional motions filed seeking alternative transferee venues.

Motions for consolidation before the JPML have been filed seeking a transfer of all of the actions to each of the federal district courts from the Western District of Louisiana to the Northern District of Florida. Additionally, it is anticipated that one or more requests for consolidation will

be filed in districts not lying on the Gulf of Mexico, including the Northern District of Alabama and the Northern District of Georgia.

It is almost a certainty that the JPML will consolidate these actions and transfer them to a single district. It is possible the single district would be the Northern District of Texas. It is equally possible the transferee district will be one or more of the district courts lying on the Gulf of Mexico east of the Northern District of Texas. The problem is that it is really anyone's guess as to which venue the JPML will select. Thus, should this Court make a decision on the transfer motions at the present time, the Court may be selecting the wrong district in which to handle this matter.

Should this Court deny the motion to transfer and the JPML consolidate all of the proceedings in a district other than the Northern District of Texas, the Court would be creating an inconvenient situation where the parties are having to litigate in two districts at the same time. Should this Court grant a motion to transfer and transfer this action either to the Eastern District of Louisiana, the Northern District of Florida, or some other jurisdiction, the same possibility exists. Should the JPML decide on a transferee court different than the transferee court selected by this Court, the parties would be left seeking a second transfer in order to consolidate all of the actions in the same district.

The JPML panel, consisting of independent jurists well accustomed to making a decision regarding the proper transferee district and transferee judge, is in the best position to make a decision on where to consolidate these actions. This Court should defer to the expertise of those jurists in making a determination as to the proper transferee district and transferee judge.

No party would be prejudiced by the deferral. This Court can deal with all the pending matters presently at issue prior to ruling on any motion to transfer. Movants support the efforts of

the personal injury and death claimants to create a bifurcated proceeding and accelerate discovery on the propriety of this limitation proceeding. Nothing will be lost by allowing discovery to proceed at the present time in this Court. Likewise, should this Court conclude that bifurcation is not warranted in this case, no prejudice will result to any party because nothing substantial will occur during the monition period. The JPML panel will issue a decision long before the conclusion of the monition period, and this Court will know the proper transferee district at that time.

In light of the foregoing, the only logical course is for this Court to defer ruling on any motions to transfer until after the ruling of the JPML on the proper transferee district for all of the litigation regarding the Deepwater Horizon.

STEVEN L. NICHOLAS
Alabama State Bar No. ASB-2021-N35S
Attorney-in-Charge
Cunningham Bounds, LLC
1601 Dauphin Street
Mobile, Alabama 36604
251-471-6191
251-479-1031 (fax)

OF COUNSEL:

Robert T. Cunningham
George W. Finkbohner, III
Steve Olen

David A. Bagwell
Post Office Box 2126
Fairhope, Alabama 36533
251-928-2970
251-928-6597 (fax)

**CERTIFICATE OF SERVICE**

  I hereby certify that I have on this June 8, 2010 electronically filed the foregoing with the Clerk of this Court using the CM/ECF system which will send notification of such filing to each and every lawyer who has at the time of this filing appeared in this proceeding.

_____
STEVEN L. NICHOLAS