IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND | § | C.A. NO. 4:10-cv-01721 |
| PETITION OF TRITON ASSET LEASING | § | |
| GmbH, TRANSOCEAN HOLDINGS LLC, | § | |
| TRANSOCEAN OFFSHORE DEEPWATER | § | |
| DRILLING INC., AND TRANSOCEAN | § | |
| DEEPWATER INC., AS OWNER, MANAGING | § | Fed. R. Civ. P. 9(h) |
| OWNERS, OWNERS PRO-HAC VICE, | § | |
| AND/OR OPERATORS OF THE MODU | § | |
| DEEPWATER HORIZON, IN A CAUSE FOR | § | |
| EXONERATION FROM OR LIMITATION | § | |
| OF LIABILITY | § | IN ADMIRALTY |

**PETITIONERS' CONSOLIDATED RESPONSE BRIEF
IN OPPOSITION TO DISMISSAL OF THE LIMITATION ACTION**

TO:   THE HON. KEITH P. ELLISON, UNITED STATES DISTRICT JUDGE

COME NOW, PETITIONERS, Triton Asset Leasing GmbH, Transocean Holdings LLC, Transocean Offshore Deepwater Drilling Inc., and Transocean Deepwater Inc., and, further to the Court's directive of May 25, 2010, file this, their Consolidated Response Brief in Opposition to Dismissal of the Limitation Action, and further thereto would respectfully show the Court as follows:

**I.**

**SUMMARY OF THE CONSOLIDATED RESPONSE**

1.   The Court should not dismiss this Limitation Action for four reasons. First, the only request for dismissal has been filed by Putative Claimants/Movants who are not before this Court and who lack standing to request any relief in this proceeding. Second, assuming for the sake of argument that the Court properly could consider Putative Claimants'/Movants' Motion to Dismiss, the motion was rendered moot by the May 25, 2010, entry of an Amended Order

[1]

Directing Claimants to File and Make Proof of Claims, Directing Issuance of Monition, and Restraining Prosecution of Claims **[Rec. Doc. No. 61]**, which precludes the sole basis for Putative Claimants'/Movants' motion. Third, based on the mandatory, preclusive venue options available to Petitioners under Supplemental Rule F(9), venue was properly laid in this district. Finally, there exists no pending merit-based motion for dismissal of this Limitation Action. And despite Claimants' and Putative Claimants'/Movants' suggestions to the contrary, denial of Petitioners' right to exoneration or limitation of liability will require more than passing references to the government's pending, incomplete investigation of the casualty made the basis of this Limitation Action.

## II.

## RESPONSE ARGUMENTS & AUTHORITIES

2. In the event the Court considers any pleading on file herein as presenting a live Motion to Dismiss, Petitioners would show that the Court lacks any basis upon which to grant such a motion. Arguably, only one group of Putative Claimants/Movants has advanced a pleading styled "Motion to Dismiss."[1] While not conceding these Putative Claimants'/Movants' standing to assert such a motion, the sole basis for Putative Claimants'/Movants' motion to dismiss is an issue rendered moot by the Court's entry of the Amended Order Directing Claimants to File and Make Proof of Claims, Directing Issuance of Monition, and Staying Prosecution of Claims **[Rec. Doc. No. 61]**.[2]

---

[1] See *Motion to Dismiss and/or, Alternatively, Transfer of this Limitation Action to the United States District Court for the Eastern District of Louisiana* **[Rec. Doc. No. 31]**.

[2] See *Memorandum of Law in Support of Opposed Motion to Dismiss and/or, Alternatively, Transfer*, pp. 1-2 **[Rec. Doc. No. 32]**.

