# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND | § | C.A. NO. 4:10-cv-01721 |
| PETITION OF TRITON ASSET LEASING | § | |
| GmbH, TRANSOCEAN HOLDINGS LLC, | § | |
| TRANSOCEAN OFFSHORE DEEPWATER | § | |
| DRILLING INC., AND TRANSOCEAN | § | |
| DEEPWATER INC., AS OWNER, MANAGING | § | Fed. R. Civ. P. 9(h) |
| OWNERS, OWNERS PRO-HAC VICE, | § | |
| AND/OR OPERATORS OF THE MODU | § | |
| DEEPWATER HORIZON, IN A CAUSE FOR | § | |
| EXONERATION FROM OR LIMITATION | § | |
| OF LIABILITY | § | IN ADMIRALTY |

## PETITIONERS' CONSOLIDATED RESPONSE BRIEF
## SUPPORTING DEFERRAL OF RULING ON PENDING ISSUES

TO:   THE HON. KEITH P. ELLISON, UNITED STATES DISTRICT JUDGE

COME NOW, PETITIONERS, Triton Asset Leasing GmbH, Transocean Holdings LLC, Transocean Offshore Deepwater Drilling Inc., and Transocean Deepwater Inc., and, further to the Court's directive of May 25, 2010, file this, their Consolidated Response Brief Supporting Deferral of Ruling on Pending Issues, and further thereto would respectfully show the Court as follows:

**A.    *Neither the Transfer Motions Nor New Issues Raised Should be Taken Up Prior to Determination by the JPML.***

1.    The Motions and briefings filed by claimants and non-parties in response to this Court's directive of May 25, 2010 illustrate the wisdom of this Court's deferring the taking up of any of these issues prior to the determination of the JPML.

2.    Although, as noted below, not all of the lawyers filing briefs herein agree, it appears likely that the JPML will shortly after its July hearing designate a particular district court and judge to conduct pre-trial proceedings, including discovery and preliminary motions, in a

[1]

very large number of cases related to the *Deepwater Horizon* incident, likely including this limitation proceeding.

3.     When all of these related matters are assigned by the JPML to a single district and single judge, that court (which could be this Court) will be in a position to decide all of the pending motions in all of the cases in a consistent way, proceeding with discovery in a consistent and efficient manner and determining which of the various claims are subject to the Limitation Action and which are not.

4.     It would be particularly inappropriate to transfer this case at this point. Petitioners, along with many Claimants whose claims are plainly subject to the Limitation Action, strongly believe that the Southern District of Texas is the correct court in which the Limitation Action should be resolved.  Other lawyers with claims in other jurisdictions, who generally have not filed claims here, have filed motions requesting transfer to various other districts - Louisiana and Florida have been specifically suggested. Another set of lawyers support deferral in the hopes that the MDL panel will send all related actions to Alabama.

5.     This Court has set a November 15, 2010 deadline for claims to be filed in this concursus. Before this Court (or some other court selected by the MDL) determines the ultimate location for the Limitation Action, all claimants should have the opportunity to be heard on that point.

6.     The specific issues raised by this Limitation Action, including whether Transocean was negligent or whether the vessel was unseaworthy and, if so, whether Transocean lacked "privity or knowledge" of the cause of the casualty and therefore is entitled to limited liability, will be determined based on witnesses and evidence primarily in this district.

[2]

**B.**     *The Additional Motions and Pleadings Illustrate the Wisdom of Deferral.*

7.     There have been a number of filings contemporaneous with or since Petitioners' June 1, 2010 pleading supporting deferral.   As relevant here, those pleadings and motions include the following:

a.     Arnold & Itkin on behalf of multiple Claimants filed a "Response in Opposition to Motion to Transfer Venue" to the Eastern District of Louisiana **[Rec. Doc. No. 77]** advancing multiple reasons why the Motions to Transfer the action to the Eastern District of Louisiana should be denied and the Limitation Action should be resolved in this District. Claimant Shelly Anderson joined in this Motion **[Rec. Doc. No. 86]**.

b.     The Arnold & Itkin claimants have also filed a Motion for Discovery Schedule **[Rec. Doc. No. 80]**, also joined by Claimant Shelly Anderson **[Rec. Doc. No. 85]**.   The sequencing of discovery in this action should be coordinated with discovery in other related actions, which can be done by the MDL Court, presumably to be identified promptly after the JPML's July hearing.

c.     Putative Claimants Matthew Davis and others ("the Buzbee Claimants") **[Rec. Doc. No. 68]** filed a pleading arguing against deferral and setting out numerous reasons why the action should be tried in Houston – *e.g.*, "The vast majority of the personal injury Claimants have brought actions in the Southern District of Texas.  The Petitioner is located here. The proof is here."  (*Id.* at 2, footnotes omitted.)  The Buzbee Claimants ask this Court promptly to deny the transfer (keeping the action here) and then apparently ask the Court to set revised, shorter deadlines for personal injury claims within this action, leading to determinations presumably well before the presently scheduled expiration of the claims deadline.  Again, these

