IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND | § | C.A. NO. 4:10-cv-01721 |
| PETITION OF TRITON ASSET LEASING | § | |
| GmbH, TRANSOCEAN HOLDINGS LLC, | § | |
| TRANSOCEAN OFFSHORE DEEPWATER | § | |
| DRILLING INC., AND TRANSOCEAN | § | |
| DEEPWATER INC., AS OWNER, MANAGING | § | Fed. R. Civ. P. 9(h) |
| OWNERS, OWNERS PRO-HAC VICE, | § | |
| AND/OR OPERATORS OF THE MODU | § | |
| DEEPWATER HORIZON, IN A CAUSE FOR | § | |
| EXONERATION FROM OR LIMITATION | § | |
| OF LIABILITY | § | IN ADMIRALTY |

**PETITIONERS' CONSOLIDATED RESPONSE BRIEF REGARDING
ISSUES OF LEGAL STANDING OF ALL PUTATIVE CLAIMANTS/MOVANTS**

TO:   THE HON. KEITH P. ELLISON, UNITED STATES DISTRICT JUDGE

COME NOW, PETITIONERS, Triton Asset Leasing GmbH, Transocean Holdings LLC, Transocean Offshore Deepwater Drilling Inc., and Transocean Deepwater Inc., and, further to the Court's directive of May 25, 2010, file this, their Consolidated Response Brief Regarding Issues of Legal Standing of All Putative Claimants/Movants in this Limitation Action, and further thereto would respectfully show the Court as follows:

I.

**SUMMARY OF CONSOLIDATED RESPONSE**

1.   The ever-expanding legion of Putative Claimants/Movants in this Limitation Action continues to file papers and request relief that is inconsistent with the procedural requirements of the Limitation Act in particular, and with federal procedure in general. Despite Putative Claimants'/Movants' normative theories of what the Limitation Act should or should not provide, however, the statutory provisions of the Limitation Act, the procedural rules

[1]

implemented to carry those statutory provisions into effect, and the General Maritime Law as developed by the federal courts sitting in admiralty mean something quite specific and precise in terms of practice and procedure. As noted almost a century ago,

> [a]dmiralty law is a specialty. It used to seem simple, and so it frequently suffered at the hands of proctors and judges who with only a common law background were tempted or forced to discover it. The growing complexity of modern commerce and the attempts of Congress and of the Supreme Court to check one another in the development of certain economic and social policies have removed any appearance of simplicity and have disclosed the admiralty law as bristling with complications and difficulties.[1]

The fact that certain areas of admiralty law are "marked by a multitude of rules based sometimes on fine distinctions which deal with a variety of situations, however, does not necessarily mean that we have too many rules, or that the rules are based on invalid distinctions, or that the law [itself] is a hopeless mess."[2]

2. Supplemental Rule F provides the only applicable judicial administrative avenue by which vessel owners and claimants may pursue relief in the limitation of liability forum. Those Putative Claimants/Movants who seek to bypass the procedural requirements of the Limitation Act and obtain substantive relief through Civil Rules and statutes that are not applicable to this Limitation Action do so at their own risk. They are not before the Court for any purpose, and there exists no present case or controversy between Petitioners and Putative Claimants/Movants for the Court to adjudicate. As to all Putative Claimants/Movants who have not filed claims and answers in this Limitation Action, they have deprived the Court of jurisdiction to address the relief they have requested. The Court must, therefore, avoid the

---

[1] Charles F. Dutch, *A Selection of Cases on the Law of Admiralty*, Book Review, 43 HARV. L. REV. 674, 674 (1930).
[2] Robert Force, *Post-Calhoun Remedies for Death and Injury in Maritime Cases: Uniformity, Whither Goest Thou?*, 21 TUL. MAR. L.J. 7, 8 (1996) (discussing maritime personal injury and death law).

issuance of an impermissible advisory opinion and strike the pleadings of all Putative Claimants/Movants who have not filed claims and answers in this Limitation Action, but who nonetheless have sought relief herein.

