IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE THE COMPLAINT AND PETITION § <br> OF TRITON ASSET LEASING GmbH, § <br> TRANSOCEAN HOLDINGS LLC, § <br> TRANSOCEAN OFFSHORE DEEPWATER § <br> DRILLING INC., AND TRANSOCEAN § <br> DEEPWATER INC., AS OWNER, § <br> MANAGING OWNERS, OWNERS PRO- § <br> HAC VICE, AND/OR OPERATORS OF § <br> THE MODU DEEPWATER HORIZON, IN § <br> A CAUSE FOR EXONERATION FROM OR § <br> LIMITATION OF LIABILITY § | C.A. No. 4:10-CV-01721 <br> In Admiralty |

## AMENDED MEMORANDUM IN SUPPORT OF
## MOTION FOR PROTECTIVE ORDER AND/OR RELIEF FROM SUBPOENA

Petitioners herein, Triton Asset Leasing GMBH, Transocean Holding, LLC, Transocean Offshore Deepwater Drilling, Inc. and Transocean Deepwater, Inc., seek relief from a recent subpoena (Exhibit 1) issued on June 16, 2010 by the Marine Board of Investigation ("Board") which requires Petitioners, among other things, to deliver to the U.S. Coast Guard a 50 foot section of riser cut from the top of the BOP and to deliver to the U.S. Coast Guard all debris, past, present, and future, that has been and will be recovered from the DEEPWATER HORIZON[1].

### HISTORY

The Petitioners filed their Complaint for Limitation of Liability on May 13, 2010. Subsequent thereto, this Honorable Court ordered that the beginning or continued prosecution of any and all suits, actions and legal proceedings of any nature or description whatsoever, in any jurisdiction expect this action, against Petitioners or any person whatsoever for whom Petitioners

---

[1] Petitioners are endeavoring to comply and produce the first items requested by the subpoena, "All logs showing work hours for all personnel on the DEEPWATER HORIZON since it was on station at MC252."

may be responsible be enjoined, stayed and restrained until the hearing and termination of this proceeding.

On May 4, 2010, an initial Board subpoena (Exhibit 2) was issued to counsel for Petitioners, requiring them to "...take all steps necessary to identify, **retain** and preserve 'potentially relevant information' relating to the fire and explosion of the DEEPWATER HORIZON..." Prior to any issuance of the May 4, 2010 subpoena and consistent with Petitioners' duties and obligations to protect and preserve evidence, Petitioners had been taking, and continue to take, all steps necessary to identify, retain and preserve potentially relevant information relating to the fire and explosion of the DEEPWATER HORIZON. These activities have included the identification, retrieval, transport, retention, and preservation of all materials, including debris and other physical materials from the DEEPWATER HORIZON, identified to be potentially relevant relating to the fire and explosion of the DEEPWATER HORIZON. Petitioners have been continuously identifying, retrieving, transporting, retaining, and preserving all of this evidence and, maintaining a chain of custody with respect to all items, from the time of retrieval through the point of ultimate storage at Petitioners' Amelia Yard near Morgan City, Louisiana. These activities have been done with the full understanding, assent, and cooperation of the Board prior to the issuance of the June 16, 2010 subpoena.

Earlier, on May 3, 2010, the U.S. Department of Justice issued its subpoena with regard to the preservation of evidence, similarly requiring Petitioners to "...take all steps necessary to identify, **retain**, and preserve 'potentially relevant information' relating to the fire and explosion of the DEEPWATER HORIZON..." (Exhibit 3) Compliance with the June 16, 2010 subpoena requires Petitioners to violate this U.S. Department of Justice directive. The Petitioners hereto have complied with this earlier U.S. Department of Justice's directive set forth in Exhibit 3.

Petitioners cannot simultaneously comply with the U.S. Department of Justice subpoena and the June 16, 2010 subpoena of the Board.

Petitioners are also aware of other restraining orders and/or protective orders requiring Petitioners to protect and preserve evidence.[2] Petitioners cannot comply with these Orders by turning relevant evidence over to the Board.

It is noted that the recent June 16, 2010 subpoena issued by the Board comes as a surprise to Petitioners, as heretofore, no objection has been raised by the Board relative to the manner, fashion, and efforts exercised by Petitioners in connection with their duties and obligations relative to identifying, retrieving, transporting, retaining, and preserving potentially relevant information, consistent with the May 4, 2010 Board subpoena.

Considering the foregoing, Petitioners, on June 18, 2010, notified the Board of their objection to the subpoena and their intention to seek any and all potential relief therefrom (Exhibit 5).

