IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND § | | C.A. NO. 4:10-cv-01721 |
| PETITION OF TRITON ASSET LEASING § | | |
| GmbH, TRANSOCEAN HOLDINGS LLC, § | | |
| TRANSOCEAN OFFSHORE DEEPWATER § | | |
| DRILLING INC., AND TRANSOCEAN § | | |
| DEEPWATER INC., AS OWNER, MANAGING § | | Fed. R. Civ. P. 9(h) |
| OWNERS, OWNERS PRO-HAC VICE, § | | |
| AND/OR OPERATORS OF THE MODU § | | |
| DEEPWATER HORIZON, IN A CAUSE FOR § | | |
| EXONERATION FROM OR LIMITATION § | | |
| OF LIABILITY § | | IN ADMIRALTY |

## PETITIONERS' ANSWER TO CLAIMANTS' CLAIMS IN LIMITATION

TO THE HONORABLE KEITH P. ELLISON, UNITED STATES DISTRICT JUDGE:

COME NOW Petitioners, Triton Asset Leasing GmbH, Transocean Holdings, LLC, Transocean Offshore Deepwater Drilling, Inc. and Transocean Deepwater, Inc., as owner, managing owner, owners *pro hac vice* and/or operators of the MODU *Deepwater Horizon*, filing this, their Answer to the Claims in Limitation of Bill Francis, Tyrone Benton, Carlos Ramos, and L.D. Manuel and Geneva B. Manuel, in their individual capacity as surviving parents of Blair Manuel (collectively sometimes referred to as "Claimants"), and in support thereof, would show the Court following:

### I.

### FIRST DEFENSE

1.1    Pleading for a first and complete defense, Claimants' Claims fail to state causes of action against Petitioners for which any relief can be granted.

[1]

## II.

## ADMISSIONS AND DENIALS

Petitioners answer Claimants' Claims by correspondingly numbered paragraphs as follows:

2.1 The allegations contained in Paragraph 1 of Claimants' Claims are incomplete, legal in nature, and do not require a response from Petitioners. To the extent a response is necessary, Petitioners deny the allegations in Paragraph 1 of Claimants' Claims.

2.2 Petitioners admit that Blair Manuel is believed to have perished during the casualty event on or about April 20, 2010. The remaining allegations contained in the first sentence of Paragraph 2 of Claimants' Claims are incomplete, legal in nature, and do not require a response from Petitioners. To the extent a response is necessary, Petitioners deny the remaining allegations in the first sentence of Paragraph 2 of Claimants' Claims. The allegations contained in the second sentence of Paragraph 2 of Claimants' Claims are denied. The allegations contained in the third sentence of Paragraph 2 of Claimants' Claims are incomplete, legal in nature, and do not require a response from Petitioners. To the extent a response is necessary, Petitioners deny the allegations contained in the third sentence of Paragraph 2 of Claimants' Claims. Petitioners admit the MODU *Deepwater Horizon* was upon navigable waters, as that term is understood under the General Maritime Law, on or about April 20, 2010. Petitioners admit that Blair Manuel is believed to have perished during the casualty event on or about April 20, 2010. The remaining allegations contained in the fourth sentence of Paragraph 2 of Claimants' Claims are incomplete, legal in nature, and do not require a response from Petitioners. To the extent a response is necessary, Petitioners deny the remaining allegations contained in the fourth sentence of Paragraph 2 of Claimants' Claims.

[2]

2.3     Petitioners deny the allegations contained in Paragraph 3 of Claimants' Claims, inclusive of subsections (a) through (j).

2.4     Petitioners deny the allegations contained in Paragraph 4 of Claimants' Claims.

2.5     Petitioners admit that Blair Manuel is believed to have perished during the casualty event on or about April 20, 2010. The remaining allegations contained in Paragraph 5 of Claimants' Claims are incomplete, legal in nature, and do not require a response from Petitioners. To the extent a response is necessary, Petitioners deny the remaining allegations contained in Paragraph 5 of Claimants' Claims.

2.6     The allegations contained in Paragraph 6 of Claimants' Claims are incomplete, legal in nature, and do not require a response from Petitioners. To the extent a response is necessary, Petitioners deny the allegations contained in Paragraph 6 of Claimants' Claims.

