IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND PETITION OF TRITON ASSET LEASING GmbH, TRANSOCEAN HOLDINGS LLC, TRANSOCEAN OFFSHORE DEEPWATER DRILLING INC., AND TRANSOCEAN DEEPWATER INC., AS OWNER, MANAGING OWNERS, OWNERS PRO-HAC VICE, AND/OR OPERATORS OF THE MODU DEEPWATER HORIZON, IN A CAUSE FOR EXONERATION FROM OR LIMITATION OF LIABILITY | § § § § § § § § § § § | C.A. NO. 4:10-cv-01721<br><br>Fed. R. Civ. P. 9(h)<br><br><br>IN ADMIRALTY |

PETITIONERS' ANSWER TO MONICA C. MONTAGNET'S
AND SIMILARLY- SITUATED CLAIMANTS' CLAIMS IN LIMITATION

TO THE HONORABLE KEITH P. ELLISON, UNITED STATES DISTRICT JUDGE:

COME NOW Petitioners, Triton Asset Leasing GmbH, Transocean Holdings, LLC, Transocean Offshore Deepwater Drilling, Inc. and Transocean Deepwater, Inc., as owner, managing owner, owners *pro hac vice* and/or operators of the MODU *Deepwater Horizon*, filing this, their Answer to the Claims in Limitation of Monica C. Montagnet and Similarly-Situated Claimants (collectively sometimes referred to as "Claimants"), and in support thereof, would show the Court following:

I.

**FIRST DEFENSE**

1.1     Pleading for a first and complete defense, Claimants' Claims fail to state causes of action against Petitioners for which any relief can be granted.

[1]

II.

## SECOND DEFENSE

2.1   Pleading for a second and complete defense, the Court lacks subject matter jurisdiction over Claimants' Claims.

III.

## ADMISSIONS AND DENIALS

Petitioners answer Claimants' Claims by correspondingly numbered paragraphs as follows:

3.1   Petitioners admit that a casualty event occurred aboard the MODU *Deepwater Horizon* on or about April 20, 2010, and that the MODU *Deepwater Horizon* sank on or about April 22, 2010, in approximately 5000' of water in federal waters off the coast of Louisiana at Mississippi Canyon Block 252.   The remaining allegations contained in Paragraph 1.1 of Claimants' Claims are incomplete, legal in nature, and do not require a response from Petitioners.   To the extent a response is necessary, Petitioners deny the allegations contained in the remainder of Paragraph 1.1 of Claimants' Claims.

3.2   Petitioners admit that the MODU *Deepwater Horizon* utilized a marine riser in its operations.   Petitioners lack sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 1.2 of Claimants' Claims.

3.3   Petitioners lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 1.3 of Claimants' Claims.

3.4   Petitioners admit that British Petroleum is engaged in remediation efforts, including the drilling of two (2) relief wells.   Petitioners lack sufficient knowledge or

[2]

information to form a belief about the truth of the remaining allegations in Paragraph 1.4 of Claimants' Claims.

      3.5     Petitioners lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 1.5 of Claimants' Claims.

      3.6     The allegations contained in Paragraph 1.6 of Claimants' Claims are incomplete, legal in nature, and do not require a response from Petitioners. To the extent a response is necessary, Petitioners deny the allegations contained in Paragraph 1.6 of Claimants' Claims.

      3.7     The allegations contained in Paragraph 1.7 of Claimants' Claims are incomplete, legal in nature, and do not require a response from Petitioners. To the extent a response is necessary, Petitioners deny the allegations contained in Paragraph 1.7 of Claimants' Claims.

      3.8     Petitioners lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 2.1 of Claimants' Claims.

      3.9     The allegations contained in Paragraph 2.2, inclusive of subsections 2.2.a. through 2.2.c., of Claimants' Claims are incomplete, legal in nature, and do not require a response from Petitioners. To the extent a response is necessary, Petitioners deny the allegations contained in Paragraph 2.2, inclusive of subsections 2.2.a. through 2.2.c., of Claimants' Claims.

      3.10    Petitioners lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 2.3 of Claimants' Claims.

      3.11    Petitioners lack sufficient knowledge or information to form a belief about the truth of the allegations in the first sentence of Paragraph 2.4 of Claimants' Claims. Petitioners admit that the blow-out preventer in use on April 20, 2010, was manufactured and supplied by Cameron International Corporation or an affiliate thereof.

