IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND | § | C.A. NO. 4:10-cv-01721 |
| PETITION OF TRITON ASSET LEASING | § | |
| GmbH, TRANSOCEAN HOLDINGS LLC, | § | |
| TRANSOCEAN OFFSHORE DEEPWATER | § | |
| DRILLING INC., AND TRANSOCEAN | § | |
| DEEPWATER INC., AS OWNER, MANAGING | § | Fed. R. Civ. P. 9(h) |
| OWNERS, OWNERS PRO-HAC VICE, | § | |
| AND/OR OPERATORS OF THE MODU | § | |
| DEEPWATER HORIZON, IN A CAUSE FOR | § | |
| EXONERATION FROM OR LIMITATION | § | |
| OF LIABILITY | § | IN ADMIRALTY |

### PETITIONERS' RESPONSE IN OPPOSITION
### TO MOTION FOR DISCOVERY SCHEDULE

TO:   THE HON. KEITH P. ELLISON, UNITED STATES DISTRICT JUDGE

COME NOW, PETITIONERS, Triton Asset Leasing GmbH, Transocean Holdings LLC, Transocean Offshore Deepwater Drilling Inc., and Transocean Deepwater Inc., and, further to the Court's Memorandum and Order of June 16, 2010, **[Rec. Doc. No. 134]** file this, their Response in Opposition to the Kritzer Claimants' Motion for Discovery Schedule **[Rec. Doc. No. 80]**, and further thereto would respectfully show the Court as follows:

### I.

### SUMMARY OF THE RESPONSE

1.   The Court should not set an expedited discovery schedule for only the now-pending personal injury and death claims in this Limitation Action for three reasons. First, allowing the piecemeal, fragmented discovery sequencing requested by the Kritzer Claimants contravenes one of the fundamental purposes of the Limitation Act, whereby Petitioners and all Claimants proceed in a single forum, under a single set of facts, before a single federal judge for

[1]

both discovery and resolution. And far from benefitting any party, the Kritzer Claimants' request denies parity to those Claimants who, for whatever reason, have not yet filed a Claim and Answer in this Limitation Action, and burdens all parties with the unnecessary time, expense, burden, disruption, inefficiency, delay, and inconvenience of repeat depositions as each new Claimant files a Claim and Answer between now and November 15, 2010.

2. Second, the limited factual discovery now sought by the Kritzer Claimants does little to advance this case in its present posture. Claimants bear the initial burden of establishing causative fault, and given the highly technical and complex nature of the equipment involved and operations at issue, they will not be able to carry that burden based on a few fact witness depositions. Rather, the necessity of repeating those few fact witness depositions as each new Claimant files a Claim and Answer will necessarily delay the resolution of this Limitation Action instead of moving it farther down the road.

3. Finally, inasmuch as MDL consolidation of the scores of related federal actions—and potentially this Limitation Action—is pending issuance of the JPML's decision, the same rationale for the Court to have deferred its ruling on the pending Motions to Transfer in this matter also applies to warrant deferral of the Court's ruling on the Kritzer Claimants' Motion for Discovery Schedule.

## II.

### RESPONSE ARGUMENTS & AUTHORITIES

4. The concursus in a Limitation Action, *i.e.*, the judicial process of bringing all claims arising out of a maritime casualty into one proceeding, in order to adjudicate them collectively, is the "heart of [the] system" of limitation of liability, in that it ensures "the prompt and economical disposition of controversies" involving many claimants, and is a procedure

[2]

without which the substantive benefits and purposes of the Limitation Act could never be realized. *Maryland Cas. Co. v. Cushing*, 347 U.S. 409, 415-16 (1954); *see also Providence & N.Y. S.S. Co. v. Hill Mfg. Co.*, 109 U.S. 578, 594 (1883).

