# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| In re Complaint and Petition of | § | |
| **TRITON ASSET LEASING GmbH, et al.** | § | **Civil Action No. 4:10-cv-01721** |
| | § | |
| | § | **Relates to the following USDC-** |
| | § | **SDMS Civil Action:** |
| | § | |
| | § | **No. 1:10cv201HSO-JMR** |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AND/OR TO MODIFY OR LIFT STAY

### I. Introduction

On June 3, 2010, Monica C. Montagnet filed her *Notice of Claim and Objections and Original Answer of Monica C. Montagnet and Similarly-Situated Claimaints.*[1]  This same day, she moved this Honorable Court for an order granting her permission to pursue her state common law claims outside of this limitation action.[2]

On June 14, 2010, this Honorable Court issued its *Second Amended Order Directing Claimants to File and Make Proof of Claims, Directing Issuance of Monition, and Restraining Prosecution of Claims* ("Second Amended Order").[3]  The Second Amended Order expressly provides that the "injunction does not apply to any claims, including those of private parties, asserted against Petitioners within the scope of 33 U.S.C. § 2718(a)...."[4]  Two days later, on June 16, 2010, this Honorable Court issued its *Memorandum and Order*[5] which addressed several outstanding motions, including the Montagnet motion to dismiss.  The Court found that Montagnet must "first file a claim and answer before the

---

[1] Doc. 108.
[2] *Motion to Dismiss and/or to Modify or Lift Stay* [doc. 104] and *Memorandum in Support of Motion to Dismiss and/or to Modify or Lift Stay* [doc. 105].
[3] Doc. 131.
[4] *Id.*
[5] Doc. 134.

Court can properly consider"[6] her request, and further noted that "it appears that the issues raised [by Montagnet in her motion to dismiss] have now been addressed in the Court's Second Amended Order…."[7]

Despite the language of the Second Amended Order, Transocean takes the position that Montagnet and all other plaintiffs who seek damages arising from oil pollution caused by the explosion of the *Deepwater Horizon* should be enjoined from pursuing state common law claims outside this limitation action.[8]  This position has necessitated the renewal of Montagnet's motion to dismiss.

## II. Argument

33 U.S.C. 2718(a)(2) provides that "[n]othing in … the [Limitation Act][9] shall … affect, or be construed or interpreted to affect or modify in any way the obligations or liabilities of any person under … State law, including common law."  The clarity of this language has led courts[10] and commentators[11] alike to conclude that state common law claims seeking recovery for damages and costs occasioned by oil pollution are excluded from the protections afforded ship owners by the Limitation Act.

---

[6] *Id.* at 19. Montagnet filed her motion to dismiss as a "putative claimant" a few hours before she filed her claim and answer.  The style of motion as being brought by a "putative claimant" may have confused the court. [doc. 108].

[7] *Id.* at 20.

[8] June 8 and 9, 2010 e-mail exchange between M. McLeod and Wm. Quin.

[9] 33 U.S.C. § 2718(a) refers to the Limitation Act as "the Act of March 3, 1851."

[10] *In re JAHRE SPRAY II K/S*, 1996 U.S. Dist. LEXIS 11594, *18, 1997 A.M.C. 845 (D.N.J. 1996) ("As the Court has found that it does not have authority under the Limited Liability Act to enjoin claims pursuant to the OPA, it similarly finds that it lacks authority in this limitation proceeding to enjoin the federal, state and common law claims raised by the claimants related to the oil spill."); *Complaint of MetLife Capital Corp.*, 132 F.3d 818 (1st Cir. 1997) (finding that the Limitation Act does not apply to Puerto Rico's claims for oil pollution damages brought pursuant to "OPA, general federal maritime law, and Puerto Rico law."); *Bouchard Transportation Co., Inc. v. Updegraff*, 147 F.3d 1344, 1352 (11th Cir. 1998) (relying upon 33 U.S.C. § 2718, the court found that Florida state law claims are "neither subject to the Limitation Act's provisions nor otherwise preempted" and further found that Rule F does not apply to Florida state law claims because such "claimants do not face a limited fund.").

[11] 2 THOMAS J. SCHOENBAUM, ADMIRALTY AND MARITIME LAW 376 (2nd ed. 1994) ("OPA broadly supersedes the Limitation of Liability Act with respect to damages and removal costs under both federal and state law, including common law.  Thus the Act should no longer apply to limit any action for damages or removal costs in connection with any pollution incident."); Mark E. King, Note: *In re Complaint of Armatur, S.A.: The Limitation of Liability Act and Maritime Environmental Disasters*, 21 Envtl. L. 405, 412 ("Furthermore, the OPA exempts from the Liability Act state statutory and common-law causes of action stemming from oil spills.") and 414 (1991) ("The OPA clearly prohibits the Liability Act's interference with common-law claims stemming from oil spills.")

