IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND PETITION | § | |
| OF TRITON ASSET LEASING GmbH, | § | CIV.A. NO. 4:10-CV-1721 |
| TRANSOCEAN HOLDINGS LLC, | § | |
| TRANSOCEAN OFFSHORE DEEPWATER | § | |
| DRILLING, INC., AND TRANSOCEAN | § | |
| DEEPWATER, INC., AS OWNER, | § | |
| MANAGING OWNER, OWNERS PRO-HAC | § | |
| VICE, AND/OR OPERATORS OF THE | § | |
| MODU DEEPWATER HORIZON, IN A | § | |
| CAUSE FOR EXONERATION FROM OR | § | |
| LIMITATION OF LIABILITY | § | ADMIRALTY 9(h) |

## Claimants' Reply to Petitioners' Response to Claimants' Motion for Discovery Schedule

Petitioners seek to delay discovery even though discovery has already begun. For instance, Petitioners have already taken recorded statements of several Claimants. Petitioners are also conducting testing on equipment involved in the explosion. Similarly, several of Petitioners' employees have already given sworn testimony before government investigation boards. Notably, multiple Transocean rig workers testified at the Joint Coast Guard/MMS Investigation while being represented by Petitioners' counsel. In fact, at least one lawyer for certain claimants in this action was present and asked questions of the Transocean witnesses. It makes little sense to allow Petitioners (and other claimants) to discover their case in other forums while denying the Kritzer Claimants the opportunity to conduct discovery in *any* forum. Consequently, the Court should decline Petitioners' invitation to delay discovery and grant Claimants' motion.

**A.     Written discovery should begin without delay**

Petitioners wholly fail to address written discovery in their response. This is probably because they have already produced thousands of pages of documents to various governmental units investigating this disaster and have no good faith reason to deny Claimants access to these documents as well. Responding to Claimants' written discovery requests will not prejudice hypothetical future claimants in any way. Similarly, Petitioners will not be prejudiced by responding to the requests since they will have to respond at some point and have already produced a great deal of the responsive documents to other interested parties. Therefore, the Court should allow written discovery to commence immediately.

**B.     Discovery can proceed on one track**

While Claimants believe it makes more sense to separate discovery for personal injury/wrongful death claimants from discovery for pollution/business interruption claimants, Claimants have no opposition to proceeding on one track.

**C.     There is no reason to wait until November to begin discovery**

Petitioners want this Court to delay *__all__* discovery until the end of the monition period. As a practical matter, this means that the first deposition will not be taken until the Spring of 2011.[1] There is no reason to delay discovery simply to wait for all injured parties to file a claim in this action. For instance, if an MDL court is created to deal with the DEEPWATER HORIZON litigation, most plaintiffs will have 3 years

---

[1] The parties will not be ready for depositions until Petitioners respond to basic written discovery. Petitioners' responses would be due in December 2010 if requests are sent in November 2010. Discovery disputes and scheduling issues caused by the large number of interested parties will easily push depositions back until February or March of 2011.

to file suit. The MDL court obviously is not going to stay discovery for 3 years just so *potential* parties can participate. Instead, it will allow discovery to proceed. Late comers will have the benefit of discovery taken by the excellent lawyers whose clients share a common interest with them. This Court should follow the same course and allow discovery to proceed immediately.

## Conclusion

The Court should grant Claimants' motion.

Respectfully submitted,

ARNOLD & ITKIN LLP

*/s/ Kurt B. Arnold*

_____
Kurt B. Arnold
State Bar No. 24036150
Jason Itkin
State Bar No. 24032461
Cory Itkin
State Bar No. 24050808
Robert P. Wynne
State Bar No. 24060861
Paul Skrabanek
State Bar No. 24063005
5 Houston Center
1401 McKinney Street, Suite 2550
Houston, Texas 77010
Telephone:  (713) 222-3800
Facsimile:  (713) 222-3850

**ATTORNEYS FOR PLAINTIFFS**

Jay M. Kilpatrick
YOUNG WILLIAMS P.A.
210 E. Capitol Street, Suite 2000
Jackson, Mississippi
Telephone:  (601) 948-6100

Telefax: (601) 355-6136

**CO-COUNSEL FOR RHONDA BURKEEN, INDIVIDUALLY,
AND AS PERSONAL REPRESENTATIVE FOR THE ESTATE
OF AARON DALE BURKEEN AND ON BEHALF OF ALL HEIRS,
AND AS PERSONAL REPRESENTATIVE FOR HER MINOR SON,
TIMOTHY BURKEEN**

Ryan Zehl
Texas Bar No. 24047166
Bryant Fitts
Texas Bar No. 24040904
FITTS ZEHL LLP
Galleria Tower 1
2700 Post Oak Blvd., Suite 1120
Houston, Texas 77056
Telephone: (713) 491-6064
Telefax: (713) 583-1492

**CO-COUNSEL FOR NICKALUS WATSON**

### Certificate of Service

I hereby certify that a true and correct copy of the above and foregoing instrument has been forwarded to all known counsel of record by CM/ECF and/or another means in accordance with the Federal Rules of Procedure on this 9th day of July, 2010.

                                            */s/ Kurt B. Arnold*
                                            _____
                                            Kurt B. Arnold