IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | Civil Action No. 4:10-cv-01721 |
| | § | |
| THE COMPLAINT AND | § | Fed. R. Civ. P. 9(h) |
| PETITION OF TRITON ASSET | § | |
| LEASING GmbH, *et al.* | § | IN ADMIRALTY |

**SHELLEY ANDERSON'S REPLY TO PETITIONERS'**
**RESPONSE IN OPPOSITION TO MOTION FOR DISCOVERY SCHEDULE**

Claimant[1] Shelley Anderson files her Reply to Petitioners' Response in Opposition to Motion for Discovery Schedule.

**I.**
**THERE IS NO REASON TO DELAY DISCOVERY**
**WAITING FOR A DECISION FROM THE MDL PANEL**

Petitioners' counsel has advised that Transocean does not believe that the wrongful death and personal injury Claimants should be a part of an MDL proceeding. Further support for Transocean's position in this respect are the following statements in Transocean's Response to Motions to Transfer filed in the MDL proceeding on June 18, 2010.

> The claims in the Limitation Action are non-environmental wrongful death and personal injury claims by individuals claiming immediate harm from the casualty. The Limitation Action has been modified and now expressly excludes all economic loss claims arising under OPA and other environmental laws for damage that allegedly occurred as a result of the oil spill. Thus, the Limitation Action will not adjudicate the environmental claims arising out of

---

[1] Shelley Anderson is the widow of Jason Anderson. They had two children together. Tragically, her husband was aboard the *Deepwater Horizon* when it exploded in flames on April 20, 2010. Shelley Anderson's counsel has conferred with Petitioners' counsel, and Petitioners did not object to her lack of standing when she filed her Opposition to Motion to Transfer Venue and Joinder to Co-Claimants' Motion for a Discovery Schedule. *See* Pacer Documents 85 and 86.

the oil spill, and will effectively deal only with the wrongful death and personal injury claims.

As a result, the legal issues involved in the Limitation Action now have little commonality with the environmental claims that will be the subject of the MDL. The Limitation Action will focus on the "privity or knowledge" of the Transocean Defendants. None of the environmental economic loss claims have anything to do with the "privity or knowledge" of any defendant.[2]

In addition, Transocean wrote that "[w]hile there is some overlap in fact issues between the Limitation Action and the environmental claims, common issues of fact do not predominate."[3] Transocean gave the following example: "the negligence or fault of others is not a defense to 'privity or knowledge' — whereas fault of others will be a source of significant fact disputes in the environmental claims."[4] By way of further example, Transocean observed that "[i]f liability is first established, the Limitation Action will involve relatively narrow fact issues limited to 'privity and knowledge' — while the environmental economic loss claims will involve causation and foreseeability issues as varied as the diverse venues where the civil actions subject to the MDL originate."[5]

Additionally, Transocean has taken the position that "the proof of wrongful death or personal injury damages will have little or nothing in common with proof of damages

---

[2] *See In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010*, MDL-2179, Document 119 (Transocean's Response to Motions to Transfer), p. 20. Available at www.jpml.uscourts.gov/.

[3] *Id*. at 21.

[4] *Id*.

[5] *Id*.

allegedly caused by the impact of the oil spill in Louisiana, Mississippi, Alabama, Florida and other states."[6]

Accordingly, Transocean itself does not believe that the Limitation Action and the wrongful death and personal injury claims have commonality with the environmental claims. As a result, there is no need to delay resolution of the discovery issue until after the MDL Panel reaches a decision on the three motions set for hearing on July 29, 2010.

## II.
## TRANSOCEAN'S STATED CONCERN OVER FRAGMENTATION AND THE BURDENS OF DISCOVERY ARE UNFOUNDED

Transocean repeatedly states that any discovery that will be undertaken now will have to be undertaken again in the future. This is simply untrue. The Court has the ability to set guidelines concerning the number of depositions, interrogatories, and requests for production that can be undertaken prior to the end of monition period. All of the claims by the current and prospective personal injury and wrongful death claimants are completely aligned. Each personal injury and wrongful death claimant seeks to prove negligence, unseaworthiness, and causative fault for their injuries and deaths. Each wrongful death claimant also seeks to prove that Transocean had privity or knowledge of the dangerous conditions that caused those injuries and deaths. There will simply be no need for fragmentation or repeat depositions or discovery when any new claimants file their claims.

---

[6] *Id.* at 22.

## III.
## TRANSOCEAN IS SIMPLY INCORRECT WHEN IT STATES THAT FACTUAL DISCOVERY WILL NOT ADVANCE THIS CASE IN ITS CURRENT POSTURE

Transocean originally complains that the investigation is incomplete, and media reports and the like are not admissible. Therefore, in Transocean's eyes, the wrongful death and personal injury claimants cannot meet their burden to prove causative fault of Transocean. In the same breath, Transocean argues that taking the depositions of certain key Transocean and BP witnesses will do nothing to develop this case. Transocean cannot have it both ways. Obviously, testimony under oath from those who possess personal knowledge and access to documentation concerning the cause of the blow-out, explosion and fire will serve to develop this case. Additionally, it is well settled that a limitation plaintiff bears a heavy burden of proof to show that it lacks privity or knowledge of the dangerous condition giving rise to the casualty.[7] The wrongful death and injury claimants have already suffered immense loss. There is simply no need to wait for an MDL panel decision or the monition period to end before simple discovery is undertaken.

Accordingly, Shelley Anderson respectfully requests that this Court allow discovery to commence consistent with the Kritzer Motion and for all other and further relief.

---

[7] *See Brister v. A.W.I., Inc.*, 946 F.2d 350, 356 (5th Cir. 1991) (observing that "an owner's burden to prove an absence of privity or knowledge can . . . be onerous, but not insurmountable").

Respectfully submitted,

**LAW OFFICE OF ERNEST H. CANNON**

By:   *_Ernest H. Cannon_
**ERNEST H. CANNON**
Texas Bar No. 03746000
P.O. Box 1193
Stephenville, Texas  76401-0011
505 North Graham Street
Stephenville, Texas  76401-3548
(254) 918-1006
(254) 918-2005 (fax)
*signed by permission by John W. Stevenson, Jr.

and

**STEVENSON & MURRAY**

By:   _John W. Stevenson, Jr._
**JOHN W. STEVENSON, JR.**
Texas Bar No. 19196050
Federal I.D. No. 3992
Weslayan Tower, Suite 750
24 Greenway Plaza
Houston, Texas  77046-2416
(713) 622-3223
(713) 622-3224 (fax)

**ATTORNEYS FOR SHELLEY ANDERSON**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served by electronic CM/ECF filing on this 10th day of July, 2010.

*John W. Stevenson, Jr.*
**JOHN W. STEVENSON, JR.**