IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND § | | |
| PETITION OF TRITON ASSET LEASING § | | |
| GmbH, TRANSOCEAN HOLDINGS LLC, § | | |
| TRANSOCEAN OFFSHORE DEEPWATER § | | |
| DRILLING INC., AND TRANSOCEAN § | C.A. NO. 4:10-CV-01721 | |
| DEEPWATER INC., AS OWNER, § | | |
| MANAGING OWNERS, OWNERS PRO- § | Fed. R. Civ. P. 9(h) | |
| HAC VICE, AND/OR OPERATORS OF § | | |
| THE MODU DEEPWATER HORIZON, IN § | | |
| A CAUSE FOR EXONERATION FROM OR § | | |
| LIMITATION OF LIABILITY § | IN ADMIRALTY | |

**ANSWER AND CLAIM OF SHANE FAULK**

Claimant Shane Faulk files this Answer and Claims in response to Petitioners Triton Asset Leasing GmbH, Transocean Holdings LLC, Transocean Offshore Deepwater Drilling, Inc., and Transocean Deepwater, Inc.'s (collectively "Petitioners" or "Complainants") Verified Complaint for Exoneration From or Limitation of Liability and would respectfully show the Court that:

**I.     DEFENSES AND ANSWER**

This proceeding is frivolous.  Complainants are well aware that shore-side management possesses privity and knowledge of the circumstances leading to the sinking of the vessel in question.  This entire proceeding simply serves as a roadblock and delay tactic preventing those injured from pursuing his claims in the court of his choice.

For answer to the Complaint, Claimant states the following defenses and responses to the allegations:

## FIRST DEFENSE

The Complaint fails to state a claim or cause of action upon which relief can be granted. Rule 12(b)(6), FED. R. CIV. PROC.

## SECOND DEFENSE

The Limitation of Liability Act, 46 U.S.C. §§ 30501-30512, is discriminatory in that it favors Petitioners over Claimant and deprives Claimant of his property rights without due process of law in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States of America.

## THIRD DEFENSE

The limitation fund is inadequate and the Complaint should be dismissed because Petitioners have failed to deposit adequate security equal to the value of the vessel and its appurtenant vessels, plus the pending freight; *i.e.,* the value of the contract under which the vessel was operating at the time of the incident made the basis of Claimant's claims. The proper security must be deposited at the time of filing. Rule F(1). Petitioners' deposit at the time of filing did not meet the requirements of Rule F(1). Accordingly, this limitation action must be dismissed.

## FOURTH DEFENSE

Claimant asserts the flotilla doctrine. The limitation fund is inadequate and the Complaint should be dismissed because Petitioners have failed to deposit adequate security for the Vessel and for the additional vessels within the flotilla, which were under a common operational control, supervision, and enterprise. Pursuant to Rule F(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims, the proper limitation fund must be deposited

at the time of filing. Petitioners' deposit, at the time of filing, did not meet federal standards. As such, this limitation action must be dismissed.

## FIFTH DEFENSE

To the extent Petitioners' insurers attempt to avail themselves of the limitation/exoneration defense, Claimant asserts that the Limitation of Liability Act is unavailable to insurers of vessel owners under the circumstances. In the alternative, no *prima facie* case has been made establishing they are entitled to avail themselves of the Limitation of Liability Act.

## SIXTH DEFENSE

The purpose of a limitation action is to provide a single forum for determining whether the vessel and its owner are liable at all, whether the owner may in fact limit liability to the value of the vessel and pending freight, and how the funds are to be distributed to the claimants. *See* 46 U.S.C. § 183; *see also* THOMAS J. SCHOENBAUM, ADMIRALTY AND MARITIME LAW 2nd Ed. § 13-5 (1994). Because of the nature and circumstances of this action, a limitations proceeding is inappropriate and unjustified.

