EDWIN G. PREIS, JR.[3]
L. LANE ROY[3]
JENNIFER E. MICHEL[3]
RICHARD J. HYMEL[3]
ROBERT M. KALLAM[3]
FRANK A. PICCOLO[3]
JOHN M. RIBARITS[3]
CATHERINE M. LANDRY[3]
JAMES A. LOCHRIDGE, JR.[1]
CHARLES J. BOUDREAUX, JR.[1]
DAVID L. PYBUS[2]
DAVID M. FLOTTE[3]
LEAH NUNN ENGELHARDT[4]
EDWARD F. KOHNKE IV[1]
FRANCIS A. COURTENAY, JR.[1]
DANIELLE M. SMITH[1]
JEFFREY A. RIGGS[3]
JOSEPH E. LEE III[3]
JENNIFER A. WELLS[1]
JONATHAN L. WOODS[1]
M. BENJAMIN ALEXANDER[1]
TABITHA R. DURBIN[1]
HILARY A. FRISBIE[2]
KEVIN T. DOSSETT[2]
CARL J. HEBERT[1]
RICHARD T. FASS[2]
MICHAEL J. ANDREPONT[1]
MICHAEL B. NORTH[1]
RACHEL A. MEESE[1]
MARJORIE C. NICOL[2]
KRISTOPHER STOCKBERGER[2]
KENNETH H. TRIBUCH[5]
WILLIAM W. FITZGERALD[2]
J. MICHAEL FUSSELL, JR.[1]
BARBARA A. OLINDE[1]
MATTHEW S. GREEN[7]
MELISSA B. CARUSO[1]
ELIZABETH A. HUNT[1]
JENNIFER J. COUSSAN[1]
LUCAS S. COLLIGAN[1]
BRANDEE KETCHUM[1]
MARGARET A. LALANDE[3]
ALYSE S. RICHARD[1]
EZRA L. FINKLE[6]
JOHN C. GETTY[1]
JAIME F. LANDRY[1]
ANTHONY J. LASCARO[1]
ERIC J. ALLEN[2]
SARA E. TANNEHILL[1]

# PREIS & ROY

(A PROFESSIONAL LAW CORPORATION)
WESLAYAN TOWER
SUITE 2050
24 GREENWAY PLAZA

## HOUSTON, TEXAS 77046

TELEPHONE 713.355.6062
TELEFAX 713.572.9129

E-mail pr@preisroy.com
www.preisroy.com

**LAFAYETTE**
POST OFFICE DRAWER 94-C
VERSAILLES CENTRE'
SUITE 400
102 VERSAILLES BLVD
LAFAYETTE, LOUISIANA 70509
TELEPHONE 337.237.6062
TELEFAX 337.237.9129

**NEW ORLEANS**
PAN AMERICAN LIFE CENTER
SUITE 1700
601 POYDRAS STREET
NEW ORLEANS, LOUISIANA 70139
TELEPHONE 504.581.6062
TELEFAX 504.522.9129

August 5, 2010

[1] ADMITTED TO PRACTICE IN LOUISIANA ONLY
[2] ADMITTED TO PRACTICE IN TEXAS ONLY
[3] ADMITTED TO PRACTICE IN LOUISIANA AND TEXAS
[4] ADMITTED TO PRACTICE IN LOUISIANA AND GEORGIA
[5] ADMITTED TO PRACTICE IN TEXAS AND FLORIDA
[6] ADMITTED TO PRACTICE IN LOUISIANA AND CALIFORNIA
[7] ADMITTED TO PRACTICE IN LOUISIANA, MASSACHUSETTS, AND RHODE ISLAND

Hon. Keith P. Ellison
United States Courthouse, Third Floor
525 Rusk Avenue
Houston, Texas 77002

*Via Facsimile: (713) 250-5503*

RE:   C.A. No. 4:10-cv-01721; *In re the Complaint and Petition of Triton Asset Leasing GmbH, et al.*; In the United States District Court for the Southern District of Texas, Houston Division.

Dear Judge Ellison:

We write further to the Court's directive and minute entry of August 3, 2010, and to advise the Court that Petitioners can produce to the Kritzer Claimants/Movants and Putative Claimants Sherry Anderson and Natalie Roshto by Wednesday, August 11, 2010, those documents that Petitioners or their related and/or affiliated entities were required by subpoena or were requested to be produced to the United States Congress and to the United States Coast Guard and Bureau of Ocean Energy Management, Regulation, and Enforcement Joint Marine Board of Investigation in electronic format. Petitioners can produce these documents in one of the same formats in which they were produced to these governmental bodies, *i.e.*, burned to DVDs in searchable Portable Document Format (PDF). Petitioners can also produce these documents on external hard drives in the same format.

PREIS & ROY

Hon. Keith P. Ellison
United States District Judge
August 5, 2010
Page 2

On the afternoon of August 3, 2010, following the Court's hearing and minute entry, counsel for Petitioners offered to produce the documents at issue as outlined above. Counsel for the Kritzer Claimants/Movants and Putative Claimants Sherry Anderson and Natalie Roshto rejected this offer and demanded that the documents be produced in native format. Subsequently, on the afternoon of August 4, 2010, counsel for putative Claimant Natalie Roshto accepted this offer of production in searchable PDF on an external hard drive.

