UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * * | MDL 2179 |
| | | SECTION "J" |
| This Document Relates to:   10-2771 Natalie Roshto | * * * | JUDGE BARBIER MAG. SHUSHAN |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## ANSWER AND CLAIMS OF NATALIE ROSHTO

Claimant Natalie Roshto, individually and as personal representative of Shane Roshto, deceased, and of her minor son, Blaine Roshto, files this Answer and Claims in response to Petitioners Triton Asset Leasing GmbH, Transocean Holdings LLC, Transocean Offshore Deepwater Drilling, Inc., Transocean Deepwater, Inc.'s ("Petitioners") Verified Complaint for Exoneration From or Limitation of Liability and would respectfully show the Court that:

### FIRST DEFENSE

The allegations of the Complaint fail to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6).

## SECOND DEFENSE

The Limitation of Liability Act, 46 U.S.C. § 30501 *et seq.*, is unconstitutional in that it deprives the Claimant of property rights without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and does not provide for equal protection of the laws pursuant to the Fifth and Fourteenth Amendments to the United States Constitution.

## THIRD DEFENSE

The limitation fund is inadequate and the Complaint should be dismissed because Petitioners have failed to deposit adequate security for the vessel identified in the Complaint for Exoneration From or Limitation of Liability. Pursuant to Rule F(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims, the proper limitation fund must be deposited at the time of filing. Petitioners' deposit, at the time of filing, did not meet federal standards. As such, this limitation action must be dismissed.

## FOURTH DEFENSE

The Limitation of Liability Act is not applicable to the instant case because at all times pertinent herein, the *MODU DEEPWATER HORIZON* was operated in a willful, wanton, and reckless manner or, in the alternative, the conduct and actions which led to Shane Roshto's injuries and death took place with the privity and knowledge of the owners, managing owners, owners *pro hac vice* and/or operators of the vessels involved.

## FIFTH DEFENSE

The Limitation of Liability Act is not applicable in the instant case because at all relevant times, the *MODU DEEPWATER HORIZON* was known by the owner and/or owner *pro hac vice* to

be unseaworthy.

## SIXTH DEFENSE

To the extent Petitioners' insurers attempt to avail themselves of the limitation/exoneration defense, Claimant asserts that the Limitation of Liability Act is unavailable to insurers of vessel owners under the circumstances. In the alternative, no *prima facie* case has been made establishing they are entitled to avail themselves of the Limitation of Liability Act.

## SEVENTH DEFENSE

The Complaint for Exoneration From or Limitation of Liability contains vague and ambiguous statements which are objectionable under Federal Rule of Civil Procedure 12(e), and Claimant seeks more definitive statements of the allegations, regardless of the nature, manner and extent of their Claim and Answer herein.

## EIGHTH DEFENSE

The events culminating in the injuries and death of Shane Roshto were the result of the negligence, fault or want of due care on the part of Petitioners and/or those for whom Petitioners are responsible, and/or the unseaworthiness of the *MODU DEEPWATER HORIZON* all of which was within the privity and knowledge of Petitioners, for which the Complaint for Exoneration From or Limitation of Liability should be denied.

## NINTH DEFENSE

The events culminating in Shane Roshto's injuries and death were not the result of any negligence, fault, or want of due care on his part or those for whom he may be responsible.

## TENTH DEFENSE

Claimant further alleges that there was insurance coverage on the *MODU DEEPWATER HORIZON* insuring Petitioners in the event of an occurrence such as that which is the subject of Claimant's claims, and the proceeds of said insurance policy should be included in this limitation proceeding (in the event the Court determines these limitation proceedings are appropriate).

## ELEVENTH DEFENSE

Claimant states that the proceeds of any judgment, award or settlement which may be received by Petitioners from any third party in recompense of any losses or damages sustained herein to the property or interests of Petitioners, as a result of the fault or alleged fault of said third party, must be included in the limitation fund.

