UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | * * | MDL NO. 2179 LIMITATION  10-2771 SECTION : J |
| | * | JUDGE BARBIER |
| | * | MAG. JUDGE SHUSHAN |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO 10-1243**

## ANSWER AND CLAIM OF MICHAEL WILLIAMS

Limitation claimant Michael Williams, a seaman who was injured as a result of the explosion and sinking of the DEEPWATER HORIZON, files his answer to limitation complainants Triton Asset Leasing GmbH, Transocean Holdings, LLC, Transocean Offshore Deepwater Drilling, Inc. and Transocean Deepwater, Inc.'s verified complaint for exoneration from or limitation of liability pursuant to 46 U.S.C. § 30505, et seq. and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, and would should the court the following:

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

The Limitation of Liability Act, 46 U.S.C. § 30505, et seq., is discriminatory in that it favors the vessel owner over the limitation claimant and deprives Michael Williams' property rights without due process of law in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States.

**THIRD DEFENSE**

The Limitation of Liability Act, 46 U.S.C. § 30505, et seq., is unconstitutional in that it deprives Michael Williams of the right to a trial by jury, guaranteed by the Seventh Amendment to the Constitution of the United States and other applicable laws.

**FOURTH DEFENSE**

Limitation complainants are not entitled to exoneration from or limitation of liability in these proceedings, since the unseaworthiness of the DEEPWATER HORIZON and the presumptively negligent conduct of her owner, managing owners, owners *pro hac vice* and/or operators by and through her master, offshore installation manager, crew and shoreside personnel all occurred with the privity and knowledge of limitation complainants, and limitation complainants themselves were negligent in the management of the DEEPWATER HORIZON and in the training and supervision of those working aboard the vessel.

**FIFTH DEFENSE**

Limitation claimant respectfully avers that the security posted by limitation complainants is legally insufficient due to its failure to include the value of all vessels within limitation complaints flotilla, all of which were under common operational control and supervision, thereby rendering the limitation fund inadequate and requiring dismissal of said fund.

**SIXTH DEFENSE**

Limitation claimant respectfully avers that the security posted by limitation complainants is legally insufficient due to its failure to properly compute the fair market value of the DEEPWATER HORIZON as of April 20, 2010 and failure to properly compute the value of freight and passage monies pending to limitation complainants, the limitation fund is therefore inadequate, the value of the limitation complainants' interest in the DEEPWATER HORIZON, her pending freight and passage monies is far greater than the security and any ad interim stipulation, and the limitation fund should therefore be dismissed.

**SEVENTH DEFENSE**

Limitation claimant respectfully avers that all insurance coverage insuring limitation complainants and the DEEPWATER HORIZON for the events and occurrences of April 20, 2010 must be included in the limitation fund in the event that limitation complainants prevail in this limitation of liability proceeding, which limitation claimant denies is appropriate for all reasons stated herein.

**EIGHTH DEFENSE**

Limitation claimant respectfully avers that any recovery by settlement, judgment or otherwise received by limitation complainants from any source in compensation for any losses or damages sustained herein by limitation complainants must be included in the limitation fund in the event that limitation complainants prevail in this limitation of liability proceeding, which limitation claimant denies is appropriate for all reasons stated herein.

**NINTH DEFENSE**

Limitation claimant hereby reserves all rights to pursue his claims in his forum of choice pursuant to 28 U.S.C. § 1333, known as the Savings to Suitors Clause, and in no way does

3

limitation claimant waive or abrogate his right by filing an answer and claim in this limitation proceeding.

## TENTH DEFENSE

Limitation claimant's right to receive maintenance and cure from limitation complainants in their capacity as his employer under the Jones Act, 46 U.S.C. § 30505, et seq. is in no way affected by the limitation of liability proceeding, and any claim for damages arising out of limitation complainants failure to honor their maintenance and cure obligation to this seaman/limitation claimant falls outside of the scope of the limitation of liability proceeding.

## ELEVENTH DEFENSE

And now, answering more particularly the allegations contained in the numbered paragraphs of the Complaint, limitation claimant avers as follows:

I.

Allegations contained in Paragraph 1 of the Complaint are denied for lack of sufficient information to justify a belief therein.

II.

Allegations contained in Paragraph 2 of the Complaint are denied for lack of sufficient information to justify a belief therein.

III.

Allegations contained in Paragraph 3 of the Complaint are denied for lack of sufficient information to justify a belief therein.

IV.

Allegations contained in Paragraph 4 of the Complaint are denied for lack of sufficient information to justify a belief therein.

V.

Allegations contained in Paragraph 5 of the Complaint are denied for lack of sufficient information to justify a belief therein.

VI.

Allegations contained in Paragraph 6 of the Complaint are denied for lack of sufficient information to justify a belief therein.

VII.

Allegations contained in Paragraph 7 of the Complaint are denied.

VIII.

Allegations contained in Paragraph 8 of the Complaint are denied for lack of sufficient information to justify a belief therein.

IX.

Allegations contained in Paragraph 9 of the Complaint are denied for lack of sufficient information to justify a belief therein.

X.

Allegations contained in Paragraph 10 of the Complaint are denied.

XI.

Allegations contained in Paragraph 11 of the Complaint are denied.

XII.

