UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179 LIMITATION 10-2771 |
| | SECTION: J |
| This Document Relates to *Karl W. Rhodes v. Transocean, et al, No. 10-cv-01502* | JUDGE BARBIER MAG. JUDGE SHUSHAN |

**Karl W. Rhodes' Answer To and Claims in the Complaint For
Exoneration From or Limitation of Liability and Claim**

Claimant, Karl W. Rhodes, through his undersigned counsel, files his Answer and Claims in response to Triton Asset Leasing GmbH, Transocean Holdings, LLC, Transocean Offshore Deepwater Drilling, Inc., and Transocean Deepwater, Inc. (hereafter "Petitioners") verified Complaint for Exoneration From or Limitation of Liability, and respectfully avers upon information and belief that:

**First Defense**

The allegations of the Complaint fail to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6).

1

## Second Defense

The Limitation of Liability Act, 46 U.S.C. § 30501 *et seq*., is unconstitutional as it deprives the Claimant of property rights without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and does not provide for equal protection of the laws pursuant to the Fifth and Fourteenth Amendments to the United States Constitution.

## Third Defense

Claimant asserts the flotilla doctrine.   The limitation fund is inadequate and the Complaint should be dismissed because Petitioners have failed to deposit adequate security for the Vessel and for the additional vessels within the flotilla, which were under a common operational control, supervision, and enterprise.

## Fourth Defense

The limitation fund is inadequate and the Complaint should be dismissed because Petitioners have failed to deposit adequate security for the vessel identified in the Complaint for Exoneration From or Limitation of Liability and for the additional vessels within the flotilla that were under common operational control, supervision and enterprise.  Pursuant to Rule F(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims, the proper limitation fund must be deposited at the time of filing.  Petitioners' deposit, at the time of filing, did not meet federal standards.  As such, this limitation action must be dismissed.

## Fifth Defense

The limitation fund is inadequate and the Complaint should be dismissed because Petitioners have failed to accurately identify all of the vessels in the flotilla that should be included in the limitation fund.

**Sixth Defense**

The Limitation of Liability Act is not applicable to the instant case because at all times pertinent herein, the *MODU DEEPWATER HORIZON* and/or other vessels contained within the flotilla were operated in a willful, wanton, and reckless manner or, in the alternative, the conduct and actions that lead to Claimant's injuries took place with the privity and knowledge of the owners, managing owners, owners *pro hac vice*, and/or operators of the vessels involved.

**Seventh Defense**

The Limitation of Liability Act is not applicable in the instant case because at all relevant times, the *MODU DEEPWATER HORIZON* and/or the other vessels contained within the flotilla were known by the owners and/or owners *pro hac vice* to be unseaworthy.

**Eight Defense**

To the extent Petitioners' insurers attempt to avail themselves of the limitation/exoneration defense, Claimant assert that the Limitation of Liability Act is unavailable to insurers of vessel owners under the circumstances.  Alternatively, no prima facie case has been made establishing that Petitioners are entitled to avail themselves of the Limitation of Liability Act.

**Ninth Defense**

The Complaint for Exoneration From or Limitation of Liability contains vague and ambiguous statements that are objectionable under Federal Rule of Civil Procedure 12(e), and Claimant seeks more definitive statements of the allegations, regardless of the nature, manner, and extent of their Claim and Answer herein.

**Tenth Defense**

The events culminating in the injuries of Claimant were the result of the negligence, fault,

or want of due care on the part of Petitioners and/or those for whom Petitioner are responsible, and/or the unseaworthiness of the *MODU DEEPWATER HORIZON* and/or other vessels within the flotilla under common operational control, supervision and enterprise, all of which was within the privity and knowledge of Petitioners, for which the Complaint for Exoneration From of Limitation of Liability should be denied.

### Eleventh Defense

The events culminating in Claimant's injuries were not the result of any negligence, fault, or, want of due care on his part or those for whom he may be responsible.

### Twelfth Defense

Claimant further alleges that there was insurance coverage on the *MODU DEEPWATER HORIZON* insuring Petitioners should an event occur like the one that is the subject of Claimant's claims, and the proceeds of said insurance policy should be included in this limitation proceeding if the Court determines these limitation proceedings are appropriate.

### Thirteenth Defense

Claimant avers that the proceeds of any judgment, award, or settlement that Petitioners may receive from any third party in recompense of any losses or damages sustained herein to Petitioners' property or interests, as a result of the fault or alleged fault of said third party, must be included in the limitation fund.

### Fourteenth Defense

Claimant reserves the right to contest the appraisal value of the *MODU DEEPWATER HORIZON* and/or for any additional vessels in the flotilla, their engines, apparel, appurtenances, pending freight, etc., and the adequacy of the security.

