UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | CIVIL ACTION NO. 10-CV-2771 |
| | JUDGE BARBIER |
| THIS DOCUMENT RELATES TO: 02:10-CV-1156 | MAGISTRATE JUDGE SHUSHAN |

**************************************************************************

## ANSWER AND CLAIM OF MICHELLE M. JONES

Claimant, **Michelle M. Jones, individually and as personal representative of her minor sons Stafford Hess Jones and Maxwell Gordon Jones**, files this Answer and Claim in response to Petitioners, Triton Asset Leasing GmbH; Transocean Holdings, LLC; Transocean Offshore Deepwater Drilling, Inc. and Transocean Deepwater Inc.'s ("Petitioners") Verified Complaint for Exoneration from or Limitation of Liability and respectfully represents to the Court that:

### FIRST DEFENSE

The allegations of the Complaint fail to state a claim upon which relief may be granted. Fed. R. Civ. 12(b)(6).

### SECOND DEFENSE

The Limitation of Liability Act, 46 U.S.C. §§ 30501 *et seq.*, is unconstitutional in that it deprives the Claimant of property rights without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution does not provide for equal protection of the laws pursuant to the Fifth and Fourteenth Amendments to the United States Constitution.

### THIRD DEFENSE

The limitation fund is inadequate and the Complaint should be dismissed because Petitioners have failed to deposit adequate security for the vessel identified in the Complaint for Exoneration from or Limitation of Liability. Pursuant to Rule F(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims, the proper limitation fund must be deposited at the time of filing. Petitioners' deposit, at the time of filing, did not meet federal standards. As such, this limitation action must be dismissed.

### FOURTH DEFENSE

The Limitation of Liability Act is not applicable to the instant case because at all times

pertinent herein, the *MODU DEEPWATER HORIZON* was operated in a willful, wanton and reckless manner or, in the alternative, the conduct and actions which led to the injuries and death of Gordon Lewis Jones took place with the privity and knowledge of the owners, managing owners, owners *pro hac vice* and/or operators of the vessels herein.

### FIFTH DEFENSE

The Limitation of Liability Act is not applicable in the instant case because, at all relevant times, the *MODU DEEPWATER HORIZON* was known by the Petitioners, the owner and/or owner *pro hac vice* to be unseaworthy.

### SIXTH DEFENSE

To the extent Petitioners' insurers attempt to avail themselves of the limitation/exoneration defense, Claimant asserts that the Limitation of Liability Act is unavailable to insurers of vessel owners under the circumstances. In the alternative, no *prima facie* case has been made establishing they are entitled to avail themselves of the Limitation of Liability Act.

### SEVENTH DEFENSE

The Complaint for Exoneration from or Limitation of Liability contains vague and ambiguous statements which are objectionable under Federal Rule of Civil Procedure 12(e), and Claimant seeks more definitive statements of the allegations, regardless of the nature, manner and extent of their Claim and Answer herein.

### EIGHTH DEFENSE

The events culminating in the injuries and death of Gordon Lewis Jones were the result of gross, willful and wanton negligence, fault and/or want of due care on the part of Petitioners as are those for whom Petitioners are responsible, and/or the unseaworthiness of the *MODU DEEPWATER HORIZON* all of which was within the privity and knowledge of Petitioners, for which the Complaint for Exoneration from or Limitation of Liability should be denied.

### NINTH DEFENSE

The events culminating in Gordon Lewis Jones' injuries and death were not the result of any negligence, fault or want of due care on his part or those for whom he may have been responsible.

### TENTH DEFENSE

Claimant further alleges that there was insurance coverage on the *MODU DEEPWATER HORIZON* ensuring Petitioners in the event of an occurrence such as that which is the subject of

Claimant's claims, and the proceeds of said insurance policy should be included in this limitation preceding in the event the Court determines that these limitation proceedings are appropriate.

### ELEVENTH DEFENSE

Claimant states that the proceeds of any judgment, award or settlement which may be received by Petitioners from any third-party in recompense for any losses or damages sustained herein to the property or interests of Petitioners, as result of the fault or alleged fault of said third party, must be included in the limitation fund.

### TWELFTH DEFENSE

In filing this Answer and Claim, Claimant specifically reserves all rights to pursue, should she so choose, all available claims in state court for resolution of any and all issues beyond the exclusive jurisdiction of this Admiralty Court pursuant to the "Saving to Suitors" clause, 28 U.S.C. § 1333, and all state law remedies.

