IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010 | MDL NUMBER 2179 SECTION: J<br><br>Judge Barbier<br>Mag. Judge Shushan |
| This Document Relates to: 10-CV-2771 | |

## ANSWER, DEFENSES, AND NOTICE OF CLAIM FILED ON BEHALF OF CLAIMANT CHADWICK MURRAY

**COMES NOW** Claimant Chadwick Murray through undersigned counsel and responds to the Verified Complaint for Exoneration From or Limitation of Liability filed by Triton Asset Leasing GmbH, Transocean Holdings LLC, Transocean Offshore Deepwater Drilling, Inc., Transocean Deepwater, Inc.'s ("Petitioners")by setting forth the following answer, defenses, and notice of claim, as follows:

(1)

The allegations contained in Paragraph 1 of the Complaint are denied for lack of sufficient information to justify a belief therein.

(2)

The allegations contained in Paragraph 2 of the Complaint are denied for lack of sufficient information to justify a belief therein.

(3)

The allegations contained in Paragraph 3 of the Complaint are denied for lack of sufficient information to justify a belief therein.

(4)

The allegations contained in Paragraph 4 of the Complaint are denied for lack of sufficient information to justify a belief therein.

(5)

The allegations contained in Paragraph 5 of the Complaint are denied for lack of sufficient information to justify a belief therein.

(6)

The allegations contained in Paragraph 6 of the Complaint are denied for lack of sufficient information to justify a belief therein.

(7)

The allegations contained in Paragraph 7 of the Complaint are denied.

(8)

The allegations contained in Paragraph 8 of the Complaint are denied for lack of sufficient information to justify a belief therein.

(9)

The allegations contained in Paragraph 9 of the Complaint are denied for lack of sufficient information to justify a belief therein.

(10)

The allegations contained in Paragraph 10 of the Complaint are denied.

(11)

The allegations contained in Paragraph 11 of the Complaint are denied.

(12)

The allegations contained in Paragraph 12 of the Complaint are denied.

(13)

The allegations contained in Paragraph 13 of the Complaint are denied for lack of sufficient information to justify a belief therein.

(14)

The allegations contained in Paragraph 14 of the Complaint are denied for lack of sufficient information to justify a belief therein.

(15)

The allegations contained in Paragraph 15, including sub-parts a -g, of the Complaint are denied for lack of sufficient information to justify a belief therein.

(16)

The allegations contained in Paragraph 16 of the Complaint are denied for lack of sufficient information to justify a belief therein.

(17)

The allegations contained in Paragraph 17 of the Complaint are denied for lack of sufficient information to justify a belief therein.

(18)

The allegations contained in Paragraph 18 of the Complaint are denied.

(19)

The allegations contained in Paragraph 19 of the Complaint are denied for lack of sufficient information to justify a belief therein.

(20)

The allegations contained in Paragraph 20 of the Complaint are denied for lack of sufficient information to justify a belief therein.

(21)

The allegations contained in Paragraph 21 of the Complaint are denied for lack of sufficient information to justify a belief therein.

(22)

The allegations contained in Paragraph 22 of the Complaint are denied for lack of sufficient information to justify a belief therein.

(23)

The allegations contained in Paragraph 23 of the Complaint are denied for lack of sufficient information to justify a belief therein.

(24)

The allegations contained in the prayer for relief are not statements of fact, but conclusions of law, from which no response is necessary from this claimant. However, if response be deemed necessary, said allegations are denied. Claimant further specifically denies the adequacy of the valuation of THE MODU DEEPWATER HORIZON and/or the other vessels in its flotilla as asserted by Petitioners. Claimant further denies the adequacy of Petitioners's Ad Interim Stipulation for an amount equal to the value of its interest in THE MODU DEEPWATER HORIZON and/or other vessels in its flotilla and their appurtenances and hereby makes demand for Petitioners to either deposit cash proceeds into the registry of the Court in the amount of the stated value of the vessel(s) and/or provide a bond for the value of the vessel(s),

issued by a reputable surety company to be approved by the Court. In so doing, Claimant specifically reserves the right to contest the stated value of the vessel and the limitation fund as aforesaid. Claimant further denies the applicability of Petitioners' Complaint to claims arising under the Oil Pollution Act of 1990. Metlife Capital Corp. v. M/V EMILY S., 132 F.3d 818 (1st Cir. 1997).

