UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE THE COMPLAINT AND PETITION OF TRITON ASSET LEASING GMBH, TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., AND TRANSOCEAN DEEPWATER, INC., AS OWNER, MANAGING OWNER, OWNERS PRO-HAC VICE, AND/OR OPERATORS OF THE MODU DEEPWATER HORIZON, IN CAUSE FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION<br><br>NUMBER:     10-2771 c/w<br>                        MDL 2179<br><br>SECTION "J"<br><br>JUDGE CARL J. BARBIER<br><br>MAGISTRATE JUDGE SHUSHAN |

## ANSWER AND CLAIMS

TO THE HONORABLE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA, AND THE JUDGES THEREOF:

NOW INTO COURT, through undersigned counsel, come claimants, Charles C. Elmer, Lena T. Nunez, Darryl Eckert, Frederick Bass, Rodney Neumeyer, Jr., and Michael Hayes, who submit the following Answer and Claims in the above-captioned proceeding:

## FIRST DEFENSE

The allegations of the Complaint fail to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6).

## SECOND DEFENSE

The Limitation of Liability Act, 46 U.S.C. § 30501 *et seq*., is discriminatory and, thus, unconstitutional in that it deprives the Claimants of property rights without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and does not provide for equal protection of the laws pursuant to the Fifth and Fourteenth Amendments to the United States Constitution.

## THIRD DEFENSE

The limitation fund is inadequate, and the Complaint should be dismissed because Petitioners have failed to deposit adequate security for the vessel identified in the Complaint for Exoneration From or Limitation of Liability.  Pursuant to Rule F(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims, the proper limitation fund must be deposited at the time of filing.  Petitioners' deposit, at the time of filing, did not meet this standard.

## FOURTH DEFENSE

The Limitation of Liability Act is not applicable to the instant case because, at all times pertinent herein, the MODU *Deepwater Horizon* was operated in a willful, wanton, and reckless manner or, in the alternative, the conduct and actions which lead to Claimants' injuries and or damages took place with the privity and knowledge of the owners, managing owners, owners *pro hac vice*, and/or operators of the vessel involved.

## FIFTH DEFENSE

The Limitation of Liability Act is not applicable in the instant case because, at all relevant times, the MODU *Deepwater Horizon* was known by the owner and/or owner *pro hac vice* to be unseaworthy.

2

**SIXTH DEFENSE**

To the extent Petitioners' insurers attempt to avail themselves of the limitation/exoneration defense, Claimants assert that the protections of the Limitation of Liability Act are unavailable to insurers of vessel owners under the circumstances. In the alternative, *no prima facie* case has been made establishing that they are entitled to avail themselves of the Limitation of Liability Act.

**SEVENTH DEFENSE**

The Complaint for Exoneration From or Limitation of Liability contains vague and ambiguous statements which are objectionable under Federal Rule of Civil Procedure 12(e), and Claimants seek definitive statements of the allegations, regardless of the nature, manner and extent of their Answer and Claims herein.

**EIGHTH DEFENSE**

The events culminating in the injuries and/or damages of Claimants were the result of the negligence, fault, or want of due care on the part of Petitioners and/or those for whom Petitioners are responsible, and/or the unseaworthiness of the MODU *Deepwater Horizon*, all of which was within the privity and knowledge of Petitioners, for which the Complaint for Exoneration From of Limitation or Limitation of Liability should be denied.

**NINTH DEFENSE**

The events culminating in the injuries and/or damages of Claimants were not the result of any negligence, fault, or want of due care on their part or those for whom they may be responsible.

**TENTH DEFENSE**

Claimants further allege that there was insurance coverage on the MODU *Deepwater*

*Horizon* insuring Petitioners in the event of an occurrence such as that which is the subject of Claimants' claims, and the proceeds of said insurance policy should be included in this limitation proceeding in the event the Court determines this limitation proceeding is appropriate.

