UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE THE COMPLAINT AND PETITION OF TRITON ASSET LEASING GMBH, TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., AND TRANSOCEAN DEEPWATER, INC., AS OWNER, MANAGING OWNER, OWNERS PRO-HAC VICE, AND/OR OPERATORS OF THE MODU DEEPWATER HORIZON, IN CAUSE FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION<br><br>NUMBER:    10-2771 c/w<br>                    MDL 2179<br><br>SECTION "J"<br><br>JUDGE CARL J. BARBIER<br><br>MAGISTRATE JUDGE SHUSHAN |

## ANSWER AND CLAIMS

TO THE HONORABLE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA, AND THE JUDGES THEREOF:

NOW INTO COURT, through undersigned counsel, comes Claimant, Doug Crawford, who submits the following Answer and Claims in the above-captioned proceeding:

### FIRST DEFENSE

The allegations of the Complaint fail to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6).

## SECOND DEFENSE

The Limitation of Liability Act, 46 U.S.C. § 30501 *et seq*., is discriminatory and, thus, unconstitutional in that it deprives the Claimant of property rights without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and does not provide for equal protection of the laws pursuant to the Fifth and Fourteenth Amendments to the United States Constitution.

## THIRD DEFENSE

The limitation fund is inadequate, and the Complaint should be dismissed because Petitioners have failed to deposit adequate security for the vessel identified in the Complaint for Exoneration From or Limitation of Liability.  Pursuant to Rule F(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims, the proper limitation fund must be deposited at the time of filing.  Petitioners' deposit, at the time of filing, did not meet this standard.

## FOURTH DEFENSE

The Limitation of Liability Act is not applicable to the instant case because, at all times pertinent herein, the MODU *Deepwater Horizon* was operated in a willful, wanton, and reckless manner or, in the alternative, the conduct and actions which lead to Claimant's injuries took place with the privity and knowledge of the owners, managing owners, owners *pro hac vice*, and/or operators of the vessel involved.

## FIFTH DEFENSE

The Limitation of Liability Act is not applicable in the instant case, because at all relevant times, the MODU *Deepwater Horizon* was known by the owner and/or owner *pro hac vice* to be unseaworthy.

2

## SIXTH DEFENSE

To the extent Petitioners' insurers attempt to avail themselves of the limitation/exoneration defense, Claimant asserts that the protections of the Limitation of Liability Act are unavailable to insurers of vessel owners under the circumstances.  In the alternative, *no prima facie* case has been made establishing that they are entitled to avail themselves of the Limitation of Liability Act.

## SEVENTH DEFENSE

The Complaint for Exoneration From or Limitation of Liability contains vague and ambiguous statements which are objectionable under Federal Rule of Civil Procedure 12(e), and Claimant seeks definitive statements of the allegations, regardless of the nature, manner and extent of his Answer and Claims herein.

## EIGHTH DEFENSE

The events culminating in the injuries of Claimant were the result of the negligence, fault, or want of due care on the part of Petitioners and/or those for whom Petitioners are responsible, and/or the unseaworthiness of the MODU *Deepwater Horizon*, all of which was within the privity and knowledge of Petitioners, for which the Complaint for Exoneration From of Limitation or Limitation of Liability should be denied.

## NINTH DEFENSE

The events culminating in the injuries of Claimant were not the result of any negligence, fault, or want of due care on his part or those for whom he may be responsible.

## TENTH DEFENSE

Claimant further alleges that there was insurance coverage on the MODU *Deepwater Horizon* insuring Petitioners in the event of an occurrence such as that which is the subject of

3

Claimant's claims, and the proceeds of said insurance policy should be included in this limitation proceeding in the event the Court determines this limitation proceeding is appropriate.

## ELEVENTH DEFENSE

Claimant states that the proceeds of any judgment, award, or settlement which may be received by Petitioners from any third party in recompense of any losses or damages sustained herein to the property or interests of Petitioners, as a result of the fault or alleged fault of said third party, must be included in the limitation fund.

