IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the Oil Rig "DEEPWATER HORIZON: in the GULF OF MEXICO, on April 20, 2010 | * * * * * * * * | MDL NO. 2179<br><br>SECTION: "J"<br><br><br>JUDGE BARBIER<br>MAG. JUDGE SHUSHAN |
| THIS DOCUMENT RELATES TO:<br>    Civil Action No. 10-1245<br>    Darleen Jacobs Levy vs. BP, PLC, et al | * * * | |

*******************************************

ANSWER TO COMPLAINT AND PETITION FOR EXONERATION OR
LIMITATION OF LIABILITY AND CLAIM

NOW INTO COURT, through undersigned counsel come respondents, Darleen Jacobs Levy, Carrie Deffes, Verna Simmons, Veronica Deffes, Sandra Torregano, Michael Stewart, Regina Stewart, Benjamin Stewart, Tonya Flot, Wilfred Gallardo, Jr., Gilbert Johnson, Barry Johnson, Cornelius Johnson, Patricia Bailey, Michelle and Mark Kurka, Dr. Neil Wolfson, Robert P. Charbonnet, Linda Charbonnet, Everett and Beverly Davis, Grand Terre Plantation, L.L.C., Jack O'Neal, Bajrang, Inc., through its President Mahesh Mistry, and Paul Terrebonne d/b/a Pellerin's Trophy and Awards respectfully who in answer to the Complaint in Limitation filed herein respond as follows:

1.

OBJECTIONS AND DEFENSES

1..

Respondents object to claimants invoking the jurisdiction of this Court in any manner other than that which is granted to the Court under the Limitation of Liability Act, 46 U.S.C. § 181 *et seq.*, specifically and including but not limited to, respondents object to the Court exercising jurisdiction over any issue as it pertains to exoneration, damages, interpretation of any insurance policies available to claimants in limitation.

2.

Respondents specifically reserve their rights pursuant to the Oil Pollution Act to file damage suits elsewhere and include in their suits the issues of exoneration, damages and interpretation of any applicable insurance policies available to complainants herein.

3.

The circumstances surrounding the cause of the accident involving the MODU Deepwater Horizon which occurred on or about April 20, 2010 was with the privity and knowledge of the complainants and therefore a bar to limitation of liability.

4.

The pleadings filed by complainants in limitation are deficient and defective and on that basis the Complaint for Limitation should be dismissed.

And now, answering the particular allegations of the Complaint for Limitation, respondents aver upon information and belief:

1.

The allegations of Paragraph I are denied.

2.

The allegations of Paragraphs II, III, IV and V are admitted.

3.

The allegations of Paragraph number VI are denied for lack of information or knowledge sufficient to justify beliefs therein.3

4.

The allegations of Paragraphs VII, VIII, IX, X XI, XII, XIII, XIV, XV, XVI, XVII, XVIII, XIX, XX, XXI, XXII and XXIV of the original petition are hereby denied for lack of sufficient information to justify belief.

5.

Each other misnumbered and misnamed paragraph is hereby denied.

AND NOW, therefore, again with full reservations of all defenses, rights and claims asserted by respondents, come Darleen Jacobs, Levy, Carrie Deffes, Verna Simmons, Veronica Deffes, Sandra Torregano, Michael Stewart, Regina Stewart, Benjamin Stewart, Tonya Flot, Wilfred Gallardo, Jr., Gilbert Johnson, Barry Johnson, Cornelius Johnson, Patricia Bailey, Michelle and Mark Kurka, Dr. Neil Wolfson, Robert P. Charbonnet, Linda Charbonnet, Everett and Beverly Davis, Grand Terre Plantation, L.L.C., Jack O'Neal, Bajrang, Inc., through its President Mahesh Mistry, and Paul Terrebonne d/b/a Pellerin's Trophy and Awards as claimants to the limitation of liability action and respectfully allege and make claims as follows:

1.

On or about April 20, 2010, the vessel MODU *Deepwater Horizon*, was located 50 miles southeast of Venice, Louisiana, more than a marine league outside of and adjacent to the

Louisiana shore when, while performing drilling operations for crude oil, it exploded, eventually sinking to the floor of the Gulf of Mexico.

2.

The accident was caused by no fault of the plaintiffs and was caused solely by the negligence of the defendants, Transocean Limited, Transocean Offshore Deepwater Drilling, Inc., Transocean Deepwater, Inc., BP, PCL, BP Products North American, Inc. and Haliburton Energy Services, Inc. through their agents, servants and employees, who were involved in the ownership, management and operation of the vessel and/or the working of the vessel.

3.

As a result of this explosion, oil and petroleum fumes pelted the coast of Louisiana, Mississippi, Alabama and Florida, causing bodily injury in the form of inhalation of toxic fumes to some plaintiffs and innundation of plaintiffs' land and acreage with oil and petroleum substances, resulting in damage to plants, trees, wild life, island and gulf soil sand and marine life.

4.

