UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | * * * | NO.: 10-02771 SECTION: J JUDGE BARBIER |
| THIS DOCUMENT RELATES TO: 2:10-cv-02771 | * | MAGISTRATE SHUSHAN |

\* \* \* \* \* \* \* \* \*

## CLAIM AND ANSWER OF LAFOURCHE CLIPPER, INC. TO PETITION FOR EXONERATION FROM OR LIMITATION OF LIABILITY

NOW INTO COURT, through undersigned counsel, comes Lafourche Clipper, Inc., Claimant, which responds to the Petition for Exoneration From or Limitation of Liability filed by Petitioners, Triton Asset Leasing GmbH, Transocean Holdings, LLC, Transocean Offshore Deepwater Drilling, Inc., and Transocean Deepwater, Inc., the alleged Owner, Managing Owners, Owners Pro Hac Vice and/or Operators of the MODU DEEPWATER HORIZON, by submitting the following Claim and Answer in the above-entitled proceeding:

# CLAIM

I.

On or about April 20, 2010, the MODU DEEPWATER HORIZON, a deepwater drilling vessel, was engaged in deepwater drilling operations in approximately 5,000 feet of water approximately 40 miles offshore from Venice, Louisiana, on behalf of British Petroleum, an oil/gas company, when the well being drill ruptured causing an explosion and fire on the MODU

DEEPWATER HORIZON. The fuel sources of the explosion/fire aboard the drilling vessel were hydrocarbons (oil and gas) escaping from the ruptured well. When the MODU DEEPWATER HORIZON ultimately sank, breaking the connection between the drilling vessel and well, oil began pouring into the Gulf of Mexico. According to some estimates, the oil flowed freely into the Gulf of Mexico at a rate of 90,000 to 100,000 barrels per day. The release of oil at the referenced alarming rate continued through July 15, 2010.

II.

The explosion, fire and sinking of the MODU DEEPWATER HORIZON and resulting enormous oil spill was the result of the negligence, unseaworthiness and/or fault of the MODU DEEPWATER HORIZON, her crew, Owners, Managing Owners, Owner Pro Hac Vice and/or Operators, with all or part of such negligence, unseaworthiness and/or fault within the privity and knowledge of Petitioners.

III.

At the time of the explosion, fire and sinking of the MODU DEEPWATER HORIZON resulting in the referenced oil spill, the Claimant owned and operated a shrimp trawling vessel. More particularly, at all relevant times, Lafourche Clipper, Inc. owned and operated the F/V LAFOURCHE CLIPPER.

IV.

As a result of the referenced oil spill and the consequential restrictions on and closing of fishing waters, the Claimant was precluded from fishing and earning a living. As a result, the Claimant sustained damages in the form of business interruption and lost profits in an as yet undetermined amount. Accordingly, Petitioners, as Owner, Managing Owners, Owners Pro Hac

Vice, and/or Operators of the MODU DEEPWATER HORIZON, are liable to Claimant for the aforesaid damages.

V.

This claim is being made under protest and without prejudice to Claimant's position that this limitation proceeding is improper and should be dismissed.

**WHEREFORE**, Lafourche Clipper, Inc. presents this claim and prays that said claim will be approved and allowed by the Court, with interest hereon and costs, and for such other and further relief as the Court may deem just and proper.

# ANSWER

Lafourche Clipper, Inc. responds to the Petition for Exoneration From or Limitation of Liability as follows:

### FIRST DEFENSE

The Petition for Exoneration From or Limitation of Liability fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Petitioners are not entitled to exoneration from or limitation of liability since the fire, explosion and sinking of the MODU DEEPWATER HORIZON with consequential oil spill were caused or contributed to by the negligence, unseaworthiness and/or fault of the MODU DEEPWATER HORIZON, her crew, Owner, Managing Owners, Owners Pro Hac Vice and/or Operators with all or part of such negligence, unseaworthiness and/or fault occurring within the privity and knowledge of Petitioners.

### THIRD DEFENSE

Claimant further avers that the security posted by Petitioners is legally insufficient due to Petitioners' failure to properly compute the fair market value of the MODU DEEPWATER HORIZON as of April 20, 2010 and failure to properly compute the value of freight and passage of monies pending to Petitioners; thus, the limitation fund is inadequate as the value of Petitioners' interest in the MODU DEEPWATER HORIZON, her pending freight and passage monies is far greater than the security and any ad interim stipulation; accordingly, the limitation fund should be dismissed.

### FOURTH DEFENENSE

Claimant further avers that any recovery by settlement, judgment or otherwise received by Petitioners from any source in compensation for any losses or damages sustained herein by Petitioners must be included in the limitation fund in the event that Petitioners prevail in this limitation of liability proceeding, which Claimant denies is appropriate for all reasons above.

### FIFTH DEFENSE

Claimant hereby reserves all rights to pursue its claims in its forum of choice pursuant to 28 U.S.C. §1333, known as the Savings to Suitors Clause and in no way does Claimant waive or abrogate its right by filing an Answer and Claim in this limitation proceeding.

### SIXTH DEFENSE

Claimant responds to the particular allegations of the Petition for Exoneration From or Limitation of Liability as follows:

I.

The allegations contained in Paragraph 1 of the Petition for Exoneration From or Limitation of Liability state legal conclusions requiring no answer of Claimant; however, should answer be required, the allegations contained therein are denied.

