UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG | * | MDL NO. 2179 |
| "DEEPWATER HORIZON" IN THE | * | CIVIL ACTION NO. 10-2771 |
| GULF OF MEXICO, ON APRIL 20, 2010 | * | |
| | * | SECTION: "J" |
| THIS DOCUMENT RELATES TO: 2:10-CV-02771 | * | JUDGE BARBIER |
| | * | MAGISTRATE SHUSHAN |

*********************************************************

## CLAIM AND ANSWER OF SEABRIGHT INSURANCE COMPANY TO PETITION FOR EXONERATION FROM OR LIMITATION OF LIABILITY

SeaBright Insurance Company, a foreign corporation authorized to do and doing business in the State of Louisiana, through undersigned counsel, responds to the Petition for Exoneration From or Limitation of Liability filed by Petitioners, Triton Asset Leasing GmbH, Transocean Holdings, LLC, Transocean Offshore Deepwater Drilling, Inc., and Transocean Deepwater, Inc., the alleged Owner, Managing Owners, Owners Pro Hac Vice and/or Operators of the MODU DEEPWATER HORIZON (collectively referred to herein as "Petitioners"), by submitting the following Claim and Answer in the above-entitled proceeding:

### CLAIM

1.

On or about April 20, 2010, the MODU *Deepwater Horizon*, a deepwater drilling vessel, was engaged in drilling operations in the Gulf of Mexico, when there occurred a fire and explosion or explosions aboard the MODU *Deepwater Horizon*. The fire and explosion(s) severely damaged the MODU *Deepwater Horizon* and the marine casualty resulted in personal injuries and death to persons aboard the MODU *Deepwater Horizon* and in the vicinity of the fire and explosion(s).

2.

As a result of the aforementioned explosion, fire and sinking of the MODU *Deepwater Horizon*, and the personal injuries and or deaths resulting in consequence thereof, SeaBright Insurance Company may pay, has paid or will pay on claims for death benefits, indemnity benefits, medical benefits, workers' compensation benefits, LHWCA benefits, and/or, in the alternative, maintenance and cure under claims known and not yet known.

3.

In addition to all claims not yet known, at all material times pertinent to this case, SeaBright Insurance Company, had issued to and had in full force and effect insurance coverage, including, but not limited to a policy of workers' compensation insurance in favor of Offshore Cleaning Systems, LLC, under which policy(s) of insurance SeaBright Insurance Company provided coverage for work-related injuries to the employees of Offshore Cleaning Systems, LLC, including, but not limited to Shane Faulk, Brett Guillory, Joshua Kirtzer, Heath Lambert, Coby Richard and Kevin Senegal.

4.

As a result of the aforementioned explosion(s), fire and sinking of the MODU *Deepwater Horizon*, and the personal injuries resulting as a consequence thereof, SeaBright Insurance Company has paid or may pay to or on behalf of **Shane Faulk**, **Brett Guillory**, **Joshua Kirtzer**, **Heath Lambert, Coby Richard** and **Kevin Senegal**, workers' compensation benefits, including indemnity and medical benefits and/or, in the alternative, maintenance and cure, which payments are continuing or may continue into the future.

5.

Petitioners are liable for any and all loss, damages and injuries occasioned and resulting from the aforementioned catastrophic event and under the applicable law, SeaBright Insurance Company is subrogated legally to the rights of the claimants, **Shane Faulk**, **Brett Guillory**, **Joshua Kirtzer**, **Heath Lambert, Coby Richard** and **Kevin Senegal**, and any other claimant not yet known, to the extent of all amounts paid by SeaBright Insurance Company to and on behalf of claimants and also to the extent of any additional amounts which SeaBright may be presently obligated or might in the future become obligated to pay to or on behalf of any claimant.

6.

By virtue of the payments made by SeaBright Insurance Company resulting from the aforementioned catastrophic event, SeaBright Insurance Company is also subrogated equitably and/or contractually to the rights of the claimants, Shane Faulk, Brett Guillory, Joshua Kirtzer, Heath Lambert, Coby Richard and Kevin Senegal and any other claimant not yet known, to the extent of all amounts paid by SeaBright Insurance Company to and on behalf of claimants and also to the extent of any additional amounts which SeaBright may be presently obligated or might in the future become obligated to pay to or on behalf of any claimant known and not yet known.

7.

Because all claims for reimbursement may not be known by SeaBright Insurance Company as of this date, SeaBright Insurance Company makes claim in this proceeding for reimbursement for any and all amounts paid for injury, death, loss, destruction and damage arising out of or related to the above described casualty event for any and all

claims known and listed herein and any not yet known by SeaBright Insurance Company.

