**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| | | **MDL No. 2179** |
| **IN RE: OIL SPILL BY THE OIL** | § | **CIVIL ACTION NO. 10-2771** |
| **RIG "DEEPWATER HORIZON"** | § | |
| **IN THE GULF OF MEXICO,** | § | **SECTION: J** |
| **ON APRIL 20, 2010** | § | **JUDGE BARBIER** |
| | § | |
| **THIS DOCUMENT RELATES TO:** | § | **MAG. JUDGE SHUSHAN** |
| **2:10-CV-02771** | | |

---

<u>**ANSWER AND CLAIM OF BENJI LACROIX TO THE**</u>
<u>**COMPLAINT AND PETITION FOR EXONERATION FROM OR**</u>
<u>**LIMITATION OF LIABILITY OF TRITON ASSET LEASING GMBH, TRANSOCEAN**</u>
<u>**HOLDINGS, LLC, TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., and**</u>
<u>**TRANSOCEAN DEEPWATER, INC.**</u>

NOW INTO COURT, through undersigned counsel, comes **BENJI LACROIX,** who asserts

the following Answer and Claim in these proceedings:

<u>**DEFENSES**</u>

**FIRST DEFENSE**

The complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

The Limitation of Liability Act, 46 USC § 181-189, is discriminatory in that it favors

vessel owners over **BENJI LACROIX** (hereinafter sometimes referred to as **LACROIX**) and

deprives him of property rights without due process of law in violation of the Fifth and

Fourteenth Amendments to the United States Constitution.

**THIRD DEFENSE**

The limitation fund is inadequate and the Complaint should be dismissed because

**TRITON ASSET LEASING GMBH, TRANSOCEAN HOLDINGS, LLC, TRANSOCEAN**

**OFFSHORE DEEPWATER DRILLING, INC., and TRANSOCEAN DEEPWATER, INC.**

(hereinafter sometimes collectively referred to as **"TRANSOCEAN ENTITIES"**) have failed to

deposit adequate security, in accordance with USC § 181 et seq., for the vessel identified in the

Complaint From or Limitation of Liability and for any additional vessels that may have been

within the flotilla and/or which were under the common operation, control, supervision and/or

enterprise.

### FOURTH DEFENSE

The Limitation of Liability Act is not applicable to this case because at all times pertinent

herein the **MODU *DEEPWATER HORIZON*** was operated in a willful, wanton and reckless

manner and/or was known and/or should have been known by its owners, operators and/or

owners pro hac vice to be unseaworthy and/or the conduct and actions which lead to the

explosion and **BENJI LACROIX'S** injuries took place with the privity and knowledge of said

owners, operators, and/or owners pro hac vice of the vessel(s) involved.

### FIFTH DEFENSE

The owners and/or operators of the **MODU *DEEPWATER HORIZON*** knew or should

have known of the defective and/or unseaworthy condition of the vessel.

### SIXTH DEFENSE

The complaint is untimely and has prescribed.

### SEVENTH DEFENSE

The limitation fund is inadequate and the Complaint should be dismissed because

**TRANSOCEAN ENTITIES** have failed to accurately identify all of the vessels in the flotilla

which should be included in the limitation fund.

### EIGHTH DEFENSE

To the extent **TRANSOCEAN ENTITIES**'s insurers attempt to avail themselves of the limitation/exoneration defense, **BENJI LACROIX** asserts that the Limitation of Liability Act is unavailable to insurers of vessel owners, operators and/or owners pro hac vice under the circumstances.  In the alternative, no *prima facie* case has been made establishing they are entitled to avail themselves of the Limitation of Liability Act.

## NINTH DEFENSE

The Complaint for Exoneration From or Limitation of Liability contains vague and ambiguous statements which are objectionable under FRCP 12(e) and **BENJI LACROIX** seeks a more definitive statement of said allegations, regardless of the nature, manner and extent of his Claim and Answer herein.

## TENTH DEFENSE

The events culminating in the explosion and injuries to **BENJI LACROIX** were the result of the negligence, fault, and/or want of due care on the part of **TRANSOCEAN ENTITIES** and/or those for whom **TRANSOCEAN ENTITIES** are responsible, and/or the unseaworthiness of the **MODU *DEEPWATER HORIZON*** and/or other vessels within the flotilla and/or under common operation, control, supervision and/or enterprise at all pertinent times, all of which was within the privity and knowledge of **TRANSOCEAN ENTITIES**, for which the Complaint for Exoneration From or Limitation of Liability should be denied.

