UNITED STATES DISTRICT COURT OF THE
EASTERN DISTRICT OF NEW ORLEANS
STATE OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the Oil Rig | * | MDL NO. 2179 |
| "DEEPWATER HORIZON: in the | * | Civil Action No. 10-2771 |
| GULF OF MEXICO, on April 20, 2010 | * | |
| | * | SECTION: "J" |
| IN RE: TRITON ASSET LEASING | * | |
| GmbH, et al | * | |
| | * | JUDGE BARBIER |
| THIS DOCUMENT RELATES TO: | * | MAG. JUDGE SHUSHAN |
| Civil Action No. 10-2771 | * | |

*************************************************************************************

## ANSWER AND CLAIMS OF KENNETH ROBERTS

Claimant, Kenneth Roberts files this Answer and Claims in response to Petitioners Triton Asset Leasing GmbH, Transocean Holdings, LLC, Transocean Offshore Deepwater Drilling, Inc., and Transocean Deepwater, Inc's Verified Complaint for Exoneration From or Limitation of Liability and respectfully shows the Court:

1.

The allegations of the Complaint fail to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6).

2.

The allegations of Petitioners Complaint and Petition for Exoneration From or Limitation of Liability Paragraphs I, II, III, IV, V, VI, VII, VIII, IX, X, XI, XII, XIII, XIV, XV, XVI, XVII, XVIII, XIX, XX, XXI, XXII, XXIII, and XXIV are hereby denied.

3.

The Limitation of Liability Act, 46 U.S.C. § 30501 et seq., is unconstitutional inasmuch as it violative of the Fifth and Fourteenth Amendments to the U.S. Constitution and does not provide for equal protection of laws pursuant to the Fifth and Fourteenth Amendment of the Constitution.

4.

Claimant asserts the flotilla doctrine. Petitioners have failed to deposit sufficient funds and security for the vessel and the additional vessels within the flotilla and, therefore, the Petition for Exoneration From or Limitation of Liability should be dismissed.

5.

The limitation fund is inadequate and the Complaint should be dismissed because of Petitioners failure to deposit sufficient funds as security for the vessel and for the additional vessels under common operational, supervisor, and enterprise.

6.

Petitioners have failed to identify all vessels in the flotilla which should be included in the limitation fund and, thus, the Petition for Exoneration or Limitation of Liability should be dismissed.

7.

The Limitation of Liability Act is not applicable herein because The MODU Deepwater Horizon and the other vessels in the flotilla were operated in a willful, wanton, and reckless manner or, in the alternative, the conduct and actions which lead to Claimant's

injuries took place with the privity and knowledge of the owners, managing owners, owners *pro hac vice*, and/or operators of the vessels involved.

8.

The Limitation of Liability Act is not applicable because of the unseaworthiness of The Modu Deepwater Horizon and/or the other vessels in the flotilla.

9.

The Limitation of Liability Act is not applicable hereto because The MODU Deepwater Horizon and its flotilla have not been correctly valued.

10.

Claimant reserves the right contest the appraisal value of The MODU Deepwater Horizon and/or for any additional vessels in the flotilla and the adequacy of the security.

11.

The Complaint does not affect Claimant's right to maintenance and cure; thus, Petitioners liability, Claimant for intentional, willful, arbitrary and capricious refusal to provide Claimant with adequate maintenance and cure is not limited to the value of its vessels.

12.

The limitation fund is inadequate and should be increased and/or this action should be dismissed because the limitation fund does not properly account for the minerals and other appurtenances, attachments, freight and/or cargo aboard the vessel, subject to the control of the vessel and/or owned by the Petitioners.

**AND NOW**, specifically reserving all defenses asserted herein, including, without limitation, Claimant files his Claim in the Complaint for Exoneration from or Limitation of Liability of and states:

1.

Claimant re-urges each and every defense and objection set forth above as if the same were stated herein verbatim.

2.

Claimant suffered severe injuries to his mind and body as a result of The Deepwater Horizon explosion on April 20, 2010.  At the time he was employed as a Jones Act Seamen by Petitioners or subject to their control.  While The Deepwater Horizon was operating on navigable waters and Claimant was contributing to and aiding such vessel in the accomplishment of its mission, Claimant sustained serious physical and mental injuries during the explosion and its immediate aftermath while still in the zone of danger.

3.

Petitioners are negligent per se, grossly negligent and reckless for the following reasons:

    a)    Failure to provide a safe place to work.

    b)    In violating Coast Guard MMS and OSHA Regulations.

    c)    In violating the ISM Code.

    d)    Failure to provide an adequate crew.

    e)    Failure to maintain and repair the vessel properly.

    f)    Failure to provide adequate safety equipment.

    g)    Failure to properly train employees.

    h)    Failure to properly manage the vessel.

    i)    Failure to provide adequate medical treatment.

    j)    Creating or maintaining hazardous conditions within the privity and knowledge and supervisory and management personnel.

    k)    Other acts being negligent, grossly negligent and reckless

4.

At all times pertinent herein, The MODU Deepwater Horizon was unseaworthy which caused Claimant's damages.

5.

As a result of said occurrences, Claimant sustained severe injuries to his body and mind which has resulted in physical pain, de-stress, mental anguish, fear, impairment, discomfort, and other medical problems all of which will continue permanently. Claimant also sustained a loss of earnings.

6.

Claimant is entitled to punitive damages because the aforesaid actions.  Petitioners were grossly negligent and reckless,  willful, wanton, arbitrary, and capricious. Moreover, Claimant may recovery punitive damages under the General Maritime law because its vessel's unseaworthiness following the United States Supreme Court Ruling in *Atlantic Sounding*.  All of the conduct mentioned in the above paragraphs was within the knowledge and privity of Petitioners.

7.

Claimant is entitled to proceed and prosecute this litigation without pre-payment of cost

inasmuch as he was American Seamen at all times pertinent herein.

WHEREFORE, Claimant, Kenneth Roberts prays that there after due proceeding are had that:

1) The Complaint seeking Exoneration From or Limitation of Liability be dismissed and the injunction or restraining order granted in this matter be dissolved;

2) Alternatively, Petitioners be required to deposit additional security in the minimum amount required by law for the full value of all vessels in the flotilla which were under the common operational control and supervision and engaged in the common enterprise and it set security be by way of a cash deposit into the registry of the Court or a bond issued by as surety approved by the Court and be based upon an appraisal issued by a commissioner appointed by the Court; in default of which the Complaint seeking Exoneration From of Limitation of Liability be dismissed; and pending such deposit any injunction and/or restraining order be dissolved;

3) There be judgement rendered herein in favor of Claimant, and against Petitioners, both jointly and severally, for all damages as are reasonable in the premises, together with the maximum legal interest thereon from the date of the accident until paid and for all costs of this proceeding;

4) Claimant be allowed to proceed and prosecute this claim without pre-payment of costs; and

5) For all such other and further relief to which Claimant may be entitled under law and in equity.

Respectfully submitted:

_____
DAVID A. HILLEREN (#06921)
HILLEREN & HILLEREN, L.L.P.
Post Office Box 210
Evergreen, Louisiana 71333
Telephone: (318) 346-6162
Facsimile: (318) 346-612
Attorney for Kenneth Roberts

## CERTIFICATE OF SERVICE

    I do hereby certify that I have served a copy of the above and foregoing pleading on all counsel of record by electronic notice in accordance with Local Rules to those counsel receiving electronic notice, and all others by depositing same in the United States Mail, postage prepaid and properly addressed, on this 9th day of February, 2011

                                                              s/ David A. Hilleren
                                                            DAVID A. HILLEREN