UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | MDL NO. 2179 |
| | SECTION: J |
| *Pertains To:  C.A. 2010-2771 Only:* | JUDGE BARBIER |
| | MAG. JUDGE SHUSHAN |
| IN RE COMPLAINT AND PETITION OF TRITON ASSET LEASING GmbH, TRANSOCEAN HOLDINGS LLC, TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., AND TRANSOCEAN DEEPWATER, INC., AS OWNER, MANAGING OWNER, OWNERS PRO-HAC VICE, AND/OR OPERATORS OF THE MODU DEEPWATER HORIZON, IN A CAUSE FOR EXONERATION FROM OR LIMITATION OF LIABILITY | |

**CHARLES HAROLD COCHRAN'S ANSWER AND DEFENSES TO COMPLAINT AND PETITION OF TRITON ASSET LEASING GmbH, TRANSOCEAN HOLDINGS LLC, TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., AND TRANSOCEAN DEEPWATER, INC., AS OWNER, MANAGING OWNER, OWNERS *PRO-HAC VICE*, AND/OR OPERATORS OF THE MODU DEEPWATER HORIZON, FOR EXONERATION FROM OR LIMITATION OF LIABILITY, AND CLAIMS FOR DAMAGES**

NOW COMES CHARLES HAROLD COCHRAN (COCHRAN or CLAIMANT), through undersigned counsel, who Answers as follows the Complaint and Petition for

Exoneration From Or Limitation of Liability in this matter, and does allege the following claims against Petitioners herein:

## FIRST DEFENSE

The allegations of the Complaint fail to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6).

## SECOND DEFENSE

The Limitation of Liability Act, 46 U.S.C. § 30501 *et seq.*, is unconstitutional in that it deprives Cochran of property rights without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and does not provide for equal protection of the laws pursuant to the Fifth and Fourteenth Amendments to the United States Constitution.

## THIRD DEFENSE

Cochran assert the flotilla doctrine. The limitation fund is inadequate and the Complaint should be dismissed because Petitioners have failed to deposit adequate security for the Vessel and for the additional vessels within the flotilla, which were under a common operational control, supervision, and enterprise.

## FOURTH DEFENSE

The limitation fund is inadequate and the Complaint should be dismissed because Petitioners have failed to deposit adequate security for the vessel identified in the Complaint for Exoneration From or Limitation of Liability and for the additional vessels within the flotilla which were under common operational control, supervision and enterprise. Pursuant to Rule F(1)

of the Supplemental Rules for Certain Admiralty and Maritime Claims, the proper limitation fund must be deposited at the time of filing. Petitioners' deposit, at the time of filing, did not meet federal standards. As such, this limitation action must be dismissed.

**FIFTH DEFENSE**

The limitation fund is inadequate and the Complaint should be dismissed because Petitioners have failed to accurately identify all of the vessels in the flotilla which should be included in the limitation fund.

**SIXTH DEFENSE**

The Limitation of Liability Act is not applicable to the instant case because at all times pertinent herein, THE MODU DEEPWATER HORIZON and/or other vessels contained within the flotilla were operated in a willful, wanton, and reckless manner or, in the alternative, the conduct and actions which lead to Cochran' injuries took place with the privity and knowledge of the owners, managing owners, owners *pro hac vice*, and/or operators of the vessels involved.

**SEVENTH DEFENSE**

The Limitation of Liability Act is not applicable in the instant case because at all relevant times, THE MODU DEEPWATER HORIZON and/or the other vessels contained within the flotilla were known by the owner and/or owner *pro hac vice* to be unseaworthy.

**EIGHTH DEFENSE**

To the extent Petitioners' insurers attempt to avail themselves of the limitation/exoneration defense, Cochran assert that the Limitation of Liability Act is unavailable to insurers of vessel owners under the circumstances. In the alternative, no *prima facie* case has

been made establishing they are entitled to avail themselves of the Limitation of Liability Act.

**NINTH DEFENSE**

The Complaint for Exoneration From or Limitation of Liability contains vague and ambiguous statements which are objectionable under Federal Rule of Civil Procedure 12(e), and Cochran seeks more definitive statements of the allegations, regardless of the nature, manner and extent of their Claim and Answer herein.

