IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the Oil Rig | * | MDL NO. 2179 |
|     "DEEPWATER HORIZON: in the | * | **Civil Action No. 10-2771** |
|     GULF OF MEXICO, on April 20, 2010 | * | |
| | * | SECTION: "J" |
| **IN RE: TRITON ASSET LEASING** | * | |
| **GmbH, et al** | * | |
| | * | JUDGE BARBIER |
| | * | MAG. JUDGE SHUSHAN |
| THIS DOCUMENT RELATES TO: | * | |
|     Civil Action No. 10-2771 | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>ANSWER TO COMPLAINT AND PETITION FOR EXONERATION OR
LIMITATION OF LIABILITY AND CLAIM</u>

NOW INTO COURT, through undersigned counsel come respondents, Kenneth Charbonnet, Glen Kilian, Roxanne Kilian, Warren Atkins, Paul and Nancy Hamburger, Robert Bullis, Craig Coffey, Melanie Mayeaux, Alicia Hawkes, Joshua Mayeaux, Robert Mayeaux, Germaine Reed, Roy and Ernestine Shell, Eric Menhennett and Bette Raburn respectfully, who in answer to the Complaint in Limitation filed herein respond as follows:

1.

<u>OBJECTIONS AND DEFENSES</u>

1..

Respondents object to claimants invoking the jurisdiction of this Court in any manner other than that which is granted to the Court under the Limitation of Liability Act, 46 U.S.C. § 181 *et seq.*, specifically and including but not limited to, respondents object to the Court exercising jurisdiction over any issue as it pertains to exoneration, damages, interpretation of any insurance policies available to claimants in limitation.

2.

Respondents specifically reserve their rights to file damage suits elsewhere and include in their suits the issues of exoneration, damages and interpretation of any applicable insurance policies available to complainants herein.

3.

The circumstances surrounding the cause of the accident involving the MODU Deepwater Horizon which occurred on or about April 20, 2010 was with the privity and knowledge of the complainants and therefore a bar to limitation of liability.

4.

The pleadings filed by complainants in limitation are deficient and defective and on that basis the Complaint for Limitation should be dismissed.

And now, answering the particular allegations of the Complaint for Limitation, respondents aver upon information and belief:

1.

The allegations of Paragraph I are denied.

2.

The allegations of Paragraphs II, III, IV and V are admitted.

3.

The allegations of Paragraph number VI are denied for lack of information or knowledge sufficient to justify beliefs therein.2

4.

The allegations of Paragraphs VII, VIII, IX, X XI, XII, XIII, XIV, XV, XVI, XVII, XVIII,

XIX, XX, XXI, XXII and XXIV of the original petition are hereby denied for lack of sufficient information to justify belief.

5.

Each other misnumbered and misnamed paragraph is hereby denied.

AND NOW, therefore, again with full reservations of all defenses, rights and claims asserted by respondents, come Kenneth Charbonnet, Glen Kilian, Roxanne Kilian, Warren Atkins, Paul and Nancy Hamburger, Robert Bullis, Craig Coffey, Melanie Mayeaux, Alicia Hawkes, Joshua Mayeaux, Robert Mayeaux, Germaine Reed, Roy and Ernestine Shell, Eric Menhennett and Bette Raburn as claimants to the limitation of liability action who respectfully allege and make claims as follows:

1.

On or about April 20, 2010, the vessel MODU *Deepwater Horizon*, was located 50 miles southeast of Venice, Louisiana, more than a marine league outside of and adjacent to the Louisiana shore when, while performing drilling operations for crude oil, it exploded, eventually sinking to the floor of the Gulf of Mexico.

2.

The accident was caused by no fault of the plaintiffs and was caused solely by the negligence of the defendants, Transocean Limited, Transocean Offshore Deepwater Drilling, Inc., Transocean Deepwater, Inc., BP, PCL, BP Products North American, Inc. and Haliburton Energy Services, Inc. through their agents, servants and employees, who were involved in the ownership, management and operation of the vessel and/or the working of the vessel.

3.

As a result of this explosion, oil and petroleum fumes pelted the coast of Louisiana, Mississippi, Alabama and Florida, causing bodily injury in the form of inhalation of and exposure to toxic fumes to some plaintiffs and injuries as a result of exposure to clean-up chemicals used to absorb oil.

