UNITED STATES DISTRICT COURT
EASTERN DIVISION OF LOUISIANA

| | | |
|---|---|---|
| | | MDL No. 2179 |
| IN RE: OIL SPILL BY THE OIL | * | CIVIL ACTION NO. 2:10-CV-02771 |
| RIG "DEEPWATER HORIZON" | * | |
| IN THE GULF OF MEXICO, | * | SECTION J |
| ON APRIL 20, 2010 | * | JUDGE BARBIER |
| | * | |
| | * | |
| THIS DOCUMENT RELATES TO: | * | MAG. JUDGE SHUSHAN |
| 2:10-CV-02771 | * | |
| | * | |
| | * | |

****************************************************************************************

**ANSWER AND CLAIM OF CARL LAVERGNE TO THE
COMPLAINT AND PETITION FOR EXONERATION FROM OR LIMITATION
OF LIABILITY OF TRITON ASSET LEASING GMBH, TRANSOCEAN
HOLDINGS, LLC, TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., AND
<u>TRANSOCEAN DEEPWATER, INC.</u>**

NOW INTO COURT, through undersigned counsel, comes CARL LAVERGNE, who asserts the following Answer and Claim in these proceedings:

<u>DEFENSES</u>

FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

SECOND DEFENSE

The Limitation of Liability Act, 46 U.S.C. § 181-189, is discriminatory in that it favors vessel owners over CARL LAVERGNE (hereinafter sometimes referred to as "LAVERGNE") and deprives him of property rights without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

THIRD DEFENSE

The limitation fund is inadequate and the Complaint should be dismissed because TRITON ASSET LEASING GMBH, TRANSOCEAN HOLDINGS, LLC, TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., and TRANSOCEAN

DEEPWATER, INC. (hereinafter collectively referred to as "TRANSOCEAN ENTITIES") have failed to deposit adequate security, in accordance with U.S.C. § 181 et seq., for the vessel identified in the Complaint From or Limitation of Liability and for any additional vessels that may have been within the flotilla and/or which were under the common operation, control, supervision and/or enterprise.

## FOURTH DEFENSE

The Limitation of Liability Act is not applicable to this case because at all times pertinent herein the MODU *DEEPWATER HORIZON* was operated in a willful, wanton and reckless manner and/or was known or should have been known by its owners, operators and/or owners pro hac vice to be unseaworthy and/or the conduct and actions, which lead to the explosion and CARL LAVERGNE's injuries, took place with the privity and knowledge of said owners, operators, and/or owners pro hac vice of the vessel(s) involved.

## FIFTH DEFENSE

The owners and/or operators of the MODU *DEEPWATER HORIZON* knew or should have known of the defective and/or unseaworthy condition of the vessel.

## SIXTH DEFENSE

The Complaint is untimely and has prescribed.

## SEVENTH DEFENSE

The limitation fund is inadequate and the Complaint should be dismissed because TRANSOCEAN ENTITIES have failed to accurately identify all of the vessels in the flotilla which should be included in the limitation fund.

## EIGHTH DEFENSE

To the extent TRANSOCEAN ENTITIES' insurers attempt to avail themselves of the limitation/exoneration defense, CARL LAVERGNE asserts that the Limitation of Liability Act in unavailable to insurers of vessel owners, operators and/or owners pro hac

vice under the circumstances. In the alternative, no *prima facie* case has been made establishing they are entitled to avail themselves of the Limitation of Liability Act.

## NINTH DEFENSE

The Complaint for Exoneration From or Limitation of Liability contains vague and ambiguous statements, which are objectionable under FRCP 12(e) and CARL LAVERGNE seeks a more definitive statement of said allegations, regardless of the nature, manner and extent of his Claim and Answer herein.

## TENTH DEFENSE

The events culminating in the explosion and injuries to CARL LAVERGNE were the result of the negligence, fault, and/or want of due care on the part of TRANSOCEAN ENTITIES and/or those for whom TRANSOCEAN ENTITIES are responsible, and/or the unseaworthiness of the MODU *DEEPWATER HORIZON* and/or other vessels within the flotilla and/or under common operation, control, supervision and/or enterprise at all pertinent times, all of which was within the privity and knowledge of TRANSOCEAN ENTITIES, for which the Complaint for Exoneration From or Limitation of Liability should be denied.

