IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA


| | |
|---|---|
| IN RE: OIL SPILL by the Oil Rig "DEEPWATER HORIZON: in the GULF OF MEXICO | MDL NO. 10- 2179<br><br>SECTION "J' |
| IN RE: TRITON ASSET LEASING GmbH, et al | District Judge Carl Barbier |
| THIS DOCUMENT RELATES TO: Civil Action No. 10-2771 | Magistrate Judge Shushan |

..............................................................

ANSWER TO COMPLAINT AND PETITION FOR EXONERATION OR LIMITATION OF LIABILITY AND ASSERTION OF CLAIMS

**NOW COMES, Captain Darren Patrick Schaff** through undersigned counsel, and in response to the Complaint and Petition for Exoneration or Limitation of Liability filed by Triton Asset Leasing GmbH, Transocean Holdings LLC, Transocean Offshore Deepwater Drilling, Inc., and Transocean Deepwater, Inc. (hereinafter, "Petitioners") submits herewith the following Answer, Defenses and Claims:

1

## CAPTAIN DARREN PATRICK SCHAFF

Captain Darren Patrick Schaff (hereinafter, "Captain Schaff") is and has been a charter, guide fisherman for fifteen years and has earned the current United States Coast Guard License Number: 255619.  Captain Schaff operates his business under the charter, guide fishing service and internet website entitled, "Louisiana Adventures" and earns his exclusive livelihood as a charter, guide fisherman in the Gulf of Mexico and within the "coastal zone, "as that term is defined in 43 U.S.C. '1331(e).  As a direct result of the events described herein, Captain Schaff has suffered and will continue to suffer substantial legal damages as are more fully described below.

## ANSWER

**BUT NOW IN ANSWER** to the particular allegations of the Complaint and Petition for Exoneration or Limitation, Captain Schaff states upon information and belief as follows:

1.

The allegations of Paragraphs I, VII, X, XI, XII, XVIII of the Complaint and Petition for Exoneration or Limitation are denied as written; the allegations of Paragraphs II, III, IV, V, VI, VIII, IX, XIII, XIV, XV, XVI, XVII, XIX, XX, XXI, XXII and XXIII of the Complaint and Petition for Exoneration or Limitation are denied for lack of sufficient information to justify belief therein.

2.

The allegations contained in the Prayer for Relief of the Complaint and Petition for Exoneration or Limitation state conclusions of law for which no answer is required, but to the extent answer is deemed necessary, those allegations are denied.

**AND NOW IN FURTHER DEFENSE AND ANSWER** to the Complaint and Petition for Exoneration or Limitation, Captain Schaff submits the following affirmative defenses:

1.

The allegations of the Complain and Petition for Exoneration or Limitation fail to state a claim upon which relief may be granted.

2.

The allegations of the Complaint and Petition for Exoneration or Limitation fail to join necessary parties.

3.

The adequacy of the valuation of the semi-submersible mobile drilling vessel, Deepwater Horizon (hereinafter, "Deepwater Horizon") and/or the other vessels in its flotilla as asserted by Petitioners is specifically denied.  In addition, the adequacy of the Ad Interim Stipulation asserted by Petitioners for an amount equal to the value of its interest in the Deepwater Horizon and/or other vessels in its flotilla and their appurtenances is also denied. Moreover, demand is hereby made upon Petitioners to deposit cash proceeds into the registry of the Court in the amount of the stated value of the vessel(s) and/or provide a bond for the value of the vessel(s), issued by a reputable surety company to be approved by the Court.  In so doing, all rights are reserved to contest the stated value of the vessel and the limitation fund as aforesaid.

4.

The Complaint and Petition for Exoneration or Limitation filed by Petitioners is inapplicable to claims arising under the Oil Pollution Act of 1990.

5.

The Limitation of Liability Act, 46 U.S. Cc§ 30501 et seq., is unconstitutional in that it deprives claimants of property fights without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and does not provide for equal protection of the laws pursuant to the Fifth and Fourteenth Amendments to the United States Constitution.

6.

The limitation fund is inadequate under the flotilla doctrine. The Complaint and Petition for Exoneration or Limitation of Liability should be dismissed because Petitioners have failed to deposit adequate security for the vessel and for the additional vessels within the flotilla that were under common operational control, supervision, and enterprise.

7.

Pursuant to Rule F (l) of the Supplemental Rules for Certain Admiralty and Maritime Claims, the proper limitation fund must be deposited at the time of filing.  At the time of filing, the deposit of Petitioners did not meet federal standards. As such, the Complaint and Petition for Exoneration or Limitation of Liability should be dismissed.

8.