[2]

### A. *Venue is Properly Laid in this District Under Supplemental Rule F(9) and Improper Venue Provides No Basis for Dismissal.*

3.  Venue for this Limitation Action is entirely proper in this Court, because at the time of the filing Petitioners had been sued in this district for claims with respect to which Petitioners seek exoneration from or limitation of liability. Supplemental Rule F provides a series of preclusive venues for the filing of a Limitation Action, depending on whether the casualty vessel has been attached or arrested and/or whether the vessel owner has yet been sued. *See* FED. R. CIV. P. SUPP. F(9). In relevant part, Supplemental Rule F(9) provides that a Limitation Action:

> [S]hall be filed in any district in which the vessel has been attached or arrested to answer for any claim with respect to which the plaintiff seeks to limit liability; or, if the vessel has not been attached or arrested, *then in any district* in which the owner has been sued with respect to any such claim.

*Id.* (emphasis added). Further, "if venue is wrongly laid [which it is not, as explained below] the court shall dismiss or, if it be in the interest of justice, transfer the action to any district in which it could have been brought." *Id.* (bracketed material supplied).

4.  Because the *Deepwater Horizon* was lost in the casualty and had not been attached or arrested on May 13, 2010, based upon the geographic distribution of the lawsuits on file against Petitioners on May 13, 2010, there were seven United States District Courts within which Petitioners could have filed this Limitation Action, and the Southern District of Texas was both an available and proper federal forum, and the most appropriate federal forum. *See id.*

5.  The word "district" in Supplemental Rule F(9) refers to a geographical area, rather than a particular type of court. *See, e.g., In re the Complaint of Mike's, Inc.*, 317 F.3d 894, 897 (8th Cir. 2003); *In re the Complaint of Ensco Marine Co.*, 1999 WL 307608 at *1 (E.D. La.

[3]

May 13, 1999); *In re the Matter of American River Transp. Co.*, 864 F. Supp. 554, 555-56 (E.D. La. 1994). Moreover, "[w]here there are several causes of action pending when the limitation petition is filed, nothing in the rule indicates that venue is only proper where the first suit was filed." *In re the Complaint of Ensco Marine Co.*, 1999 WL 307608 at *1 (citing Gilmore & Black, THE LAW OF ADMIRALTY (2d ed. 1975) at 850-51 n.47, itself citing *In re Tiedemann & Co.*, 259 F.2d 605, 606-07 (3d Cir. 1958)).

6. Because the geographic area covered by the Southern District of Texas encompassed several of the lawsuits pending against Petitioners on May 13, 2010, venue was properly laid in this district for this Limitation Action. And while venue also may have been proper in other United States District Courts on May 13, 2010, Supplemental Rule F(9) does not limit Petitioners' filing to any particular district among them. *See, e.g., In re Tiedemann & Co.*, 259 F.2d at 606-07; *In re Bloomfield Steamship Co.*, 227 F. Supp. 615, 618 (E.D. La. 1964); *In re the Complaint of Ensco Marine Co.*, 1999 WL 307608 at *1.

**B.     *There Exists No Alternate Basis for Dismissal of this Limitation Action.***

7. The instant Limitation Action is not a *pro forma* filing by Petitioners with the expectation of simply going through the motions until such time as the Court inevitably, as at least one Claimant and several Putative Claimants/Movants aver, denies exoneration and limitation of liability and returns the claimants to the original *fora* in which their claims were pending.[3]

---

[3] *See, e.g., Claimants' Brief Regarding Issues Addressed in Status Conference* [**Rec. Doc. No. 68**] at pp. 4; *Memorandum of Issues Cited by Court and in Opposition to Motion to Strike of Michelle M. Jones* [**Rec. Doc. No. 73**] at pp. 6; *Memorandum in Response to Court's Request on Special Issues and in Opposition to Petitioners' Motion to Strike Movants' Motions to Transfer Venue/Dismiss* [**Rec. Doc. No. 74**] at pp. 5; and, *Supplemental Memorandum in Support of Motion to Transfer* [**Rec. Doc. No. 87**] at pp. 15-20.