[3]

are questions which should be addressed by the court assigned the MDL proceedings (or at least after that court is identified), so that they can be coordinated efficiently for all parties.

   d.  A group of attorneys (John W. de Gravelles and others), representing putative Claimants who support transfer to Louisiana, oppose deferral **[Rec. Doc. No. 74]**:

> Since this Court must only decide issues related to the Petitioners' contention that they are entitled to be exonerated from liability or to limit their liability pursuant to Maritime law, there is no just reason to unnecessarily delay action in this proceeding for two months or more, particularly since the action of the JPML will almost certainly have no relevance to these proceedings.

*Id.* at 4-5. But the JPML will in all likelihood select a single district and judge to consider all pre-trial matters in all actions related to the Deepwater Horizon incident. That likely will include this case. That action of the JPML is thus highly relevant to these proceedings, and the basis on which these Claimants argue against deferral is quite groundless.

   e.  Monica Montagnet, who has filed a lawsuit against Transocean and others in the Southern District of Mississippi, and a claim in this action **[Rec. Doc. No. 108]**, filed a "Motion to Dismiss and/or to Modify or Lift Stay." **[Rec. Doc. No. 104]**. The point of this motion seems generally to be that Ms. Montagnet's claims brought under Mississippi state law are allegedly authorized by OPA 90 in a way that would take those claims outside the Limitation Act. Ms. Montagnet, who presumably would like her claims ultimately to be decided in Mississippi, thus asks this Court to dismiss the Limitation Action as it applies here. The scope of the Limitation Action in relationship to various state law claims that are being pursued in numerous federal court actions are issues which could efficiently and consistently be taken up by a single judge once the MDL proceeding is located. Plainly, there is a danger of inconsistent rulings if this Court and courts in the numerous other districts in which actions are pending are

[4]

asked to rule on these issues separately.

        f.      Dewey Destin and other putative Claimants who have filed actions in federal courts in Florida filed a pleading **[Rec. Doc. No. 102]** asking this Court to transfer the Limitation Action to the Northern District of Florida.  Petitioners contend that the Southern District of Texas, and not the Northern District of Florida, is the appropriate place for the Limitation Action to be resolved, but the *Destin* motion again illustrates the wisdom of awaiting action by the JPML before attempting to resolve any transfer motion in this Limitations Action. Additional putative Claimants may well be heard from on the point, with possible other transferee candidates.  The various forum proposals by parties arguing that damage evidence for their Claimant is in one forum or another helps underline the propriety of Houston as a forum for this Limitation Action, where the central evidence concerning liability *vel non* will be located. And the possibility of additional transferee candidates (and, more likely, additional claimants supporting Houston) also counsels in favor of awaiting the JPML action before determining any transfer motion.

        g.      Putative Claimants Michelle Jones **[Rec. Doc. No. 73]**, Natalie Roshto **[Rec. Doc. No. 75]** and Michael Williams **[Rec. Doc. No. 76]** are three who had filed motions to transfer this action to Louisiana, and they filed pleadings continuing to support that action. Curiously, one of these (Williams) quotes in supposed support of the request for expedited ruling on its transfer motion the statement of the JPML declining expedited hearing on the MDL Petitions:

> Any perceived benefit from a rush decision regarding centralization under 28 U.S.C. § 1407 of the numerous evolving civil actions is far outweighed by the potential harm spurned by depriving all affected parties, including other plaintiffs as well defendants, sufficient time

[5]

to formulate reason to responses to the initial § 1407 motion and **other similar motions**. (Emphasis added)

**[Rec. Doc. No. 76 at pp. 6**, quoting *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico* on April 20, 2010, MDL – 2179, pleading 12.**]**  The reasons cited by the JPML panel to permit all parties to be heard on the proper location of the JPML action apply equally to this Court with respect to motions to transfer the Limitation Action.  Either the JPML panel will include the Limitation Action in the cases grouped for the MDL, or it will not, at which point this Court can consider anew the motions to transfer in light of the JPML's reasoning and the fact that numerous other actions relating to the oil spill will have been grouped in a single district before a single court – which could be this Court or any of quite a few others.

C.   *The Limitations Action Should Not Be Transferred, and Decisions Regarding Discovery and Other Pre-Trial Matters Should Await Determination by the JPML.*

8.     There is a continuing emergency arising out of the *Deepwater Horizon* incident, and that is the oil spill itself.  Transocean is working diligently with BP, the government and others in trying to limit the hydrocarbons continuing to flow into the Gulf.