## II.

## RESPONSE ARGUMENTS AND AUTHORITIES

3. As best can be ascertained from Putative Claimants'/Movants' briefing, collectively they advance three primary arguments in favor of why they should have standing to file papers in this Limitation Action without ever having to file a Claim and/or Claim and Answer. Putative Claimants/Movants argue (i) that if they are not allowed to first file motions to transfer venue, they will have waived their right to subsequently complain about venue under the federal civil rules, (ii) that their motions to transfer venue are governed by 28 U.S.C. § 1404(a) and, under applicable law, should have a "top priority" in this case, and (iii) that by filing a lawsuit against Petitioners in another forum, they have satisfied the claim and answer requirements of Supplemental Rule F(5).[3]

4. It is important to point out to the Court that, in their confusion, Putative Claimants/Movants conflate Civil Rule 12(b)(3), Supplemental Rule F(9), and 28 U.S.C. §1404(a). And by selectively combining provisions of each of them to advance their normative argument, they come up with something that is tangentially related to each, but different from them all and with no application to this Limitation Action.

---

[3] See *Memorandum of Issues Cited by Court and in Opposition to Motion to Strike of Michelle M. Jones* [Rec. Doc. No. 73] at pp. 3-4; *Memorandum in Response to Court's Request on Special Issues and in Opposition to Petitioners' Motion to Strike Movants' Motions to Transfer Venue/Dismiss* [Rec. Doc. No. 74] at pp. 2; *Opposition to Motion to Strike by Natalie Roshto Under Supplemental Rule F(9)* [Rec. Doc. No. 75] at pp. 5-6; *Opposition to Motion to Strike by Michael Williams Under Supplemental Rule F(9)* [Rec. Doc. No. 76] at pp. 5-6; and, *Supplemental Memorandum in Support of Motion to Transfer* [Rec. Doc. No. 87] at pp. 3-5.

[3]

5. For the reasons set forth below, Putative Claimants/Movants do not have standing to appear and request any relief in this Limitation Action at this time.

### A. *The Specific Provisions of the Supplemental Rules for Certain Admiralty and Maritime Claims Supersede the Federal Rules of Civil Procedure in a Limitation Action When the Two Procedural Regimes Conflict.*

6. In an effort to give effect to the substantive provisions of the Limitation Act, the United States Supreme Court initially adopted general guidance rules and implementation procedures, which are now codified in Rule F of Supplemental Rules for Certain Admiralty and Maritime Claims. *See Norwich Co. v. Wright*, 80 U.S. 104, 122-26 (1871) (adopting some general rules of practice for the aid and guidance of the district courts in admiralty cases); *Magnolia Marine Transp. Co. v. Oklahoma*, 366 F.3d 1153, 1155 (10th Cir. 2004) (noting same). Although the federal Civil Rules also apply to Limitation Actions, the Supplemental Rules are specific provisions and, therefore, take precedence when the two are inconsistent. *See, e.g.*, FED. R. CIV. P. SUPP. A; *Miner v. Atlass*, 363 U.S. 641, 644 (1960) (discussing relationship between former admiralty rules and civil rules).

### B. *Supplemental Rule F and Civil Rule 12(b)(3) Conflict.*

7. Supplemental Rule F provides a series of preclusive, mandatory venues for the filing of a Limitation Action, depending on whether the casualty vessel has been attached or arrested and/or whether the vessel owner has yet been sued. *See* FED. R. CIV. P. SUPP. F(9). In relevant part, Supplemental Rule F(9) provides that a Limitation Action:

> [S]hall be filed in any district in which the vessel has been attached or arrested to answer for any claim with respect to which the plaintiff seeks to limit liability; or, if the vessel has not been attached or arrested, *then in any district* in which the owner has been sued with respect to any such claim.

[4]

*Id.* (emphasis added). Further, "if venue is wrongly laid the court shall dismiss or, if it be in the interest of justice, transfer the action to any district in which it could have been brought." *Id.*

8. Supplemental Rule F(9) also contains its own convenience transfer provision. It provides that "[f]or the convenience of parties and witnesses, in the interest of justice, the court may transfer the action to any district." *Id.*