## ARGUMENT

The Federal Rules of Civil Procedures require a party to any litigation to protect and preserve evidence. Without regard to whether a subpoena has been issued, Petitioners are required, as a matter of law, to protect and preserve all relevant information. Generally, F.R.C.P. 26 and 34, deal with discovery and production of documents. Under Rule 26(d)(1), the parties may obtain discovery regarding any non–privileged matter that is relevant to a party's claim or defense. Rule 34 allows a party to obtain entry onto designated land or other property possessed or controlled by the responding party so that the requesting party may expect, measure, survey,

---

[2] *Stone v. Transocean Offshore Deepwater Drilling, Inc.*, In the District Court of Harris County, Tx, 234th Judicial District, initial, temporary restraining order, agreed extension; *National Vietnamese American Fisherman Emergency Association, et al. v BP, PLC, et al.*, Civil Action No. 10-1607, USDC, Southern District of Texas, *Shane Rostho, et al. v. Transocean, Ltd, et al.*, Civil Action No. 10-1156, C-H10-1196 Section A, USDC, Eastern District of Louisiana. (Exhibit 4, *in globo*)

3

photograph, test, or sample the property or any designated object or operation on it. Clearly, the scope of the June 16, 2010 subpoena invades the duties and responsibilities set forth in these Rules as respects Petitioners' obligation to protect, retain, and preserve evidence for the litigants with which Petitioners are involved.

In addition, applicable case law indicates that a party who reasonably may anticipate litigation has an affirmative duty to preserve relevant evidence. See, *Howell v. Maytag*, 168 FRD 502, citing *Baliotis v. McNeil*, 870 F. Supp. 128, 1290 (M.D. Pa. 1994).

The Petitioners recognize the subpoena authority the Board set forth in 46 U.S.C. §6304(a). Yet, 46 U.S.C. §6304(b) provides:

> When a person fails to obey a subpoena issued under this Section, the District Court of the United States for the District in which the investigation is conducted or in which the person failing to obey is found, shall on proper application issue an order directing that person to comply with the subpoena. The court may punish as contempt any disobedience of its order.

Section (b) makes it incumbent upon the Board to seek a District Court's Order relative to compliance with a subpoena. Under the circumstances of this case, with existing contradictory subpoenas and Orders, Petitioners have had no choice but to state to the Board their objection to the proceedings. Until such time as the Board may seek to obtain an Order requiring compliance with the June 16, 2010 subpoena by filing of a Motion to Compel in this Court, Petitioners are attempting to protect and preserve potential relevant evidence and their responsibilities and obligations set forth in other existing Orders and subpoena.

Further, the June 16, 2010 subpoena is violative of the Monition, Injunction and Stay Order in this case issued in connection with this pending Limitation Action on May 13, 2010. This Honorable Court issued a Stay precluding legal proceedings of any nature or description against Petitioners outside of the Limitation Action, with certain exceptions for environmental claims. This Stay of legal proceedings would include any government motion which may be filed

4

to compel compliance with the June 16, 2010 subpoena. As this Court has recognized in its Memorandum and Order dated June 16, 2010 [Rec. Dkt. No. 134], the principal issues presented in this limitation action are whether the damages alleged by the claimants were caused by the negligence of Transocean or the unseaworthiness of the DEEPWATER HORIZON and, if so, whether Transocean is entitled to limitation of liability, depending upon whether the negligence or defect occurred with or without Transocean's "privity or knowledge". *Id.* at 2. The physical evidence sought by the June 16, 2010 subpoena – the 50 foot section of riser cut from the top of the BOP and all debris, past, present, and future, from the DEEPWATER HORIZON – bear directly on both Limitation Act issues, and thus, the care and custody of these pieces of evidence fall directly within this Limitation Court's scope of function and power. Furthermore, it does not matter whether the yet to be filed claims of the government may fall outside of the Court's Second Amended Monition Order as excluded claims, because the evidence sought by the June 16, 2010 subpoena is directly relevant to the two issues which this Court as a Limitation Court must address.

Relief from this Honorable Court for the dilemma in which Petitioners currently find themselves is sought. Without same Petitioners would be forced to make a decision to either comply with the June 16, 2010 subpoena which return appears due immediately thus violating existing subpoenas and Court Orders. Petitioners have acted appropriately up to this point by objecting to the subpoena as set forth in Exhibit 5 and now seek this Court's protection.

Petitioners cannot possibly assure compliance with their obligations to protect and preserve evidence by transferring all physical evidence retrieved from the DEEPWATER HORIZON to the Coast Guard. Further, Petitioners cannot rely upon the Board to fulfill their preservation obligations. Courts have historically held that a party's discovery obligations cannot be satisfied by relying upon a non-party to preserve evidence. *Turner v. Hudson Transit*

5

*Lines, Inc.*, 142 F.R.D. 68, 73-74 (S.D.NY 1991) (citing *Struthers Patent Corp v. Nestle Co.*, 558 F. Supp 747, 765 (D.N.J. 1981.)