2.7     Petitioners deny that Claimants or Blair Manuel are or at any relevant time were seamen, as that term is understood under the General Maritime Law, relative to Petitioners. The remaining allegations contained in the first sentence of Paragraph 7 of Claimants' Claims are incomplete, legal in nature, and do not require a response from Petitioners. To the extent a response is necessary, Petitioners deny the remaining allegations contained in the first sentence of Paragraph 7 of Claimants' Claims. Petitioners deny the remaining allegations (Prayer) contained in Paragraph 7 of Claimants' Claims.

### III.

### AFFIRMATIVE DEFENSES

3.1     Pleading further for a second, separate, and complete defense and/or in the alternative, Petitioners allege and contend that Claimants do not have the capacity to sue collectively, because a cause of action for wrongful death of Claimants' decedent is reserved to

[3]

the decedent's personal representative under either the Jones Act and/or the Death on the High Seas Act.

3.2     Pleading further for a third, separate, and complete defense and/or in the alternative, Petitioners allege and contend that Claimants do not have the capacity to sue "individually," because a cause of action for wrongful death of Claimants' decedent is reserved to the decedent's personal representative under either the Jones Act and/or the Death on the High Seas Act.

3.3     Pleading further for a fourth, separate, and complete defense and/or in the alternative, Petitioners allege and contend that Claimants do not have the capacity to sue Petitioners for Jones Act negligence, or unseaworthiness or maintenance and cure under the General Maritime Law, because neither Claimants nor their decedent have or at any relevant time had the status of seamen relative to Petitioners and are not within the class of persons to whom Petitioners owe a warranty of seaworthiness or maintenance and cure.

3.4     Pleading further for a fifth, separate, and complete defense and/or in the alternative, Petitioners allege and contend that neither they nor anyone for whom they may be legally responsible were guilty of any negligence, unseaworthiness, want or due care or other legal fault constituting a producing or a proximate cause of the casualty event at issue.

3.5     Pleading further for a sixth, separate, and complete defense and/or in the alternative, Petitioners allege and contend that the injuries and/or damages of which Claimants Complain, if any, were entirely, solely, and proximately caused by the negligent acts or omissions of third parties over whom Petitioners had no control or right to control, and for whom these Petitioners are not legally responsible.

[4]

3.6     Pleading further for a seventh, separate, and complete defense and/or in the alternative, Petitioners allege and contend that the injuries and/or damages of which Claimants Complain, if any, were the result of an unavoidable accident.

3.7     Pleading further for an eighth, separate, and complete defense and/or in the alternative, Petitioners allege and contend that the injuries and/or damages of which Claimants Complain, if any, were the result of a superseding and/or intervening cause or causes other than that alleged by Claimants, thereby precluding Claimants from recovering any damages against Petitioners herein.

3.8     Pleading further for a ninth, separate, and complete defense and/or in the alternative, Petitioners allege and contend that Claimants failed and/or refused to engage in conduct of mitigation of the injuries and/or damages, if any, sustained by Claimants and occurring in the casualty event at issue.

3.9     Pleading further for a tenth, separate, and complete defense and/or in the alternative, Petitioners allege and contend that if Claimants and/or their decedent are seamen and therefore within the class of persons to whom the doctrine of maintenance and cure applies, it is Claimants' obligation to furnish to Petitioners sufficient information from which a determination of Claimants' entitlement to maintenance and cure may be properly and expeditiously made. Claimants have wholly and totally failed to furnish to Petitioners sufficient medical reports or other information substantiating Claimants' rights, if any, to maintenance and cure in order to allow Petitioners to make such a determination of entitlement.

3.10    Pleading further for an eleventh, separate, and complete defense and/or in the alternative, Petitioners allege and contend that, in the event liability is found on the part of Petitioners, which is at all times denied, Petitioners would be entitled to any and all offsets and

credits for the amounts of all compensation, medical expenses, supplemental payments, advances, maintenance and/or cure paid to and/or on behalf of Claimants.

3.11 Pleading further for a twelfth, separate, and complete defense and/or in the alternative, Petitioners allege and contend that, in the event it is ultimately determined that the alleged injury, death, loss, and/or property damage asserted by Claimants herein were caused, in part, by the negligence, fault and/or other legal liability attributable to Petitioners, which is at all times denied, and, further, in the event Petitioners are held liable unto Claimants for said injury, death, loss and property damage or for any damages or sums attributable, in part, to the negligence, fault and/or other legal liability attributable to Petitioners, which is at all times denied, in that event Petitioners specifically plead that, in addition to the limitation of liability to which it is entitled herein, Petitioners are also entitled to contribution, indemnification and/or reimbursement from said third parties for any damages Petitioners may be required to pay that are attributable to the comparative negligence, fault and/or other legal responsibility of said third parties.