[3]

3.12    Petitioners lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 2.5 of Claimants' Claims.

3.13    The allegations contained in Paragraph 2.6, inclusive of subsections 2.2.a. through 2.2.c., of Claimants' Claims are incomplete, legal in nature, and do not require a response from Petitioners.  To the extent a response is necessary, Petitioners deny the allegations contained in Paragraph 2.6, inclusive of subsections 2.2.a. through 2.2.c., of Claimants' Claims.

3.14    Petitioners deny the allegations contained in the first sentence of Paragraph 2.7 of Claimants' Claims.  Petitioners admit the remaining allegations of Paragraph 2.7 of Claimants' Claims.

3.15    The allegations contained in Paragraph 3.1 of Claimants' Claims are incomplete, legal in nature, and do not require a response from Petitioners.  To the extent a response is necessary, Petitioners deny the allegations contained in Paragraph 3.1 of Claimants' Claims.

3.16    The allegations contained in Paragraph 3.2 of Claimants' Claims are incomplete, legal in nature, and do not require a response from Petitioners.  To the extent a response is necessary, Petitioners deny the allegations contained in Paragraph 3.2 of Claimants' Claims.

3.17    The allegations contained in Paragraph 3.3 of Claimants' Claims are incomplete, legal in nature, and do not require a response from Petitioners.  To the extent a response is necessary, Petitioners deny the allegations contained in Paragraph 3.3 of Claimants' Claims.

3.18    Petitioners admit the allegations of Paragraph 4.1 of Claimants' Claims.

3.19    Petitioners admit the allegations in the first sentence of Paragraph 4.2 of Claimants' Claims.  Petitioners deny the remaining allegations contained in Paragraph 4.2 of Claimants' Claims.

[4]

3.20    Petitioners lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 4.3 of Claimants' Claims.

3.21    Petitioners lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 4.4 of Claimants' Claims.

3.22    Petitioners lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 4.5 of Claimants' Claims.

3.23    Petitioners lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 4.6 of Claimants' Claims.

3.24    Petitioners lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 4.7 of Claimants' Claims.

3.25    Petitioners lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 4.8 of Claimants' Claims.

3.26    Petitioners lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 4.9 of Claimants' Claims.

3.27    Petitioners lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 4.10 of Claimants' Claims.

3.28    Petitioners lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 4.11 of Claimants' Claims.

3.29    Petitioners lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 4.12 of Claimants' Claims.

3.30    Petitioners lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 4.13 of Claimants' Claims.

3.31    Petitioners lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 4.14 of Claimants' Claims.

3.32    Petitioners lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 4.15 of Claimants' Claims.

3.33    Petitioners lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 4.16 of Claimants' Claims.

3.34    Petitioners lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 4.17 of Claimants' Claims.

3.35    Petitioners lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 4.18 of Claimants' Claims.

3.36    Petitioners lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 4.19 of Claimants' Claims.

3.37    Petitioners lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 4.20 of Claimants' Claims.

3.38    Petitioners lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 4.21 of Claimants' Claims.

3.39    Petitioners deny the allegations in Paragraph 4.22 of Claimants' Claims relative to "Transocean" as defined.  The remaining allegations contained in Paragraph 4.22 of Claimants' Claims are incomplete, legal in nature, and do not require a response from Petitioners.  To the extent a response is necessary, Petitioners deny the remaining allegations contained in Paragraph 4.22 of Claimants' Claims.

3.40    Petitioners deny the allegations in Paragraph 4.23 of Claimants' Claims relative to "Transocean" as defined.

[6]

3.41   Petitioners deny the allegations in the second sentence of Paragraph 4.24 of Claimants' Claims relative to "Transocean" as defined.  Petitioners lack sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 4.24 of Claimants' Claims.

3.42   Petitioners admit that a blow-out preventer can be actuated from aboard a drilling rig.  Petitioners lack sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 4.25 of Claimants' Claims.

3.43   Petitioners admit that the blow-out preventer for the Deepwater Horizon contained certain redundant systems.  Petitioners lack sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 4.26 of Claimants' Claims.

3.44   Petitioners deny the allegations in Paragraph 4.27 of Claimants' Claims relative to "Transocean" as defined.  Petitioners deny that the blow-out preventer at issue was inadequately maintained.  The remaining allegations contained in Paragraph 4.27 of Claimants' Claims are incomplete, legal in nature, and do not require a response from Petitioners.  To the extent a response is necessary, Petitioners deny the remaining allegations contained in Paragraph 4.27 of Claimants' Claims.