**A.     *Piecemeal, Fragmented Discovery Contravenes the Fundamental Features of the Limitation Act and Would Delay Rather Than Advance This Matter.***

5.     To allow discovery to proceed in a piecemeal, fragmented fashion involving Petitioners and only some Claimants prior to the expiration of the Monition period (i) contravenes this fundamental feature of the Limitation Act, (ii) denies parity to those Claimants who, for whatever reason, choose to file their Claims and Answers at some time between now and November 15, 2010, and (iii) will cause the parties and the witnesses the existing Claimants seek to depose to incur the unnecessary time, expense, burden, disruption, inefficiency, delay, and inconvenience of a deposition in this action and then, presumably, an additional deposition on the same topics and issues each time a new Claimant files a Claim and Answer herein.

6.     Far from benefitting any party to this Limitation Action, the piecemeal, fragmented discovery sequencing requested by the Kritzer Claimants would substantially delay this Limitation Action. The Kritzer Claimants suggest they will be able to depose a few witnesses and obtain a dismissal of this Limitation Action. *See Claimants' Motion for Discovery Schedule* **[Rec. Doc. No. 80]** at pp. 2. This is based upon what the Kritzer Claimants aver are undisputed "facts" gleaned from an incomplete government investigation and the media. *See id.* at pp. 3. The evidentiary foundation of the Kritzer Claimants' prediction of dismissal of this Limitation Action is not well founded, given the inadmissible nature of evidence generated during the course of what remains an incomplete government investigation, and the as-yet-unrecognized evidentiary value of media pronouncements. *See, e.g., Baker Hughes Oilfield*

[3]

*Operations, Inc., v. Seabulk Tankers, Inc.*, 2004 WL 859199 at *1 (E.D. La. April 20, 2004) (construing 46 U.S.C. § 6308(a)). Moreover, attempting to establish causative fault in this Limitation Action (if it could be done at all) will require Claimants—those with pending Claims and those who have yet to file their Claims and Answers—to engage in significantly more extensive discovery than just a few depositions.

7. The burden of proof in a limitation action is split between the petitioner and the claimant. *See, e.g., In re Intern. Marine, LLC*, 614 F. Supp. 2d 733, 740 (E.D. La. 2009). The claimants must first prove that their damage was caused by the fault of the petitioner or the fault of those for whom the petitioner is vicariously liable. *See id.* In the absence of such proof of fault, the petitioner is exonerated of liability and the court need proceed no further.

8. But establishing causative fault is not satisfied by simple reference in a motion to facts gleaned from written discovery and a few depositions. Rather, Claimants must establish that the vessel's causative fault was the *proximate cause* of their loss. *See Trico Marine Assets Inc. v. Diamond B Marine Servs. Inc.*, 332 F.3d 779, 789 (5th Cir. 2003). At this point, no one knows the cause or causes for the casualty event of April 20, 2010. And given the complexities and technical considerations inherent in the MODU *Deepwater Horizon* and its equipment, along with the processes and operations that occurred aboard the vessel at all relevant times, Petitioners would respectfully suggest to the Court that expert testimony will be required in Claimants' attempts to establish causative fault even before the privity or knowledge issue is taken up by the Court. So it is clear that causative fault will have to be established, again with the involvement of no doubt numerous expert witnesses, before ever reaching the privity or knowledge issue in this Limitation Action.

9. Instead of moving this matter farther down the road to resolution, the piecemeal, fragmented discovery schedule requested by the Kritzer Claimants will serve only to delay rather than advance the resolution of this Limitation Action. By ignoring the inherent efficiencies of the Limitation Act concursus, whereby Petitioners and all Claimants proceed in a single forum, under a single set of facts, before a single federal judge, the piecemeal, fragmented discovery schedule will mandate that Petitioners and now-existing Claimants will be required to start, stop, and repeat prior discovery efforts each time a new Claimant files a Claim and Answer between now and November 15, 2010, and as Claimants seek information with which they might carry their respective burdens of proving causative fault.

**B.   *Deferral of Action on the Kritzer Claimants' Request Pending Issuance of the JPML Decision is Warranted.***

10. While Petitioners believe they have provided convincing reasons why the Court should not set an expedited discovery schedule for only the now-pending personal injury and death claims in this Limitation Action prior to the expiration of the Monition period, at the very least the Court should defer its ruling on the Kritzer Claimants' request until after the JPML has issued its decision.