**A.** ***In re JAHRE SPRAY*****: The Limitation Act Does Not Apply to State Common Law Claims Seeking Damages for Oil Pollution**

The seminal case to address this issue is *In re JAHRE SPRAY II K/S.*[12] The *JAHRE SPRAY* arose from a tanker's discharge of oil into the Delaware River.  The New Jersey federal district court initially granted the tanker owner's petition to stay related actions.[13]  Several parties who had alleged a variety of federal statutory and state common law claims challenged the viability of the Limitation Act in oil pollution cases.  Agreeing with the plaintiffs, the court lifted the stay, favorably quoting the language of a respected legal treatise that addressed the subject:

> The legislative history of the OPA confirms the Court's interpretation that the Limited Liability Act should not be applied to claims stemming from oil spills.[14] . . .  'OPA broadly supersedes the Limitation of Liability Act with respect to damages and removal costs under both federal and state law, including common law.  Thus the Act should no longer apply to limit any action for damages or removal costs in connection with any pollution incident.'[15]

The inapplicability of the Limitation Act to oil pollution cases is not dependent on whether the claimant pursues claims under OPA 90.  Citing 33 U.S.C. § 2718(a)(1), the district court noted that the statute contemplated "a range of [state law] claims broader than the actual act of oil discharge," and consequently found that it "lack[ed] authority . . . to enjoin the federal, state and common law claims raised by the claimants related to the oil spill."[16]

**B.** ***Complaint of Metlife Capital Corp.*****: The Procedural Rules Incorporated Into the Limitation Act Do Not Apply to Oil Pollution Claims**

The following year, the First Circuit Court of Appeals favorably cited *In re JAHRE SPRAY* and confirmed that "the procedural rules incorporated into the Limitation Act are inapplicable as well to [oil pollution claims]."[17]  *Complaint of Metlife Capital Corp.*[18] arose from the discharge of fuel oil

---

[12] 1996 U.S. Dist. LEXIS 11594, 1997 A.M.C. 845 (D.N.J. 1996).
[13] *Id.* at *5-6.
[14] *Id.* at *14.
[15] *Id.* at *15 (quoting, 2  Thomas J. Schoenbaum, Admiralty and Maritime Law 376 (2nd ed. 1994)).
[16] *Id.* at *18.
[17] *Complaint of Metlife Capital Corp.*, 132 F.3d 818, 821 (1st Cir. 1997).

from a barge into Puerto Rico waters.  The Commonwealth of Puerto Rico filed suit in federal court, seeking "damages under the OPA, general federal maritime law, **and Puerto Rico law**. Subsequently, several other civil actions were filed in the District of Puerto Rico by private parties seeking recovery under a variety of theories for damages.  Each of these actions was either consolidated with the Commonwealth's action or dismissed."[19]  Several months later, the ship owners filed a limitation action, prompting the district court to enjoin all proceedings against the limitation petitioners.[20]  Later, the district court amended the injunction to allow "any claims for oil spill removal costs or damages resulting from or in any way connected with the grounding of the barge … to be asserted independently of the limitation of liability proceedings."[21]

On appeal, Metlife argued that 33 U.S.C. § 2702(a)[22] "does not eviscerate preexisting limitation procedure under the Limitation Act."[23]  The First Circuit rejected this contention, stating that "a plain reading of the subsection suggests that the OPA repealed the Limitation Act with respect to removal cost and damage claims against responsible parties."[24]  The court concluded that "the procedural rules incorporated into the Limitation Act are inapplicable as well to such claims,"[25] and affirmed the district court's order allowing "any claims for oil spill removal costs or damages" to proceed outside the limitation action, including Puerto Rico's state law claims.[26]

---

[18] *Id.*

[19] *Id.* at 819. (emphasis added).

[20] *Id.*

[21] *Id.* at 820.

[22] 33 U.S.C. § 2702(a) provides that "[n]otwithstanding any other provision or rule of law, and subject to the provisions of this chapter, each responsible party for a vessel or a facility from which oil is discharged, or which poses the substantial threat of discharge of oil, … is liable for the removal costs and damages specified in subsection (b) that result from such incident."

[23] *Id.* at 821.

[24] *Id.* (citing *In re JAHRE SPRAY II K/S*, 1996 U.S. Dist. LEXIS 11594 (D. N.J. 1996), among others).

[25] *Id.* (quoting among others, 2 SCHOENBAUM, *supra*, at 376 "OPA broadly supersedes the Limitation of Liability Act with respect to damages and removal costs under federal and **state law, including common law.**") (emphasis added).