## SEVENTH DEFENSE

Claimant respectfully reserves the right, pursuant to the "saving to suitors" clause of 28 U.S.C. § 1333(1), to pursue his claims in the forum of his choice. Claimant will move the Court to lift the injunction and stay of proceedings in other forums. *See In re Tetra Applied Technologies, L.P.*, 362 F.3d 388 (5th Cir. 2004). Further, pursuant to the holdings of *In Re Liverpool, etc. Nav. Co. (Vestris)*, 57 F.2d 176, 179 (2nd Cir. 1932); *Kreta Shipping v. Preussay International Steel Corp.*, 192 F.3d 41, 48 (2nd Cir. 1999); and *The Silver Palm*, 94 F.2d 776, 780 (9th Cir. 1937), upon Petitioners' failure to obtain relief in this limitation action (should

resolution of this action precede judgment in other actions), Claimant hereby asserts and claims his right to have his claims and damages tried to a jury in the court of his choosing.

### EIGHTH DEFENSE

Claimant reserves the right to contest the appraisal value of THE MODU DEEPWATER HORIZON and/or for any additional vessels in the flotilla, their engines, apparel, appurtenances, pending freight, contracts, etc., and the adequacy of the security.

### NINTH DEFENSE

The incident made the basis of Claimant's claims caused serious injury to Claimant, and was caused, at least, in part, by the negligence of Petitioners, their principals, agents, servants, and/or employees, and/or as a direct and proximate result of unseaworthy conditions existing aboard the vessel, which occurred with the privity and knowledge of Petitioners, their principals, agents, servants, and/or employees. Accordingly, Petitioners cannot limit their liability.

### TENTH DEFENSE

The Complaint does not affect Claimant's right to maintenance and cure. Thus, Petitioners' liability to Claimant for their intentional, willful, arbitrary and capricious refusal to provide Claimant's maintenance and cure is not limited to the value of any of its vessels.

### ELEVENTH DEFENSE

The limitation fund is inadequate and should be increased and/or this action should be dismissed because the limitation fund does not properly account for the value of the minerals and other appurtenances, attachments, freight and/or cargo aboard the vessel, subject to the control of the vessel, and/or owned by Petitioners.

**II.     ANSWER**

AND NOW, with full reservation of all defenses asserted above, Claimant answers the allegations of Petitioners, as follows:

**I.**

Claimant denies the allegations in Paragraph 1 for lack of sufficient information to justify a belief in the truth thereof.

**II.**

Claimant denies the allegations in Paragraph 2 for lack of sufficient information to justify a belief in the truth thereof.

**III.**

Claimant denies the allegations in Paragraph 3 for lack of sufficient information to justify a belief in the truth thereof.

**IV.**

Claimant denies the allegations in Paragraph 4 for lack of sufficient information to justify a belief in the truth thereof.

**V.**

Claimant denies the allegations in Paragraph 5 for lack of sufficient information to justify a belief in the truth thereof.

**VI.**

Claimant denies the allegations in Paragraph 6 for lack of sufficient information to justify a belief in the truth thereof.

**VII.**

Claimant denies the allegations in Paragraph 7.

## VIII.

Claimant denies the allegations in Paragraph 8 for lack of sufficient information to justify a belief in the truth thereof.

## IX.

Claimant denies the allegations in Paragraph 9 for lack of sufficient information to justify a belief in the truth thereof.

## X.

Claimant denies the allegations in Paragraph 10.

## XI.

Claimant denies the allegations in Paragraph 11.

## XII.

Claimant denies the allegations in Paragraph 12.

## XIII.

Claimant denies the allegations in Paragraph 13 for lack of sufficient information to justify a belief in the truth thereof.

## XIV.

Claimant denies the allegations in Paragraph 14 for lack of sufficient information to justify a belief in the truth thereof.

## XV.

Claimant denies the allegations in Paragraph 15 for lack of sufficient information to justify a belief in the truth thereof.

## XVI.

Claimant denies the allegations in Paragraph 16 for lack of sufficient information to justify a belief in the truth thereof.