There are four primary and fundamental reasons why this Court should not require Petitioners to produce the documents at issue in native format.

First, Claimants and Putative Claimants originally requested access to that which Petitioners and their related and/or affiliated entities made available in electronic form to the governmental bodies referenced above. Petitioners have previously provided, and now again offer, that access in the same format and manner in which the documents were produced to those governmental bodies.

Petitioners and their related and/or affiliated entities have incurred extraordinary expense in attorney hours, e-discovery vendor hours, and in-house personnel hours assembling, reviewing, Bates stamping, and producing approximately one hundred and fifty thousand unique pages, and approximately two hundred and fifty thousand total pages, of documents to the governmental bodies listed above. The House Committee on Energy and Commerce originally requested these documents in Tagged Image File Format (TIFF) for loading into their own reviewing software. The House Judiciary Committee and Marine Board of Investigation subsequently requested responsive production in searchable PDF.

Having offered to provide the documents at issue in a reasonably usable form as produced to the governmental bodies, which Putative Claimant Natalie Roshto has now accepted, Petitioners should not be required to incur any further expense to re-review, re-Bates stamp (which is virtually impossible with native-format documents without changing their metadata), and reproduce these already reasonably-accessible documents in their native format.

Second, reproducing in native format the quarter-million pages of documents already produced to the governmental bodies in TIFF and PDF is not the simple task that counsel for Claimants and Putative Claimants would have the Court believe. The first two to three responsive productions to Congress and the first three to four responsive productions to the Marine Board of Investigation by Petitioners and their related and/or affiliated entities consisted of materials scanned into PDF and reviewed for responsiveness to the governmental bodies' requests and subpoenas. There is no simple way of identifying whether and in what "native format" these imaged pages of documents were generated.

PREIS & ROY

Hon. Keith P. Ellison
United States District Judge
August 5, 2010
Page 3

Third, the documents at issue were produced to the governmental bodies pursuant to Congressional and Marine Board of Investigation requests and subpoenas. They were also made available in related actions pending in the Eastern District of Louisiana (J. Barbier) and the Southern District of Texas (J. Hughes) pursuant to Court orders, including appropriate protective orders.

In this Limitation Action, putative Claimant Sherry Anderson has not even filed a Claim, much less a discovery request. And while the Kritzer Claimants/Movants have moved for a premature discovery schedule, the fact is (i) the Parties have not met and conferred about issues relating to preservation, disclosure or discovery of electronically stored information (ESI), (ii) no agreements have been reached with the current Claimants (or future Claimants, for that matter, who nonetheless have a clear interest in the same) concerning preservation, disclosure or discovery of ESI, including Claimants' own obligations with regard to the same, and (iii) the Court has not conducted a Rule 16 conference or entered any orders related to how electronic discovery should be handled.

Each of these is required by the Federal Rules of Civil Procedure. Where there is a dispute and disagreement among the parties, they are entitled to appear before the Court in a discovery conference with their respective ESI forensic experts to offer the Court reliable technical guidance on which to base its decisions.

Fourth, requiring Petitioners to reproduce documents in a different format than that which already has been produced to the governmental bodies, and in the federal district courts referenced above pursuant to appropriate protective orders, also has implications for the prospective MDL, of which this Limitation Action may be a part. The entire purpose of the MDL transferee court is to effect judicial economy through the coordination of discovery and pre-trial matters. Premature and potentially inconsistent discovery rulings, now, would be entirely inconsistent with that goal.

Petitioners continue to maintain that early discovery in this Limitation Action is contrary to the Limitation of Liability Act, the Supplemental Rules that give procedural effect to its substantive provisions, and to the General Maritime Law interpreting the same. To address the continuing complaints of the Kritzer Claimants/Movants and Putative Claimants Sherry Anderson and Natalie Roshto, however, Petitioners have attempted to proceed as cooperatively as they are able in making available to these interests a quarter-million pages of documents that have been produced to the governmental bodies investigating the *Deepwater Horizon* casualty, and made available in related litigation.

Inasmuch as Petitioners have offered to provide the documents at issue in a reasonably usable, searchable form, which has been accepted by one of the Putative Claimants, Petitioners should

PREIS & ROY

Hon. Keith P. Ellison
United States District Judge
August 5, 2010
Page 4

be required to do no more. The Limitation of Liability Act, the Supplemental Rules that give procedural effect to its substantive provisions, the General Maritime Law interpreting the same, and the Federal Rules of Civil Procedure dealing with ESI each are designed to have a salutary effect in streamlining litigation and keeping its costs under control. The Kritzer Claimants/Movants and Putative Claimant Sherry Anderson should be required, therefore, to accept the documents at issue in searchable PDF on either DVDs or an external hard drive, at their cost.

Should the Court have any questions or need any additional information, it need only advise us of the same.

Thank you.

Respectfully,

PREIS & ROY

Frank A. Piccolo

KTD:rb/7370-17333/#127582

cc:   All Counsel of Record                                     *Via CM/ECF*