## TWELFTH DEFENSE

In filing this Answer and Claim, Claimant specifically reserves all rights to pursue all available claims in state court for resolution of any and all issues beyond the exclusive jurisdiction of this Admiralty Court pursuant to the "Savings to Suitors" clause, 28 U.S.C. §1333, and all state law remedies. The filing of this Claim and Answer is in no way a waiver of this right and defense and Claimant is not agreeing to join all issues in this proceeding by filing this Claim and Answer.

## THIRTEENTH DEFENSE

Claimant specifically reserves all rights to pursue all available claims in the forum of his choice for resolution of any and all issues beyond the exclusive jurisdiction of this admiralty court pursuant to the "Savings to Suitors" clause, 28 U.S.C. §1333, and all remedies, and no part of this Claim and Answer is a waiver of this defense or these rights. Claimant will move the Court to lift

the injunction and stay of proceedings in other forums. *See In re Tetra Applied Tech., L.P.*, 362 F.3d 388 (5th Cir. 2004). Further, pursuant to the holdings of *In re Liverpool, etc. Nav. Co. (Vestris)*, 57 F.2d 176, 179 (2d Cir. 1932) and *The Silver Palm*, 94 F.2d 776, 780 (9th Cir. 1937), upon Complainant's failure to obtain relief in this limitation action (should resolution of this action precede judgment in other actions), Claimant hereby asserts and claims her right to have her claims and damages tried to a jury in the court of her choosing.

## FOURTEENTH DEFENSE

The limitation fund is inadequate and should be increased and/or this action should be dismissed because the limitation fund does not properly account for the value of the minerals and other appurtenances, attachments, freight and/or cargo aboard the vessel, subject to the control of the vessel, and/or owned by the Petitioners.

**AND NOW,** specifically reserving all defenses asserted herein, including, without limitation, Claimant's right to pursue her claims in state court pursuant to the Savings to Suitors clause, 28 U.S.C. §1333, and all state law remedies, Claimant responds to the individual Paragraphs of the Complaint for Exoneration From or Limitation of Liability, upon information and belief, as follows:

1.

The allegations contained in Paragraph 1 of the Complaint are legal conclusions which require no response.

2.

The allegations contained in Paragraph 2 of the Complaint are denied for lack of sufficient information to justify a belief therein.

3.

The allegations contained in Paragraph 3 of the Complaint are denied for lack of sufficient information to justify a belief therein.

4.

The allegations contained in Paragraph 4 of the Complaint are denied for lack of sufficient information to justify a belief therein.

5.

The allegations contained in Paragraph 5 of the Complaint are denied for lack of sufficient information to justify a belief therein.

6.

The allegations contained in Paragraph 6 of the Complaint are denied for lack of sufficient information to justify a belief therein.

7.

The allegations contained in Paragraph 7 of the Complaint concerning the description of the vessel's physical characteristics are denied for lack of sufficient information to justify a belief therein, the allegations that she was in "all respects seaworthy" and further allegations concerning her actual condition are denied.

8.

The allegations contained in Paragraph 8 of the Complaint are admitted insofar as the *MODU DEEPWATER HORIZON* lay sunken, that she is not within a federal district is denied.

9.

The allegations contained in Paragraph 9 of the Complaint to the extent that they allege details concerning the voyage and its purpose are denied for lack of sufficient information to justify a belief therein. Allegations that the *MODU DEEPWATER HORIZON* was conducting normal drilling are denied. Allegations that a fire and explosion(s) severely damaged the *MODU DEEPWATER HORIZON*, that it sank and caused the injury and deaths to persons aboard the *MODU DEEPWATER HORIZON* are admitted.

10.

The allegations contained in Paragraph 10 of the Complaint are denied.

11.

The allegations contained in Paragraph 11 of the Complaint are denied.

12.

The allegations contained in Paragraph 12 of the Complaint are denied.

13.

The allegations contained in Paragraph 13 of the Complaint are denied for lack of sufficient information to justify a belief therein.

14.

The allegations contained in Paragraph 14 of the Complaint are denied for lack of sufficient information to justify a belief therein.

15.

The allegations contained in Paragraph 15 of the Complaint are statements identifying

counsel for which no response is necessary.

16.