Allegations contained in Paragraph 12 of the Complaint are denied.

XIII.

Allegations contained in Paragraph 13 of the Complaint are denied for lack of sufficient information to justify a belief therein.

XIV.

Allegations contained in Paragraph 14 of the Complaint are denied for lack of sufficient information to justify a belief therein.

XV.

Allegations contained in Paragraph 15 of the Complaint are denied for lack of sufficient information to justify a belief therein.

XVI.

Allegations contained in Paragraph 16 of the Complaint are denied for lack of sufficient information to justify a belief therein.

XVII.

Allegations contained in Paragraph 17 of the Complaint are denied for lack of sufficient information to justify a belief therein.

XVIII.

Allegations contained in Paragraph 18 of the Complaint are denied.

XIX.

Allegations contained in Paragraph 19 of the Complaint are denied for lack of sufficient information to justify a belief therein.

XX.

Allegations contained in Paragraph 20 of the Complaint are denied for lack of sufficient information to justify a belief therein.

XXI.

Allegations contained in Paragraph 21 of the Complaint are denied for lack of sufficient information to justify a belief therein.

XXII.

Allegations contained in Paragraph 22 of the Complaint are denied for lack of sufficient information to justify a belief therein.

XXIII.

Allegations contained in Paragraph 23 of the Complaint are denied for lack of sufficient information to justify a belief therein.

XXIV.

The allegations contained in the prayer for relief constitute conclusions of law to which no response is necessary from limitation complainant. If a response is deemed necessary, said allegations are denied.

## **CLAIM**

**COMES NOW** Michael Williams, through undersigned counsel, and in accordance with the provisions of Supplemental Rule F (5) of the Federal Rules of Civil Procedure, avers on information and belief the facts upon which he relies in support of his claim in limitation:

1.

Limitation claimant re-urges each and every allegation of law and fact set forth herein as if re-pled in their entirety.

2.

On or about April 20, 2010, the DEEPWATER HORIZON was engaged in offshore oil exploration of the BP Maconda Prospect Well in the Gulf of Mexico approximately 50 miles south of the Louisiana coast when the subject hydrocarbon well blew-out, causing multiple fires explosions and fires thereafter sinking to the floor of the seabed.

3.

At all material times, limitation claimant Michael Williams was employed by limitation complaints as a seaman and crewmember of the DEEPWATER HORIZON.

4.

At all material times, and particularly on April 20, 2010, limitation claimant was performing or attempting to perform assigned vessel chores and follow vessel based orders aboard the DEEPWATER HORIZON when she exploded.

5.

The above-described vessel explosion was caused by the negligence, negligence per se and gross negligence of limitation complainants as well as the wanton unseaworthiness of the DEEPWATER HORIZON at all material times.

6.

The above-described casualty caused this claimant to suffer severe injuries to his muscular-skeletal system, central nervous system, brain and connective joints, tissues and nerves as a result of the negligence, negligence per se, gross negligence and wanton unseaworthiness described herein.

7.

As a consequence of the events and occurrences described herein and the resulting severe, painful, permanently and disabling injuries, limitation claimant Michael Williams is entitled to damages for physical pain and suffering, emotional distress, mental anguish, fear, permanent physical and mental impairment, scarring and disfigurement, as well as, lost past earnings and loss of future earning capacity.

8.

This claim is being made under protest and without prejudice to claimant's position that this limitation proceeding is improper and should be dismissed.

9.

Claimant's damages will exceed the limitation fund for all reasons stated herein.

10.

In addition, limitation claimant is entitled to punitive damages from limitation complainants due to their gross negligence and the wanton unseaworthiness of the DEEPWATER HORIZON, all of which created extreme risk to the health, safety and life of limitation claimant and all those aboard the DEEPWATER HORIZON on April 20, 2010.

**WHEREFORE**, Michael Williams prays for judgment against limitation complainants Triton Asset Leasing GmbH, Transocean Holdings, LLC, Transocean Offshore Deepwater Drilling, Inc. and Transocean Deepwater, Inc. and in his favor for compensatory and punitive damages in an amount to be determined under the circumstances of this case, costs and interest as allowed by law on all amounts recovered and any additional general and equitable relief to which limitation claimant may be entitled in this cause.

Respectfully submitted,

<u>/s/ Ronnie G. Penton</u>
RONNIE G. PENTON (T.A.)
(LA # 10462; TX # 24054306)
The Law Offices of Ronnie G. Penton
rgp@rgplaw.com
209 Hoppen Place
Bogalusa, LA 70427
Telephone: (985) 732-5651
Facsimile: (985) 735-5579

and

/s/ Paul M. Sterbcow
Paul M. Sterbcow
(LA #17817)
Lewis, Kullman, Sterbcow & Abramson
601 Poydras Street, Suite 2615
New Orleans, LA 70130
Telephone: (504) 588-1500
Facsimile: (504) 588-1514

and

/s/ Scott Bickford
Scott R. Bickford
(LA # 1165; TX # 02295200)
Martzell & Bickford
338 Lafayette Street
New Orleans, LA 70130
Telephone: (504) 581-9065
Facsimile: (504) 581-7635

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 17th day of September, 2010, filed the above and foregoing pleading through the court's CM/ECF filing system with each party receiving a copy.

/s/ Paul M. Sterbcow