4

**Fifteenth Defense**

The Complaint does not affect Claimant's right to maintenance and cure from the limitation complainants in their capacity as his employer under the Jones Act, 46 U.S.C. § 30505 *et seq* and any damage claim arising out of the limitation complainants' failure to honor this obligation to this seaman/limitation claimant falls outside the scope of the limitation of liability proceeding.

**Sixteenth Defense**

The limitation fund is inadequate and should be increased and/or this action should be dismissed because the limitation fund does not properly account for the value of the minerals and other appurtenances, attachments, freight and/or cargo aboard the vessel, subject to the control of the vessel, and/or owned by the Petitioners.

**Seventeenth Defense**

AND NOW, specifically reserving all defenses asserted herein, including, without limitation Claimant responds to the individual Paragraphs of the Complaint for Exoneration From or Limitation of Liability, upon information and belief, as follows:

1.

The allegations contained in Paragraph 1 of the Complaint are legal conclusions that require no response or, alternatively, contain statements of law or mixed statements of law and fact and, as such, Claimant is not required to answer them. To the extent that Claimant is required to answer these allegations, he denies the allegations of Paragraph 1 for lack of sufficient information to justify a belief therein.

2.

Claimant denies the allegations contained in Paragraph 2 of the Complaint for lack of

5

sufficient information to justify a belief therein.

3.

Claimant denies the allegations contained in Paragraph 3 of the Complaint for lack of sufficient information to justify a belief therein.

4.

Claimant denies the allegations contained in Paragraph 4 of the Complaint for lack of sufficient information to justify a belief therein.

5.

Claimant denies the allegations contained in Paragraph 5 of the Complaint for lack of sufficient information to justify a belief therein.

6.

Claimant denies the allegations contained in Paragraph 6 of the Complaint for lack of sufficient information to justify a belief therein.

7.

The allegations contained in Paragraph 7 of the Complaint concerning the description of the vessel's physical characteristics are denied for lack of sufficient information to justify a belief therein, and the allegations that she was in "all respects seaworthy" and further allegations concerning her actual condition are denied.

8.

The allegations contained in Paragraph 8 of the Complaint are admitted insofar as the *MODU DEEPWATER HORIZON* lay sunken, but Claimant denies that the remaining allegations of Paragraph 8 for lack of sufficient information to justify a belief therein.

6

9.

The allegations contained in Paragraph 9 of the Complaint to the extent that they allege details concerning the voyage and its purpose are denied for lack of sufficient information to justify a belief therein.   Claimant denies the allegations that the *MODU DEEPWATER HORIZON* was conducting normal drilling.  Claimant admits that a fire and explosion(s) severely damaged the *MODU DEEPWATER HORIZON*, that it sank and caused the injury and deaths to persons aboard the *MODU DEEPWATER HORIZON*.

10.

Claimant denies the allegations contained in Pargaraph 10 of the Complaint.

11.

Claimant denies the allegations contained in Pargaraph 11 of the Complaint.

12.

Claimant denies the allegations contained in Pargaraph 12 of the Complaint.

13.

Claimant denies the allegations contained in Paragraph 13 of the Complaint for lack of sufficient information to justify a belief therein.

14.

Claimant denies the allegations contained in Paragraph 14 of the Complaint for lack of sufficient information to justify a belief therein.

15.

The allegations contained in Paragraph 15 of the Complaint are statements identifying counsel for which no response is necessary.  If required to respond, Claimant denies the allegations

contained in Paragraph 15 of the Complaint for lack of sufficient information to justify a belief therein.

16.

The allegations contained in Paragraph 16 of the Complaint are statements identifying the location of potential claims for which no response is necessary.  If required to respond, Claimant denies the allegations contained in Paragraph 16 of the Complaint for lack of sufficient information to justify a belief therein.

17.

Claimant denies the allegations contained in Paragraph 17 of the Complaint for lack of sufficient information to justify a belief therein.

18.

Claimant denies the allegations contained in Pargaraph 18 of the Complaint.

19.

Claimant denies the allegations contained in Paragraph 19 of the Complaint for lack of sufficient information to justify a belief therein.

20.

The allegations contained in Paragraph 20 of the Complaint are Petitioners' statements for which no response is necessary.  To the extent a response is necessary, Claimant denies these allegations.

21.

The allegations contained in Paragraph 21 of the Complaint are Petitioners' statements for which no response is necessary.  To the extent a response is necessary, the allegations are denied.

22.

Claimant denies the allegations contained in Paragraph 22 of the Complaint for lack of sufficient information to justify a belief therein.

23.

Claimant denies the allegations contained in Paragraph 23 of the Complaint for lack of sufficient information to justify a belief therein.

24.