### THIRTEENTH DEFENSE

Claimant specifically reserves all rights to pursue, should she so choose, all available claims and rights in the forum of her choice for resolution of any and all issues beyond the exclusive jurisdiction of this Admiralty Court pursuant to the "Savings to Suitors" clause, 28 U.S.C. § 1333, and no part of this Claim and Answer is a waiver of this defense for these rights. Claimant reserves the right to pursue, should she so choose, a motion to lift the injunction and stay of these proceedings in other forums upon Petitioners' failure to obtain relief in this limitation action, should resolution of this action precede judgment in other actions.

### FOURTEENTH DEFENSE

The limitation fund is inadequate and should be increased and/or this action should be dismissed because the limitation fund does not properly account for the value of the minerals and other appurtenances, attachments, freight and/or cargo aboard the vessel, subject to the control of the vessel and/or owned by the Petitioners.

AND NOW, specifically reserving all the defenses asserted herein, Claimant responds to the individual Paragraphs of the Complaint for Exoneration from or Limitation of Liability, upon information and belief, as follows:

1.

The allegations contained in Paragraph 1 of the Complaint or legal conclusions require no response.

2.

The allegations contained in Paragraph 2 of the Complaint are denied for lack of sufficient information to justify a belief therein.

3.

The allegations contained in Paragraph 3 of the Complaint are denied for lack of sufficient information to justify a belief therein.

4.

The allegations contained in Paragraph 4 of the Complaint are denied for lack of sufficient information to justify a belief therein.

5.

The allegations in Paragraph 5 of the Complaint are denied for lack of sufficient information to justify a belief therein.

6.

The allegations contained in Paragraph 6 of the Complaint are denied for lack of sufficient information to justify belief therein.

7.

The allegations contained in Paragraph 7 of the Complaint concerning the description of the vessel's physical characteristics are denied for lack of sufficient information to justify a belief therein, and the allegations that she was in "all respects seaworthy" and further allegations concerning her actual condition are denied.

8.

The allegations contained in Paragraph 8 of the Complaint are admitted in so far as the *MODU DEEPWATER HORIZON* has sunk; the allegation that she is not within a federal district is denied.

9.

The allegations contained in Paragraph 9 of the Complaint to the extent that they allege details concerning the voyage and its purpose are denied for lack of sufficient information to justify a belief therein. Allegations that the *MODU DEEPWATER HORIZON* was conducting normal

drilling are denied. Allegations that a fire and explosions severely damage the *MODU DEEPWATER HORIZON*, that it sank and caused injury and deaths to persons aboard said vessel are admitted.

10.

The allegations contained in Paragraph 10 of the Complaint are denied.

11.

The allegations contained in Paragraph 11 of the Complaint are denied.

12.

The allegations contained in Paragraph 12 of the Complaint are denied.

13.

The allegations contained in Paragraph 13 of the Complaint are denied for lack of sufficient information to justify a belief therein.

14.

The allegations contained in Paragraph 14 of the Complaint are denied for lack of sufficient information to justify a belief therein.

15.

The allegations contained in Paragraph 15 of the Complaint are statements identifying counsel for which no response is required.

16.

The allegations contained in Paragraph 16 of the Complaint are statements identifying the location of potential claims for which no response is required.

17.

The allegations contained in Paragraph 17 of the Complaint are denied for lack of sufficient information to justify belief therein.

18.

The allegations contained in Paragraph 18 of the Complaint are denied.

19.

The allegations contained in Paragraph 19 of the Complaint are denied for lack of sufficient information to justify a belief therein.

20.

The allegations contained in Paragraph 20 of the Complaint are statements of the Petitioners for which no response is required.  To the extent a response is required, the allegations are denied.

21.

The allegations contained in Paragraph 21 of the Complaint are statements of the Petitioners for which no response is required.  To the extent a response is required, the allegations are denied.

22.

The allegations contained in Paragraph 22 of the Complaint are denied for lack of sufficient information to justify a belief therein.

23.

The allegations contained in Paragraph 23 of the Complaint are denied for lack of sufficient information to justify a belief therein.

24.

The allegations contained in the prayer for relief constitute conclusions of law to which no response is necessary but, to the extent that a response is required, said allegations are denied.

AND NOW, specifically reserving all the defenses asserted herein, Claimant, pursuant to the provisions of Supplemental Rule F(5) of the Federal Rules of Civil Procedure, files her Claim in the Complaint for Exoneration from or Limitation of Liability, representing that:

25.

Claimant re-urges each and every defense and objection set forth above as if the same were stated herein verbatim.

26.