AND IN FURTHER ANSWER TO AND DEFENSE OF THE PETITION, CLAIMANT WOULD STATE THE FOLLOWING AFFIRMATIVE DEFENSES:

(25)

The allegations of the Complaint fail to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6).

(26)

The allegations of the Complaint fail to join necessary parties.

(27)

The Limitation of Liability Act, 46 U.S.C. § 30501 et seq., is unconstitutional in that it deprives the Claimant of property rights without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and does not provide for equal protection of the laws pursuant to the Fifth and Fourteenth Amendments to the United States Constitution.

(28)

Claimant asserts the flotilla doctrine. The limitation fund is inadequate and the Complaint should be dismissed because Petitioners have failed to deposit adequate security for

the Vessel and for the additional vessels within the flotilla, which were under a common operational control, supervision, and enterprise.

(29)

The limitation fund is inadequate and the Complaint should be dismissed because Petitioners have failed to deposit adequate security for the vessel identified in the Complaint for Exoneration From or Limitation of Liability and for the additional vessels within the flotilla which were under common operational control, supervision and enterprise. Pursuant to Rule F(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims, the proper limitation fund must be deposited at the time of filing. Petitioners' deposit, at the time of filing, did not meet federal standards. As such, this limitation action must be dismissed.

(30)

The limitation fund is inadequate and the Complaint should be dismissed because Petitioners have failed to accurately identify all of the vessels in the flotilla which should be included in the limitation fund.

(31)

The Limitation of Liability Act is not applicable to the instant case because at all times pertinent herein, THE MODU DEEPWATER HORIZON and/or other vessels contained within the flotilla were operated in a willful, wanton, and reckless manner or, in the alternative, the conduct and actions which lead to Claimant's injuries took place with the privity and knowledge of the owners, managing owners, owners pro hac vice, and/or operators of the vessels involved.

(32)

The Limitation of Liability Act is not applicable in the instant case because at all relevant times, THE MODU DEEPWATER HORIZON and/or the other vessels contained within the flotilla were known by the owner and/or owner pro hac vice to be unseaworthy.

(33)

To the extent Petitioners' insurers attempt to avail themselves of the limitation/exoneration defense, Claimants assert that the Limitation of Liability Act is unavailable to insurers of vessel owners under the circumstances. In the alternative, no prima facie case has been made establishing they are entitled to avail themselves of the Limitation of Liability Act.

(34)

The Complaint for Exoneration From or Limitation of Liability contains vague and ambiguous statements which are objectionable under Federal Rule of Civil Procedure 12(e), and Claimant seeks more definitive statements of the allegations, regardless of the nature, manner and extent of their Claim and Answer herein.

(35)

The events culminating in the injuries of Claimant were the result of the negligence, fault, or want of due care on the part of Petitioners and/or those for whom Petitioner is responsible, and/or the unseaworthiness of THE MODU DEEPWATER HORIZON and/or other vessels within the flotilla under common operational control, supervision and enterprise, all of

which was within the privity and knowledge of Petitioners, for which the Complaint for Exoneration From of Limitation of Liability should be denied.

(36)

The events culminating in the injuries of Claimant were not the result of any negligence, fault, or want of due care on his part or those for whom he may be responsible.

(37)

Claimant further alleges that there was insurance coverage on THE MODU DEEPWATER HORIZON insuring Petitioners in the event of an occurrence such as that which is the subject of Claimant's claims, and the proceeds of said insurance policy should be included in this limitation proceeding (in the event the Court determines these limitation proceedings are appropriate).