## ELEVENTH DEFENSE

Claimants state that the proceeds of any judgment, award, or settlement which may be received by Petitioners from any third party in recompense of any losses or damages sustained herein to the property or interests of Petitioners, as a result of the fault or alleged fault of said third party, must be included in the limitation fund.

## TWELFTH DEFENSE

In filing this Answer and Claim, Claimants specifically reserve all rights to pursue all available claims in state court for resolution of any and all issues beyond the exclusive jurisdiction of this admiralty court pursuant to the "saving to suitors" clause, 28 U.S.C. §1333, and all state law remedies. The filing of this Answer and Claims is in no way a waiver of this right and defense and Claimants are not agreeing to join all issues in this proceeding by filing this Answer and Claims.

## THIRTEENTH DEFENSE

Claimants specifically reserve all rights to pursue all available claims in the forum of their choice for resolution of any and all issues beyond the exclusive jurisdiction of this admiralty court pursuant to the "saving to suitors" clause, 28 U.S.C. §1333, and all remedies, and no part of this Answer and Claims is a waiver of this defense or these rights. Claimants may move the Court to lift the injunction and stay of proceedings in other forums. In addition, upon Petitioners' failure to obtain relief in this limitation action (should resolution of this action

precede judgment in other actions), Claimants hereby assert and claim their rights to have their claims and damages tried to a jury in the courts of their choosing.

## FOURTEENTH DEFENSE

The purpose of a limitation action is to provide a single forum for determining whether the vessel and its owner are liable at all, whether the owner may in fact limit liability to the value of the vessel and pending freight, and how the funds are to be distributed to the claimants. Because of the nature and circumstances of this action, a limitation proceeding is inappropriate and unjustified.

## FIFTEENTH DEFENSE

Claimants reserve the right to contest the appraisal value of the MODU *Deepwater Horizon,* its engines, apparel, appurtenances, pending freight, etc., and the adequacy of the security.

## SIXTEENTH DEFENSE

The limitation fund is inadequate and should be increased and/or this action should be dismissed because the limitation fund does not properly account for the value of the minerals and other appurtenances, attachments, freight and/or cargo aboard the vessel, subject to the control of the vessel, and/or owned by the Petitioners.

**AND NOW**, specifically reserving all defenses asserted herein, including, without limitation, Claimants' right to pursue their claims in state court pursuant to the "saving to suitors" clause, 28 U.S.C. §1333, and all state law remedies, Claimants respond to the individual Paragraphs of the Complaint for Exoneration From or Limitation of Liability, upon information and belief, as follows:

5

I.

The allegations contained in Paragraph 1 of the Complaint are denied for lack of sufficient information to justify a belief therein.

II.

The allegations contained in Paragraph 2 of the Complaint are denied for lack of sufficient information to justify a belief therein.

III.

The allegations contained in Paragraph 3 of the Complaint are denied for lack of sufficient information to justify a belief therein.

IV.

The allegations contained in Paragraph 4 of the Complaint are denied for lack of sufficient information to justify a belief therein.

V.

The allegations contained in Paragraph 5 of the Complaint are denied for lack of sufficient information to justify a belief therein.

VI.

The allegations contained in Paragraph 6 of the Complaint are denied for lack of sufficient information to justify a belief therein.

VII.

The allegations contained in Paragraph 7 of the Complaint are denied.

VIII.

The allegations contained in Paragraph 8 of the Complaint are denied for lack of sufficient information to justify a belief therein.

IX.

The allegations contained in Paragraph 9 of the Complaint are denied for lack of sufficient information to justify a belief therein.

X.

The allegations contained in Paragraph 10 of the Complaint are denied.

XI.

The allegations contained in Paragraph 11 of the Complaint are denied.

XII.

The allegations contained in Paragraph 12 of the Complaint are denied.

XIII.

The allegations contained in Paragraph 13 of the Complaint are denied for lack of sufficient information to justify a belief therein.