## TWELFTH DEFENSE

In filing this Answer and Claim, Claimant specifically reserves all rights to pursue all available claims in state court for resolution of any and all issues beyond the exclusive jurisdiction of this admiralty court pursuant to the "saving to suitors" clause, 28 U.S.C. §1333, and all state law remedies.  The filing of this Answer and Claims is in no way a waiver of this right and defense and Claimant is not agreeing to join all issues in this proceeding by filing this Answer and Claims.

## THIRTEENTH DEFENSE

Claimant specifically reserves all rights to pursue all available claims in the forum of his choice for resolution of any and all issues beyond the exclusive jurisdiction of this admiralty court pursuant to the "saving to suitors" clause, 28 U.S.C. §1333, and all remedies, and no part of this Answer and Claims is a waiver of this defense or these rights.  Claimant may move the Court to lift the injunction and stay of proceedings in other forums.  In addition, upon Petitioners' failure to obtain relief in this limitation action (should resolution of this action precede judgment in other actions), Claimant hereby asserts and claims his right to have his claims and damages

4

tried to a jury in courts of his choosing.

## FOURTEENTH DEFENSE

The purpose of a limitation action is to provide a single forum for determining whether the vessel and its owner are liable at all, whether the owner may in fact limit liability to the value of the vessel and pending freight, and how the funds are to be distributed to the claimants. Because of the nature and circumstances of this action, a limitation proceeding is inappropriate and unjustified.

## FIFTEENTH DEFENSE

Claimant reserves the right to contest the appraisal value of the MODU *Deepwater Horizon,* its engines, apparel, appurtenances, pending freight, etc., and the adequacy of the security.

## SIXTEENTH DEFENSE

The Complaint does not affect Claimant's right to maintenance and cure. Thus, Petitioners' liability to Claimant for their intentional, willful, arbitrary, and capricious refusal to provide Claimant maintenance and cure is not limited to the value of any of their vessels.

## SEVENTEENTH DEFENSE

The limitation fund is inadequate and should be increased and/or this action should be dismissed because the limitation fund does not properly account for the value of the minerals and other appurtenances, attachments, freight and/or cargo aboard the vessel, subject to the control of the vessel, and/or owned by the Petitioners.

**AND NOW,** specifically reserving all defenses asserted herein, including, without limitation, Claimant's right to pursue his claims in state court pursuant to the "saving to suitors"

clause, 28 U.S.C. §1333, and all state law remedies, Claimant responds to the individual Paragraphs of the Complaint for Exoneration From or Limitation of Liability, upon information and belief, as follows:

I.

The allegations contained in Paragraph 1 of the Complaint are denied for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

II.

The allegations contained in Paragraph 2 of the Complaint are denied for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

III.

The allegations contained in Paragraph 3 of the Complaint are denied for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

IV.

The allegations contained in Paragraph 4 of the Complaint are denied for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

V.

The allegations contained in Paragraph 5 of the Complaint are denied for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

VI.

The allegations contained in Paragraph 6 of the Complaint are denied for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

VII.

The allegations contained in Paragraph 7 of the Complaint are denied.

VIII.

The allegations contained in Paragraph 8 of the Complaint are denied for lack of

knowledge or information sufficient to form a belief about the truth of said allegations.

IX.

The allegations contained in Paragraph 9 of the Complaint are denied for lack of

knowledge or information sufficient to form a belief about the truth of said allegations.

X.

The allegations contained in Paragraph 10 of the Complaint are denied.

XI.

The allegations contained in Paragraph 11 of the Complaint are denied.

XII.

The allegations contained in Paragraph 12 of the Complaint are denied.

XIII.

The allegations contained in Paragraph 13 of the Complaint are denied for lack of

knowledge or information sufficient to form a belief about the truth of said allegations.

XIV.

The allegations contained in Paragraph 14 of the Complaint are denied for lack of

knowledge or information sufficient to form a belief about the truth of said allegations.

XV.

The allegations contained in Paragraph 15 of the Complaint are denied for lack of

knowledge or information sufficient to form a belief about the truth of said allegations.

XVI.

The allegations contained in Paragraph 16 of the Complaint are denied for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

XVII.

The allegations contained in Paragraph 17 of the Complaint are denied for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

XVIII.

The allegations contained in Paragraph 18 of the Complaint are denied.

XIX.

The allegations contained in Paragraph 19 of the Complaint are denied for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

XX.