Plaintiffs damages were caused by the unseaworthty conditions of the vessel MODU *Deepwater Horizon* and the complainants in limitation knew or should have known of the conditions of this vessel prior to commencing operations because they had full privity of knowledge of the defective conditions of the vessel which were alleged to be as follows:

   a)   Failing to provide a competent crew;

   b)   Failing to supervise its employees;

   c)   Failing to property train and/or supervise employees or subcontractors working on

      the vessel;

d)      Failing to provide sufficient personnel to perform operations aboard the vessel;

e)      Failing to properly follow drilling protocols and policies, proper well monitoring and control practices;

f)      Failing to exercise due care and caution;

g)      Failing to avoid this accident;

h)      Failing to provide a seaworthy vessel capable of avoiding this accident;

I)      Failing to provide a proper seal around their drilling pipe which could have prevented the spillage of oil in the event of an accident;

I)      Other acts of negligence to be shown at the trial of this matter

5.

Claimants seek all damages caused by the rig explosion and water pollution, including but not limited to pain and suffering, damage to land, property and wildlife, past and future mental anguish, past and future loss of enjoyment of life and all other recoverable compensatory damages.

6.

Plaintiffs seek not only those damages but also seek exemplary damages, including attorneys fees, litigation expenses, court costs, expert witness fees and scientific testing.

7.

Claimants seek prejudgment interests from the date of the casualty and all damages sustained therein.

8.

Claimants aver that they are entitled to punitive damages due to the wantant and reckless disregard of the owners and operators of the vessel which caused and/or contributed to this accident.

9.

Complainants pray that they be awarded an amount that is reasonable under the circumstances and for all general and equitable relief.

10.

Plaintiffs maintain that they are entitled to damages as follows:

Darleen Jacobs Levy - $250,000.00

Carrie Deffes - $250,000.00

Verna Simmons - $250,000.00

Veronica Deffes - $250,000.00

 Sandra Torregano - $250,000.00

Michael Stewart - $250,000.00

Regina Stewart - $250,000.00

Benjamin Stewart - $250,000.00

Tonya Flot - $250,000.00

Wilfred Gallardo, Jr. - $250,000.00

Gilbert Johnson - $250,000.00

Barry Johnson - $250,000.00

Cornelius Johnson - $250,000.00

Patricia Bailey - $250,000.00

Michelle and Mark Karka - $250,000.00

Dr. Neil Wolfson - $250,000.00

Robert P. Charbonnet - $250,000.00

Linda Charbonnet - $250,000.00

Everett and Beverly Davis - $250,000.00

Grand Terre Plantation, L.L.C. - $250,000.00

Jack O'Neal - $250,000.00

Bajrang, Inc., through its President Mahesh Mistry - $500,000.00

Paul Terrebonne d/b/a Pellerin's Trophy and Awards - $250,000.00

If the above damages cannot be awarded then plaintiffs pray that they receive an amount in damages that is reasonable under the circumstances.

WHEREFORE, respondents and claimants herein, Darleen Jacobs Levy, Carrie Deffes, Verna Simmons, Veronica Deffes, Sandra Torregano, Michael Stewart, Regina Stewart, Benjamin Stewart, Tonya Flot, Wilfred Gallardo, Jr., Gilbert Johnson, Barry Johnson, Cornelius Johnson, Patricia Bailey, Michelle and Mark Kurka, Dr. Neil Wolfson, Robert P. Charbonnet, Linda Charbonnet, Everett and Beverly Davis, Grand Terre Plantation, L.L.C., Jack O'Neal, Bajrang, Inc., through its President Mahesh Mistry, and Paul Terrebonne d/b/a Pellerin's Trophy and Awards pray that after due proceedings had that there be judgment rendered in their favor and against complainants in limitation, Triton Asset Leasing GMBH, Transocean Holdings, L.LC., Transocean Offshore Deepwater Drilling, Inc. and Transocean Deepwater, Inc. as owner,

managing owners, owners *Pro Hac Vice* and/or operators of the MODU *Deepwater Horizon,* her engines, gear, tackle, appurtenances, etc., denying their complaint to limitation of liability and/or exoneration and dismissing this claim at their costs; claimants respectfully submit that their claims be filed herein and that, after due proceedings had, they be awarded damages which are fair and reasonable under the circumstances for the injuries and damages that they have suffered as a result of the negligence of defendants.

        Respectfully submitted:

        __/s/ Darleen Jacobs_____
        DARLEEN M. JACOBS, ESQ. (#7208)
        RICHARD MARTIN, ESQ.
        KENNETH CHARBONNET, ESQ.
        823 St. Louis Street
        New Orleans, LA 70112
        (504) 522-0155
        Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29TH day of October, 2010, I caused the foregoing to be served on all counsel of record via the Court's CM/ECF system.

        *S/Darleen M. Jacobs*_____
        DARLEEN M. JACOBS

SWORN TO AND SUBSCRIBED
BEFORE ME THIS _29[th] DAY OF
OCTOBER, 2010.

__/s/ Al Sarrat_____
NOTARY PUBLIC