II.

The truth of the allegations of fact contained in Paragraph 2 of the Petition for Exoneration From or Limitation of Liability is denied for lack of sufficient information to justify a belief therein.

III.

The truth of the allegations of fact contained in Paragraph 3 of the Petition for Exoneration From or Limitation of Liability is denied for lack of sufficient information to justify a belief therein.

IV.

The truth of the allegations of fact contained in Paragraph 4 of the Petition for Exoneration From or Limitation of Liability is denied for lack of sufficient information to justify a belief therein.

V.

The truth of the allegations of fact contained in Paragraph 5 of the Petition for Exoneration From or Limitation of Liability is denied for lack of sufficient information to justify a belief therein.

VI.

The allegations contained in Paragraph 6 of the Petition for Exoneration From or Limitation of Liability state legal conclusions requiring no answer of Claimant; however, should answer be required, the allegations contained therein are denied.

VII.

The truth of the allegations of fact contained in Paragraph 7 of the Petition for Exoneration From or Limitation of Liability is denied for lack of sufficient information to justify a belief therein.

VIII.

The truth of the allegations of fact contained in Paragraph 8 of the Petition for Exoneration From or Limitation of Liability is denied for lack of sufficient information to justify a belief therein.

IX.

The truth of the allegations of fact contained in Paragraph 9 of the Petition for Exoneration From or Limitation of Liability is denied for lack of sufficient information to justify a belief therein.

X.

The truth of the allegations of fact contained in Paragraph 10 of the Petition for Exoneration From or Limitation of Liability is denied.

XI.

The truth of the allegations of fact contained in Paragraph 11 of the Petition for Exoneration From or Limitation of Liability is denied.

XII.

The truth of the allegations of fact contained in Paragraph 12 of the Petition for Exoneration From or Limitation of Liability is denied.

XIII.

The truth of the allegations of fact contained in Paragraph 13 of the Petition for Exoneration From or Limitation of Liability is denied for lack of sufficient information to justify a belief therein.

XIV.

The truth of the allegations of fact contained in Paragraph 14 of the Petition for Exoneration From or Limitation of Liability is denied for lack of sufficient information to justify a belief therein.

XV.

The truth of the allegations of fact contained in Paragraph 15, including subparts (a) through (g), of the Petition for Exoneration From or Limitation of Liability is denied for lack of sufficient information to justify a belief therein.

XVI.

The truth of the allegations of fact contained in Paragraph 16 of the Petition for Exoneration From or Limitation of Liability is denied for lack of sufficient information to justify a belief therein.

XVII.

The allegations contained in Paragraph 17 of the Petition for Exoneration From or Limitation of Liability state legal conclusions requiring no answer of Claimant; however, should answer be required, the allegations contained therein are denied.

XVIII.

The truth of the allegations of fact contained in Paragraph 18 of the Petition for Exoneration From or Limitation of Liability is denied.

XIX.

The truth of the allegations of fact contained in Paragraph 19 of the Petition for Exoneration From or Limitation of Liability is denied for lack of sufficient information to justify a belief therein.

XX.

The allegations contained in Paragraph 20 of the Petition for Exoneration From or Limitation of Liability state legal conclusions requiring no answer of Claimant; however, should answer be required, the allegations contained therein are denied.

XXI.

The truth of the allegations of fact contained in Paragraph 21 of the Petition for Exoneration From or Limitation of Liability is denied for lack of sufficient information to justify a belief therein.

XXII.

The truth of the allegations of fact contained in Paragraph 22 of the Petition for Exoneration From or Limitation of Liability is denied for lack of sufficient information to justify a belief therein.

XXIII.

The truth of the allegations of fact contained in Paragraph 23 of the Petition for Exoneration From or Limitation of Liability is denied for lack of sufficient information to justify a belief therein.

XXIV.

The allegations contained in Paragraph 24 of the Petition for Exoneration From or Limitation of Liability state legal conclusions requiring no answer of Claimant; however, should answer be required, the allegations contained therein are denied.

XXV.

The allegations contained in the Prayer of the Petition for Exoneration From or Limitation of Liability state legal conclusions requiring no answer of Claimant; however, should be required, the allegations contained therein are denied.

WHEREFORE, Lafourche Clipper, Inc. prays that the foregoing Answer be deemed fit and sufficient, and that after due proceedings, there be judgment denying exoneration from or limitation of liability and granting the Claim of Lafourche Clipper, Inc., with interest thereon and costs, and for such other and further relief as the Court may deem just and proper.

Respectfully submitted, this __29th__ day of October, 2010

*HELM LAW FIRM, L.L.C.*

BY: *Michael G. Helm /s/*
    MICHAEL G. HELM (18946)
    P.O. Box 4207
    Covington, LA 70434-4207
    Tel: (985) 867-8667
    Fax: (985) 867-8217
    Firm Email: mhelm@helmlawfirm.com
**Attorney for Lafourche Clippers, Inc.**

**CERTIFICATE OF SERVICE**

    I do hereby certify that on this  29th   day of October, 2010, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to all counsel to all parties in the above-captioned.

    I further certify that I mailed the foregoing pleading via first-class mail, postage prepaid, to the following non-CM/ECF participants:  N/A

*Michael G. Helm /s/*

_____

MICHAEL G. HELM