8.

Alternatively, SeaBright Insurance Company, as the compensation insurer and as subrogee and co-owners of the rights of claimants known and yet known, is entitled to reimbursement of all amounts paid to or on behalf of any claimant out of any damages or recovery which may be awarded to the claimants and against the Petitioners, jointly, severally and in solido, together with legal interest from the date of judicial demand until paid, and any and all expenses.

9.

SeaBright Insurance Company submits that its statutory right to reimbursement takes precedence and priority over the claims of any claimant identified herein, and any not yet known, for which SeaBright has paid benefits to or on behalf of and that any judgment should be rendered in SeaBright Insurance Company's favor for such amounts at a dollar-for-dollar credit together with legal interest and all costs with any excess assessed in favor of said claimants accordingly.

10.

This claim is being made under protest and without prejudice to Claimant's position that this limitation proceeding is improper and should be dismissed.

WHEREFORE, SeaBright Insurance Company, presents this claim and prays that said claim will be approved and allowed by the Court, with interest hereon and costs, and for such other and further relief as the Court may deem just and proper.

## ANSWER

SeaBright Insurance Company responds to the Petition for Exoneration From or Limitation of Liability as follows:

### FIRST DEFENSE

The Petition for Exoneration From or Limitation of Liability fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Claimant further avers that the security posted by Petitioners is legally insufficient due to Petitioners' failure to properly compute the fair market value of the MODU *Deepwater Horizon* as of April 20, 2010 and failure to properly compute the value of freight and passage of monies pending to Petitioners; thus, the limitation fund is inadequate as the value of Petitioners' interest in the MODU *Deepwater Horizon*, her pending freight and passage of monies is far greater than the security and any ad interim stipulation; accordingly, the limitation fund should be dismissed.

### THIRD DEFENSE

Claimant further avers that any recovery by settlement, judgment or otherwise received by Petitioners from any source in compensation for any losses or damages sustained herein by Petitioners must be included in the limitation fund in the event that Petitioners prevail in this limitation of liability proceeding, which Claimant denies is appropriate for all reasons herein.

### FOURTH DEFENSE

Claimant hereby reserves all rights to pursue its claims in its forum of choice pursuant to 28 USC section 1333 OR in intervention thereof, known as the Saving to

Suitors Clause and in no way does Claimant waive or abrogate its right by filing an Answer and Claim in this limitation proceeding.

### FIFTH DEFENSE

Claimant asserts the flotilla doctrine. The limitation fund is inadequate and the Complaint should be dismissed because Petitioners have failed to deposit adequate security for the Vessel and for the additional vessels within the flotilla, which were under a common operational control, supervision and enterprise. Therefore, Petitioners deposit, at the time of filing, did not meet federal standards and this limitation action should be dismissed.

### SIXTH DEFENSE

In the event this limitation proceeding is not dismissed as not appropriate in this circumstance, Claimant submits that the proceeds of any insurance coverage on the MODU *Deepwater Horizon* insuring Petitioners for such an occurrence be included in the limitation proceeding.

### SEVENTH DEFENSE

Claimant reserves the right to contest the appraisal value of the MODU *Deepwater Horizon* and/or for any additional vessels in the flotilla, their engines, apparel, appurtenances, pending freight, etc., and the adequacy of the security.

### EIGHT DEFENSE

The limitation fund is inadequate and should be increased and/or this action should be dismissed because the limitation fund does not properly account for the value of the minerals and other appurtenances, attachments, freight and/or cargo aboard the vessel, subject to the control of the vessel and/or owned by Petitioners.

**AND NOW**, specifically reserving all defenses asserted herein, including, without limitation, SeaBright Insurance Company's right to pursue their claims either by direct action or by intervention, Claimant responds to the individual Paragraphs of the Complaint for Exoneration From or Limitation of Liability, upon information and belief, as follows:

1.

The allegations contained in Paragraph 1 of the Petition for Exoneration From or Limitation of Liability state legal conclusions requiring no answer of Claimant; however, should an answer be required the allegations contained therein are denied.

2.

The allegations contained in Paragraph 2 of the Petition for Exoneration From or Limitation of Liability are denied for lack of sufficient information to justify a belief therein.

3.

The allegations contained in Paragraph 3 of the Petition for Exoneration From or Limitation of Liability are denied for lack of sufficient information to justify a belief therein.

4.