## ELEVENTH DEFENSE

The events culminating in the explosion and injuries to **BENJI LACROIX** were not the result of any negligence, fault or want of due care on the part of **BENJI LACROIX** or those for whom he may be responsible.

## TWELFTH DEFENSE

**BENJI LACROIX** further alleges that there was insurance coverage on the **MODU**
***DEEPWATER HORIZON*** insuring **TRANSOCEAN ENTITIES** in the event of an occurrence
such as that which is the subject of **BENJI LACROIX's** Claims, and the proceeds of said
insurance policy should be included in this limitation proceeding (in the event the Court
determines these limitation proceedings are appropriate).

## THIRTEENTH DEFENSE

**BENJI LACROIX** states that the proceeds of any judgment, award, or settlement which
may be received by **TRANSOCEAN ENTITIES** from any third party in recompense of any
losses or damages sustained herein, as a result of the fault or alleged fault of said third party,
must be included in the limitation fund.

## FOURTEENTH DEFENSE

In filing his Answer and Claim, **BENJI LACROIX** specifically reserves all rights to
pursue all available claims in state court for resolution of any and all issues beyond the exclusive
jurisdiction of this Admiralty Court pursuant to the "Savings to Suitors" clause, 28 U.S.C. §1333,
and all state law remedies.  The filing of the Claim and Answer by **BENJI LACROIX** is in no
way a waiver of this right and defense and **BENJI LACROIX** is not agreeing to join all issues in
this proceeding by filing this Claim and Answer herein.

## <u>ANSWER</u>

**AND NOW**, specifically reserving all defenses asserted herein including, without
limitation, **BENJI LACROIX's** right to pursue his claims in state court pursuant to the Savings
to Suitors clause, 28 U.S.C.§1333, and all state law remedies, **BENJI LACROIX** responds to
the individual articles of the Complaint and Petition for Exoneration From or Limitation of
Liability of Complainants**,** upon information and belief, as follows:

1.

**LACROIX** believes that the allegations of Article 1 are conclusions of law which do not require and answer.

2.

The allegations of Article 2 are denied for lack of information.

3.

The allegations of Article 3 are denied for lack of information.

4.

The allegations of Article 4 are denied for lack of information.

5.

The allegations of Article 5 are denied for lack of information.

6.

The allegations of Article 6 are denied for lack of information.  **LACROIX** also denies that **TRANSOCEAN ENTITIES** are entitled to the protections afforded by the Limitation of Liability Act.

7.

The allegations of Article 7 are denied for lack of information.

8.

The allegations of Article 8 are denied except to admit that it is believed that the **MODU** ***DEEPWATER HORIZON*** is now on the floor of the Gulf of Mexico in approximately five thousand feet of water.

9.

The allegations of Article 9 are denied except to admit that on or about April 20, 2010, a fire and explosion or explosions occurred onboard the **MODU *DEEPWATER HORIZON*** and said marine casualty resulted in personal injuries and death to persons on board the **MODU *DEEPWATER HORIZON*** and in the vicinity of the fire and explosion(s).

10.

The allegations of Article 10 are denied.

11.

The allegations of Article 11 are denied.

12.

The allegations of Article 12 are denied.

13.

The allegations of Article 13 are denied for lack of information.

14.

**LACROIX** believes that the allegations of Article 14 do not require and answer. However, to the extent an answer is required, the allegations are denied.

15.

**LACROIX** believes that the allegations Article 15 do not require an answer. However, to the extent an answer is required, the allegations are denied for lack of information.

16.

**LACROIX** believes that the allegations Article 16 do not require an answer. However, to the extent an answer is required, the allegations are denied for lack of information.

17.

The allegations of Article 17 are denied for lack of information except to admit that venue is proper in the Eastern District of Louisiana.

18.

The allegations of Article 18 are denied for lack of information.

19.

**LACROIX** believes that the allegations of Article 19 do not require an answer. However, to the extent an answer is required, the allegations are denied except to admit that damages from the events in question will likely greatly exceed the amount and value of petitioners interest in the **MODU *DEEPWATER HORIZON*** including her then pending freight.

20.

The allegations of Article 20 are denied.  In addition, 33 U.S.C. § 2718(c), et. seq. specifically precludes the application of the Limitation of Liability Act to any and all claims covered by the Oil Pollution Act.

21.

**LACROIX** believes that the allegations of Article 21 do not require and answer. However, to the extent an answer is required, the allegations are denied.

22.

**LACROIX** believes that the allegations of Article 22 do not require and answer. However, to the extent an answer is required, the allegations are denied.