**TENTH DEFENSE**

The events culminating in the damages of Cochran were the result of the negligence, fault, or want of due care on the part of Petitioners and/or those for whom Petitioner is responsible, and/or the unseaworthiness of THE MODU DEEPWATER HORIZON and/or other vessels within the flotilla under common operational control, supervision and enterprise, all of which was within the privity and knowledge of Petitioners, for which the Complaint for Exoneration From of Limitation of Liability should be denied.

**ELEVENTH DEFENSE**

Without prejudice to any of Cochran's causes of action, for the purpose of this defense only, the events culminating in the damages of Cochran were not the result of any negligence, fault, or want of due care on their part or those for whom they may be responsible.

**TWELFTH DEFENSE**

Cochran further allege that there was insurance coverage on THE MODU DEEPWATER HORIZON insuring Petitioners in the event of an occurrence such as that which is the subject of Cochran' claims, and the proceeds of said insurance policy should be included in this limitation

proceeding (in the event the Court determines these limitation proceedings are appropriate).

### THIRTEENTH DEFENSE

Cochran state that the proceeds of any judgment, award, or settlement which may be received by Petitioners from any third party in recompense of any losses or damages sustained herein to the property or interests of Petitioners, as a result of the fault or alleged fault of said third party, must be included in the limitation fund.

### FOURTEENTH DEFENSE

In filing this Answer and Claim, Cochran specifically reserve all rights to pursue all available claims in state court for resolution of any and all issues beyond the exclusive jurisdiction of this Admiralty Court pursuant to the "Savings to Suitors" clause, 28 U.S.C. §1333, and all state law remedies. The filing of this Claim and Answer is in no way a waiver of this right and defense and Cochran is not agreeing to join all issues in this proceeding by filing this Claim and Answer.

### FIFTEENTH DEFENSE

Cochran specifically reserve all rights to pursue all available claims in the forum of his choice for resolution of any and all issues beyond the exclusive jurisdiction of this admiralty court pursuant to the "Savings to Suitors" clause, 28 U.S.C. §1333, and all remedies, and no part of this Claim and Answer is a waiver of this defense or these rights. Cochran will move the Court to lift the injunction and stay of proceedings in other forums. *See In re Tetra Applied Tech., L.P.*, 362 F.3d 388 (5th Cir. 2004). Further, pursuant to the holdings of *In re Liverpool, etc. Nav. Co. (Vestris)*, 57 F.2d 176, 179 (2d Cir. 1932) and *The Silver Palm*, 94 F.2d 776, 780

5

(9th Cir. 1937), upon Complainant's failure to obtain relief in this limitation action (should resolution of this action precede judgment in other actions), Cochran hereby asserts and claims his right to have their claims and damages tried to a jury in the court of his choosing.

### SIXTEENTH DEFENSE

The purpose of a limitation action is to provide a single forum for determining whether the vessel and its owner are liable at all, whether the owner may in fact limit liability to the value of the vessel and pending freight, and how the funds are to be distributed to Cochran. *See* 46 U.S.C. § 30501, *et seq*.; see also THOMAS J. SCHOENBAUM, ADMIRALTY AND MARITIME LAW 2nd Ed. § 13-5 (1994). Because of the nature and circumstances of this action, a limitations proceeding is inappropriate and unjustified.

### SEVENTEENTH DEFENSE

Cochran reserve the right to contest the appraisal value of THE MODU DEEPWATER HORIZON and/or for any additional vessels in the flotilla, their engines, apparel, appurtenances, pending freight, etc., and the adequacy of the security.

### EIGHTEENTH DEFENSE

The limitation fund is inadequate and should be increased and/or this action should be dismissed because the limitation fund does not properly account for the value of the minerals and other appurtenances, attachments, freight and/or cargo aboard the vessel, subject to the control of the vessel, and/or owned by the Petitioners.

**AND NOW,** specifically reserving all defenses asserted herein, including, without limitation, Cochran's right to pursue their claims in state court pursuant to the Savings to Suitors

clause, 28 U.S.C. §1333, and all state law remedies, Cochran respond to the individual Paragraphs of the Complaint for Exoneration From or Limitation of Liability, upon information and belief, as follows:

I.

The allegations contained in Paragraph 1 of the Complaint are denied for lack of sufficient information to justify a belief therein.

II.

The allegations contained in Paragraph 2 of the Complaint are denied for lack of sufficient information to justify a belief therein.