4.

Plaintiffs damages were proximately caused by the unseaworthty conditions of the vessel MODU *Deepwater Horizon* and the complainants in limitation knew or should have known of the conditions of this vessel prior to commencing operations because they had full privity of knowledge of the defective conditions of the vessel which were alleged to be as follows:

a)  Failing to provide a competent crew;

b)  Failing to supervise its employees;

c)  Failing to property train and/or supervise employees or subcontractors working on the vessel;

d)  Failing to provide sufficient personnel to perform operations aboard the vessel;

e)  Failing to properly follow drilling protocols and policies, proper well monitoring and control practices;

f)  Failing to exercise due care and caution;

g)  Failing to avoid this accident;

h)  Failing to provide a seaworthy vessel capable of avoiding this accident;

i)  Failing to provide a proper seal around their drilling pipe which could have prevented the spillage of oil in the event of an accident;

j)      Other acts of negligence to be shown at the trial of this matter

5.

Claimants seek all damages caused by the rig explosion and water pollution, including but not limited to pain and suffering, mental anguish, past and future loss of enjoyment of life, medical expenses and lost wages and all other recoverable compensatory damages.

6.

Plaintiffs seek not only those damages but also seek exemplary damages, including attorneys fees, litigation expenses, court costs, expert witness fees and scientific and medical testing.

7.

Claimants seek prejudgment interests from the date of the casualty and all damages sustained therein.

8.

Claimants aver that they are entitled to punitive damages due to the wantant and reckless disregard of the owners and operators of the vessel which caused and/or contributed to this accident.

9.

Complainants pray that they be awarded an amount that is reasonable under the circumstances and for all general and equitable relief.

10.

Plaintiffs maintain that they are entitled to damages as follows:

Kenny Charbonnet - $250,000

Glen Kilian - $250,000

Glen & Roxanne Kilian - $250,000.00

Warren Atkins - $250,000.00

Paul & Nancy Hamburger - $250,000.00

Robert Bullis - $250,000.00

Craig Coffey - $250,000.00

Melanie Mayeaux - $250,000

Alicia Hawkes - $250,000

Joshua Mayeaux - $250,000

Robert Mayeaux - $250,000

Melanie & Robert Mayeaux - $250,000

Germaine Reed - $250,000

Roy & Ernestine Schell - $250,000

Eric Menhennett - $250,000

Bette Raburn - $250,000

If the above damages cannot be awarded then plaintiffs pray that they receive an amount in damages that is reasonable under the circumstances.

WHEREFORE, respondents and claimants herein, Kenneth Charbonnet, Glen Kilian, Roxanne Kilian, Warren Atkins, Paul and Nancy Hamburger, Robert Bullis, Craig Coffey,

Melanie Mayeaux, Alicia Hawkes, Joshua Mayeaux, Robert Mayeaux, Germaine Reed, Roy and Ernestine Shell, Eric Menhennett and Bette Raburn pray that after due proceedings had that there be judgment rendered in their favor and against complainants in limitation, Triton Asset Leasing GMBH, Transocean Holdings, L.LC., Transocean Offshore Deepwater Drilling, Inc. and Transocean Deepwater, Inc. as owner, managing owners, owners *Pro Hac Vice* and/or operators of the MODU *Deepwater Horizon,* her engines, gear, tackle, appurtenances, etc., denying their complaint to limitation of liability and/or exoneration and dismissing this claim at their costs; claimants respectfully submit that their claims be filed herein and that, after due proceedings had, they be awarded damages which are fair and reasonable under the circumstances for the injuries and damages that they have suffered as a result of the negligence of defendants.

        Respectfully submitted:

        __/s/ Darleen Jacobs_____
        DARLEEN M. JACOBS, ESQ. (#7208)
        RICHARD MARTIN, ESQ.
        KENNETH CHARBONNET, ESQ.
        823 St. Louis Street
        New Orleans, LA 70112
        (504) 522-0155
        Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that the above the above and foregoing Answer to Complaint and Exoneration has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 11th day of March, 2011.

        *S/Darleen M. Jacobs*_____
        DARLEEN M. JACOBS

SWORN TO AND SUBSCRIBED
BEFORE ME THIS 11th DAY OF
MARCH, 2011.

\_\_/s/ Al Sarrat_____
NOTARY PUBLIC