## ELEVENTH DEFENSE

The events culminating in the explosion and injuries to CARL LAVERGNE were not the result of any negligence, fault or want of due care on the part of CARL LAVERGNE or those for whom he may be responsible.

## TWELFTH DEFENSE

CARL LAVERGNE further alleges that there was insurance coverage on the MODU *DEEPWATER HORIZON* insuring TRANSOCEAN ENTITIES in the event of an occurrence such as that which is the subject of CARL LAVERGNE's Claims, and the proceeds of said insurance policy should be included in this limitation proceeding (in the event the Court determines these limitation proceedings are appropriate).

### THIRTEENTH DEFENSE

CARL LAVERGNE states that the proceeds of any judgment, award, or settlement which may be received by TRANSOCEAN ENTITIES from any third party in recompense of any losses or damages sustained herein, as a result of the fault or alleged fault of said third party, must be included in the limitation fund.

### FOURTEENTH DEFENSE

In filing his Answer and Claim, CARL LAVERGNE specifically reserves all rights to pursue all available claims in state court for resolution of any and all issues beyond the exclusive jurisdiction of this Admiralty Court pursuant to the "Savings to Suitors" clause, 28 U.S.C. § 1333, and all state law remedies.  The filing of the Claim and Answer by CARL LAVERGNE is in no way a waiver of this right and defense and CARL LAVERGNE is not agreeing to join all issues in this proceeding by filing this Claim and Answer herein.

### **ANSWER**

AND NOW, specifically reserving all defenses asserted herein including, without limitation, CARL LAVERGNE's right to pursue his claims in state court pursuant to the Savings to Suitors clause, 28 U.S.C. § 1333, and all state law remedies, CARL LAVERGNE responds to the individual articles of the Complaint and Petition for Exoneration From or Limitation of Liability of Complainants, upon information and belief as follows:

1.

LAVERGNE believes that the allegations of Article 1 are conclusions of law which do not require an answer.

2.

The allegations of Article 2 are denied for lack of information.

3.

The allegations of Article 3 are denied for lack of information.

4.

The allegations of Article 4 are denied for lack of information.

5.

The allegations of Article 5 are denied for lack of information.

6.

The allegations of Article 6 are denied for lack of information.  LAVERGNE also denies that TRANSOCEAN ENTITIES are entitled to the protections afforded by the Limitation of Liability Act.

7.

The allegations of Article 7 are denied for lack of information.

8.

The allegations of Article 8 are denied except to admit that it is believed that the MODU *DEEPWATER HORIZON* is now on the floor of the Gulf of Mexico in approximately five thousand feet of water.

9.

The allegations of Article 9 are denied except to admit that on or about April 20, 2010, a fire and explosion occurred onboard the MODU *DEEPWATER HORIZON* and said marine casualty resulted in personal injuries and death to persons on board the MODU *DEEPWATER HORIZON* and in the vicinity of the fire and explosion(s).

10.

The allegations of Article 10 are denied.

11.

The allegations of Article 11 are denied.

12.

The allegations of Article 12 are denied.

13.

The allegations of Article 13 are denied for lack of information.

14.

LAVERGNE believes that the allegations of Article 14 do not require an answer. However, to the extent an answer is required, the allegations are denied.

15.

LAVERGNE believes that the allegations of Article 15 do not require an answer. However, to the extent an answer is required, the allegations are denied for lack of information.

16.

LAVERGNE believes that the allegations of Article 16 do not require an answer. However, to the extent an answer is required, the allegations are denied for lack of information.

17.

The allegations of Article 17 are denied for lack of information except to admit that venue is proper in the Eastern District of Louisiana.

18.

The allegations of Article 18 are denied for lack of information.

19.