The limitation fund is inadequate and the Complaint and Petition for Exoneration or Limitation of Liability should be dismissed because Petitioners have failed to accurately identify all of the vessels in the flotilla that should be included in the limitation fund.

9.

The Limitation of Liability Act, 46 U.S.C., Sec. 181, <u>et seq</u>. is not applicable because at all times pertinent, the Deepwater Horizon and/or other vessels contained within the flotilla were operated in a willful, wanton, and reckless manner.

10.

The conduct and actions that lead to all damages were willful, wanton, and reckless and with full privity and knowledge of the owners, managing owners, owners pro hac vice, and/or operators of the vessels involved and therefore such conduct and actions serve to legally bar Exoneration or Limitation of Liability.

11.

The Limitation of Liability Act, 46 U.S.C., Sec. 181, et seq. is not applicable because at all relevant times the Deepwater Horizon and/or the other vessels contained within the flotilla were known by the owners and/or owners pro hac vice to be unseaworthy.

12.

To the extent asserted, the Limitation of Liability Act, 46 U.S.C., Sec. 181, et seq. is unavailable to insurers of the subject vessel owners. In the alternative, no prima facie case has been made establishing that Petitioners or their Insurers are entitled to avail themselves of the Limitation of Liability Act.

13.

The Complaint and Petition for Exoneration or Limitation of Liability contains vague and ambiguous statements in violation of Federal Rules of Civil Procedure.

14.

To the extent there was insurance coverage on the Deepwater Horizon and other vessels in the flotilla, the proceeds of said insurance should be included within in the limitation proceeding, should such proceeding be considered appropriate, which is denied.

15.

To the extent Petitioners receive proceeds of any judgment, award, or settlement from any third party in payment of any losses or damages sustained herein to the property or interests of Petitioners, as a result of the fault or alleged fault of said third party, all such funds should be included in the limitation proceeding, should such proceeding be considered appropriate, which is denied.

16.

Notwithstanding any of the above answer, defense or claim, all rights are reserved to pursue all available claims in state court for resolution of any and all issues beyond the exclusive jurisdiction of this Admiralty Court pursuant to the "Savings to Suitors" clause, 28 U.S.C. §1333 and no part of this answer, defense or claim is to be considered a waiver of such rights.

## ASSERTION OF CLAIMS

**AND NOW**, specifically reserving all defenses asserted herein, including without limitation, the absolute right to pursue all available claims in state court pursuant to the Savings to Suitors clause, 28 U.S.C. § 1333, Captain Schaff submits the following specific claims into the Complaint and Petition for Exoneration or Limitation of Liability and states:

I.

Captain Schaff asserts this claim to recover full legal damages as a result of the catastrophic oil spill that occurred subsequent to the explosion and sinking of the semi-submersible mobile drilling vessel, Deepwater Horizon on April 20, 2010 on the outer Continental Shelf, approximately fifty miles south of the Louisiana coastline.

II.

Following the sinking of The Deepwater Horizon, crude oil continued to leak each day from the wellhead upon which The Deepwater Horizon had been performing drilling and completion operations. The fast-moving oil slick continued to increase in size and invaded the Louisiana coastline causing disastrous consequences to the Gulf of Mexico, the marine environments, coastal wetlands and estuarine hatcheries of the State of Louisiana, all of which are critical to the workplace, subsistence and livelihood of Captain Schaff.

III.

At all times relevant, Triton Asset Leasing GmbH, Transocean Holdings LLC, Transocean, Ltd., Transocean Offshore Deepwater Drilling, Inc., and Transocean Deepwater, Inc. (hereinafter, "Petitioners") owned, manned, possessed, managed, controlled, chartered and/or operated the Deepwater Horizon, a semi-submersible mobile drilling vessel which was performing drilling and completion operations for BP, BP Products and BP America in the Gulf of Mexico on the outer Continental Shelf at the time of the catastrophic well blowout and explosion on April 20, 2010.

IV.

The explosion and sinking of the Deepwater Horizon and resulting oil spill was proximately and legally caused by the unseaworthy condition of the vessel which all petitioners, with full privity of knowledge, knew or should have known prior to commencing operations and also as well as the concurrent negligence and fault of all Petitioners in the following non-exclusive particulars:

a. Failing to inspect the Deepwater Horizon properly to assure that his equipment and personnel were fit for all intended purposes;

b. Failing to implement and enforce Federal and State safety rules and regulations pertaining to the safe work operation aboard the Deepwater Horizon which, would have prevented the fire, explosion, and oil spill;

c. Failing to take appropriate action to avoid or mitigate the vessel fire, explosion and well blowout;