**C.     *This Limitation Action is an Adversarial Proceeding that Requires More to Evaluate Petitioners' Right to Exoneration or Limitation of Liability than Rote Reliance on Purported Facts Gleaned from an Incomplete Government Investigation.***

8.     In a limitation action, by clearly defined process the district court first secures the value of the vessel or petitioners' interest therein, marshals all claims by way of concursus, and enjoins the prosecution of other actions against petitioners arising out of the casualty voyage made the basis of the limitation action. *See, e.g., Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 448 (2001). In those proceedings, the district court, sitting in admiralty and without a jury, adjudicates the claims filed against petitioners. *See id.*

9.     This is a two-step inquiry: the district court must first determine whether petitioners are liable or entitled to exoneration, and whether petitioners may limit liability if liability is found. *See id.*; *see also Hercules Carriers, Inc. v. Claimant State of Florida (The Summit Venture)*, 768 F.2d 1558, 1563-64 (11th Cir. 1985); *Farrell Lines Inc. v. Jones (The African Neptune)*, 530 F.2d 7, 10 (5th Cir. 1976). The district court must then determine the validity of the claims on file, and if liability is limited, must distribute the limited fund among the claimants. *See Lewis*, 531 U.S. at 448 (2001).

10.     The burden of proof in a limitation action is split between the petitioner and the claimant. *See, e.g., In re Intern. Marine, LLC*, 614 F. Supp. 2d 733, 740 (E.D. La. 2009). The claimant must first prove that his damage was caused by the fault of the petitioner or the fault of those for whom the petitioner is vicariously liable. *See id.* Importantly, a claimant's burden is not carried, as has been suggested herein by Putative Claimants/Movants, with references to

[5]

inadmissible evidence generated during the course of what remains an incomplete government investigation. *See, e.g., Baker Hughes Oilfield Operations, Inc., v. Seabulk Tankers, Inc.*, 2004 WL 859199 at *1 (E.D. La. April 20, 2004) (construing 46 U.S.C. § 6308(a)). In the absence of such proof of fault, the petitioner is exonerated of liability and the court need proceed no further.

11. In the event one or more claimants prove causative fault, liability for those claims is established. *See In re Intern. Marine, LLC*, 614 F. Supp. 2d at 740. The court then advances to the second step in the inquiry, to determine whether the owner is entitled to limit its liability for those claims. *See id.* The analysis turns on whether the causative fault giving rise to the claims established occurred with the owner's "privity or knowledge," and the burden of proof is reversed in this second step, requiring the petitioner seeking limitation to demonstrate that it had no privity or knowledge of the causative fault. *See id.*

12. The test for determining whether causative fault was committed with the petitioner's privity or knowledge, in the case of a corporate petitioner, turns on the facts of the particular case, and emphasizes the privity and knowledge of those "whose scope of authority includes supervision over the phase of the business out of which the loss or injury occurred" within the class of corporate actors whose privity or knowledge would presumably be imputed to the corporate owner. *Coryell v. Phipps,* 317 U.S. 406, 410 (1943). The difficulty in evaluating privity and knowledge of a corporate petitioner lay in the fact that corporations necessarily act through human beings. *See id.* The privity and knowledge of some of those corporate actors must be imputed to the corporation or the corporation could always limit its liability. *See id.* Conversely, if the privity or knowledge of everyone within the corporation were imputed to the corporation, it would never be permitted to limit its liability. *See id.* at 410-11. The key,

[6]

according to the Supreme Court, is to determine "where in the managerial hierarchy the fault lay." *See id.* at 411.

13. The corporate privity or knowledge issue is further complicated by the fact that in establishing privity or knowledge in personal injury and death claims, the privity or knowledge of the master of a seagoing vessel ***at or prior to the beginning of the casualty voyage*** is imputed to the limitation petitioner. *See* 46 U.S.C. § 30506; *Trico Marine Assets, Inc. v. Diamond B Marine Servs. Inc.*, 332 F.3d 779, 789-90 (5th Cir. 2003) (emphasis added). In this case, such privity or knowledge would be that which existed on January 30, 2010, at the inception of the *Deepwater Horizon's* voyage, not on April 20, 2010, at the time of the casualty, as has been suggested by some Putative Claimants/Movants.