9.     Despite the sympathetic claims of many of the parties who have filed lawsuits related to this matter, and the tragic circumstances of those Transocean employees and others who lost their lives or were injured in the incident, none of the claimants or putative claimants briefing the issues has presented any compelling reason for why this Court should rush a decision on any of the various preliminary motions, including particularly the Motions to Transfer, before the JPML panel identifies a particular court to hear all related cases for pre-trial purposes.

10.     Testimony is being taken in various proceedings, the Coast Guard proceedings

[6]

and at Congressional hearings.  That testimony will be preserved.  Through immediate internal direction as well as subsequent court orders, all Transocean entities (as well as other Defendants in numerous cases filed around the country relating to the incident) have been directed to preserve all documents relating to the incident.

11.    The claims period in this Limitation Action has been reasonably set by this Court as extending through November 15, 2010.  The JPML will likely identify the transferee court for oil spill related cases soon after its July, 2010 hearing.

12.    This Court or the court handling this Limitation Action for pre-trial purposes pursuant to the direction of the JPML, will be in a position following assignment to rule on the various pending motions in this action and related actions in an efficient and consistent way - including requests for discovery schedules, motions regarding the scope of the Limitation Action, and dispositive motions.

13.    As suggested in Petitioners' initial pleading in this matter, if other issues arise which might appropriately be taken up by the Court prior to a ruling by the JPML, that should be addressed by the Court on an issue-by-issue basis.  Petitioners remain presently unaware of any such prospective issue.

**D.     Conclusion**

14.    WHEREFORE, PREMISES CONSIDERED, Petitioners pray that the Court defer ruling on the motions to transfer and all other presently pending issues (other than those identified in this Court's May 25, 2010, Minute Entry) until a determination by the JPML concerning the possible MDL treatment of related cases and the location of that MDL proceeding, that the Court take no action inconsistent with the continuation of this Limitation

[7]

Action in this forum, and that Petitioners have such other and further relief, both at admiralty and

in equity, to which they may show themselves to be justly entitled.

Respectfully submitted:

By: /s/ Frank A. Piccolo
      FRANK A. PICCOLO
      TBN: 24031227
      SDBN: 30197
      fpiccolo@preisroy.com
      Wesleyan Tower
      24 Greenway Plaza
      Suite 2050
      Houston, Texas 77046
      (713) 355-6062 – Telephone
      (713) 572-9129 – Facsimile

**ATTORNEY-IN-CHARGE FOR PETITIONERS TRITON ASSET LEASING GMBH, TRANSOCEAN HOLDINGS LLC, TRANSOCEAN OFFSHORE DEEPWATER DRILLING INC., AND TRANSOCEAN DEEPWATER INC.**

[8]

**OF COUNSEL:**

JOHN M. ELSLEY
TSB: 06591950
SDBN: 2828
Royston, Rayzor, Vickery & Williams L.L.P.
711 Louisiana Street, Suite 500
Houston TX 77002
(713)224-8380
(713)225-9945-facsimile
john.elsley@roystonlaw.com

INNES MACKILLOP
TBN: 12761800
SDTX : 444
RONALD L. WHITE
TBN: 21328300
STX: 234
WHITE MACKILLOP & GALLANT P.C.
2200 West Loop South, Suite 1000
Houston, TX 77027
(713) 599-0211
(713) 599-1355
imackillop@wmglegal.com
rwhite@wmglegal.com

EDWARD F. KOHNKE, IV
*Pro Hac Vice* Admission Requested
LBN: 07824
nkohnke@preisroy.com
EDWIN G. PREIS, JR.
TBN: 24029069
SDBN: 16834
epreis@preisroy.com
RICHARD J. HYMEL
*Pro-Hac Vice* Admission requested
TBN: 24038190
CARL J. HEBERT
LBN: 06724
SDBN: 15985
PREIS & ROY, APLC
102 Versailles Blvd., Suite 400
Lafayette, Louisiana 70509
(377) 237-6062 -- Telephone
(377) 237-9129 -- Facsimile

[9]

GEORGE M. GILLY
LBN:6234
SDTX ID No. 16885
gillyg@phelps.com
EVANS MARTIN MCLEOD
LBN:24846
SDTX *Pro Hac Vice* Admission requested
mcleodm@phelps.com
PHELPS DUNBAR, LLP
Canal Place
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Telecopier: (504) 568-9130
and
MARC G. MATTHEWS
TBN: 4055921
SDTX ID No. 705809
marc.matthews@phelps.com
700 Louisiana, Suite 2600
Houston, Texas  77002
Telephone:  (713) 626-1386
Facsimile: (713) 626-1388