9. Supplemental Rule F(5) requires the filing of both a claim, as well as a distinct responsive pleading to a complaint and petition for exoneration from or limitation of liability, namely an answer, by those seeking to appear in a Limitation Action to claim damages from the casualty voyage and to contest the petitioner's right to exoneration or limitation of liability. The responsive pleadings authorized by Supplemental Rule F(5) are specific to limitation actions and are therefore different from responsive pleadings that may be permitted under the Civil Rules governing general civil practice on the law side of federal court. *See, e.g., In re Complaint of Midland Enterprises, Inc.*, 886 F.2d 812, 817 (6th Cir. 1989) (recognizing that Supplemental Rule F provides a detailed procedure for filing of complaints and responsive pleadings in Limitation Actions); *In re Petition of the M/V Sunshine, II*, 808 F.2d 762, 764 (11th Cir. 1987) (acknowledging that claimant wishing to contest exoneration or limitation of liability is ***required*** to file answer); *In re Triple Screw Marine Towing, Inc.*, 1994 WL 151101, at *2 (E.D. La. March 31, 1994) (holding same).

10. An objection to improper venue under the Civil Rules must be presented by a defendant in either a pre-answer motion or in a responsive pleading. *See* FED. R. CIV. P. 12(g)(2); 12(h)(2-3); *Albany Ins. Co. v. Almacenadora Somex*, 5 F.3d 907, 909 (5th Cir. 1993). Nothing in Supplemental Rule F(9) establishes a deadline within which an objection to improper

[5]

venue must be made. As a result, Supplemental Rule F(9) conflicts with Civil Rule 12(b)(3), and Supplemental Rule F(9) supersedes Civil Rule 12(b)(3) in a Limitation Action. *See* FED. R. CIV. P. SUPP. A; *Miner*, 363 U.S. at 644 (discussing relationship between former admiralty rules and civil rules).

11. Moreover, none of the Putative Claimants/Movants has suggested that venue is improperly laid in this Court under Supplemental Rule F(9)'s mandatory, preclusive venue provisions. Rather, while complaining of the potential for a waiver of a Civil Rule 12(b)(3) objection to improper venue, Putative Claimants/Movants uniformly suggest they are entitled to a *convenience transfer* under 28 U.S.C. § 1404(a).[4] Even if 28 U.S.C. § 1404 applied to this Limitation Action, however, a motion under that statute need be pursued with only "reasonable promptness," and is not subject to waiver by filing a responsive pleading. *See, e.g., Peteet v. Dow Chem. Co.*, 86 F.2d 1428, 1436 (5th Cir. 1989).

12. While this undercuts Putative Claimants'/Movants' waiver argument, as demonstrated below 28 U.S.C. § 1404 does not apply to this Limitation Action any more than Civil Rule 12(b)(3) does.

**C.    *Supplemental Rule F(9) Controls Convenience Transfers in a Limitation Action and 28 U.S.C. § 1404(a) Does Not Apply.***

13. One Putative Claimant/Movant has suggested that "the captioned limitation proceeding in no way supercedes [sic] the federal rules of civil procedure when the federal court

---

[4] *See, e.g., Memorandum of Issues Cited by Court and in Opposition to Motion to Strike of Michelle M. Jones* **[Rec. Doc. No. 73]** at pp. 3-4; *Memorandum in Response to Court's Request on Special Issues and in Opposition to Petitioners' Motion to Strike Movants' Motions to Transfer Venue/Dismiss* **[Rec. Doc. No. 74]** at pp. 2; *Opposition to Motion to Strike by Natalie Roshto Under Supplemental Rule F(9)* **[Rec. Doc. No. 75]** at pp. 5-6; *Opposition to Motion to Strike by Michael Williams Under Supplemental Rule F(9)* **[Rec. Doc. No. 76]** at pp. 5-6; and, *Supplemental Memorandum in Support of Motion to Transfer* **[Rec. Doc. No. 87]** at pp. 3-5.

is asked to transfer to an alternate forum pursuant to 28 U.S.C. § 1404."[5] That statement is incorrect.