Not only are Petitioners required to protect and preserve all evidence that is potentially relevant to the proceedings, but also Petitioners are required to preserve all such information related to any potential claim or defense pursuant to the Oil Pollution Act of 1990 (OPA), 33 U.S.C. §2701, *et seq.*, the Outer Continental Lands Act (OCLA), 43 U.S.C. §1331, *et seq.*, the Clean Water Act, 33 U.S.C §1251, *et seq.*, and any other applicable law relating to this matter. Petitioners have obligations to preserve the evidence with respect to all matters bearing on causation that are potentially relevant in the instant litigation and have similar obligations with respect to all other potentially viable claims that have been asserted against Petitioners in other matters involving the aforementioned Acts. The June 16, 2010 subpoena impedes and precludes Petitioner from complying with their legal obligations and other subpoena and Court Orders.

Petitioners respectfully seek this Honorable Court's protection from the June 16, 2010 subpoena of the Board because compliance with same would cause Petitioners to violate their evidence preservation obligations in the instant court, and in other Federal Civil proceedings involving Petitioners, as well as cause Petitioners to violate the U.S. Department of Justice requirements under which Petitioners are currently laboring requiring them to identify, retain and preserve potentially relevant information. As Petitioners cannot rely upon others to fulfill their obligations, Petitioners are unable to comply with all existing subpoena and Court Orders.

## **CONCLUSION**

Compliance with the June 16, 2010 subpoena of the Board unnecessarily places an undue burden on Petitioners as compliance with it clearly subjects Petitioners to sanctions for violations

of other directives, and undue additional expenses. Further, Fed. R. Civ. P. 45(c)(1) contemplates such a situation. It provides that the party issuing the subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena and an issuing Court must enforce this duty on the issuing party. Fed. R. Civ. P. 45(c)(3)(iv) requires quashing of a subpoena that subjects a party to undue burden. While this Court is not the "issuing Court" required to quash an unduly burdensome subpoena, Petitioners cannot control if or when the Board may seek to enforce their subpoena in a District Court. Accordingly, Petitioners respectfully pray for a Protective Order prohibiting any and all parties or entities from interfering with Petitioner's rights and obligations to identify, retain, protect, and preserve all potentially relevant physical evidence relating to the fire and explosion of the DEEPWATER HORIZON and precluding any requirements of delivery of such physical items to any other parties or entities.

Respectfully submitted,

By: _____
Frank A. Piccolo
Attorney-in-Charge
TBN: 24031227
SDBN: 30197
fpiccolo@preisroy.com
PREIS & ROY, APLC
Wesleyan Tower
24 Greenway Plaza, Suite 2050
Houston, Texas 77046
Telephone:  (713) 355-6062
Facsimile:  (713) 572-9129

John M. Elsley
TBN: 06591950
SDTX: 2828
john.elsley@roystonlaw.com
ROYSTON, RAYZOR, VICKERY &
WILLIAMS, LLP
Pennzoil Place
711 Louisiana Street, Suite 500
Houston, Texas 77002
Telephone:  (713) 224-8380
Facsimile:  (713) 225-9945

**ATTORNEYS FOR LIMITATION PETITIONERS TRITON ASSET LEASING GMBH, TRANS OCEAN HOLDINGS LLC, TRANSOCEAN OFFSHORE DEEPWATER DRILLING INC. AND TRANSOCEAN DEEPWATER INC.**

OF COUNSEL:

EDWARD F. KOHNKE, IV
*Pro Hac Vice* Admission Requested
LBN: 07824
nkohnke@preisroy.com
EDWIN G. PREIS, JR.
TBN: 24029069
SDBN: 16834
epreis@preisroy.com
RICHARD J. HYMEL
*Pro-Hac Vice* Admission requested
TBN: 24038190
CARL J. HEBERT
LBN: 06724
SDBN: 15985
PREIS & ROY, APLC
102 Versailles Blvd., Suite 400
Lafayette, Louisiana 70509
(377) 237-6062 – Telephone
(377) 237-9129 – Facsimile

INNES MACKILLOP
TBN# 12761800
SDTX#444
WHITE MACKILLOP & GALLANT P.C.
2200 West Loop South, Suite 1000
Houston, TX 77027
(713) 599-0211
(713) 599-1355
imackillop@wmlegal.com

GEORGE M. GILLY
LBN: 6234
SDTX ID No. 16885
gillyg@phelps.com
EVANS MARTIN MCLEOD
LBN: 24846
SDTX *Pro Hac Vic* Admission requested
mcleodm@phelps.com
PHELPS DUNBAR, LLP
Canal Place
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Telecopier: (504) 568-9130
and
MARC G. MATTHEWS
TBN: 4055921
SDTX ID No. 705809
marc.matthews@phelps.com
700 Louisiana, Suite 2600
Houston, Texas 77002
Telephone: (713) 626-1386
Facsimile: (713) 626-1388

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing pleading has on this 21 day of June, 2010, been served on the following counsel of record in this proceeding by:

( ) Hand Delivery
( ) Federal Express
( x ) ECF
( ) Prepaid U.S. Mail
( ) E-Mail

FRANK A. PICCOLO