3.12 Pleading further for a thirteenth, and complete defense and/or in the alternative, Petitioners deny each and every allegation in Claimants' Claims not heretofore specifically admitted or otherwise denied.

## IV.

## PRAYER

WHEREFORE, premises considered, Petitioners respectfully pray that this Honorable Court in this proceeding adjudge:

(i) That Petitioners and their underwriters are not liable to any extent for any loss, injuries or damages of any party in any way arising out of, during, or consequent upon the

[6]

aforesaid occurrence(s) or voyage of the MODU *Deepwater Horizon*, as more fully set forth in Petitioners' Complaint and Petition for Exoneration from of Limitation of Liability on file herein, and that therefore the MODU *Deepwater Horizon* and Petitioners and their underwriters are exonerated from any and all liability which has been or may be claimed as a result of the events in question; or,

   (ii) Alternatively, if Petitioners and/or their underwriters shall be adjudged liable, then that such liability be limited to the amount or value of Petitioners' interest in the MODU *Deepwater Horizon*, etc., and her then pending freight for the voyage in which the vessel was engaged at the time of the events in question, and that the money paid or secured to be paid as aforesaid be divided *pro rata* among such claimants as they may duly prove their claims before this Court, saving to all parties any priorities to which they may be legally entitled, and that a decree may be entered discharging Petitioners and their underwriters from all further liability; and,

   (iii) That Petitioners may have such other and further relief, both at admiralty and inequity, to which they may show themselves to be justly entitled.

[7]

Respectfully submitted:

By: /s/ *[signature]*
FRANK A. PICCOLO
TBN: 24031227
SDBN: 30197
fpiccolo@preisroy.com
Wesleyan Tower
24 Greenway Plaza
Suite 2050
Houston, Texas 77046
(713) 355-6062 – Telephone
(713) 572-9129 – Facsimile

**ATTORNEY-IN-CHARGE FOR PETITIONERS TRITON ASSET LEASING GMBH, TRANSOCEAN HOLDINGS LLC, TRANSOCEAN OFFSHORE DEEPWATER DRILLING INC., AND TRANSOCEAN DEEPWATER INC.**

[8]

**OF COUNSEL:**

JOHN M. ELSLEY
TSB: 06591950
SDBN: 2828
Royston, Rayzor, Vickery & Williams L.L.P.
711 Louisiana Street, Suite 500
Houston TX 77002
(713)224-8380
(713)225-9945-facsimile
john.elsley@roystonlaw.com

INNES MACKILLOP
TBN: 12761800
SDBN : 444
RONALD L. WHITE
TBN: 21328300
SDBN: 234
WHITE MACKILLOP & GALLANT P.C.
2200 West Loop South, Suite 1000
Houston, TX 77027
(713) 599-0211
(713) 599-1355
imackillop@wmglegal.com
rwhite@wmglegal.com

EDWARD F. KOHNKE, IV
*Pro Hac Vice* Admission Requested
LBN: 07824
nkohnke@preisroy.com
EDWIN G. PREIS, JR.
TBN: 24029069
SDBN: 16834
epreis@preisroy.com
RICHARD J. HYMEL
*Pro-Hac Vice* Admission requested
TBN: 24038190
CARL J. HEBERT
LBN: 06724
SDBN: 15985
PREIS & ROY, APLC
102 Versailles Blvd., Suite 400
Lafayette, Louisiana 70509
(377) 237-6062 – Telephone
(377) 237-9129 – Facsimile

GEORGE M. GILLY
LBN: 6234
SDBN: 16885
gillyg@phelps.com
EVANS MARTIN MCLEOD
LBN:24846
SDBN: Admitted *Pro Hac Vice*
mcleodm@phelps.com
PHELPS DUNBAR, LLP
Canal Place
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Telecopier: (504) 568-9130
and
MARC G. MATTHEWS
TBN: 4055921
SDBN: 705809
marc.matthews@phelps.com
700 Louisiana, Suite 2600
Houston, Texas 77002
Telephone: (713) 626-1386
Facsimile: (713) 626-1388

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing to all known attorneys-in-charge in accordance with Federal Rule of Civil Procedure 5(b) through the Court's CM/ECF System on this 23 day of June, 2010.

_____
Frank A. Piccolo

126501

[10]