3.45   Petitioners admit the allegations in Paragraph 4.28 of Claimants' Claims.

3.46   Petitioners lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 4.29 of Claimants' Claims.

3.47   The allegations contained in Paragraph 4.30 of Claimants' Claims are incomplete, legal in nature, and do not require a response from Petitioners.  To the extent a

response is necessary, Petitioners deny the allegations contained in Paragraph 4.30 of Claimants' Claims.

3.48    The allegations contained in Paragraph 4.31 of Claimants' Claims are incomplete, legal in nature, and do not require a response from Petitioners.  To the extent a response is necessary, Petitioners deny the allegations contained in Paragraph 4.31 of Claimants' Claims.

3.49    The allegations contained in Paragraph 4.32 of Claimants' Claims, inclusive of subsections 4.32.a. through 4.32.c, are incomplete, legal in nature, and do not require a response from Petitioners.  To the extent a response is necessary, Petitioners deny the allegations contained in Paragraph 4.32, inclusive of subsections 4.32.a. through 4.32.c., of Claimants' Claims.

3.50    The allegations contained in Paragraph 4.33 of Claimants' Claims are incomplete, legal in nature, and do not require a response from Petitioners.  To the extent a response is necessary, Petitioners deny the allegations contained in Paragraph 4.33 of Claimants' Claims.

3.51    The allegations contained in Paragraph 4.34 of Claimants' Claims are incomplete, legal in nature, and do not require a response from Petitioners.  To the extent a response is necessary, Petitioners deny the allegations contained in Paragraph 4.34 of Claimants' Claims.

3.52    The allegations contained in Paragraph 5.1 of Claimants' Claims are incomplete, legal in nature, and do not require a response from Petitioners.  To the extent a response is necessary, Petitioners deny the allegations contained in Paragraph 5.1 of Claimants' Claims.

3.53    Petitioners deny the allegations contained in Paragraph 5.2, inclusive of subsections 5.2.a. through 5.2.c. of Claimants' Claims.

3.54    Petitioners deny the allegations contained in Paragraph 5.3 of Claimants' Claims.

[8]

3.55    The allegations contained in Paragraph 6.1 of Claimants' Claims are incomplete, legal in nature, and do not require a response from Petitioners.  To the extent a response is necessary, Petitioners deny the allegations contained in Paragraph 6.1 of Claimants' Claims.

3.56    Petitioners deny the allegations contained in Paragraph 6.2, inclusive of subsections 6.2.a. through 6.2.i. of Claimants' Claims.

3.57    The allegations contained in Paragraph 7.1 of Claimants' Claims are incomplete, legal in nature, and do not require a response from Petitioners.  To the extent a response is necessary, Petitioners deny the allegations contained in Paragraph 7.1 of Claimants' Claims.

3.58    Petitioners deny the allegations contained in Paragraph 7.2 of Claimants' Claims.

3.59    Petitioners deny the allegations contained in Paragraph 8.1, inclusive of subsections 8.1.a. through 8.1.c. of Claimants' Claims.

3.60    Petitioners deny the allegations contained in Paragraph 8.2 of Claimants' Claims.

## IV.

## <u>AFFIRMATIVE DEFENSES</u>

4.1    Pleading further for a third, separate, and complete defense and/or in the alternative, Petitioners allege and contend that Claimants as grouped, *i.e.*, Monica C. Montagnet and Similarly-Situated Claimants, do not have standing to sue, because groups or classes of individuals may not maintain aggregated claims against Petitioners in this Limitation Action. Supplemental Rule F for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure provides that:

> Claims shall be filed and served on or before the date specified in the notice provided for in subdivision (4) of this rule.  Each claim shall specify the facts upon which the claimant relies in support of the claim, the items thereof, and the dates on which the same accrued.  If a claimant desires to contest either the right to exoneration from or the right to limitation of liability the claimant shall file and serve an answer to the complaint unless the claim has included an answer.