11. As noted by this Court when it concluded that it would be most efficient to defer ruling on the various Motions to Transfer, any ruling by this Court on the Kritzer Claimant's request could be mooted by the JPML's decision as to where the scores of related matters will be heard. *See Memorandum and Order* **[Rec. Doc. No. 134]** at pp. 17. Once MDL consolidation is ordered, one federal district court (which could be this Court) will oversee discovery and pretrial proceedings in all consolidated cases, including potentially the instant action. As such, allowing piecemeal, fragmented discovery to proceed in this action by the current personal injury and

[5]

death Claimants before MDL consolidation is in place will as well require the parties and the witnesses the existing Claimants seek to depose to incur the unnecessary time, expense, burden, disruption, inefficiency, delay, and inconvenience of a deposition in this action and then, presumably, an additional deposition on the same topics following MDL consolidation. Deferring the Court's ruling until after the JPML issues its decision will avoid these problems and benefit all parties, as all plaintiffs in the consolidated cases will have the benefit of the Limitation Action witnesses' deposition testimony without the need for burdening the parties and their witnesses with multiple depositions on the same topics and issues.

## III.

## PRAYER

12.     WHEREFORE, PREMISES CONSIDERED, Petitioners pray that the Court strike all pleadings and/or deny all motions to dismiss and/or transfer venue of any Putative Claimant/Movant who has not filed a Claim and Answer in this Limitation Action, that the Court take no action inconsistent with the continuation of this Limitation Action in this forum, and that Petitioners have such other and further relief, both at admiralty and in equity, to which they may show themselves to be justly entitled.

Respectfully submitted:

By: _____
FRANK A. PICCOLO
TBN: 24031227
SDBN: 30197
fpiccolo@preisroy.com
Wesleyan Tower
24 Greenway Plaza
Suite 2050
Houston, Texas 77046
(713) 355-6062 – Telephone
(713) 572-9129 – Facsimile

**ATTORNEY-IN-CHARGE FOR PETITIONERS TRITON ASSET LEASING GMBH, TRANSOCEAN HOLDINGS LLC, TRANSOCEAN OFFSHORE DEEPWATER DRILLING INC., AND TRANSOCEAN DEEPWATER INC.**

**OF COUNSEL:**

JOHN M. ELSLEY
TSB: 06591950
SDBN: 2828
Royston, Rayzor, Vickery & Williams L.L.P.
711 Louisiana Street, Suite 500
Houston TX 77002
(713)224-8380
(713)225-9945-facsimile
john.elsley@roystonlaw.com

INNES MACKILLOP
TBN: 12761800
SDBN : 444
RONALD L. WHITE
TBN: 21328300
SDBN: 234
WHITE MACKILLOP & GALLANT P.C.
2200 West Loop South, Suite 1000
Houston, TX 77027
(713) 599-0211
(713) 599-1355
imackillop@wmglegal.com
rwhite@wmglegal.com

[7]

EDWARD F. KOHNKE, IV
*Pro Hac Vice* Admission Requested
LBN: 07824
nkohnke@preisroy.com
EDWIN G. PREIS, JR.
TBN: 24029069
SDBN: 16834
epreis@preisroy.com
RICHARD J. HYMEL
*Pro-Hac Vice* Admission requested
TBN: 24038190
CARL J. HEBERT
LBN: 06724
SDBN: 15985
PREIS & ROY, APLC
102 Versailles Blvd., Suite 400
Lafayette, Louisiana 70509
(377) 237-6062 – Telephone
(377) 237-9129 – Facsimile

GEORGE M. GILLY
LBN: 6234
SDBN: 16885
gillyg@phelps.com
EVANS MARTIN MCLEOD
LBN:24846
SDBN: Admitted *Pro Hac Vice*
mcleodm@phelps.com
700 Louisiana, Suite 2600
Houston, Texas 77002
Telephone: (713) 626-1386
Facsimile: (713) 626-1388

[8]

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing to all known attorneys-in-charge in accordance with Federal Rule of Civil Procedure 5(b) through the Court's CM/ECF System on this ~~30th~~ 1st day of July, 2010.

_____
Frank A. Piccolo

126625