[26] *Id.* at 824.  Notably, the First Circuit found that "[s]ome claims arising from an incident in which oil pollution occurs do not escape the Limitation Act.  For example, that Act remains in force for general maritime claims such as maritime tort actions for harms to persons or vessels." *Id.* at 822 (citing, 33 U.S.C. § 2751(e)).  Montagnet seeks damages for oil pollution caused her property; and as such, her claims fall outside the Limitation Act pursuant to 33 U.S.C. 2718(a)(2) dictate that "[n]othing in … the [Limitation of Liability Act][26] shall … affect, or be construed or interpreted to affect or modify in any way the obligations or liabilities of any person under … State law, including common law."

**C.** ***Bouchard Transportation Co. v. Updegraff*: 33 U.S.C. § 2718 Precludes Application of the Limitation Act to State Law Oil Spill Claims**

The Eleventh Circuit Court of Appeals has also held that state law claims are not subject to the Limitation of Liability Act.[27]  *Bouchard Transportation Co., Inc. v. Updegraff* arose from the collision of a freighter and two tugs pushing "petroleum-carrying barges" in the Tampa Bay.[28]  The vessel owners filed limitation proceedings in federal court, prompting several interests to assert claims against the vessel owners that arose under state and federal law.[29]  Following *In re JAHRE SPRAY II K/S* and 33 U.S.C. § 2718(a), the Eleventh Circuit held that the Limitation of Liability Act had no application to state law claims:

> OPA 90 authorizes states to adopt liability laws for oil spills and exempts those laws from the provisions of the Liability Act. 33 U.S.C. § 2718.  Accordingly, the Florida Act is neither subject to the Limitation Act's provisions nor otherwise preempted.[30]

**D. Montagnet's Claims Fall Squarely Within 33 U.S.C. § 2718(a)**

In the instant case, Monica C. Montagnet has brought an action based wholly upon Mississippi common law in which she seeks recoverable costs and damages occasioned by oil pollution.  33 U.S.C. § 2718(a) very clearly prohibits TRANSOCEAN's ability to "affect or modify" its "obligations or liabilities" arising from Montagnet's "common law" claims, and the statute makes no distinction between common law and statutory claims that seek the recovery of damages occasioned by the "pollution by oil"[31] and costs associated with "any removal activities"[32] necessitated by the "pollution by oil."  Application of the Limitation Act would deprive Montagnet of the forum of her choice and further deprive her ability to collect the full extent of the damages to

---

[27] *Bouchard Transporation Co., Inc. v. Updegraff*, 147 F.3d 1344 (11th Cir. 1998).
[28] *Id.* at 1347.
[29] *Id.* at 1348.
[30] *Id.* at 1352.  Notably, the court stated that "the Owners do not have a general entitlement to a concursus; Rule F is not designed to make litigation more convenient for vessel owners." *Id.* at 1352.
[31] 33 U.S.C. § 2718(a)(1) (Nothing in this Act … shall … affect, or be construed or interpreted as preempting, the authority of any State or political subdivision thereof from imposing any additional liability requirements with respect to … the … pollution by oil within such State; or any removal activities in connection with such discharge.").
[32] *Id.*

which she is entitled pursuant to Mississippi common law, as allowed by 33 U.S.C. § 2718(a)(1).[33] Accordingly, this Honorable Court should find that the Limitation Act has no application to the Montagnet claims or to any similar common law claims which seek costs and damages occasioned by oil pollution.

### III. Conclusion

For the foregoing reasons, Monica C. Montagnet respectfully moves this Honorable Court to lift the Monition and dismiss from this limitation action any and all claims, asserted or prospective, which arise under state statutory or common law and which seek removal costs, response costs, remediation expenses and other recoverable oil pollution damages caused by the *Deepwater Horizon* oil spill.

Respectfully submitted, this the 9th day of July 2010.


By:     /s/ *William M. Quin II*
        William M. Quin II      (*Pro Hac Vice*)
        wquin@mmqlaw.com

        **Attorney-in-Charge for Claimant,
        Monica C. Montagnet**

OF COUNSEL:

**McCraney Montagnet & Quin, PLLC**
602 Steed Road, Suite 200
Ridgeland, Mississippi 39157
Telephone:      (601) 707.5725
Facsimile:      (601) 510.2939

---

[33] *In re JAHRE SPRAY II K/S*, 1996 U.S. Dist. LEXIS 11594, at *16-17 ("The Court interprets this OPA language, that the Act covers claims 'with respect to' the discharge of oil, as covering a range of claims broader than the act of oil discharge.").

**<u>CERTIFICATE OF SERVICE</u>**

I certify that a true and correct copy of the foregoing was filed via the Live District CM/ECF system on July 9, 2010, which caused an electronic copy of same to be served automatically on counsel of record.


By:     <u>/s/ *William M. Quin II*        </u>