## XVII.

Claimant denies the allegations in Paragraph 17 for lack of sufficient information to justify a belief in the truth thereof.

## XVIII.

Claimant denies the allegations in Paragraph 18.

## XIX.

Claimant denies the allegations in Paragraph 19 for lack of sufficient information to justify a belief in the truth thereof.

## XX.

Claimant denies the allegations in Paragraph 20 for lack of sufficient information to justify a belief in the truth thereof.

## XXI.

Claimant denies the allegations in Paragraph 21 for lack of sufficient information to justify a belief in the truth thereof.

## XXII.

Claimant denies the allegations in Paragraph 22 for lack of sufficient information to justify a belief in the truth thereof.

## XXIII.

Claimant denies the allegations in Paragraph 23 for lack of sufficient information to justify a belief in the truth thereof.

**XXIV.**

Claimant respectfully suggests that the allegations contained in Paragraph 24 are not the type to which Claimant can affirm or deny. To the extent such is incorrect, Claimant denies the allegations contained therein for lack of sufficient information to justify a belief in the truth thereof.

### III.   CLAIM

AND NOW, in the alternative pending the injunction and order of stay being lifted so that he may prosecute his claims against Petitioners and other parties in the venue of his choice, Claimant asserts his claims against Petitioners as follows:

**I.**

At all times material hereto, Claimant was aboard the DEEPWATER HORIZON and were acting within the course and scope of his employment as an American seaman in service of the Vessel. Further, Claimant was aboard as a borrowed employee of Petitioners. The DEEPWATER HORIZON was owned and operated by Petitioners.

**II.**

On April 20, 2010, as Claimant was performing his regular duties aboard the vessel, he sustained severe injuries to his persons. Such injuries were legally caused by the negligence of the Petitioners and the unseaworthiness of the Vessel in question. Specifically, the DEEPWATER HORIZON caught fire and exploded, and ultimately sunk while on navigable waters, injuring more than twenty, and killing eleven. Such an incident does not occur without an unseaworthy condition or negligence.

**III.**

Petitioners were negligent, negligent per se, grossly negligent, and reckless for the following reasons:

a. failure to properly supervise their crew;

b. failure to properly train their employees;

c. failure to provide adequate safety equipment;

d. failure to provide adequate medical treatment;

e. operating the vessel with an inadequate crew;

f. failure to maintain the vessel;

g. failure to heed test results and other warnings regarding the well's integrity;

h. vicariously liable for their employees' and agents' negligence, gross negligence, and recklessness;

i. violating applicable Coast Guard, MMS and/or OSHA regulations; and,

j. other acts deemed negligent, grossly negligent, and reckless.

**IV.**

At all relevant times, the DEEPWATER HORIZON was unseaworthy.

**V.**

By reason of the occurrences made the basis of this action, including the conduct on the part of Petitioners, Claimant sustained severe bodily injuries. Claimant has suffered physical pain and mental anguish and, in reasonable medical probability, will continue to do so for the balance of his natural lives.

**VI.**

As a result of the foregoing injuries, Claimant have suffered a loss of wages in the past and a loss of or reduction in the capacity to work and earn money in the future and, in reasonable probability, his earning capacity has been impaired permanently.

**VII.**

Additionally, Claimant has incurred reasonable and necessary medical expenses in the past and, in reasonable probability, will incur reasonable medical expenses in the future.

**VIII.**

As a result of the injuries sustained in the occurrences of April 20, 2010, Claimant has suffered in the past and will, in reasonable medical probability, continue to suffer permanent physical impairment.

**IX.**

Claimant is physically impaired as a result of injuries he sustained on April 20, 2010. As a consequence he has lost the ability to perform household services and, in reasonable probability, he has lost the ability permanently.