The allegations contained in Paragraph 16 of the Complaint are statements identifying the location of potential claims for which no response is necessary.

17.

The allegations contained in Paragraph 17 of the Complaint are denied for lack of sufficient information to justify a belief therein.

18.

The allegations contained in Paragraph 18 of the Complaint are denied.

19.

The allegations contained in Paragraph 19 of the Complaint are denied for lack of sufficient information to justify a belief therein.

20.

The allegations contained in Paragraph 20 of the Complaint are statements of the Petitioner for which no response is necessary. To the extent a response is necessary, the allegations are denied.

21.

The allegations contained in Paragraph 21 of the Complaint are statements of the Petitioner for which no response is necessary. To the extent a response is necessary, the allegations are denied.

22.

The allegations contained in Paragraph 22 of the Complaint are denied for lack of sufficient information to justify a belief therein.

23.

The allegations contained in Paragraph 23 of the Complaint are denied for lack of sufficient information to justify a belief therein.

24.

The allegations contained in the prayer for relief are not statements of fact, but conclusions of law, from which no response is necessary from this claimant. However, if a response is deemed necessary, said allegations are denied. Claimant further specifically denies the adequacy of the valuation of the *MODU DEEPWATER HORIZON* and/or the other vessels in its flotilla as asserted by Petitioners. Claimant further re-urges her prior objection to Petitioners failing to include the value of all insurance proceeds, and any sums received or which may be received by Petitioners from any third party as a result of the fault or alleged fault of said third party having caused damage to the property interests of Petitioners. Claimant further denies the adequacy of Petitioners's *Ad Interim* Stipulation for an amount equal to the value of its interest in the *MODU DEEPWATER HORIZON* and hereby makes demand for Petitioners to either deposit cash proceeds into the registry of the Court in the amount of the stated value of the vessel(s) and/or provide a bond for the value of the vessel(s), issued by a reputable surety company to be approved by the Court. In so doing, Claimant specifically reserves the right to contest the stated value of the vessel and the limitation fund as aforesaid.

Claimant further denies the applicability of Petitioners' Complaint to claims arising under the Oil Pollution Act of 1990. *Metlife Capital Corp. v. M/V EMILY'S.*, 132 F.3d 818 (1st Cir. 1997).

**AND NOW**, specifically reserving all defenses asserted herein, including, without limitation, Claimant's right to pursue her claims in state court pursuant to the Savings to Suitors clause, 28 U.S.C. §1333, and all state law remedies, Claimant files her Claim in the Complaint for Exoneration from or Limitation of Liability of, and states that:

25.

Claimant re-urges each and every defense and objection set forth above as if the same were stated herein verbatim.

26.

Shane Roshto, the lawful husband of Claimant Natalie Roshto and the natural father of Blaine Roshto, a minor, suffered severe injuries and was killed as a result of the senseless *MODU DEEPWATER HORIZON* explosion on April 20, 2010.

27.

At all times pertinent, Shane Roshto was a Jones Act Seaman and a member of the crew of the *MODU DEEPWATER HORIZON* while that vessel was deployed on navigable waters. And at all times pertinent, Shane Roshto was contributing to and aiding said vessel to accomplish its mission, when he sustained serious physical and mental injuries as a result of a series of explosions and conflagration which resulted in his death.

28.

Petitioners are negligent, negligent per se, grossly negligent, and reckless for the following reasons:

    a.    failure to properly supervise their crew;

b.  failure to properly train their employees;

c.  failure to provide adequate safety equipment and specifically inhibiting vital safety systems aboard the DWH which would have forewarned Shane Roshto and others of an impending explosion and would have lead to automated procedures which would have resulted in the shut down of various rig systems which shut-down was designed to prevent the type of explosion which occurred.

d.  failure to control the a known unstable well;

e.  allowing gas from the well to be vented at or near the rig floor;

f.  failure to maintain and service the rig's BOP;

g.  operating the vessel with an inadequate crew;

h.  failure to maintain the vessel;

i.  vicariously liable for their employees' and agents' negligence, gross negligence, and recklessness;

j.  violating applicable Coast Guard, MMS, and/or OSHA regulations;

k.  other acts deemed negligent, grossly negligent, and reckless.