The allegations contained in the prayer for relief are not statements of fact, but conclusions of law, for which no response is necessary from this claimant.  However, if a response is deemed necessary, said allegations are denied. Claimant further specifically denies the adequacy of the valuation of the *MODU DEEPWATER HORIZON* and/or the other vessels in its flotilla as asserted by Petitioners.  Claimant further re-urges his prior objection to Petitioners' failing to include the value of all insurance proceeds and any sums received or which may be received by Petitioners from any third party as a result of the fault or alleged fault of said third party having caused damage to the

property interests of Petitioners.  Claimant further denies the adequacy of Petitioners's Ad Interim Stipulation for an amount equal to the value of its interest in the *MODU DEEPWATER HORIZON* and hereby makes demand for Petitioners to either deposit cash proceeds into the registry of the Court in the amount of the stated value of the vessel(s) and/or provide a bond for the value of the vessel( s), issued by a reputable surety company to be approved by the Court.  In so doing, Claimant specifically reserves the right to contest the stated value of the vessel and the limitation fund as aforesaid.

9

**Karl W. Rhodes' Claim in the Complaint for
Exoneration From or Limitation of Liability**

COMES NOW, limitation claimant Karl W. Rhodes, appearing through his undersigned

counsel and in accordance with the provisions of Supplemental Rule F(5) of the Federal Rules of

Civil Procedure, files his Claim in the Complaint for Exoneration From or Limitation of Liability,

and avers upon information and belief as follows:

1.

Limitation claimant Karl W. Rhodes (hereafter "Claimant") reserves and otherwise re-urges

each and every defense, objection, and allegations of law and fact stated herein as if re-pled in their

entirety.

2.

Claimant incorporates and adopts by reference, as if copied herein, the complaint that he

filed in this Honorable Court in the matter entitled *Karl W. Rhodes versus Transocean, Ltd., et al*,

Case No. 2:10-cv-01520, Section N.  By order of this Court, this case was re-assigned to Section J.

3.

On April 20, 2010 at about 10:00 p.m., Claimant , who was aboard the *MODU DEEPWATER*

*HORIZON* (sometime referred to as the "vessel"), was physically, mentally, and emotionally injured

when an explosion or explosions and fire aboard the vessel occurred suddenly and without warning.

4.

This incident, fire, or explosion(s) and Claimant's injuries were caused directly and

proximately by the combined or individual negligence and fault of the defendants, their respective

employees, agents, servants, officers, and crew, which negligence and fault Claimant avers includes,

but not exclusively, the following:

    A.    Breaching a legally imposed duty of care owed by the defendants to him;

    B.    Allowing unsafe conditions to exist aboard the vessel;

    C.    Failing to exercise reasonable care and to take reasonable precautions under the circumstances for the safety of Claimant and others aboard the vessel;

    D.    Failing to properly perform the operation ongoing when the incident happened;

    E.    Failing to take all appropriate precautions to avoid this incident, fire, and explosion(s);

    F.    Failing to provide adequate safety equipment and specifically inhibiting vital safety systems aboard the vessel that would have forewarned Claimant and others of an impending explosion and would have lead to automated procedures that would have resulted in the shut down of various rig systems which shut-down was designed to prevent the type of explosion that occurred;

    G.    Allowing gas from the well to be vented at or near the rig floor;

    H.    Failing to have all proper equipment and gear necessary to perform the job being performed at the time of the incident, fire, and explosion(s) in a safe manner;

    I.    Failing to keep the equipment on board the vessel in proper condition and repair;

    J.    Failing to properly inspect the rig and all of its equipment and gear;

    K.    Failing to have sufficient number of properly trained and qualified personnel to perform the job in a safe manner being performed at the time of the incident, fire, and explosion(s);

L.   Failing to furnish Claimant with a safe place in which to work;

M.   Violating government and industry, rules, regulations, and standards, all of which are pleaded as if copied at length herein;

N.   Acting in a grossly negligent, reckless, wilful and wanton manner with respect to the ownership and operation of the rig, the operation which was ongoing at the time of the incident, fire, and explosion(s) and with respect to Claimant and others who were aboard the vessel;

O.   Other acts of negligence and fault which may be shown through discovery or at trial;

P.   Generally, the failure of these defendants to act with the required degree of care commensurate with the existing situation.

5.

Claimant also avers that this incident was caused by the unseaworthiness of the vessel, her gear, tools, appliances, and personnel.

6.

Claimant specifically pleads the doctrine of *res ipsa loquitur* inasmuch as the defendants herein owned and had custody and control of the rig where the incident occurred and which incident could not have occurred absent the negligent conduct of one or all of the defendants herein.

7.

In addition, and alternatively, this incident was caused by defective equipment that was manufactured or in the care, custody, and control of one or more of the defendants. The defendants knew or should have known of these defects and defendants are, therefore, liable for them.

12

8.