Gordon Lewis Jones was at all times pertinent herein, including April 20, 2010, married to and living with Claimant Michelle M. Jones.

27.

Of the marriage between Gordon Lewis Jones and Michelle M. Jones, two children born: Stafford Hess Jones on March 28, 2008 and Maxwell Gordon Jones born on May 14, 2010.

28.

On or about April 20, 2010, Gordon Lewis Jones was an employee of M-I, L.L.C. and working aboard a semi-submersible vessel, the *MODU DEEPWATER HORIZON* which vessel, at

that time, was located in the navigable waters of the Gulf of Mexico off the coast of Louisiana.

29.

At all times pertinent herein, including April 20, 2010, *MODU DEEPWATER HORIZON* was owned and/or operated and/or owned *pro hac vice* by Triton Asset Leasing GmbH; Transocean Holdings, LLC; Transocean Offshore Deepwater Drilling, Inc. and/or Transocean Deepwater, Inc.

30.

On or about April 20, 2010, Gordon Lewis Jones was a seaman and a member of the crew of the *MODU DEEPWATER HORIZON,* having a substantial employment connection to said vessel and contributing to its function and mission.

31.

On April 20, 2010, as a result of Petitioners' negligence, gross, reckless, willful, wanton, negligence and negligence *per se*, and Petitioners' gross, willful, reckless and wanton conduct in the creation of unseaworthy conditions on board the vessel, the MODU DEEPWATER HORIZON exploded, caught fire and, ultimately sank.

32.

As a result of the aforementioned negligence, gross negligence, willful and wanton negligence, and negligence *per se* of Petitioners as well as the unseaworthy conditions caused by Petitioners' gross, willful, reckless, and wanton conduct, Gordon Lewis Jones suffered extreme fright as well as grievous and painful injuries and ultimately died. The body of Gordon Lewis Jones has never been found. A Judgment of Presumptive Death was filed and entered on August 10, 2010.

33.

Although formal discovery has not yet begun and although multiple governmental investigations have not been completed, it is alleged on information and belief that Petitioners' gross, willful and wanton conduct in causing the explosions and fires aboard the MODU DEEPWATER HORIZON as well as the injuries and death of Gordon Lewis Jones, includes, but is not necessarlity limited to the following:

- A. Negligent failure to properly perform the operation which was ongoing at the time of the accident in question;
- B. Negligent failure to take all appropriate precautions to avoid an accident and explosion of the kind which occurred;

C. Negligent failure to have all proper equipment and gear necessary to perform the job being performed at the time of the accident and explosion in a safe manner;

D. Negligent failure to keep the equipment being used in the operation in proper condition and repair;

E. Negligent failure to properly inspect the rig and all of its equipment and gear;

F. Negligent failure to have sufficient number of properly trained and qualified personnel to perform the job ongoing at the time of the accident in a safe manner;

G. Negligent failure to properly train and/or instruct and/or warn Gordon Lewis Jones and those similarly situated;

H. Negligent violation of government and industry rules, regulations and standards;

I. Negligent in proceeding with the operation in the face of negative pressure and other testing would show that well integrity have not been established and that there was an extreme risk of a blowout, explosion and fire;

J. Negligent in placing of heavy drilling mud with seawater at a time when there was no well integrity, under balancing the well and allowing hydrocarbons under pressure to flow up to the production casing and past the blowout prevent;

K. Negligent in ignoring data showing an influx of pressured hydrocarbons and an increase in drill pipe pressure which were unmistakable signals of a blowout in progress;

L. Negligent failure to take steps to prevent the blowout in progress in the face of test data which called for immediate protective measures to control the well;

M. Negligent failure in closing the blowout prevent her and diverter, routing the fluids exiting the riser to the vessel's mind gas separator system rather than to the overboard diverter line;

N. Negligent failure in following the diversion of the hydrocarbons to the mud gas separator, venting the hydrocarbons directly onto the rig through a 12" gooseneck vent and other flowlines which allowed the hydrocarbons onto the rig floor and ignition sources;

O. Negligent failure to properly inspect, maintain and repair a blowout preventer, which blowout preventer was in disrepair and was unseaworthy and which failed to seal the

|   |   |
|---|---|
|    | well; |
| P. | Negligent failure to have a fire and gas system which allowed for the dispersion of hydrocarbons and, ultimately, their ignition; |
| Q. | Negligent failure to have a crew which was not properly trained and overly worked with rendered the vessel unseaworthy; |
| R. | Other items of unseaworthiness which may be shown through discovery or at trial; |
| S. | Other acts of gross, willful, reckless and wanton conduct which may be shown through discovery or at trial; |
| T. | Generally, the failure of these Petitioners to act with the required degree of care commensurate with the existing situation. |

34.