(38)

Claimant states that the proceeds of any judgment, award, or settlement which may be received by Petitioners from any third party in recompense of any losses or damages sustained herein to the property or interests of Petitioners, as a result of the fault or alleged fault of said third party, must be included in the limitation fund.

(39)

In filing this Answer and Claim, Claimant specifically reserves all rights to pursue all available claims in state court for resolution of any and all issues beyond the exclusive jurisdiction of this Admiralty Court pursuant to the "Savings to Suitors" clause, 28 U.S.C. §1333, and all state law remedies. The filing of this Claim and Answer is in no way a waiver of this right

and defense and Claimant is not agreeing to join all issues in this proceeding by filing this Claim and Answer.

(40)

Claimant specifically reserves all rights to pursue all available claims in the forum of his choice for resolution of any and all issues beyond the exclusive jurisdiction of this admiralty court pursuant to the "Savings to Suitors" clause, 28 U.S.C. §1333, and all remedies, and no part of this Claim and Answer is a waiver of this defense or these rights. Claimant will move the Court to lift the injunction and stay of proceedings in other forums. See In re Tetra Applied Tech., L.P., 362 F.3d 388 (5th Cir. 2004). Further, pursuant to the holdings of In re Liverpool, etc. Nav. Co. (Vestris), 57 F.2d 176, 179 (2d Cir. 1932) and The Silver Palm, 94 F.2d 776, 780 (9th Cir. 1937), upon Petitioners' failure to obtain relief in this limitation action (should resolution of this action precede judgment in other actions), Claimant hereby asserts and claims his right to a bench trial.

(41)

The purpose of a limitation action is to provide a single forum for determining whether the vessel and its owner are liable at all, whether the owner may in fact limit liability to the value of the vessel and pending freight, and how the funds are to be distributed to the claimants. See 46 U.S.C. § 30501, et seq.; see also THOMAS J. SCHOENBAUM, ADMIRALTY AND MARITIME LAW 2nd Ed. § 13-5 (1994). Because of the nature and circumstances of this action, a limitations proceeding is inappropriate and unjustified.

(42)

Claimant reserves the right to contest the appraisal value of THE MODU DEEPWATER HORIZON and/or for any additional vessels in the flotilla, their engines, apparel, appurtenances, pending freight, etc., and the adequacy of the security.

(43)

The Complaint does not affect Claimant's right to maintenance and cure. Thus, Petitioners' liability to Claimant for their intentional, willful, wanton, arbitrary, and capricious refusal to provide Claimant maintenance and cure is not limited to the value of any of its vessels.

(44)

The limitation fund is inadequate and should be increased and/or this action should be dismissed because the limitation fund does not properly account for the value of the minerals and other appurtenances, attachments, freight and/or cargo aboard the vessel, subject to the control of the vessel, and/or owned by the Petitioners.

AND NOW, specifically reserving all defenses asserted herein, including, without limitation, Claimant's right to pursue his claims in state court pursuant to the Savings to Suitors clause, 28 U.S.C. §1333, and all state law remedies, Claimant files his Claim in the Complaint for Exoneration from or Limitation of Liability of, and states that:

(45)

Claimant re-urges each and every defense and objection set forth above as if the same were stated herein verbatim.

(46)

Claimant suffered severe injuries as a result of the senseless DEEPWATER HORIZON explosion on April 20, 2010. At the time, he was a seaman of Petitioners and may have been a borrowed seaman for others. While THE MODU DEEPWATER HORIZON was deployed on navigable waters, and while Claimant was contributing to and aiding such vessel to accomplish its mission, Claimant sustained serious physical and mental injuries during the explosion and its immediate aftermath while still in the zone of danger.