XIV.

The allegations contained in Paragraph 14 of the Complaint are denied for lack of sufficient information to justify a belief therein.

XV.

The allegations contained in Paragraph 15 of the Complaint are denied for lack of sufficient information to justify a belief therein.

XVI.

The allegations contained in Paragraph 16 of the Complaint are denied for lack of sufficient information to justify a belief therein.

XVII.

The allegations contained in Paragraph 17 of the Complaint are denied for lack of sufficient information to justify a belief therein.

XVIII.

The allegations contained in Paragraph 18 of the Complaint are denied.

XIX.

The allegations contained in Paragraph 19 of the Complaint are denied for lack of sufficient information to justify a belief therein.

XX.

The allegations contained in Paragraph 20 of the Complaint are denied for lack of sufficient information to justify a belief therein.

XXI.

The allegations contained in Paragraph 21 of the Complaint are denied for lack of sufficient information to justify a belief therein.

XXII.

The allegations contained in Paragraph 22 of the Complaint are denied for lack of sufficient information to justify a belief therein.

XXIII.

The allegations contained in Paragraph 23 of the Complaint are denied for lack of

sufficient information to justify a belief therein.

XXIV.

The allegations contained in Paragraph 24 of the Complaint are denied for lack of

sufficient information to justify a belief therein.

XXV.

The allegations contained in the prayer for relief are not statements of facts, but

conclusions of law, from which no response is necessary from these claimants. However, if

response be deemed necessary, said allegations are denied. Claimants specifically deny the

adequacy of the valuation of the MODU *Deepwater Horizon* as asserted by Petitioners.

Claimants further re-urge their prior objections to Petitioners' failing to include in the limitation

fund any insurance proceeds and any sums received or which may be received by Petitioners

from any third party as a result of the fault or alleged fault of said third party having caused

damage to the property interests of Petitioners. Claimants further deny the adequacy of

Petitioners' *Ad Interim* Stipulation for an amount equal to the value of their interest in the

MODU *Deepwater Horizon* and its appurtenances and hereby make demand for Petitioners to

either deposit cash proceeds into the registry of the Court in the amount of the stated value of the

vessel and/or provide a bond for the value of the vessel issued by a reputable surety company to

be approved by the Court. In so doing, Claimants specifically reserve the right to contest the

stated value of the vessel and the limitation fund as aforesaid.

**AND NOW**, specifically reserving all defenses asserted herein, including, without

limitation, Claimants' right to pursue their claims in state court pursuant to the "saving to

suitors" clause, 28 U.S.C. §1333, and all state law remedies, Claimants file their Claims in the

9

Complaint for Exoneration from or Limitation of Liability of, and state that:

**CLAIMS**

1.

Claimant, Charles C. Elmer, is a citizen and domiciliary of the State of Louisiana, Parish of St. Tammany, who owns and/or co-owns real property located in the Parish of Jefferson, Louisiana, including Elmer's Island and approximately 1600 acres north of Elmer's Island, located within the "Coastal Zone," as that term is defined in 43 U.S.C. §1331(e), and, as a result of the events described herein, has suffered damages that are more fully described below.

2.

Claimant, Lena T. Nunez, is a citizen and domiciliary of the State of Louisiana, Parish of St. Bernard, who owns and/or co-owns real property located in the Parishes of St. Bernard and Plaquemines, Louisiana, located within the "Coastal Zone," as that term is defined in 43 U.S.C. §1331(e), and, as a result of the events described herein, has suffered damages that are more fully described below.

3.

Claimant, Darryl Eckert, is a citizen and domiciliary of the State of Louisiana, Parish of Orleans, who holds a State-issued saltwater fishing license and who engages in the privilege granted to him by the State of Louisiana pursuant to such license, and, as a result of the events described herein, has suffered damages that are more fully described below.

4.