The allegations contained in Paragraph 20 of the Complaint are denied for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

XXI.

The allegations contained in Paragraph 21 of the Complaint are denied for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

XXII.

The allegations contained in Paragraph 22 of the Complaint are denied for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

XXIII.

The allegations contained in Paragraph 23 of the Complaint are denied for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

XXIV.

The allegations contained in Paragraph 24 of the Complaint are denied for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

XXV.

The allegations contained in the prayer for relief are not statements of facts, but conclusions of law, from which no response is necessary from this Claimant. However, if a response is deemed necessary, said allegations are denied. Claimant specifically denies the adequacy of the valuation of the MODU *Deepwater Horizon* as asserted by Petitioners. Claimant further re-urges his prior objections to Petitioners' failing to include in the limitation fund any insurance proceeds and any sums received or which may be received by Petitioners from any third party as a result of the fault or alleged fault of said third party having caused damage to the property interests of Petitioners. Claimant further denies the adequacy of Petitioners' *Ad Interim* Stipulation for an amount equal to the value of their interest in the MODU *Deepwater Horizon* and its appurtenances and hereby makes demand for Petitioners to either deposit cash proceeds into the registry of the Court in the amount of the stated value of the vessel and/or provide a bond for the value of the vessel issued by a reputable surety company to be approved by the Court. In so doing, Claimant specifically reserves the right to contest the stated value of the vessel and the limitation fund as aforesaid. Claimant further denies the applicability of Petitioners' Complaint to claims arising under the Oil Pollution Act of 1990.

9

**AND NOW**, specifically reserving all defenses asserted herein, including, without limitation, Claimant's right to pursue his claims in state court pursuant to the "saving to suitors" clause, 28 U.S.C. §1333, and all state law remedies, Claimant files his Claims in the Complaint for Exoneration from or Limitation of Liability of, and states that:

**CLAIMS**

1.

Claimant, Doug Crawford, is a person of the full age of majority and is a resident of and domiciled in the State of Mississippi.

2.

Defendants, Triton Asset Leasing GmbH, Transocean Holdings LLC, Transocean Offshore Deepwater Drilling, Inc., and Transocean Deepwater, Inc., are corporations authorized to do and/or doing business in the State of Louisiana and within the jurisdiction of this Honorable Court.

3.

At all times pertinent hereto, including on or about April 20, 2010, Claimant, Doug Crawford, was employed by Defendants, Transocean Offshore Deepwater Drilling, Inc., and/or Transocean Deepwater, Inc., as a seaman and as a member of the crew of the MODU *Deepwater Horizon* in the capacity of roustabout.

4.

At all times pertinent hereto, including on or about April 20, 2010, the MODU *Deepwater Horizon* was a movable drilling rig and was a vessel in navigation upon the navigable waters of the United States off the coast of Louisiana.

10

5.

At all times pertinent hereto, including on or about April 20, 2010, Defendants were the owners, managing owners, owners *pro hac vice*, charterers, supervisors and/or operators of the MODU *Deepwater Horizon*.

6.

On or about April 20, 2010, an explosion and fire occurred aboard the MODU *Deepwater Horizon* which resulted in the deaths of eleven individuals aboard the rig and injuries to other crew members on the vessel including Claimant, Doug Crawford.

7.

The aforesaid casualty and the injuries to Claimant were directly and proximately caused by the fault, including negligence, of Defendants and their officers, agents, employees, and those for whom they are legally responsible as owners, managing owners, owners *pro hac vice*, charterers, supervisors and/or operators of the MODU *Deepwater Horizon*.

8.

The aforesaid casualty and injuries to Claimant were also directly and proximately caused by the unseaworthiness of the MODU *Deepwater Horizon*, upon which Claimant worked, as it was not fit for its intended purpose. The unseaworthy conditions were created by the actions and inactions of Defendants as a result of their negligence as well as their statutory violations and gross, willful and wanton conduct and were within the vessel-owners' privity and knowledge.

9.