The allegations contained in Paragraph 4 of the Petition for Exoneration From or Limitation of Liability are denied for lack of sufficient information to justify a belief therein.

5.

The allegations contained in Paragraph 5 of the Petition for Exoneration From or Limitation of Liability are denied for lack of sufficient information to justify a belief therein.

6.

The allegations contained in Paragraph 6 of the Petition for Exoneration From or Limitation of Liability state legal conclusions requiring no answer of Claimant; however, should an answer be required the allegations contained therein are denied.

7.

The allegations contained in Paragraph 7 of the Petition for Exoneration From or Limitation of Liability are denied for lack of sufficient information to justify a belief therein.

8.

The allegations contained in Paragraph 8 of the Petition for Exoneration From or Limitation of Liability are denied for lack of sufficient information to justify a belief therein.

9.

The allegations contained in Paragraph 9 of the Petition for Exoneration From or Limitation of Liability are denied for lack of sufficient information to justify a belief therein.

10.

The allegations contained in Paragraph 10 of the Petition for Exoneration From or Limitation of Liability are denied for lack of sufficient information to justify a belief therein.

11.

The allegations contained in Paragraph 11 of the Petition for Exoneration From or Limitation of Liability are denied for lack of sufficient information to justify a belief therein.

12.

The allegations contained in Paragraph 12 of the Petition for Exoneration From or Limitation of Liability are denied.

13.

The allegations contained in Paragraph 13 of the Petition for Exoneration From or Limitation of Liability are denied for lack of sufficient information to justify a belief therein.

14.

The allegations contained in Paragraph 14 of the Petition for Exoneration From or Limitation of Liability are denied for lack of sufficient information to justify a belief therein.

15.

The allegations contained in Paragraph 15 of the Petition for Exoneration From or Limitation of Liability along with its subparts (a) through (g) are denied for lack of sufficient information to justify a belief therein.

16.

The allegations contained in Paragraph 16 of the Petition for Exoneration From or Limitation of Liability are denied for lack of sufficient information to justify a belief therein.

17.

The allegations contained in Paragraph 17 of the Petition for Exoneration From or Limitation of Liability are denied for lack of sufficient information to justify a belief therein.

18.

The allegations contained in Paragraph 18 of the Petition for Exoneration From or Limitation of Liability are denied.

19.

The allegations contained in Paragraph 19 of the Petition for Exoneration From or Limitation of Liability are denied for lack of sufficient information to justify a belief therein.

20.

The allegations contained in Paragraph 20 of the Petition for Exoneration From or Limitation of Liability are denied for lack of sufficient information to justify a belief therein.

21.

The allegations contained in Paragraph 21 of the Petition for Exoneration From or Limitation of Liability are denied for lack of sufficient information to justify a belief therein.

22.

The allegations contained in Paragraph 22 of the Petition for Exoneration From or Limitation of Liability are denied for lack of sufficient information to justify a belief therein.

23.

The allegations contained in Paragraph 22 of the Petition for Exoneration From or Limitation of Liability are denied for lack of sufficient information to justify a belief therein.

24.

The allegations contained in Paragraph 23 of the Petition for Exoneration From or Limitation of Liability are denied for lack of sufficient information to justify a belief therein.

25.

The allegations contained in Paragraph 24 of the Petition for Exoneration From or Limitation of Liability state legal conclusions requiring no answer of Claimant; however, should an answer be required the allegations contained therein are denied.

26.

The allegations contained in the Prayer for the Petition for Exoneration From or Limitation of Liability state legal conclusions requiring no answer of Claimant; however, should an answer be required the allegations contained therein are denied.

WHEREFORE, SeaBright Insurance Company, prays that the foregoing Answer be deemed fit and sufficient, and that after due proceedings, there be judgment denying exoneration from or limitation of liability and granting the Claim of SeaBright Insurance Company, with interest thereon and costs, and for such other and further relief as the Court may deem just, equitable and proper.

>Respectfully submitted:
>LeBAS LAW OFFICES
>(A Professional Law Corporation)
>
>  /s/ *Henry H. LeBas*
>HENRY H. LEBAS     #23185
>GORDON VAN GREIG #29889
>201 Rue Iberville, Suite 600
>Lafayette, LA 70508
>Phone:  337-236-5500
>Fax:     337-236-5590
>Attorney for Claimant, SeaBright Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2010, the foregoing pleading was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to those unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Signed this 15th day of November, 2010.

>   /s/ *Henry H. LeBas*
>HENRY H. LEBAS