23.

**LACROIX** believes that the allegations of Article 23 do not require and answer. However, to the extent an answer is required, the allegations are denied.

24.

The allegations of Article 24 are denied except to admit that this Honorable Court has admiralty and maritime jurisdiction.

## ADMIRALTY COMPLAINT FOR DAMAGES

**AND NOW,** specifically reserving all defenses asserted herein including, without limitation, **BENJI LACROIX'S** rights to pursue his claims in state court pursuant to the Savings to Suitors clause, 28 U.S.C. § 1333, and all state law remedies, **BENJI LACROIX** files this Claim in the Complaint and Petition for Exoneration From or Limitation of Liability of **TRITON ASSET LEASING GMBH, TRANSOCEAN HOLDINGS, LLC, TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., AND TRANSOCEAN DEEPWATER, INC.,** as Owner, Managing Owners, Owners Pro-Hac Vice, and/or Operators of the **MODU** *DEEPWATER HORIZON*, and in regards thereto, upon information and belief, avers:

1.

**BENJI LACROIX** re-urges each and every defense, objection, and answer set forth above as if the same were stated verbatim herein.

2.

These matters are brought pursuant to Rule 905(b) of the Longshore and Harbor Workers' Compensation Act ("LHWCA") and/or the general maritime laws of the United States and alternatively pursuant to 46 U.S.C. §30104 et. seq., more commonly known as the Jones Act, and under the general maritime law for unseaworthiness and for maintenance, cure, and unearned wages.

3.

Made defendants herein are:

A.   **TRITON ASSET LEASING GmbH,** a foreign corporation authorized to do and
     doing business within the State of Louisiana and within this judicial district;

B.   **TRANSOCEAN HOLDINGS LLC**, a foreign corporation authorized to do and
     doing business within the State of Louisiana and within this judicial district;

C.   **TRANSOCEAN OFFSHORE DEEPWATER DRILLING INC.,** a foreign
     corporation authorized to do and doing business within the State of Louisiana and
     within this judicial district; and

D.   **TRANSOCEAN DEEPWATER INC.,** a foreign corporation authorized to do
     and doing business within the State of Louisiana and within this judicial district.

4.

This claim arises as the result of a fire(s) and explosion(s) that occurred on or about April

20, 2010 on board the **MODU *DEEPWATER HORIZON***, a vessel in navigation in the Gulf of

Mexico, at or near Mississippi Canyon block 252, over the outer continental shelf, approximately

44 miles off the coast Louisiana, and within the jurisdiction of the Federal District Court for the

Eastern District of Louisiana.

5.

On the afore stated date and time, upon information and belief, **TRITON ASSET**

**LEASING GMBH, TRANSOCEAN HOLDINGS, LLC, TRANSOCEAN OFFSHORE**

**DEEPWATER DRILLING, INC., and TRANSOCEAN DEEPWATER, INC.** was the

owner, operator and/or owner pro hac vice of the **MODU *DEEPWATER HORIZON***.

6.

On the afore stated date, **BENJI LACROIX** was employed by Offshore Cleaning
Systems, LLC and performing work in the course and scope of his duties on board the **MODU**
***DEEPWATER HORIZON***.

7.

**TRITON ASSET LEASING GMBH, TRANSOCEAN HOLDINGS, LLC,**
**TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., and TRANSOCEAN**
**DEEPWATER, INC.**, are liable to **BENJI LACROIX** for its negligence and/or vessel
negligence pursuant to Section 905(b) of the LHWCA for negligently causing, creating, and/or
allowing the existence of one or more unreasonably dangerous conditions on its vessel, **MODU**
***DEEPWATER HORIZON***, and/or for the unseaworthiness of its vessel, **MODU *DEEPWATER***
***HORIZON***, which caused and/or contributed to **BENJI LACROIX's** injuries.

8.