III.

The allegations contained in Paragraph 3 of the Complaint are denied for lack of sufficient information to justify a belief therein.

IV.

The allegations contained in Paragraph 4 of the Complaint are denied for lack of sufficient information to justify a belief therein.

V.

The allegations contained in Paragraph 5 of the Complaint are denied for lack of sufficient information to justify a belief therein.

VI.

The allegations contained in Paragraph 6 of the Complaint are denied for lack of sufficient information to justify a belief therein.

VII.

The allegations contained in Paragraph 7 of the Complaint are denied.

VIII.

The allegations contained in Paragraph 8 of the Complaint are denied for lack of sufficient information to justify a belief therein.

IX.

The allegations contained in Paragraph 9 of the Complaint are denied for lack of sufficient information to justify a belief therein.

X.

The allegations contained in Paragraph 10 of the Complaint are denied.

XI.

The allegations contained in Paragraph 11 of the Complaint are denied.

XII.

The allegations contained in Paragraph 12 of the Complaint are denied.

XIII.

The allegations contained in Paragraph 13 of the Complaint are denied for lack of sufficient information to justify a belief therein.

XIV.

The allegations contained in Paragraph 14 of the Complaint are denied for lack of sufficient information to justify a belief therein.

XV.

The allegations contained in Paragraph 15 of the Complaint are denied for lack of sufficient information to justify a belief therein.

XVI.

The allegations contained in Paragraph 16 of the Complaint are denied for lack of sufficient information to justify a belief therein.

XVII.

The allegations contained in Paragraph 17 of the Complaint are denied for lack of sufficient information to justify a belief therein.

XVIII.

The allegations contained in Paragraph 18 of the Complaint are denied.

XIX.

The allegations contained in Paragraph 19 of the Complaint are denied for lack of sufficient information to justify a belief therein.

XX.

The allegations contained in Paragraph 20 of the Complaint are denied for lack of sufficient information to justify a belief therein.

XXI.

The allegations contained in Paragraph 21 of the Complaint are denied for lack of sufficient information to justify a belief therein.

XXII.

The allegations contained in Paragraph 22 of the Complaint are denied for lack of sufficient information to justify a belief therein.

XXIII.

The allegations contained in Paragraph 23 of the Complaint are denied for lack of sufficient information to justify a belief therein.

XXIV.

The allegations contained in the prayer for relief are not statements of fact, but conclusions of law, from which no response is necessary from Cochran. However, if response be deemed necessary, said allegations are denied. Cochran further specifically denies the adequacy of the valuation of THE MODU DEEPWATER HORIZON and/or the other vessels in its flotilla as asserted by Petitioners. Cochran further re-urges his prior objection to Petitioners failing to include the value of all vessels in the flotilla which were under the common operational control, supervision and enterprise in the limitation fund, together with any insurance proceeds, and any sums received or which may be received by Petitioners from any third party as a result of the fault or alleged fault of said third party having caused damage to the property interests of Petitioners. Cochran further denies the adequacy of Petitioners' *Ad Interim* Stipulation for an amount equal to the value of its interest in THE MODU DEEPWATER HORIZON and/or other vessels in its flotilla and their appurtenances and hereby makes demand for Petitioners to either deposit cash proceeds into the registry of the Court in the amount of the stated value of the vessel(s) and/or provide a bond for the value of the vessel(s), issued by a reputable surety

company to be approved by the Court. In so doing, Cochran specifically reserves the right to contest the stated value of the vessel and the limitation fund as aforesaid. Cochran further denies the applicability of Petitioners' Complaint to claims arising under the Oil Pollution Act of 1990. *Metlife Capital Corp. v. M/V EMILY S.*, 132 F.3d 818 (1st Cir. 1997).

## CLAIMS IN LIMITATION

**AND NOW**, specifically reserving all defenses asserted herein, including, without limitation, Cochran's right to pursue their claims in state court pursuant to the Savings to Suitors clause, 28 U.S.C. §1333, and all state law remedies, Cochran files his Claims in the Complaint for Exoneration from or Limitation of Liability of, and states that:

1. Charles Harold Cochran, is an adult citizen of the State of Mississippi, at all times an employee of Defendant(s) Transocean, Ltd., and/or Transocean Offshore Deepwater Drilling, Inc., and/or Transocean Deepwater, Inc;

2. On April 20, 2010, at or about 9:45 p.m., At the time of the explosion, Charles Harold Cochran was in his quarters aboard the DEEPWATER HORIZON, asleep in his bunk, and due to the forces unleashed by the blow out and/or resulting explosion, was violently thrown from his bunk and across his cabin, after which he felt severe pain in his neck and shoulder area.