LAVERGNE believes that the allegations of Article 19 do not require an answer. However, to the extent an answer is required, the allegations are denied except to admit that the damages from the events in question will likely greatly exceed the amount and value of petitioners interest in the MODU *DEEPWATER HORIZON* including her then pending freight.

20.

The allegations of Article 20 are denied.  In addition, 33 U.S.C. § 2718(c), et. seq. specifically precludes the application of the Limitation of Liability Act to any and all claims covered by the Oil Pollution Act.

21.

LAVERGNE believes that the allegations of Article 21 do not require an answer. However, to the extent an answer is required, the allegations are denied.

22.

LAVERGNE believes that the allegations of Article 22 do not require an answer. However, to the extent an answer is required, the allegations are denied.

23.

LAVERGNE believes that the allegations of Article 23 do not require an answer. However, to the extent an answer is required, the allegations are denied.

24.

The allegations of Article 24 are denied except to admit that this Honorable Court has admiralty and maritime jurisdiction.

**ADMIRALTY COMPLAINT FOR DAMAGES**

AND NOW, specifically reserving all defenses asserted herein including, without limitation, CARL LAVERGNE's rights to pursue his claims in state court pursuant to the Savings to Suitors clause, 28 U.S.C. § 1333, and all state law remedies, CARL LAVERGNE files this Claim in the Complaint and Petition for Exoneration From or Limitation of Liability of TRITON ASSET LEASING GMBH, TRANSOCEAN HOLDINGS, LLC, TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., and TRANSOCEAN DEEPWATER, INC., as Owner, Managing Owners, Owners Pro-Hac Vice, and/or Operators of the MODU *DEEPWATER HORIZON*, and in regards thereto, upon information and belief, avers:

1.

CARL LAVERGNE re-urges each and every defense, objection, and answer set forth above as if the same were stated verbatim herein.

2.

These matters are brought pursuant to Rule 905(b) of the Longshore and Harbor Workers' Compensation Act ("LHWCA") and/or the general maritime law of the United States and alternatively pursuant to 46 U.S.C. § 30104 et. seq., more commonly known as the Jones Act, and under the general maritime law for unseaworthiness and maintenance, cure, and unearned wages.

3.

Made defendants herein are:

- A. TRITON ASSET LEASING GmbH, a foreign corporation authorized to do and doing business within the State of Louisiana and within this judicial district;

- B. TRANSOCEAN HOLDINGS LLC, a foreign corporation authorized to do and doing business within the State of Louisiana and within this judicial district;

- C. TRANSOCEAN OFFSHORE DEEPWATER DRILLING INC., a foreign corporation authorized to do and doing business within the State of Louisiana and within this judicial district; and

- D. TRANSOCEAN DEEPWATER INC., a foreign corporation authorized to do and doing business within the State of Louisiana and within this judicial district.

4.

This claim arises as the result of a fire(s) and explosion(s) that occurred on or about April 20, 2010 on board the MODU *DEEPWATER HORIZON*, a vessel in navigation in the Gulf of Mexico, at or near Mississippi Canyon Block 252, over the outer continental shelf, approximately 44 miles off the coast of Louisiana, and within the jurisdiction of the Federal District Court for the Eastern District of Louisiana.

5.

On the aforestated date and time, upon information and belief, TRITON ASSET LEASING GMBH, TRANSOCEAN HOLDINGS, LLC, TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., and TRANSOCEAN DEEPWATER, INC. was the owner, operator and/or owner pro hac vice of the MODU *DEEPWATER HORIZON*.

6.

On the aforestated date, CARL LAVERGNE was employed by Offshore Cleaning Systems, L.L.C. and performing work in the course and scope of his duties on board the MODU *DEEPWATER HORIZON*.

7.

TRITON ASSET LEASING GMBH, TRANSOCEAN HOLDINGS, LLC, TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., and TRANSOCEAN DEEPWATER, INC. are liable to CARL LAVERGNE for its negligence and/or vessel negligence pursuant to Section 905(b) of the LHWCA for negligently causing, creating, and/or allowing the existence of one or more unreasonably dangerous conditions on its vessel, MODU *DEEPWATER HORIZON*, and/or for the unseaworthiness of its vessel, MODU *DEEPWATER HORIZON*, which caused and/or contributed to CARL LAVERGNE's injuries.