d. Failing to insure that the Deepwater Horizon, her gear, rigging, appurtenance and equipment were seaworthy, safe and free from defects;

e. Failing to timely warn of foreseeable risks;

f. Failing to bring the oil release and spill under control;

g. Failing to provide appropriate well blowout prevent equipment;

h. Failing to observe warnings that would have indicated excessive well pressure:

i. Failing to anticipate and observe obvious signs of danger;

j. Failing to monitor or other test the blowout preventers to insure operation in the event of a blowout;

k. Operating the Deepwater Horizon with poorly trained, untrained and unlicensed personnel;

k. Operating the Deepwater Horizon in such a manner that a fire and explosion occurred causing her to sink and resulting in an oil spill;

l. Acting in a careless, reckless and negligent manner without due regard for the safety of others;

m. Negligently training and hiring personnel;

n. Negligently implementing required policies and procedures to safely conduct operations in the Gulf of Mexico;

o. Providing blowout preventers that failed to work;

p. Conducting well and well cap cementing operations unsafely and improperly;

q. Acting in a manner that justifies imposition of punitive damages; and

r. Such other acts of commission and omission that will be shown at trial.

V.

In addition to all of the above, it is also specifically alleged that all resulting legal damages were proximately caused by the violations of numerous safety statutes and regulations by all Petitioners, including but not limited to regulations that require the testing of blowout preventers at regular intervals and those specific safety statutes and regulations enacted by OSHA and the United States Coast Guard.

As a result and as a matter of law, all Petitioners are strictly responsible for negligence *per se*.

VI.

In addition to all of the above, and in the alternative, the explosion, sinking of the Deepwater Horizon and resulting oil spill were caused by defective equipment, including the blowout preventers that were in the care, custody, control and *garde* of all Petitioners. Accordingly, Petitioners knew or should have known of such defects and are, therefore, strictly liable for all resulting legal damages.

VII.

As a direct result of all that is described herein, Captain Schaff, through no fault of his own, has sustained a past earning loss, the substantial loss of future earning capacity, extreme mental anxiety, emotional deficits, the loss of the enjoyment of life, and will continue to sustain all such damages in the future and is fully entitled to recover all such legal damages from Petitioners as a matter of law. In addition, Captain Schaff has sustained the inundation of land and acreage with oil and petroleum substances resulting in damage to real property, plants, trees, wild and marine life.

VIII.

Moreover, the conduct and acts of all Petitioners described herein were so wanton, willful, reckless, callous and grossly negligent that punitive damages, attorneys fees, litigation expenses, court costs, expert witness fees and scientific testing are clearly warranted and appropriate under State, Federal and Maritime law.

IX.

In addition and in full accordance with the general maritime law, prejudgment interest on all damages sustained herein is warranted from the date of the casualty, April 20, 2010.

X.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Captain Darren Patrick Schaff, as Claimant in this proceeding, prays that after due proceedings had:

1. There be judgment rendered in his favor and against Complainants and Petitioners for Exoneration and Limitation of Liability, Triton Asset Leasing GMBH, Transocean Holdings, L.LC, Transocean Offshore Deepwater Drilling, Inc. and Transocean Deepwater, Inc. as owners, managing owners, owners *Pro Hac Vice* and/or operators of The Deepwater Horizon*,* her engines, gear, tackle, appurtenances, etc., denying their complaint for Exoneration or Limitation of Liability and dismissing such Complaint and Petition at their costs; and

2. There be judgment rendered in his favor and against Complainants and Petitioners for Exoneration and Limitation of Liability, Triton Asset Leasing GMBH, Transocean Holdings, L.LC, Transocean Offshore Deepwater Drilling, Inc. and Transocean Deepwater, Inc. as owner, managing owners, owners *Pro Hac Vice* and/or operators of The Deepwater Horizon*,* her engines, gear, tackle, appurtenances, etc. jointly, severally and *in solido* for all legal damages, including punitive damages as are reasonable in the premises together with legal interest from the date of damage, full litigation costs and all general and equitable relief.

Respectfully submitted,


UHALT AND RECK
 A Partnership of Law Corporations

/s/ GOTHARD J. RECK (La Bar 11415)
**Attorney for Captain Darren Patrick Schaff**
**634 Carondelet Street**
**New Orleans, Louisiana 701**
**(504) 581 5444**
 Email: sageheart@msn.com


### CERTIFICATE OF SERVICE

It is hereby certified that the above the above and foregoing Answer, Defenses and Claims to Complaint and Petition for Exoneration and Limitation of Liability has been served on all known counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 28th  day of  March, 2011.



/s/GOTHARD J. RECK