14. Petitioners would point out that there is currently no merit-based motion to dismiss pending in this Limitation Action. And Petitioners do not believe that even Putative Claimants/Movants would argue that the Court should *sua sponte* dismiss this Limitation Action at this time. Petitioners filed this Consolidated Response Brief to counter the portions of Claimants' and Putative Claimants'/Movants' own briefing that seemed to suggest to the Court that proceedings in this Limitation Action were simply a *pro forma* forgone conclusion. As noted above, a Limitation Action is distinguished by the interaction of both legislation and judicial decisions. Far from being formulaic, it is fact intensive, claim driven, and worthy of the same attention to detail the Court would extend to any other case on its docket.

III.

**PRAYER**

15. WHEREFORE, PREMISES CONSIDERED, Petitioners pray that the Court strike all pleadings and/or deny all motions to dismiss and/or transfer venue of any Putative Claimant/Movant who has not filed a Claim and Answer in this Limitation Action, that the Court take no action inconsistent with the continuation of this Limitation Action in this forum, and that Petitioners have such other and further relief, both at admiralty and in equity, to which they may show themselves to be justly entitled.

Respectfully submitted:

By: /s/ Frank. A. Piccolo
FRANK A. PICCOLO
TBN: 24031227
SDBN: 30197
fpiccolo@preisroy.com
Wesleyan Tower
24 Greenway Plaza
Suite 2050
Houston, Texas 77046
(713) 355-6062 – Telephone
(713) 572-9129 – Facsimile

**ATTORNEY-IN-CHARGE FOR PETITIONERS TRITON ASSET LEASING GMBH, TRANSOCEAN HOLDINGS LLC, TRANSOCEAN OFFSHORE DEEPWATER DRILLING INC., AND TRANSOCEAN DEEPWATER INC.**

[8]

**OF COUNSEL:**

JOHN M. ELSLEY
TSB: 06591950
SDBN: 2828
Royston, Rayzor, Vickery & Williams L.L.P.
711 Louisiana Street, Suite 500
Houston TX 77002
(713)224-8380
(713)225-9945-facsimile
john.elsley@roystonlaw.com

INNES MACKILLOP
TBN: 12761800
SDTX : 444
RONALD L. WHITE
TBN: 21328300
STX: 234
WHITE MACKILLOP & GALLANT P.C.
2200 West Loop South, Suite 1000
Houston, TX 77027
(713) 599-0211
(713) 599-1355
imackillop@wmglegal.com
rwhite@wmglegal.com

EDWARD F. KOHNKE, IV
*Pro Hac Vice* Admission Requested
LBN: 07824
nkohnke@preisroy.com
EDWIN G. PREIS, JR.
TBN: 24029069
SDBN: 16834
epreis@preisroy.com
RICHARD J. HYMEL
*Pro-Hac Vice* Admission requested
TBN: 24038190
CARL J. HEBERT
LBN: 06724
SDBN: 15985
PREIS & ROY, APLC
102 Versailles Blvd., Suite 400
Lafayette, Louisiana 70509
(377) 237-6062 – Telephone
(377) 237-9129 – Facsimile

GEORGE M. GILLY
LBN:6234
SDTX ID No. 16885
gillyg@phelps.com
EVANS MARTIN MCLEOD
LBN:24846
SDTX *Pro Hac Vice* Admission requested
mcleodm@phelps.com
PHELPS DUNBAR, LLP
Canal Place
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Telecopier: (504) 568-9130
and
MARC G. MATTHEWS
TBN: 4055921
SDTX ID No. 705809
marc.matthews@phelps.com
700 Louisiana, Suite 2600
Houston, Texas 77002
Telephone: (713) 626-1386
Facsimile: (713) 626-1388

[10]