14. Supplemental Rule F(9) contains its own convenience transfer provision for Limitation Actions that is both controlling and much broader than that provided in 28 U.S.C. § 1404. For example, while a district court may make a convenience transfer in any civil action to any other district or division in which it originally might have been brought, a court sitting in admiralty in a Limitation Action may make a convenience transfer to any district whatsoever. *Compare* 28 U.S.C. § 1404(a) *with* FED. R. CIV. P. SUPP. F(9). As this Court has noted, it is Rule F(9) that provides for the discretionary convenience transfer of Limitation Actions, and it is only the *factors* to be weighed by the Court in determining whether or not to transfer that Rule F(9) shares with 28 U.S.C. § 1404. *See In re the Petition of Alamo Chem. Transp. Co.*, 323 F. Supp. 789, 790-792 (S.D. Tex. 1970) (providing excellent outline of the parallel development of convenience transfers under Supplemental Rule F(9) and 28 U.S.C. § 1404 and denying transfer of a Limitation Action to the Eastern District of Louisiana, where the accident occurred, six witnesses resided, doctors who treated the injured resided, and where U.S. Coast Guard hearings were conducted); *accord, In re Complaint of Norfolk Dredging Co.*, 240 F. Supp. 2d. 532, 534-35 (E.D. Va. 2002) ("[w]hen a motion to transfer is filed in an action in admiralty, Supplemental Rule F(9) applies, rather than 28 U.S.C. § 1404(a)"); *In re the Matter of TLC Marine Servs., Inc.*, 900 F. Supp. 54, 56 (E.D. Tex. 1995) (noting factors to be considered in transfer); *In re Complaint of American President Lines, Ltd.*, 890 F. Supp. 308, 314 (S.D.N.Y. 1995) ("[t]he

---

[5] *Opposition to Motion to Strike by Michael Williams Under Supplemental Rule F(9)* [Rec. Doc. No. 76] at pp. 1.

[7]

transfer of limitation proceedings is governed by Rule F(9) of the Supplemental Rules for Certain Admiralty and Maritime Claims . . .").[6]

### D.   A Complaint on File in the Eastern District of Louisiana Does Not Provide Putative Claimants/Movants with Standing in this Limitation Action.

15.   Another set of Putative Claimants/Movants has asserted that its Complaint and Class Action Complaint on file in the Eastern District of Louisiana[7] satisfies "the aim of Rule F(5) by filing a detailed Complaint in the appropriate venue while preserving their right to object to the venue here."[8]  That statement is incorrect.

16.   These Putative Claimants/Movants base their companion-court-filing argument on an easily-distinguished Hawaii federal district court case, *White v. Sabatino*, 415 F. Supp. 2d 1163 (D. Haw. 2006).  In *White*, the limitation petitioner filed its Complaint for Exoneration from or Limitation of Liability on January 12, 2005. *See id.* at 1164.  The plaintiff/movant filed an answer to the limitation petitioner's complaint on March 7, 2005. *See id.*  The parties stipulated on April 15, 2005, to consolidate the Limitation Action with a related action pending before the same district court, in which the plaintiff/movant previously had filed a complaint naming the limitation petitioner as a defendant. *See id.*  The monition deadline established by the *White* limitation court for filing claims in the Limitation Action was December 12, 2005. *See id.* at 1180.

---

[6] Given this clear General Maritime Law precedent, Putative Claimants'/Movants' strained analogy between the venue provisions of the Limitation Act and the Civil Rights Act of 1964, along with their reliance on the Court's 1404(a) analysis in *In re Horseshoe Entertainment*, 337 F.3d 429 (5th Cir. 2003) are both inapposite and irrelevant in this Limitation Action.

[7] A true and correct copy of the Complaint and Class Action Complaint on file in C.A. No. 2:10-cv-01452; *Charles Schmalz et al. v. Transocean Ltd. et al.*; In the United Stated District Court for the Eastern District of Louisiana is attached as Exhibit "A".

[8] *Supplemental Memorandum in Support of Motion to Transfer* [Rec. Doc. No. 87] at pp. 4.

[8]

17. On December 14, 2005, the plaintiff/movant in *White* filed a motion for partial summary judgment concerning the limitation petitioner's complaint. *See id.* at 1166. In response to the plaintiff's/movant's summary judgment motion, the limitation petitioner argued that the plaintiff/movant lacked standing to advance the motion because the plaintiff/movant had failed to file a claim in the limitation action as required by Supplemental Rule F(5). *See id.* at 1180. The court reasoned that the plaintiff's/movant's answer in the limitation action, along with its complaint against the limitation petitioner that by virtue of consolidation had been combined with the pleadings of the limitation action prior to the monition deadline, satisfied the requirements of Rule F(5). *See id.* The district court also accepted plaintiff's/movant's answer in the limitation action as a claim for purposes of Rule F(5) under its discretion to allow a late-filed claim after the expiration of the monition period. *See id.* at 1180-81.