[9]

FED. R. CIV. P. SUPP. F(5); *see also In re Complaint of Midland Enterprises, Inc.*, 886 F.2d 812,

817 (6th Cir. 1989) (recognizing that Supplemental Rule F provides a detailed procedure for

filing of complaints and responsive pleadings in Limitation Actions); *In re Petition of the M/V*

*Sunshine, II*, 808 F.2d 762, 764 (11th Cir. 1987) (acknowledging that claimant wishing to contest

exoneration or limitation of liability is *required* to file answer); *In re Triple Screw Marine*

*Towing, Inc.*, 1994 WL 151101, at *2 (E.D. La. March 31, 1994) (holding same).  Moreover,

Supplemental Rule F(5) requires Claimants to file *individual* answers in this Limitation Action

and individual *claims*, since class actions cannot be maintained in a Limitation Action.  *See*

*Lloyd's Leasing Ltd. v. Bates*, 902 F.2d 368, 370 (5th Cir. 1990) (holding that a class action may

not be brought in a Limitation Action); *In re River City Towing Servs., Inc.*, 204 F.R.D. 94, 97

(E.D. La. 2001) (striking class allegations).

4.2     Pleading further for a fourth, separate, and complete defense and/or in the

alternative, Petitioners allege and contend that the only causes of action asserted by Claimants

are preempted by the General Maritime Law.

4.3     Pleading further for a fifth, separate, and complete defense and/or in the

alternative, Petitioners allege and contend that the only causes of action asserted by Claimants

are preempted by the Oil Pollution Act of 1990, including the administrative procedures for

presentment of claims as established in § 2713 thereof.

4.4     Pleading further for a sixth, separate, and complete defense and/or in the

alternative, Petitioners allege and contend that Claimants' claims are proscribed by virtue of

Claimants' lack of a proprietary interest in the subject matter of their claims.  *See Robins*

*Drydock & Repair Co. v. Flint*, 275 U.S. 303, 307-09 (1927); *Louisiana ex rel. Guste v. M/V*

*Testbank*, 752 F.2d 1019, 1032 (5th Cir. 1985), *cert. denied*, 477 U.S. 903 (1986) and/or Economic Loss Rule.

4.5    Pleading further for a seventh, separate, and complete defense and/or in the alternative, Petitioners allege and contend that neither they nor anyone for whom they may be legally responsible were guilty of any negligence, unseaworthiness, want or due care or other legal fault constituting a producing or a proximate cause of the casualty event at issue.

4.6    Pleading further for an eighth, separate, and complete defense and/or in the alternative, Petitioners allege and contend that the injuries and/or damages of which Claimants Complain, if any, were entirely, solely, and proximately caused by the negligent acts or omissions of third parties over whom Petitioners had no control or right to control, and for whom these Petitioners are not legally responsible.

4.7    Pleading further for a ninth, separate, and complete defense and/or in the alternative, Petitioners allege and contend that the injuries and/or damages of which Claimants Complain, if any, were the result of an unavoidable accident.

4.8    Pleading further for a tenth, separate, and complete defense and/or in the alternative, Petitioners allege and contend that the injuries and/or damages of which Claimants Complain, if any, were the result of a superseding and/or intervening cause or causes other than that alleged by Claimants, thereby precluding Claimants from recovering any damages against Petitioners herein.

4.9    Pleading further for an eleventh, separate, and complete defense and/or in the alternative, Petitioners allege and contend that Claimants failed and/or refused to engage in conduct of mitigation of the injuries and/or damages, if any, sustained by Claimants and occurring in the casualty event at issue.

[11]

4.10   Pleading further for a twelfth, separate, and complete defense and/or in the alternative, Petitioners allege and contend that, in the event liability is found on the part of Petitioners, which is at all times denied, Petitioners would be entitled to any and all offsets and credits for the amounts of all compensation, supplemental payments, advances, benefits or damages paid to and/or on behalf of Claimants.

4.11   Pleading further for a thirteenth, separate, and complete defense and/or in the alternative, Petitioners allege and contend that, in the event it is ultimately determined that the alleged injury, death, loss, and/or property damage asserted by Claimants herein were caused, in part, by the negligence, fault and/or other legal liability attributable to Petitioners, which is at all times denied, and, further, in the event Petitioners are held liable unto said injury, death, loss and property damage Claimants for any damages or sums attributable, in part, to the negligence, fault and/or other legal liability attributable to Petitioners, which is at all times denied, in that event Petitioners specifically plead that, in addition to the limitation of liability to which it is entitled herein, Petitioners are also entitled to contribution, indemnification and/or reimbursement from said third parties for any damages Petitioners may be required to pay that are attributable to the comparative negligence, fault and/or other legal responsibility of said third parties.