**X.**

Pleading further, in the alternative, if it be shown that Claimant was suffering from some pre-existing injury, disease and/or condition, then such was aggravated and/or exacerbated as a proximate result of the occurrence made the basis of Claimant's underlying lawsuit.

**XI.**

Claimant would show that on the above-mentioned date, he was injured while in the service of a vessel. As Claimant was a borrowed employee, Petitioners have, and continue to have, a non-delegable duty to provide Claimant with the benefits of maintenance and cure.

Claimant would show that he has not reached maximum medical improvement and that Petitioners' duty continues. Petitioners have denied payment and/or have unreasonably delayed payments for maintenance and cure and/or have paid maintenance in an insufficient amount. Petitioners' conduct towards this injured seaman is arbitrary, malicious, capricious, and wrong. As a result of Petitioners' failure to pay and/or delay in paying the benefits of maintenance and cure, Claimant has suffered further injuries and damages, for which he now sues. Claimant would further show that Petitioners' failure to provide the benefits of maintenance and cure was not only unreasonable, but was arbitrary and capricious, or willful, callous and persistent, and that as a result thereof, Claimant is thus entitled to PUNITIVE DAMAGES, and an award of attorneys' fees, for which he now sues, in addition to all other relief sought.

## XII.

Claimant is also entitled to punitive damages because the aforementioned actions of Petitioners were grossly negligent and reckless. Petitioners' conduct was willful, wanton, arbitrary, and capricious. They acted with flagrant and malicious disregard of Claimant's health and safety and the health and safety of his co-workers. Petitioners were subjectively aware of the extreme risk posed by the condition which caused Claimant injuries, but did nothing to rectify them. Instead, Petitioners had Claimant and other crew members continue working despite the dangerous conditions that were posed to them and the faulty, defective equipment provided to them. Petitioners did so knowing that the conditions posed dangerous and grave safety concerns. Petitioners' acts and omissions involved an extreme degree of risk considering the probability and magnitude of potential harm to Claimant and others. Petitioners had actual, subjective awareness of the risk, and consciously disregarded such risk by allowing Claimant to work under such dangerous conditions. Moreover, Claimant may recover punitive damages

under the general maritime law because of the Vessel's unseaworthiness following the United States Supreme Court's ruling in *Atlantic Sounding*. All of the conduct mentioned in the above paragraphs was within the knowledge and privity of Petitioners.

### XIII.

In that Claimant is an American seaman, Claimant is entitled to proceed and prosecute this litigation without prepayment of costs.

### IV.    PRAYER

WHEREFORE, PREMISES CONSIDERED, Claimant prays that this Answer and Claim be deemed good and sufficient, that the injunction and order of stay in place be lifted so that he may prosecute his claims against Petitioners and other parties in the venue of his choice, that after due proceedings, there be judgment denying the Complaint of Petitioners for exoneration from or limitation of liability, with all costs to be borne by such Petitioners; alternatively, that Petitioners be required to deposit additional security in the minimum amount required by law for the full value of all vessels in the flotilla which were under common operational control and supervision and engaged in a common enterprise, and that said security be based upon an appraisal issued by a commissioner appointed by the Court, in default of which the Complaint be dismissed; and for such other relief which he may show himself entitled.

Respectfully submitted,

## THE BUZBEE LAW FIRM

By: */S/ Anthony G. Buzbee*
 Anthony G. Buzbee
 State Bar No. 24001820
 S.D. Tex. I.D. No. 22679
 J.P. Morgan Chase Tower
 600 Travis, Suite 7300
 Houston, Texas 77002
 Telephone: (713) 223-5393
 Facsimile: (713) 223-5909
 www.txattorneys.com

**ATTORNEY FOR CLAIMANT**

**CERTIFICATE OF SERVICE**

 I hereby certify that a true and correct copy of this document has been duly served on all known counsel of record and pro se parties in accordance with the Federal Rules of Civil Procedure on July 20, 2010.

 */S/ Anthony G. Buzbee*
 Anthony G. Buzbee