29.

At all relevant times, the *MODU DEEPWATER HORIZON* was unseaworthy.

30.

As a result of said occurrences, Shane Roshto sustained severe injuries to his body and was killed. Claimant is entitled to damages for Shane Roshto's death and injuries and resulting physical pain, distress, mental anguish, fear, impairment, discomfort and other medical problems as well as

her own damages and the damages of her minor son, Blaine Roshto under applicable law. Claimant is also entitled to a loss of earnings in the past and future, loss of inheritance, loss of nurture, care and comfort.

31.

Claimant has been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, for which she sues.

32.

Claimant is also entitled to punitive damages because the aforementioned actions of Petitioners were grossly negligent and reckless. Petitioners' conduct was willful, wanton, arbitrary, and capricious. They acted with flagrant and malicious disregard of Shane Roshto's health and safety and the health and safety of his co-workers. Petitioners were subjectively aware of the extreme risk posed by the conditions which caused Shane Roshto's injuries and death, but did nothing to rectify them. Instead, Petitioners proceeded despite the dangerous conditions that were posed to Shane Roshto due to well control failures, disabled and overridden alarm and automated safety systems; the venting of gases on or near the rig floor, the failure to detect a well kick in progress, failure to rope a well in; failure to maintain the BOP in working condition; failure of the crew to timely activate safety systems; failure to maintain the vessel in seaworthy condition; and by the faulty, defective equipment. Petitioners did so knowing that the conditions posed dangerous and grave safety concerns. Petitioners' acts and omissions involved an extreme degree of risk considering the probability and magnitude of potential harm to Shane Roshto and others. Petitioners had actual, subjective awareness of the risk, and consciously disregarded such risk. Moreover, Claimant may

recover punitive damages under the general maritime law because of the Vessel's unseaworthiness following the United States Supreme Court's ruling in *Atlantic Sounding*. All of the conduct mentioned in the above paragraphs was within the knowledge and privity of Petitioners.

33.

In that Shane Roshto was an American seaman, Claimant is entitled to proceed and prosecute this litigation without prepayment of cost. Claimant prays that after due proceedings are had that:

a. The Complaint seeking Exoneration From or Limitation of Liability be dismissed and the injunction or restraining order granted in this matter be dissolved;

b. Alternatively, Petitioners be required to deposit additional security in the minimum amount required by law for the full value of the vessel said security be by way of a cash deposit into the registry of the Court or a bond issued by a surety approved by the Court and be based upon an appraisal issued by a commissioner appointed by the Court; in default of which the Complaint seeking Exoneration From or Limitation of Liability be dismissed; and pending such deposit any injunction and/or restraining order be dissolved;

c. There be judgment rendered herein in favor of Claimant, and against Petitioners, both jointly and severally, for all damages as are reasonable in the premises, together with the maximum legal interest thereon from the date of the accident until paid and for all costs of this proceeding;

d. Claimant be allowed to proceed and prosecute her Claim without pre-payment of costs; and,

e. For all such other and further relief to which Claimant may be entitled under law and in equity.

Respectfully submitted,

**MARTZELL & BICKFORD**

*/s/ Scott R. Bickford*
**SCOTT R. BICKFORD T. A., (#1165)**
**LAWRENCE J. CENTOLA, III (#27402)**
**NEIL F. NAZARETH (#28969)**
338 Lafayette Street
New Orleans, LA 70130
504/581-9065 (Telephone)
504/581-7635 (FAX)
usdcedla@mbfirm.com
**COUNSEL FOR PLAINTIFFS**

And

Ronnie G. Penton (#10462)
Law Offices of Ronnie G. Penton
209 Hoppen Place
Bogalusa, LA 70427
(985) 732-5651
(985) 735-5579
rgp@rgplaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 17th day of September, 2010, this pleading was filed with the CM/ECF system and was sent via US Mail, facsimile, email or through the CM/ECF system to all known counsel.

*/s/ Scott R. Bickford*
**SCOTT R. BICKFORD**