This incident or explosion caused Claimant severe and permanent injury, and he has and will continue to indefinitely suffer bodily injuries, mental anguish, distress, depression, and the loss or diminishment of enjoyment of life, wage losses and/or the impairment of earning capacity, and other damages and injuries that will be shown at trial.  And because of this incident, he and has or will incur surgical, hospital, and other medical expenses.  He is currently suffering from post-traumatic stress disorder, depression, anxiety, and other injuries that will be shown at trial.

9.

Claimant is entitled to recover the full measure of his damages caused by this incident and which damages include the following, but not exclusively, as follows:

A.     Physical and mental injury, pain and suffering, mental anguish, distress and fright, past and future;

B.     Loss of earnings, past and future;

C.     Loss of fringe benefits;

D.     Loss of found, past and future;

E.     Loss of earning capacity;

F.     Loss of or impairment of the enjoyment of life;

G.     Mental anguish, grief, depression, anxiety, and suffering;

H.     Medical and related expenses, past and future;

I.     Punitive or exemplary damages;

J.     Other items of damages that may be shown through discovery or at trial;

K.     All appropriate and equitable relief;

13

L.     Prejudgment interest on all sums awarded from date of loss until paid;

M.     Post-judgment interest on all sums awarded from date of judgment until paid;

N.     All court and litigation costs allowed by law.

10.

Due to the injuries caused by this incident, Claimant is unfit for duty and is unable to return to duty.

11.

Claimant has not reached maximum medical cure.

12.

Claimant is also entitled to punitive damages because the defendants' aforementioned actions were grossly negligent and reckless. Their conduct was willful, wanton, arbitrary, and capricious. They acted with flagrant and malicious disregard of Claimant's health and safety and the health and safety of his co-workers. The defendants knew or should have known or were subjectively aware of the extreme risk posed by the conditions that caused Claimant's injuries, but chose to do nothing to rectify them. Instead, the defendants proceeded despite the dangerous conditions that were posed to Claimant by the faulty, defective equipment. The defendants did so knowing that the conditions posed dangerous and grave safety concerns. The defendants' acts and omissions involved an extreme degree of risk considering the probability and magnitude of potential harm to Claimant and others. The defendants had actual, subjective awareness of the risk, and consciously disregarded such risk. Moreover, Claimant may recover punitive damages under the general maritime law because of the Vessel's unseaworthiness following the United States Supreme Court's ruling in *Atlantic Sounding* and other applicable jurisprudence. All of the conduct mentioned in the above paragraphs was

14

within the knowledge and privity of the defendants.

13.

Pursuant to Claimant's original Complaint, the Court has found that he is a Jones Act seaman and is entitled to file and prosecute this litigation without prepayment of costs.  *See* Rec. Doc. 70 filed in Claimant's Complaint under Docket No. 2:10-CV-01502 of this Court's docket.

WHEREFORE, limitation claimant, Karl W. Rhodes, prays that after due proceedings are had that:

A.     The Court dismiss the complaint seeking Exoneration From or Limitation of Liability and the Court dissolve the injunction and restraining order it granted earlier in this matter;

B.     Alternatively, the defendants be required to deposit additional security in the minimum amount required by law for the full value of all vessels in the flotilla which were under common operational control and supervision and engaged in a common enterprise and that said security be by way of a cash deposit into the registry of the Court or a bond issued by a surety approved by the Court and be based upon an appraisal issued by a commissioner appointed by the Court; in default of which the Complaint seeking Exoneration From or Limitation of Liability be dismissed; and pending such deposit any injunction and/or restraining order be dissolved;

C.     There be judgment in Claimant's favor and against the defendants and their respective liability insurers for compensatory, punitive, exemplary, and other appropriate damages, together with prejudgment interest at the maximum legal rate from date of loss until paid, and for all costs of these proceedings;

15

D.     The Court continue to recognize that Claimant is entitled to file, proceed, and prosecute his claim as a Jones Act seaman without prepayment of cost pursuant to his order signed June 14, 2010 (Rec. Doc. 70);

E.     The Court grant Claimant all further relief to which he is entitled, whether at law or in equity.

Respectfully submitted,


 *s/ Richard R. Kennedy*

RICHARD R. KENNEDY (# 7788), T.A.
RICHARD R. KENNEDY III (#26951)
309 Polk Street
P.O. Box 3243
Lafayette, LA   70502-3243
Phone:   (337) 232-1934
Fax:       (337) 232-9720
E-Mail:  ken309@richardkennedy.com
*Attorneys for Karl W. Rhodes*

---

**Certificate of Service**

I hereby certify that on this 22nd day of September, 2010, I electronically filed this Pleading with the Clerk of Court through the CM/ECF system, which will send a notice of electronic filing to all counsel of record.  I will send a notice of this filing to all known non-CM/ECF users.

*s/Richard R. Kennedy*
RICHARD R. KENNEDY

---

17