Claimant specifically pleads the doctrine of *res ipsa loquitur* inasmuch as the Petitioners herein owned and had custody and control of the vessel where the catastrophe occurred in which catastrophe could not have occurred absent the negligent conduct of one or more of the Petitioners herein.

35.

The conduct of Petitioners herein entitles Claimant to recover individually and on behalf of her two minor children from Petitioners, *in solido*, damages caused by their conduct which damages are listed more particularly, but not exclusively, as follows:

|   |   |
|---|---|
| A. | Physical injury, pain and suffering of Gordon Lewis Jones prior to death; |
| B. | Extreme fright, mental injury, mental anguish and distress of Gordon Lewis Jones prior to death; |
| C. | Loss of found, past and future; |
| D. | Loss of earnings and support; |
| E. | Funeral and related expenses; |
| F. | Loss of nurture, guidance and support; |
| G. | Medical and related expenses of Michelle M. Jones; |
| H. | Loss of inheritance; |
| I. | Mental anguish, grief, profound depression, anxiety and suffering of Michelle M. Jones; |

J.  Loss of enjoyment of life of Michelle M. Jones and her two children;

K.  Loss of love, affection, comfort and society of Michelle M. Jones and her two children;

L.  Punitive/exemplary damages;

M.  Other items of damage which may be shown through discovery or a trial;

N.  All appropriate general and equitable relief;

O.  Prejudgment interest of all sums awarded from date of loss until judgment;

P.  Post-judgment interest on all sums awarded from date of judgment until paid; and

Q.  All court costs and litigation costs allowed by law.

36.

This claim is being made under protest and without prejudice to Claimant's position that the limitation preceding is improper and should be dismissed.

37.

Claimant's damages will exceed limitation fund for all the reasons stated hereinabove.

WHEREFORE, Claimant, Michelle M. Jones, individually and as personal representative of her minor sons Stafford Hess Jones and Maxwell Gordon Jones, prays for judgment against Petitioners, Triton Asset Leasing GmbH; Transocean Holdings, LLC; Transocean Offshore Deepwater Drilling Inc. and Transocean Deepwater, Inc., and in her favor for compensatory and punitive damages in an amount to be determined under the circumstances of this case, costs and interest as allowed by law on all amounts recovered from date of loss until paid for all additional general and equitable relief to which the Claimant is entitled.

By attorneys:

*s/John W. deGravelles*
**JOHN W. deGRAVELLES** (#04808), T.A.
RANDOLPH W. HUNTER (#7084)
J. NEALE deGRAVELLES (#29143)
deGravelles, Palmintier, Holthaus & Frugé, L.L.P.
618 Main Street
Baton Rouge, Louisiana 70801-1910
225/344-3735 / Fax:  225/336-1146
jdegravelles@dphf-law.com
rhunter@dphf-law.com
ndegravelles@dphf-law.com

# **CERTIFICATE**

       I HEREBY CERTIFY that on this 6th day of October, 2010, the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Andrew Blanchfield, Anthony G. Buzbee, Charles Felix Herd, Jr., Cory D. Itkin, David Ashley Bagwell, Ernest H. Cannon, Evans Martin McLeod, Frank Anthony Piccolo, George W. Finkbohner, III, Innes Mackillop, James M. Garner, Jason Aron Itkin, Jay M. Kilpatrick, John C. Schwambach, Jr., John M. Elsley, Johnny N. Garza, Jr., Karen Delcambre McCarthy, Kevin T. Dossett, Kurt Brynilde Arnold, Lanny R. Zatzkis, Lawrence J. Centola, III, M. Paul Skrabanek, Marcus Grant Matthews, Matthew D. Shaffer, Michael C. Palmintier, Michael R. Holley, Minh Tam Tran, Neil Franz Nazareth, Paul M. Sterbcow, R. Michael Underhill, Richard R. Kennedy, Robert P. Wynne, Robert T. Cunningham, Ronald L. White, Ronnie Glynn Penton, Scott R. Bickford, Spencer R. Doody, Stephen C. Olen, Stephen M. Ketyer, Steven L. Nicholas, Thomas E. Bilek, Thomas M. Sims, William F. Merlin, Jr., William M. Quin, II and Yvette Anne D'Aunoy by operation of the court's electronic filing system.

                                  *s/John W. deGravelles*
                                **JOHN W. deGRAVELLES**