(47)

Petitioners are negligent, negligent per se, grossly negligent, and reckless for the following reasons:

a. failure to properly supervise their crew;

b. failure to properly train their employees;

c. failure to provide adequate safety equipment;

d. failure to provide adequate medical treatment;

e. operating the vessel with an inadequate crew;

f. failure to maintain the vessel;

g. vicariously liable for their employees' and agents' negligence, negligence per se, gross negligence, and recklessness;

h. violating applicable Coast Guard, MMS, and/or OSHA regulations; and

i. other acts deemed negligent, grossly negligent, and reckless.

(48)

At all relevant times, THE MODU DEEPWATER HORIZON was unseaworthy.

(49)

As a result of said occurrences, Claimant sustained severe injuries to his body. Claimant's injuries resulted in physical pain, distress, mental anguish, fear, impairment, discomfort, and other medical problems. In all reasonable probability, Claimant's physical pain, physical impairment, and mental anguish will continue indefinitely. Claimant has also suffered a loss of earnings in the past, as well as a loss of future earning capacity. Claimant has incurred and will continue to incur pharmaceutical and medical expenses in connection with his injuries. Claimant is owed maintenance and cure and found from the date he was rendered unfit for duty until he reaches maximum cure, in which he has not yet reached, subject to a credit for all amounts already paid in maintenance and cure.

(50)

Claimant is also entitled to punitive damages because the aforementioned actions of Petitioners were grossly negligent and reckless. Petitioners' conduct was willful, wanton, arbitrary, and capricious. They acted with flagrant and malicious disregard of Claimant's health and safety and the health and safety of his co-workers. Petitioners were subjectively aware of the extreme risk posed by the conditions which caused Claimant's injuries, but did nothing to rectify them. Instead, Petitioners proceeded despite the dangerous conditions that were posed to Claimant by the faulty, defective equipment. Petitioners did so knowing that the conditions posed dangerous and grave safety concerns. Petitioners' acts and omissions involved an extreme degree of risk considering the probability and magnitude of potential harm to Claimant and others. Petitioners had actual, subjective awareness of the risk, and consciously disregarded such risk. Moreover, Claimant may recover punitive damages under the general maritime law because of

the Vessel's unseaworthiness following the United States Supreme Court's ruling in Atlantic Sounding. All of the conduct mentioned in the above paragraphs was within the knowledge and privity of Petitioners.

(51)

In that Claimant was an American seaman, Claimant is entitled to proceed and prosecute this litigation without prepayment of cost. Claimant prays that after due proceedings are had that:

a. The Complaint seeking Exoneration From or Limitation of Liability be dismissed and the injunction or restraining order granted in this matter be dissolved;

b. Alternatively, Petitioners be required to deposit additional security in the minimum amount required by law for the full value of all vessels in the flotilla which were under common operational control and supervision and engaged in a common enterprise and that said security be by way of a cash deposit into the registry of the Court or a bond issued by a surety approved by the Court and be based upon an appraisal issued by a commissioner appointed by the Court; in default of which the Complaint seeking Exoneration From or Limitation of Liability be dismissed; and pending such deposit any injunction and/or restraining order be dissolved;

c. There be judgment rendered herein in favor of Claimant, and against Petitioners, both jointly and severally, for all damages as are reasonable in the premises, together with the maximum legal interest thereon from the date of the accident until paid and for all costs of this proceeding;

    d.       Claimant be allowed to proceed and prosecute their Claim without pre-payment of costs; and,

    e.       For all such other and further relief to which Claimant may be entitled under law and in equity.

Respectfully submitted, this 5th day of October 2010.

                              BY: CHADWICK MURRAY, PLAINTIFF
                              BY:     GEORGE W. HEALY & ASSOCIATES

                              BY:     /s/ George W. Healy, IV
                              George W. Healy, IV
                              (LA Bar No. 14991)
                              1323 28th Avenue,
                              Gulfport, Mississippi 39501
                              Telephone: (228) 575-4005
                              Telefax:     (228) 575-4006

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing instrument has been forwarded to all known counsel of record by CM/ECF and/or another means in accordance with the Federal Rules of Procedure on October 5, 2010.


BY:   /s/ George W. Healy, IV
　　　George W. Healy, IV