Claimant, Frederick Bass, is a citizen and domiciliary of the State of Louisiana, Parish of St. Tammany, Louisiana, who earns his livelihood as a commercial fisherman within the coast of

the Gulf of Mexico and the "Coastal Zone," as that term is defined in 43 U.S.C. §1331(e), and, as a result of the events described herein, has suffered damages that are more fully described below.

5.

Claimant, Rodney Neumeyer, Jr., is a citizen and domiciliary of the State of Louisiana, Parish of St. Bernard, Louisiana, who has been exposed to and adversely affected by the crude oil released as a result of the incident at issue and has, as a result, suffered personal and emotional injuries.

6.

Claimant, Michael Hayes, is a citizen and domiciliary of the State of Louisiana, and is the owner of Hayes Seafood & Produce Markets Inc., whose principal offices are located in Lake Charles, Louisiana, which business is engaged in the retail of fresh seafood within the coast of the Gulf of Mexico and the "Coastal Zone," as that term is defined in 43 U.S.C. §1331(e), and, as a result of the events described herein, has suffered damages that are more fully described below.

7.

Defendants, Triton Asset Leasing GmbH, Transocean Holdings LLC, Transocean Offshore Deepwater Drilling, Inc., and Transocean Deepwater, Inc., are corporations authorized to do and/or doing business within the State of Louisiana and within the jurisdiction of the United States District Court for the Eastern District of Louisiana as well as within the jurisdiction of this Honorable Court.

8.

At all times pertinent hereto, including on or about April 20, 2010, the MODU *Deepwater Horizon* was a movable drilling rig and was a vessel in navigation upon the navigable

waters of the United States off the coast of Louisiana.

9.

At all times pertinent hereto, including on or about April 20, 2010, Defendants were the owners, managing owners, owners *pro hac vice*, charterers, supervisors and/or operators of the MODU *Deepwater Horizon.*

10.

On or about April 20, 2010, an explosion and fire occurred aboard the MODU *Deepwater Horizon* which resulted in the deaths of eleven individuals aboard the rig and injuries to other crew members on the vessel and which resulted in the sinking of this rig and a catastrophic spill of oil into the Gulf of Mexico.

11.

The aforesaid casualty and the injuries and/or damages to Claimants were directly and proximately caused by the fault, including negligence, of Defendants and their officers, agents, employees, and those for whom they are legally responsible as owners, managing owners, owners *pro hac vice*, charterers, supervisors and/or operators of the MODU *Deepwater Horizon*.

12.

The aforesaid casualty and injuries and/or damages to Claimants were also directly and proximately caused by the unseaworthiness of the MODU *Deepwater Horizon,* as it was not fit for its intended purpose.  The unseaworthy conditions were created by the actions and inactions of Defendants as a result of their negligence as well as their statutory violations and gross, willful and wanton conduct and were within the vessel-owners' privity and knowledge.

13.

12

The oil spill has caused and will continue to cause the loss to Claimants by damaging real property owned and/or leased by them and/or preventing the personal and/or commercial use of real property located within and/or adjacent to the Gulf of Mexico and Louisiana and/or the other adjacent states' territorial waters.

14.

In addition, the oil spill has caused and will continue to cause the loss to Claimants by exposing them to the hazardous and dangerous components of the crude oil that escaped from the well in causing serious personal and/or emotional injuries to Claimants.

15.

There are many other potential effects from the oil spill that have not yet become known, and Claimants reserve the right to amend their answer and claims once additional information becomes available.

16.

Claimants are also entitled to punitive damages because the aforementioned actions of Defendants were grossly negligent and reckless. Defendants' conduct was willful, wanton, arbitrary, and capricious. They acted with flagrant and malicious disregard of Claimants' health and safety and of their property. Defendants were aware of the extreme risk posed by the conditions which caused the casualty and Claimants' injuries and/or damages, but did nothing to rectify them. Defendants' acts and omissions involved an extreme degree of risk considering the probability and magnitude of potential harm to Claimants and others. Defendants had actual awareness of the risks and consciously disregarded such risks. Moreover, Claimants may recover punitive damages under the general maritime law because of the vessel's unseaworthiness. All

13

of the conduct mentioned in the above paragraphs was within the knowledge and privity of Defendants.