As a direct result of the aforesaid incident and the negligence of Defendants as well as the unseaworthiness of the MODU *Deepwater Horizon*, Claimant, Doug Crawford, has been caused

to sustain serious injuries and to suffer severe physical pain, keen mental anguish and emotional

distress; he has required medical, psychological and psychiatric care and treatment for his

injuries and the serious residuals thereof; he has been disabled from resuming the duties of his

employment and he has been handicapped in his other activities; he has lost sums of money

which otherwise he would have earned and he will continue to have earnings loss and/or a

diminished earning capacity in the future; he has sustained residual and permanent disabilities

and impairments, both physical and mental; he has suffered extreme nervousness, depression,

and anxiety; he has suffered loss of enjoyment of life; he will require additional medical and

related care in the future; all for which Claimant is entitled to recover damages from Defendants

in all amounts reasonable under the premises.

10.

Claimant is also entitled to punitive damages because the aforementioned actions of

Defendants were grossly negligent and reckless. Defendants' conduct was willful, wanton,

arbitrary, and capricious. They acted with flagrant and malicious disregard of Claimant's health

and safety and the health and safety of his coworkers. Defendants were aware of the extreme risk

posed by the conditions which caused Claimant's injuries, but did nothing to rectify them.

Instead, Defendants had Claimant and other crew members continue working despite the

dangerous conditions that were posed to them and the faulty, defective equipment provided to

them. Defendants did so knowing that the conditions posed dangerous and grave safety concerns.

Defendants' acts and omissions involved an extreme degree of risk considering the probability

and magnitude of potential harm to Claimant and others. Defendants had actual awareness of the

risk and consciously disregarded such risk by allowing Claimant to work under such dangerous

12

conditions. Moreover, Claimant may recover punitive damages under the general maritime law because of the vessel's unseaworthiness. All of the conduct mentioned in the above paragraphs was within the knowledge and privity of Defendants.

11.

The claims against Defendants are asserted by Claimant as a seaman pursuant to the Jones Act, 46 U.S.C. 21 §§30104, 30105, and 30107, *et seq.*, and under the substantive provisions of the General Maritime Law of the United States, including the warranty of seaworthiness which had been breached by Defendants herein, and under any other federal or state statute which may be applicable.

WHEREFORE, Claimant, Doug Crawford, prays that Defendants, Triton Asset Leasing GmbH, Transocean Holdings LLC, Transocean Offshore Deepwater Drilling, Inc., and Transocean Deepwater, Inc., be served with a copy of this Answer and Claims and that after due proceedings had, Claimant prays for judgment in his favor and against Defendants for all amounts reasonable under the premises, with legal interest thereon from date of judicial demand, including prejudgment interest, for all costs of these proceedings, and for all other general and equitable relief as the court may deem appropriate herein.

In addition, Claimant prays that the petition filed herein seeking exoneration from or limitation of liability and that any and all injunctions or restraining orders granted in the above-matter be dissolved, and, in the alternative, that Petitioners be required to deposit additional security in the amount required by law, in default of which the exoneration/limitation complaint should be dismissed and pending which any injunction or restraining order should be dissolved.

13

Respectfully submitted,

GAINSBURGH, BENJAMIN,
DAVID, MEUNIER & WARSHAUER, L.L.C.

BY:    *s/ Gerald E. Meunier*
       **GERALD E. MEUNIER**
       Bar Roll No. 9471
       **IRVING J. WARSHAUER**
       Bar Roll No. 13252
       **STEVAN C. DITTMAN**
       Bar Roll No. 16888
       **MICHAEL J. ECUYER**
       Bar Roll No. 23050
       2800 Energy Centre, 1100 Poydras Street
       New Orleans, Louisiana 70163
       Telephone: (504) 522-2304
       Facsimile: (504) 528-9973
       Electronic Mail:    gmeunier@gainsben.com
                           iwarshauer@gainsben.com
                           sdittman@gainsben.com
                           mecuyer@gainsben.com

       **LAWRENCE C. GUNN, JR.**
       Mississippi Bar Roll No. 5075
       Post Office Box 1588
       Hattiesburg, Mississippi 39403-1588
       Telephone: (601) 544-6771
       Facsimile: (601) 544-6773
       Electronic Mail:    larry@lcgunn.com

14

**CERTIFICATE OF SERVICE**

I hereby certify that on October 29, 2010, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ Gerald E. Meunier
**GERALD E. MEUNIER**