**BENJI LACROIX** was injured through the negligence, gross negligence,
unseaworthiness, fault, and/or vessel negligence on the part of **TRITON ASSET LEASING**
**GMBH, TRANSOCEAN HOLDINGS, LLC, TRANSOCEAN OFFSHORE DEEPWATER**
**DRILLING, INC., TRANSOCEAN DEEPWATER, INC.,** and/or the **MODU *DEEPWATER***
***HORIZON*,** its principals, agents, servants, employees and/or those for whom it was responsible
at the time of the herein above described incident in the following non-exclusive particulars:

    A.    Negligently, knowingly, intentionally, willfully, wantonly and/or in a grossly
negligent manner placing **BENJI LACROIX** in a situation which it knew to be
unreasonably dangerous;

    B.    Negligently, knowingly, intentionally, willfully, wantonly and/or in a grossly
negligent manner failing to warn **BENJI LACROIX** of a condition(s) which it
knew or should have known to present an unreasonable risk of harm;

C.    Negligently, knowingly, intentionally, willfully, wantonly and/or in a grossly negligent manner failing to properly examine and/or inspect its vessel(s), and/or the appurtenances of its vessel, to ensure that it/they did not contain any unseaworthy and/or unreasonably dangerous conditions;

D.    Negligently, knowingly, intentionally, willfully, wantonly and/or in a grossly negligent manner failing to properly maintain its/their vessel(s) and/or ensure that its/their vessel(s) was/were seaworthy;

E.    Inattentiveness of the master and/or crew of its/their vessel(s);

F.    Negligently, knowingly, intentionally, willfully, wantonly and/or in a grossly negligent manner failing to provide a competent, properly trained, and/or properly supervised crew on board its/their vessel(s);

G.    Negligently, knowingly, intentionally, willfully, wantonly and/or in a grossly negligent manner failing to provide **BENJI LACROIX** with a safe place to work;

H.    Negligently, knowingly, intentionally, willfully, wantonly and/or in a grossly negligent manner failing to adequately instruct the crew aboard its/their vessel(s);

I.    Negligently, knowingly, intentionally, willfully, wantonly and/or in a grossly negligent manner failing to take all proper precautions to prevent the fire(s), explosion(s), and/or injuries suffered by **BENJI LACROIX**;

J.    Negligently, knowingly, intentionally, willfully, wantonly and/or in a grossly negligent manner failing to provide a competent master and/or crew for its/their vessel(s);

K.    Negligently, knowingly, intentionally, willfully, wantonly and/or in a grossly negligent manner failing to heed any and all warnings regarding the pending disaster;

L.    Negligently, knowingly, intentionally, willfully, wantonly and/or in a grossly negligent manner failing to take appropriate action under the circumstances;

M.    Negligently, knowingly, intentionally, willfully, wantonly and/or in a grossly negligent manner placing, causing, and/or allowing the existence of conditions that were known, reasonably should have been known, and/or which were warned to be, potentially explosive, highly flammable, and/or unreasonably dangerous;

N.    Negligently, knowingly, intentionally, willfully, wantonly and/or in a grossly negligent manner failing to have and/or utilize proper, operational, and/or adequate equipment during the activities in question;

O.   Negligently, knowingly, intentionally, willfully, wantonly and/or in a grossly negligent manner failing to adequately and/or safely plan the operations in question including, but not limited to, ensuring the use of adequate equipment and/or safe procedures;

P.   Negligently, knowingly, intentionally, willfully, wantonly and/or in a grossly negligent manner failing to follow the original job plan and/or similar plan;

Q.   Negligently, knowingly, intentionally, willfully, wantonly and/or in a grossly negligent manner having and/or using inherently unsafe work procedures and/or practices, that were long standing policies, practices, and/or procedures of defendants known and approved by shore-side management of defendant, regarding the operations at hand;

R.   Negligently, knowingly, intentionally, willfully, wantonly and/or in a grossly negligent manner violating one or more laws, regulations, recommended practices and/or policies applicable, in whole or in part, to the activities in question at the time of the explosion which constituted, among other things, negligence per se on the part of defendants; and

S.   Any and all other acts of negligence; intentional, willful, wanton, and/or grossly negligent acts; fault and/or unseaworthiness that will be established through discovery and/or proven at the trial of this matter.

9.

**BENJI LACROIX** also specifically pleads the doctrine of *res ipsa loquitur* inasmuch as the defendants herein owned, operated, and/or had custody and control over the **MODU DEEPWATER HORIZON** and its appurtenances, upon which the fire(s) and explosion(s) occurred, and those events could not have occurred absent the negligent and/or grossly negligent conduct of one or all of the defendants herein.

10.

As a result of said fault, be it passive or active, negligence, and/or gross negligence of defendants, **TRITON ASSET LEASING GMBH, TRANSOCEAN HOLDINGS, LLC, TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., and TRANSOCEAN**

**DEEPWATER, INC.,** and/or the **MODU *DEEPWATER HORIZON*,** and/or those for whom it is responsible and/or the negligence and/or inadequacy of the vessel,  **BENJI LACROIX** sustained severe, painful and permanently disabling mental and/or physical injuries rendering him disabled from his former employment thereby entitling **BENJI LACROIX** to recover for his damages in an amount reasonable in the premises.