3. Amid the panic and screaming of the crew, while the rig fell into pieces around him, he made his way to a lifeboat for evacuation. He was placed into a lifeboat which was lowered to the Gulf of Mexico, from which he was transferred to a workboat, while experiencing severe pain in his neck and shoulder area. These

      injuries have since required a long and arduous course of medical care and treatment, which will continue throughout his life, including but not limited to surgical procedures.

4. While aboard the workboat for the remainder of the night, and throughout the next day, he witnessed the crew all about him, screaming, and visions of the rig burning and disintegrating, which impressions, in addition to the physical injuries and their consequences caused by of the same events subject of suit, caused and continue to cause him to suffer extreme emotional damages which will not abate.

5. As a result of his injuries, Charles Cochran is and will remain permanently and totally physically, functionally and anatomically disabled, impaired and disfigured.

6. As a result of his disabilities, Charles Cochran is unable to engage in any employment, and has lost and will continue to lose income, among other economic damages.

7. As a result of his injuries and disabilities, Charles Cochran has incurred and will continue to incur medical and related expenses.

8. Claimant asserts against Petitioner Transocean a cause of action in negligence under the Jones Act, 46 U.S.C. 688.

9. Claimant asserts against Petitioner Transocean the general maritime law claim of breach of warranty unseaworthiness, in the following nonexhaustive particulars:

    a.    Failure to provide vessel, equipment, appliances and appurtenances reasonably fit for their intended use;

    b.    Failure to provide adequately constituted, trained, supervised or competent crew;

    c.    Failure to adequately equip vessel for its intended mission and purpose;

    d.    Improper method of vessel operation;

    e.    Unsafe work methods aboard the vessel;

    f.    Improper contractor operations;

    g.    Negligent orders;

    h.    Inadequate and defective safety equipment;

    i.    Any and all others shown.

10. Claimant asserts against Petitioner Transocean general maritime law claims for maintenance and cure, and additionally, preserves all rights relative to any arbitrary, capricious, callous denial or discontinuance without probably cause.

11. Claimant alleges the negligence of Petitioners, in the following nonexclusive particulars:

    a.    Failing to properly operate the Deepwater Horizon;

    b.    Operating the Deepwater Horizon in such a manner that a fire and explosion occurred onboard;

    c.    Failing to properly inspect the Deepwater Horizon to assure that its equipment and personnel were fit for their intended purpose;

    d.    Acting in a careless and negligent manner without due regard for the safety of others;

    e.    Failing to promulgate, implement and enforce rules and regulations pertaining to the safe operations of the Deepwater Horizon which, if they had been so promulgated, implemented and enforced, would have averted the Claimant's injuries and damages;

    f.    Operating the Deepwater Horizon with untrained and unlicensed personnel;

    g.    Inadequate and negligent training and hiring of personnel;

    h.    Failure to provide reasonably safe workplace;

    i.    Failure to provide vessel, equipment, appliances and appurtenances reasonably fit for their intended use;

    j.    Failure to provide adequately constituted, trained, supervised or competent crew;

    k.    Failure to adequately equip vessel for its intended mission and purpose;

    l.    Improper method of vessel operation;

    m.    Unsafe work methods aboard the vessel;

    n.    Improper contractor operations;

    o.    Negligent orders;

    p.    Inadequate and defective safety equipment;

    q.    Negligent operation and/or operation methods;

    r.    Failing to take appropriate action to avoid or mitigate the accident;

    s.    Negligent implementation of policies and procedures to safely conduct offshore operations in the Gulf of Mexico;

    t.    Employing untrained or poorly trained employees and failing to properly train their employees;

    u.    Failing to ascertain that the Deepwater Horizon and its equipment were free from defects and/or in proper working order;

    v.    Failure to timely warn;

    w.    Failure to timely bring the oil release under control;

    x.    Failure to provide appropriate accident prevent equipment;

    y.    Failure to observe and read gauges that would have indicated excessive pressures in the well;

    z.    Failure to react to danger signs;

    aa.    Providing BOP's that did not work properly;

    bb.    Conducting well and well cap cementing operations improperly;

    cc.    Acting in a manner that justifies imposition of punitive damages; and

    dd.    Such other acts of negligence and omissions as will be shown at the trial of this matter; all of which acts are in violation of the laws of Louisiana and Federal law applicable on the outer Continental Shelf.