8.

CARL LAVERGNE was injured through the negligence, gross negligence, unseaworthiness, fault and/or vessel negligence on the part of TRITON ASSET LEASING GMBH, TRANSOCEAN HOLDINGS, LLC, TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., and TRANSOCEAN DEEPWATER, INC., and/or the MODU *DEEPWATER HORIZON*, its principals, agents, servants, employees and/or those for whom it was responsible at the time of the hereinabove described incident in the following non-exclusive particulars:

A. Negligently, knowingly, intentionally, willfully, wantonly and/or in a grossly negligent manner placing CARL LAVERGNE in a situation which it knew to be unreasonably dangerous;

B. Negligently, knowingly, intentionally, willfully, wantonly and/or in a grossly negligent manner failing to warn CARL LAVERGNE of a condition(s) which it knew or should have known to present an unreasonable risk of harm;

C. Negligently, knowingly, intentionally, willfully, wantonly and/or in a grossly negligent manner failing to properly examine and/or inspect its vessel(s), and/or the appurtenances of its vessel, to ensure that it/they did not contain any unseaworthy and/or unreasonably dangerous conditions;

D. Negligently, knowingly, intentionally, willfully, wantonly and/or in a grossly negligent manner failing to properly maintain its/their vessel(s) and/or ensure that its/their vessel(s) was/were seaworthy;

E. Inattentiveness of the master and/or crew of its/their vessel(s);

F. Negligently, knowingly, intentionally, willfully, wantonly and/or in a grossly negligent manner failing to provide a competent, properly trained, and/or properly supervised crew on board its/their vessel(s);

G. Negligently, knowingly, intentionally, willfully, wantonly and/or in a grossly negligent manner failing to provide CARL LAVERGNE with a safe place to work;

H. Negligently, knowingly, intentionally, willfully, wantonly and/or in a grossly negligent manner failing to adequately instruct the crew aboard its/their vessel(s);

I. Negligently, knowingly, intentionally, willfully, wantonly and/or in a grossly negligent manner failing to take all proper precautions to prevent the fire(s), explosion(s), and/or injuries suffered by CARL LAVERGNE;

J. Negligently, knowingly, intentionally, willfully, wantonly and/or in a grossly negligent manner failing to provide a competent master and/or crew for its/their vessel(s);

K. Negligently, knowingly, intentionally, willfully, wantonly and/or in a grossly negligent manner failing to heed any and all warnings regarding the pending disaster;

L. Negligently, knowingly, intentionally, willfully, wantonly and/or in a grossly negligent manner failing to take appropriate action under the circumstances;

M. Negligently, knowingly, intentionally, willfully, wantonly and/or in a grossly negligent manner placing, causing, and/or allowing the existence of conditions that were known, reasonably should have been known, and/or

which were warned to be, potentially explosive, highly flammable, and/or unreasonably dangerous;

N. Negligently, knowingly, intentionally, willfully, wantonly and/or in a grossly negligent manner failing to have and/or utilize proper, operational, and/or adequate equipment during the activities in question;

O. Negligently, knowingly, intentionally, willfully, wantonly and/or in a grossly negligent manner failing to adequately and/or safely plan the operations in question including, but not limited to, ensuring the use of adequate equipment and/or safe procedures;

P. Negligently, knowingly, intentionally, willfully, wantonly and/or in a grossly negligent manner failing to follow the original job plan and/or similar plan;

Q. Negligently, knowingly, intentionally, willfully, wantonly and/or in a grossly negligent manner having and/or using inherently unsafe work procedures and/or practices, that were long standing policies, practices, and/or procedures of defendants known and approved by shore-side management of defendant, regarding the operations at hand;

R. Negligently, knowingly, intentionally, willfully, wantonly and/or in a grossly negligent manner violating one or more laws, regulations, recommended practices and/or policies applicable, in whole or in part, to the activities in question at the time of the explosion which constituted, among other things, negligence per se on the part of defendants; and

S. Any and all other acts of negligence; intentional, willful, wanton, and/or grossly negligent acts; fault and/or unseaworthiness that will be established through discovery and/or proven at the trial of this matter.