18. The *White* case is readily distinguished from the present procedural posture of this Limitation Action. Unlike in *White*, Putative Claimants/Movants (i) have not filed an answer to Petitioners' Complaint and Petition for Exoneration from or Limitation of Liability, and (ii) have neither sought nor agreed to the transfer and consolidation of their Eastern District of Louisiana action into this Limitation Action. When Putative Claimants/Movants do those two things, they will have an argument under *White's* reasoning that they have standing to pursue a convenience transfer under Rule F(9) in this Court. Until they do those two things, Putative Claimants/Movants lack standing to appear and request any relief in this Court.

19. Moreover, unless and until Putative Claimants file *individual* answers in this Limitation Action and individual *claims*, even *White's* reasoning will provide them with no purchase on the standing issue. *See Lloyd's Leasing Ltd. v. Bates*, 902 F.2d 368, 370 (5th Cir.

[9]

1990) (holding that a class action may not be brought in a Limitation Action); *In re River City Towing Servs., Inc.*, 204 F.R.D. 94, 97 (E.D. La. 2001) (striking class allegations).

### III.

### CONCLUSION & PRAYER

20. WHEREFORE, PREMISES CONSIDERED, Petitioners pray that the Court strike all pleadings and/or deny all motions to transfer venue of any Putative Claimant/Movant who has not filed a Claim and Answer in this Limitation Action, that the Court take no action inconsistent with the continuation of this Limitation Action in this forum, and that Petitioners have such other and further relief, both at admiralty and in equity, to which they may show themselves to be justly entitled.

Respectfully submitted:

By: /s/ Frank A. Piccolo
FRANK A. PICCOLO
TBN: 24031227
SDBN: 30197
fpiccolo@preisroy.com
Wesleyan Tower
24 Greenway Plaza
Suite 2050
Houston, Texas 77046
(713) 355-6062 – Telephone
(713) 572-9129 – Facsimile

**ATTORNEY-IN-CHARGE FOR PETITIONERS TRITON ASSET LEASING GMBH, TRANSOCEAN HOLDINGS LLC, TRANSOCEAN OFFSHORE DEEPWATER DRILLING INC., AND TRANSOCEAN DEEPWATER INC.**

[10]

**OF COUNSEL:**

JOHN M. ELSLEY
TSB: 06591950
SDBN: 2828
Royston, Rayzor, Vickery & Williams L.L.P.
711 Louisiana Street, Suite 500
Houston TX 77002
(713)224-8380
(713)225-9945-facsimile
john.elsley@roystonlaw.com

INNES MACKILLOP
TBN: 12761800
SDTX : 444
RONALD L. WHITE
TBN: 21328300
STX: 234
WHITE MACKILLOP & GALLANT P.C.
2200 West Loop South, Suite 1000
Houston, TX 77027
(713) 599-0211
(713) 599-1355
imackillop@wmglegal.com
rwhite@wmglegal.com

EDWARD F. KOHNKE, IV
*Pro Hac Vice* Admission Requested
LBN: 07824
nkohnke@preisroy.com
EDWIN G. PREIS, JR.
TBN: 24029069
SDBN: 16834
epreis@preisroy.com
RICHARD J. HYMEL
*Pro-Hac Vice* Admission requested
TBN: 24038190
CARL J. HEBERT
LBN: 06724
SDBN: 15985
PREIS & ROY, APLC
102 Versailles Blvd., Suite 400
Lafayette, Louisiana 70509
(377) 237-6062 – Telephone
(377) 237-9129 – Facsimile

[11]

GEORGE M. GILLY
LBN:6234
SDTX ID No. 16885
gillyg@phelps.com
EVANS MARTIN MCLEOD
LBN:24846
SDTX *Pro Hac Vice* Admission requested
mcleodm@phelps.com
PHELPS DUNBAR, LLP
Canal Place
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Telecopier: (504) 568-9130
and
MARC G. MATTHEWS
TBN: 4055921
SDTX ID No. 705809
marc.matthews@phelps.com
700 Louisiana, Suite 2600
Houston, Texas 77002
Telephone: (713) 626-1386
Facsimile: (713) 626-1388

[12]