4.12   Pleading further for a fourteenth, and complete defense and/or in the alternative, Petitioners deny each and every allegation in Claimants' Claims not heretofore specifically admitted or otherwise denied.

## V.

## PRAYER

WHEREFORE, premises considered, Petitioners respectfully pray that this Honorable Court in this proceeding adjudge:

(i)      That Petitioners and their underwriters are not liable to any extent for any loss, injuries or damages of any party in any way arising out of, during, or consequent upon the aforesaid occurrence(s) or voyage of the MODU *Deepwater Horizon*, as more fully set forth in Petitioners' Complaint and Petition for Exoneration from of Limitation of Liability on file herein, and that therefore the MODU *Deepwater Horizon* and Petitioners and their underwriters are exonerated from any and all liability which has been or may be claimed as a result of the events in question; or,

(ii)     Alternatively, if Petitioners and/or their underwriters shall be adjudged liable, then that such liability be limited to the amount or value of Petitioners' interest in the MODU *Deepwater Horizon*, etc., and her then pending freight for the voyage in which the vessel was engaged at the time of the events in question, and that the money paid or secured to be paid as aforesaid be divided *pro rata* among such claimants as they may duly prove their claims before this Court, saving to all parties any priorities to which they may be legally entitled, and that a decree may be entered discharging Petitioners and their underwriters from all further liability; and,

(iii)    That Petitioners may have such other and further relief, both at admiralty and inequity, to which they may show themselves to be justly entitled.

[13]

Respectfully submitted:

By: _____

FRANK A. PICCOLO
TBN: 24031227
SDBN: 30197
fpiccolo@preisroy.com
Wesleyan Tower
24 Greenway Plaza
Suite 2050
Houston, Texas 77046
(713) 355-6062 – Telephone
(713) 572-9129 – Facsimile

**ATTORNEY-IN-CHARGE FOR PETITIONERS
TRITON ASSET LEASING GMBH, TRANSOCEAN
HOLDINGS LLC, TRANSOCEAN OFFSHORE
DEEPWATER DRILLING INC., AND
TRANSOCEAN DEEPWATER INC.**

[14]

**OF COUNSEL:**

JOHN M. ELSLEY
TSB: 06591950
SDBN: 2828
Royston, Rayzor, Vickery & Williams L.L.P.
711 Louisiana Street, Suite 500
Houston TX 77002
(713)224-8380
(713)225-9945-facsimile
john.elsley@roystonlaw.com

INNES MACKILLOP
TBN: 12761800
SDBN : 444
RONALD L. WHITE
TBN: 21328300
SDBN: 234
WHITE MACKILLOP & GALLANT P.C.
2200 West Loop South, Suite 1000
Houston, TX 77027
(713) 599-0211
(713) 599-1355
imackillop@wmglegal.com
rwhite@wmglegal.com

EDWARD F. KOHNKE, IV
*Pro Hac Vice* Admission Requested
LBN: 07824
nkohnke@preisroy.com
EDWIN G. PREIS, JR.
TBN: 24029069
SDBN: 16834
epreis@preisroy.com
RICHARD J. HYMEL
*Pro-Hac Vice* Admission requested
TBN: 24038190
CARL J. HEBERT
LBN: 06724
SDBN: 15985
PREIS & ROY, APLC
102 Versailles Blvd., Suite 400
Lafayette, Louisiana 70509
(377) 237-6062 – Telephone
(377) 237-9129 – Facsimile

[15]

GEORGE M. GILLY
LBN: 6234
SDBN: 16885
gillyg@phelps.com
EVANS MARTIN MCLEOD
LBN:24846
SDBN:  Admitted *Pro Hac Vice*
mcleodm@phelps.com
PHELPS DUNBAR, LLP
Canal Place
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Telecopier: (504) 568-9130
and
MARC G. MATTHEWS
TBN: 4055921
SDBN: 705809
marc.matthews@phelps.com
700 Louisiana, Suite 2600
Houston, Texas  77002
Telephone:  (713) 626-1386
Facsimile: (713) 626-1388

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing to all known attorneys-in-charge in

accordance with Federal Rule of Civil Procedure 5(b) through the Court's CM/ECF System on

this 25th day of June, 2010.

Frank A. Piccolo

126528

[16]