17.

The claims against Defendants are asserted by Claimants pursuant to the substantive provisions of the General Maritime Law of the United States, including the warranty of seaworthiness, which had been breached by Defendants herein, and under any other federal or state statute which may be applicable.

WHEREFORE, Claimants, Charles C. Elmer, Lena T. Nunez, Darryl Eckert, Frederick Bass, Rodney Neumeyer, Jr., and Michael Hayes, pray that Defendants, Triton Asset Leasing GmbH, Transocean Holdings LLC, Transocean Offshore Deepwater Drilling, Inc., and Transocean Deepwater, Inc., be served with a copy of this Answer and Claims and that after due proceedings had, Claimants pray for judgment in their favor and against Defendants for all amounts reasonable under the premises, with legal interest thereon from date of judicial demand, including prejudgment interest, for all costs of these proceedings, and for all other general and equitable relief as the court may deem appropriate herein.

In addition, Claimants pray that the petition filed herein seeking exoneration from or limitation of liability and that any and all injunctions or restraining orders granted in the above-matter be dissolved, and, in the alternative, that Petitioners be required to deposit additional security in the amount required by law, in default of which the exoneration/limitation complaint should be dismissed and pending which any injunction or restraining order should be dissolved.

Respectfully submitted,

GAINSBURGH, BENJAMIN,
DAVID, MEUNIER & WARSHAUER, L.L.C.

BY:      *s/ Gerald E. Meunier*
         **GERALD E. MEUNIER**
         Bar Roll No. 9471
         **IRVING J. WARSHAUER**
         Bar Roll No. 13252
         **STEVAN C. DITTMAN**
         Bar Roll No. 16888
         **MICHAEL J. ECUYER**
         Bar Roll No. 23050
         2800 Energy Centre, 1100 Poydras Street
         New Orleans, Louisiana 70163
         Telephone: (504) 522-2304
         Facsimile: (504) 528-9973
         Electronic Mail:      gmeunier@gainsben.com
                               iwarshauer@gainsben.com
                               sdittman@gainsben.com
                               mecuyer@gainsben.com

         And

LAW OFFICES OF SIDNEY D. TORRES, III
*A PROFESSIONAL LAW CORPORATION*

BY:      *s/Sidney D. Torres, III*
         SIDNEY D. TORRES, III
         Bar Roll No. 12869
         ROBERTA L. BURNS
         Bar Roll No. 14945
         DAVID C. JARRELL
         Bar Roll No. 30907
         8301 W. Judge Perez Drive, Suite 303
         Chalmette, Louisiana 70043
         Telephone: (504) 271-8422
         Electronic Mail:      storres@torres-law.com
                               rburns@torres-law.com

         And

15

THE BUZBEE LAW FIRM

BY:    *s/Anthony G. Buzbee*
        ANTHONY G. BUZBEE
        TX Bar Roll No.: 24001820
        JPMorgan Chase Tower
        600 Travis, Suite 7300
        Houston, Texas 77002
        Telephone: (713) 223-5393
        Facsimile: (713) 223-5909
        Email:      tbuzbee@txattorneys.com

        And

LEGER & SHAW

BY:    *s/Walter J. Leger, Jr.*
        WALTER J. LEGER, JR.
        Bar Roll No.: 8278
        600 Carondelet Street, 9th Floor
        New Orleans, Louisiana 70130
        Telephone: (504) 588-9043
        Electronic mail:      wleger@legershaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 14, 2010, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

<u>*s/ Gerald E. Meunier*</u>
**GERALD E. MEUNIER**