11.

As a result of his injuries, **BENJI LACROIX** has sustained and/or will sustain damages including, but not limited to:

A.  <u>Past loss of wages:</u> An amount reasonable in the premises to be determined at the trial of the merits of this matter;

B.  <u>Future loss of wages and/or loss of earning capacity:</u> An amount reasonable in the premises to be determined at the trial of the merits of this matter;

C.  <u>Past physical and/or mental pain and suffering</u>: An amount reasonable in the premises to be determined at the trial of the merits of this matter;

D.  <u>Future physical and/or mental pain and suffering</u>: An amount reasonable in the premises to be determined at the trial of the merits of this matter;

E.  <u>Past disability and/or disfigurement</u>:  An amount reasonable in the premises to be determined at the trial of the merits of this matter;

F.  <u>Future disability and/or disfigurement</u>:  An amount reasonable in the premises to be determined at the trial of the merits of this matter;

G.  <u>Past loss of enjoyment of life</u>:  An amount reasonable in the premises to be determined at the trial of the merits of this matter;

H.  <u>Future loss of enjoyment of life</u>:  An amount reasonable in the premises to be determined at the trial of the merits of this matter;

I.  <u>Past medical expenses</u>:  An amount reasonable in the premises to be determined at the trial of the merits of this matter;

J.  <u>Future medical expenses and/or cost of his care</u>:  An amount reasonable in the premises to be determined at the trial of the merits of this matter;

K.    Punitive damages and/or exemplary damages to the extent recoverable under the applicable laws including, but not limited to, the general maritime laws of the United States;

L.    Legal interests and costs incurred; and

M.    Any other damages recoverable under the law in amounts reasonable in the premises.

**WHEREFORE, BENJI LACROIX** prays that:

1.    The Complaint filed herein seeking limitation of liability be dismissed and any injunction or restraining order granted in the above matter be dissolved;

2.    Alternatively, **TRITON ASSET LEASING GMBH, TRANSOCEAN HOLDINGS, LLC, TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., and TRANSOCEAN DEEPWATER, INC.,** be required to deposit additional security in the minimum amount required by law; in default of which their Complaint should be dismissed; and pending such deposit, any injunction and/or restraining order should be dissolved;

3.    That this Answer be deemed good and sufficient and that after due proceedings, there be judgment in favor of **BENJI LACROIX** against **TRITON ASSET LEASING GMBH, TRANSOCEAN HOLDINGS, LLC, TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., and TRANSOCEAN DEEPWATER, INC.** dismissing the Complaint and Petition for Exoneration From or Limitation of Liability with prejudice and at **TRITON ASSET LEASING GMBH, TRANSOCEAN HOLDINGS, LLC, TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., and TRANSOCEAN DEEPWATER, INC.**; and

4.    **BENJI LACROIX** further prays for judgment in his favor, over and against **TRITON ASSET LEASING GMBH, TRANSOCEAN HOLDINGS, LLC, TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., and TRANSOCEAN DEEPWATER, INC.,** in the full and true sum for damages in amounts reasonable in the premises, to be proven at the trial of the merits of this matter, in favor of **BENJI LACROIX,** and legal interest from April 20, 2010, costs of these proceedings, any applicable punitive and/or exemplary damages, and all other equitable and just relief.

RESPECTFULLY SUBMITTED BY:
**DOMENGEAUX WRIGHT ROY & EDWARDS**


/s/ ***James Parkerson Roy***
**JAMES PARKERSON ROY (Bar No. 11511)**
**BOB F. WRIGHT (Bar No. 13691)**
**BRIAN C. COLOMB (Bar No. 25625)**
556 Jefferson Street, Suite 500
Post Office Box 3668
Lafayette, LA  70502-3668
Telephone: (337)233-3033
Telefax: (337)232-8213
jimr@wrightroy.com
bobw@wrightroy.com
brianc@wrightroy.com
**ATTORNEYS FOR BENJI LACROIX**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing Answer and Claim of Benji LaCroix to the Complaint and Petition for Exoneration from or Limitation of Liability of Triton Asset Leasing GMBH, Transocean Holdings, LLC, Transocean Offshore Deepwater Drilling, Inc., and Transocean Deepwater, Inc. has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.  I also certify that I have mailed by United States Postal Service this filing to all counsel of record.

LAFAYETTE, LOUISIANA, this 24th  day of  November  , 2010.


_____/s/*James Parkerson Roy*_____