**12.** All Petitioners herein are liable to the Claimant jointly, severally, divisibly and in solido.

13. Claimant pleads by reference any and all State Law causes of action and/or remedies in accord with the Court's supplemental jurisdiction, and/or the Saving to Suitors Clause.

14. Claimant sustained damages as a direct and proximate result of, and/or which were substantially caused by, the acts omissions, conditions, and events subject of suit.

15. Claimant itemizes his elements of damages as follows:

   a. Past and future physical pain, suffering and anguish;

   b. Past and future mental pain, suffering and anguish;

   c. Past and future medical expenses;

   d. Past and future expenses for rehabilitation, therapies, assistance, and home health care;

   e. Past and future aggravation and/or exacerbation of dormant and/or asymptomatic preexisting conditions, diseases and/or injuries;

   f. Past and future post-traumatic stress;

   g. Past and future physical, functional and anatomical disabilities, disfigurements and impairments;

   h. Past and future loss of income;

   i. Past and future loss of earning capacity;

   j. Past and future loss of enjoyment of lifestyle;

   k. Any and all others proven.

16. Claimant prays for compensatory damages in an amount reasonable in the premises.

17. Claimant prays for an award of attorneys' fees and punitive damages against Transocean for arbitrary and capricious failure to pay, denial and/or discontinuance of, maintenance and cure without probable cause, and/or willful and wanton disregard of the maintenance and cure obligation.

18. The unseaworthy conditions aboard DEEPWATER HORIZON demonstrate Transocean's grossly negligent, callous, willful, wanton, reckless and indifferent disregard for the Claimant's federally protected rights to a seaworthy vessel, and evil motive or intent. Accordingly, Claimant prays for an award of punitive damages as a deterrent and punishment relative to the unseaworthiness of the DEEPWATER HORIZON.

19. Petitioners' conduct herein demonstrates grossly negligent, callous, willful, wanton, reckless and indifferent disregard for the Claimant's federally protected rights, and evil motive or intent. Accordingly Claimant prays for an award of punitive damages as a deterrent and punishment relative to Petitioners' acts and omissions which caused Claimant's damages.

### REQUEST FOR RELIEF

Charles Harold Cochran prays that after due proceedings are had that:

1. The Complaint seeking Exoneration From or Limitation of Liability be dismissed and the injunction or restraining order granted in this matter be dissolved;

2. Alternatively, Petitioners be required to deposit additional security in the minimum amount required by law for the full value of all vessels in the flotilla which were under common operational control and supervision and engaged in a common enterprise and that said security be by way of a cash deposit into the registry of the Court or a bond issued by a surety approved by the Court and be based upon an appraisal issued by a commissioner appointed by the Court; in default of which the Complaint seeking Exoneration From or Limitation of Liability be dismissed; and pending such deposit any injunction and/or restraining order be dissolved;

3. There be judgment rendered herein in favor of Cochran, and against Petitioners, both jointly and severally, for all damages as are reasonable in the premises, together with the maximum legal interest thereon from the date of the accident until paid and for all costs of this proceeding;

4. For all such other and further relief to which Cochran may be entitled under law and in equity.

                Respectfully submitted,

                **BEST KOEPPEL TRAYLOR**

                  s/Peter S. Koeppel
                LAURENCE E. BEST - #3012
                PETER S. KOEPPEL - #1465
                BRIAN A. GILBERT - #21297
                2030 St. Charles Avenue
                New Orleans, Louisiana 70130
                Telephone: (504) 598-1000
                Facsimile: (504) 524-1024
                *Counsel for Plaintiff, Charles Harold Cochran*

**CERTIFICATE OF SERVICE**

**I DO HEREBY CERTIFY** that I have on this 24th day of February, 2011, electronically filed the foregoing pleading with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

                 *s/Peter S. Koeppel*