9.

CARL LAVERGNE also specifically pleadings the doctrine of *res ipsa loquitur* inasmuch as the defendants herein owned, operated, and/or had custody and control over the MODU *DEEPWATER HORIZON* and its appurtenances, upon which the fire(s) and explosion(s) occurred, and those events could not have occurred absent the negligent and/or grossly negligent conduct of one or all of the defendants herein.

10.

As a result of said fault, be it passive or active, negligence, and/or gross negligence of defendants, TRITON ASSET LEASING GMBH, TRANSOCEAN HOLDINGS, LLC, TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., and

TRANSOCEAN DEEPWATER, INC., an/or the MODU *DEEPWATER HORIZON*, and/or those for whom it is responsible and/or the negligence and/or inadequacy of the vessel, CARL LAVERGNE has suffered and continues to suffer the following, non-exclusive, damages:

- A. Past, present and future physical pain and suffering;
- B. Past, present and future mental pain and suffering;
- C. Past, present and future loss of wages;
- D. Past, present and future medical expenses;
- E. Loss of earning capacity;
- F. Disfigurement and disability;
- G. Loss of enjoyment of life;
- H. Loss of fringe benefits; and
- I. Any other damages, which may be shown at the trial of this matter.

WHEREFORE, CARL LAVERGNE prays that:

1. The Complaint filed herein seeking limitation of liability be dismissed and any injunction or restraining order granted in the above matter be dissolved;

2. Alternatively, TRITON ASSET LEASING GMBH, TRANSOCEAN HOLDINGS, LLC, TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., and TRANSOCEAN DEEPWATER, INC., be required to deposit additional security in the minimum amount required by law; in default of which their Complaint should be dismissed; and pending such deposit, any injunction and/or restraining order should be dissolved;

3. That this Answer be deemed good and sufficient and that after due proceedings, there be judgment in favor of CARL LAVERGNE against TRITON ASSET LEASING GMBH, TRANSOCEAN HOLDINGS, LLC, TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., and TRANSOCEAN DEEPWATER, INC., dismissing the Complaint and Petition for Exoneration From or Limitation of Liability with prejudice at TRITON ASSET LEASING GMBH, TRANSOCEAN HOLDINGS, LLC, TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., and TRANSOCEAN DEEPWATER, INC.'s cost; and

4. CARL LAVERGNE further prays for judgment in his favor, over and against TRITON ASSET LEASING GMBH, TRANSOCEAN HOLDINGS,

LLC, TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., and TRANSOCEAN DEEPWATER, INC., in the full and true sum for damages in amounts reasonable in the premises, to be proven at the trial of the merits of this matter, in favor of CARL LAVERGNE, and legal interest from April 20, 2010, costs of these proceedings, any applicable punitive and/or exemplary damages, and all other equitable and just relief.

Respectively submitted,

MUDD & BRUCHHAUS, L.L.C.

S/M. KEITH PRUDHOMME
_____
DAVID P. BRUCHHAUS (#24326)
CHAD E. MUDD (#25188)
M. KEITH PRUDHOMME (#14336)
410 E. College Street
Lake Charles, LA  70605
337-562-2327
ATTORNEYS FOR CARL LAVERGNE

**CERTIFICATE OF SERVICE**

I hereby certify on this 14th day of March, 2011, a copy of the foregoing Answer and Claim of Carl Lavergne to the Complaint and Petition for Exoneration from or Limitation of Liability of Triton Asset Leasing GMBH, Transocean Holdings, LLC, Transocean Offshore Deepwater Drilling, Inc., and Transocean Deepwater, Inc. has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

S/M. KEITH PRUDHOMME
_____
M. KEITH PRUDHOMME (#14336)
Mudd & Bruchhaus, L.L.C.
410 E. College Street
Lake Charles, LA  70605
Telephone: 337-562-2327
Facsimile: 337-562-2391
E-mail: kprudhomme@mkplawfirm.com