IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | § § § | CIVIL ACTION NO. 10-2771 MDL NO. 2179 SECTION: "J" |
| IN RE: TRITON ASSET LEASING GmbH, et al | § § § | JUDGE CARL BARBIER MAG. JUDGE SALLY SHUSHAN |

ANSWER AND CLAIM OF KEVIN SENEGAL
TO THE LIMITATIONS ACTION

COMES NOW, KEVIN SENEGAL, Claimant herein, and files this his notice of Claims and Objections and files his Original Answer to the Complaint for Limitation or Exoneration of Liability filed by Petitioners, TRITON ASSET LEASING GmbH, TRANSOCEAN HOLDINGS LLC, TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., TRANSOCEAN DEEPWATER, INC., showing as follows:

I.

CLAIMS FOR DAMAGES

On April 20, 2010, the MODU DEEPWATER HORIZON blew up, burned and sank in the Gulf of Mexico. The sinking of the DEEPWATER HORIZON caused the Claimant to sustain bodily injuries from the explosion and his escape from the burning rig. As a direct and proximate result, the Claimant suffered physical and psychological injuries which are ongoing.

Claimant, KEVIN SENEGAL, demands judgment against Petitioners in an amount which is fair and reasonable for the damages sustained by claimant, including interest and costs.

II.

## ANSWER TO ORIGINAL COMPLAINT

### FIRST DEFENSE

The security given (or, more accurately, lack thereof) by the Petitioners should be increased and corrected because it is less than and not equivalent to the value of Petitioners' interest in the DEEPWATER HORIZON. Claimant also challenges and reserves the right to file an exception contravening the value of the DEEPWATER HORIZON as alleged in Petitioners' Complaint and supporting affidavits of value. Further, Claimant reserves the right to request under Rule F(1) and (7) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, that the Court cause due appraisal to be made of the value of the DEEPWATER HORIZON and that Petitioners post proper and adequate security, including a sum and/or "approved security therefor" as to the true appraised value, plus monies for interests and costs.

### SECOND DEFENSE

The security given (or, more accurately, lack thereof) by the Petitioners is insufficient and inadequate to carry out the provisions of the Limitation of Liability Act, 46 U.S.C. § 30501, *et seq.*, relating to the claims in respect of loss of life or bodily injury. Accordingly, Claimant also challenges and reserves the right to file an exception contravening Petitioners' affidavit of value and their failure to file a stipulation of value of the DEEPWATER HORIZON in an amount and form sufficient to satisfy requirements of U.S.C. § 30506.

## THIRD DEFENSE

The allegations of the Complaint failed to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6).

## FOURTH DEFENSE

The Limitation of Liability Act, 46 U.S.C. §30501 et seq., is unconstitutional in that it deprives Claimant of property rights without due process of law in violation of the Fifth and Fourteenth Amendments to the U.S. Constitution and does not provide for equal protection of the laws pursuant to the Fifth and Fourteenth Amendments to the U.S. Constitution.

## FIFTH DEFENSE

Claimant asserts the flotilla doctrine. The limitation fund is inadequate and the Complaint should be dismissed because Petitioners have failed to deposit adequate security for the vessel and for the additional vessels within the flotilla, which were under a common operational control, supervision and enterprise.

## SIXTH DEFENSE

The limitation fund is inadequate and the Complaint should be dismissed because Petitioners have failed to deposit adequate security for the vessel identified in the Complaint for Exoneration From or Limitation of Liability and for the additional vessels within the flotilla which were under common operational control, supervision and enterprise. Pursuant to Rule F(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims, the proper limitation fund must be deposited at the time of filing. Petitioners' deposit, at the time of filing, did not meet federal standards. As such, this limitation action must be dismissed.

**SEVENTH DEFENSE**

The limitation fund is inadequate and the complaint should be dismissed because Petitioners have failed to accurately identify all of the vessels in the flotilla, which should be included in the limitation fund.

**EIGHTH DEFENSE**

The Limitation of Liability Act is not applicable to the instant case because at all times pertinent herein, the MODU DEEPWATER HORIZON and/or other vessels contained within the flotilla were operated in a willful, wanton and reckless manner or, in the alternative, the conduct and actions which led to Claimants' injuries took place with the privity and knowledge of the owners, managing owners, owners pro hac vice, and/or operators of the vessels involved.

**NINTH DEFENSE**

The Limitation of Liability Act is not applicable in the instant case because at all relevant times, the owner and/or owner pro hac vice of the MODU DEEPWATER HORIZON and/or the other vessels contained within the flotilla were aware of the deficiencies on the vessel.

**TENTH DEFENSE**

To the extent Petitioners' insurers attempt to avail themselves of the limitation/exoneration defense, Claimant asserts that the Limitation of Liability Act is unavailable to insurers of vessel owners under the circumstances. In the alternative, no prima facie case has been made establishing they are entitled to avail themselves of the Limitation of Liability Act.

**ELEVENTH DEFENSE**

The Complaint for Exoneration From or Limitation of Liability contains vague and ambiguous statements which are objectionable under Federal Rule of Civil Procedure 12(e), and

4

Claimant seeks more definitive statements of the allegations, regardless of the nature, manner and extent of his Claim and Answer herein.

## TWELFTH DEFENSE

The events culminating in the injuries of claimants were the result of the negligence, fault or want of due care on the part of Petitioners and/or those for whom Petitioners are responsible, and/or the deficiencies upon the MODU DEEPWATER HORIZON and/or other vessels within the flotilla under common operational control, supervision and enterprise, all of which was within the privity and knowledge of Petitioners, for which the Complaint for Exoneration From or Limitation of Liability should be denied.

## THIRTEENTH DEFENSE

The events culminating in the injuries of Claimant were not the result of any negligence, fault or want of due care on his part or those for whom he may be responsible.

## FOURTEENTH DEFENSE

Claimant further alleges that there was insurance coverage on the MODU DEEPWATER HORIZON insuring Petitioners in the event of an occurrence such as that which is the subject of Claimant's claim, and the proceeds of said insurance policy should be included in this limitation proceeding (in the event the Court determines these limitation proceedings are appropriate).

## FIFTEENTH DEFENSE

Claimant states that the proceeds of any judgment, award, or settlement which may be received by Petitioners from any third party in recompense of any losses or damages sustained herein to the property or interests of Petitioners, as a result of the fault or alleged fault of said third party, must be included in the limitation fund.

5

### SIXTEENTH DEFENSE

In filing this answer and claim, Claimant specifically reserves all rights to pursue all available claims in state court for resolution of any and all issues beyond the exclusive jurisdiction of this Admiralty Court pursuant to the Savings to Suitors clause, 28 U.S.C. §1333, and all state law remedies. The filing of this Claim and Answer is in no way a waiver of this right and defense and Claimant is not agreeing to join all issues in this proceeding by filing this Claim and Answer.

### SEVENTEENTH DEFENSE

Claimant specifically reserves all rights to pursue all available claims in the forum of his choice for resolution of any and all issues beyond the exclusive jurisdiction of this admiralty court pursuant to the Savings to Suitors clause, 28 U.S.C. §1333, and all remedies and no part of this Claim and Answer is a waiver or defense of these rights. Claimants will move the Court to lift the injunction and stay of proceedings in other forums. See *In re Tetra Applied Tech., L.P.*, 362 F.3d 388 (5th Cir. 2004). Further, pursuant to the holdings of *In re Liverpool, etc. Nav. Co. (Vestris)*, 57 F.2d 176, 179 (2d Cir. 1932) and *The Silver Palm*, 94 F.2d 776, 780 (9th Cir. 1937), upon Complainant's failure to obtain relief in this limitation action (should resolution of this action precede judgment in other actions), Claimant does hereby assert and claim his right to have his claims and damages tried to a jury in the court of his choosing.

### EIGHTEENTH DEFENSE

The purpose of a limitation action is to provide a single forum for determining whether the vessel and its owner are liable at all, whether the owner may in fact limit liability to the value of the vessel and pending freight, and how the funds are to be distributed to the claimant. See 46 U.S.C.

§30501, et seq.; see also THOMAS J. SCHOENBAUM, ADMIRALTY AND MARITIME LAW 2nd Ed. §13-5 (1994). Because of the nature and circumstances of this action, a limitations proceeding is inappropriate and unjustified. Additionally, only a certain class of "owner" is entitled to file in limitation. Claimant asserts that none of the petitioners is entitled to limitation or exoneration. In the event, however, that any petitioner is entitled to proceed as an "owner" seeking such relief, the other petitioners are not so entitled. Claimant therefore reserves his right to seek dismissal of all petitioners' claims because they do not possess the legal status as "owner" to file this proceeding.

### NINETEENTH DEFENSE

Claimants reserve the right to contest the appraised value of the MODU DEEPWATER HORIZON and/or for any additional vessels in the flotilla, their engines, apparel, appurtenances, pending freight, etc., and the adequacy of the security.

### TWENTIETH DEFENSE

The limitation fund is inadequate and should be increased and/or this action should be dismissed because the limitation fund does not properly account for the value of the minerals and other appurtenances, attachments, freight and/or cargo aboard the vessel, subject to the control of the vessel and/or owned by the Petitioners.

### ANSWER

And now, specifically reserving all defenses asserted herein, including without limitation, claimant's right to pursue his claim in state court pursuant to the Savings to Suitors clause, 28 U.S.C. §1333, and all state law remedies, Claimant responds to the individual paragraphs of the Complaint for Exoneration From or Limitation of Liability upon information and belief, as follows:

1. Claimant denies the allegations contained in Paragraph 1 of the Complaint for lack of sufficient information to justify a belief therein.

2. Claimant denies the allegations contained in Paragraph 2 of the Complaint for lack of sufficient information to justify a belief therein.

3. Claimant denies the allegations contained in Paragraph 3 of the Complaint for lack of sufficient information to justify a belief therein.

4. Claimant denies the allegations contained in Paragraph 4 of the Complaint for lack of sufficient information to justify a belief therein.

5. Claimant denies the allegations contained in Paragraph 5 of the Complaint for lack of sufficient information to justify a belief therein.

6. Claimant denies the allegations contained in Paragraph 6 of the Complaint for lack of sufficient information to justify a belief therein.

7. Claimant denies the allegations contained in Paragraph 7.

8. Claimant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 8 and thus can neither admit nor deny its allegations.

9. Claimant denies the allegations contained in Paragraph 9 of the Complaint for lack of sufficient information to justify a belief therein.

10. Claimant denies the allegations contained in Paragraph 10.

11. Claimant denies the allegations contained in Paragraph 11.

12. Claimant denies the allegations contained in Paragraph 12.

13. Claimant denies the allegations contained in Paragraph 13 of the Complaint for lack of sufficient information to justify a belief therein.

14. Claimant denies the allegations contained in Paragraph 14 of the Complaint for lack of sufficient information to justify a belief therein.

15. Claimant denies the allegations contained in Paragraph 15 of the Complaint for lack of sufficient information to justify a belief therein.

16. Claimant denies the allegations contained in Paragraph 16 of the Complaint for lack of sufficient information to justify a belief therein.

17. Claimant denies the allegations contained in Paragraph 17 of the Complaint for lack of sufficient information to justify a belief therein.

18. Claimant denies the allegations contained in Paragraph 18 of the Complaint.

19. Claimant denies the allegations contained in Paragraph 19 of the Complaint for lack of sufficient information to justify a belief therein.

20. Claimant denies the allegations contained in Paragraph 20 of the Complaint for lack of sufficient information to justify a belief therein.

21. Claimant denies the allegations contained in Paragraph 21 of the Complaint for lack of sufficient information to justify a belief therein.

22. Claimant denies the allegations contained in Paragraph 22 of the Complaint for lack of sufficient information to justify a belief therein.

23. Claimant denies the allegations contained in Paragraph 23 of the Complaint for lack of sufficient information to justify a belief therein.

### TWENTY FIRST DEFENSE

The allegations contained in the prayer for relief are not statements of fact but conclusions of law, for which no response is necessary from this claimant. However, if same be necessary, said

allegations are denied. Claimants further specifically deny the adequacy of the valuation of the MODU DEEPWATER HORIZON and/or the other vessels in its flotilla as asserted by Petitioners. Claimants further urge their prior objection to Petitioners' failing to include the value of all vessels in the flotilla which were under the common operational control, supervision and enterprise in the limitation fund, together with any insurance proceeds, and any sums received or which may be received by Petitioners from any third party as a result of the fault or alleged fault of said third party having caused damages to the property interests of Petitioners. Claimant further denies the adequacy of Petitioners' ad interim stipulation for an amount equal to the value of its interest in the MODU DEEPWATER HORIZON and/or other vessels in its flotilla and their appurtenances and hereby makes demand for Petitioners to either deposit cash proceeds into the registry of the Court in the amount of the stated value of the vessels and/or provide a bond for the value of the vessels, issued by a reputable surety company to be approved by the Court. In so doing, Claimants specifically reserve the right to contest the stated value of the vessel and the limitation fund as aforesaid. Claimants further deny the applicability of Petitioners' complaint to claims arising under the Oil Pollution Act of 1990. *Metlife Capital Corp. v. M/V Emily S.*, 132 F.3d 818 (1st Cir. 1997).

## TWENTY SECOND DEFENSE

Petitioners had privity and/or knowledge of the design, loading, navigation, negligence, inadequacy of the master, officers and crew, insufficiency in training of the master, officers and crew, and/or other legal fault of the MODU DEEPWATER HORIZON and/or her or their master, officers, crew representatives, agents or employees of Petitioners, and such other factors affecting Petitioners' liability, as may be shown hereafter, that caused in whole or in part the MODU DEEPWATER HORIZON to explode, burn and sink on April 20, 2010, and the related and resulting

damages of Claimant, such that Petitioners' Complaint should be denied and Claimant's claims against petitioners prevail.

And now, specifically reserving all defenses asserted herein, including, without limitation, Claimant's right to pursue his claims in state court pursuant to the Savings to Suitors clause, 28 U.S.C. §1333, and all state law remedies, Claimants file their Claims in the Complaint for Exoneration From or Limitation of Liability and state that:

1.

Claimant urges each and every defense and objection set forth above as if the same were stated herein verbatim.

2.

Claimant suffered severe injuries as a result of the MODU DEEPWATER HORIZON explosion on April 20, 2010. At the time, Claimant was either a seaman, a borrowed seaman employed by Petitioners or subject to their control, or alternatively, was a non-seaman worker aboard the vessel with the permission of Petitioners. While the MODU DEEPWATER HORIZON was deployed on navigable waters, and while Claimant was contributing to and aiding such vessel to accomplish its mission, Claimant sustained serious physical and mental injuries during the explosion and its aftermath while still in the zone of danger.

3.

Petitioners were negligent, negligent per se, grossly negligent and reckless for the following reasons:

    a.    failure to properly supervise their crew;

    b.    failure to properly train their employees;

    c.    failure to provide adequate safety equipment;

    d.    failure to provide adequate medical treatment;

    e.    operating the vessel with an inadequate crew;

    f.    failure to maintain the vessel;

    g.    failure to conduct a proper search and rescue mission;

    h.    vicarious liability for the employees' and agents' negligence, gross negligence and recklessness;

    i.    violating applicable Coast Guard, MMS and/or OSHA regulations; and,

    j.    other acts deemed negligent, grossly negligent and/or reckless.

4.

At all relevant times, the MODU DEEPWATER HORIZON was deficient and was being operated in a negligent, grossly negligent and/or reckless manner.

5.

As a result of said occurrences, Claimant sustained severe injuries to his body. His injuries resulted in physical pain, distress, mental anguish, fear, impairment, disfigurement, discomfort and other medical problems. In all reasonable probability, Claimant's physical pain, physical impairment, disfigurement and mental anguish will continue into the future. Claimant has also suffered a loss of earnings in the past, as well as loss of future earning capacity. Claimant has suffered a loss of household services in the past and will, in reasonable probability, into the future. Claimant has incurred and will continue to incur pharmaceutical and medical expenses in connection with his injuries. Claimant seeks recovery of his attorney fees, and punitive damages for Petitioners' failures. Claimant has been damaged in a sum far in excess of the minimum jurisdictional limits of

this Honorable Court, for which he now sues.

6.

Claimant is entitled to punitive damages because the aforementioned actions of Petitioners were grossly negligent and reckless. Petitioners' conduct was willful, wanton, arbitrary and capricious. Petitioners acted with flagrant and malicious disregard of claimant's health and safety and the health and safety of his coworkers. Petitioners were subjectively aware of the extreme risk posed by the conditions which caused claimant's injuries but did nothing to rectify same. Instead, Petitioners had Claimant and other workers continue working, despite the dangerous conditions posed to them due to the deficiencies upon the vessel. Petitioners did so knowing that the conditions posed dangerous and grave safety concerns. Petitioners' acts and omissions involved an extreme degree of risk considering the probability and magnitude of potential harm to Claimant and others. Petitioners had actual subjective awareness of the risks, and consciously disregarded such risk by allowing Claimant to work under such dangerous conditions. All of the conduct mentioned in the above paragraphs was within the knowledge and privity of Petitioners.

## CONCLUSION

WHEREFORE, premises considered, Claimant, KEVIN SENEGAL, prays that:

1) The Complaint seeking Exoneration From or Limitation of Liability be dismissed and the injunction or restraining order granted in this matter be dissolved;

2) Alternatively, Petitioners be required to deposit additional security in the minimum amount required by law for the full value of all vessels in the flotilla which were under common operational control and supervision and engaged in a common enterprise and that said security be by way of a cash deposit into the registry of the

Court or a bond issued by a surety approved by the Court and be based upon an appraisal issued by a commissioner appointed by the court; in default of which the Complaint seeking Exoneration From or Limitation of Liability be dismissed; and pending such deposit any injunction and/or restraining order be dissolved;

3) There be judgment rendered herein in favor of Claimant, and against petitioners, both jointly and severally, for all damages as are reasonable in the premises together with the maximum legal interest thereon from the date of the accident until paid and for all costs of this proceeding;

4) Claimant be allowed to proceed and prosecute his claim without prepayment of costs and,

5) for all such other and further relief to which Claimant may be entitled under law and in equity.

Respectfully submitted,

**STEVENSON & MURRAY**

*/S/ JOHN W. STEVENSON, JR.*
JOHN W. STEVENSON, JR.
Fed I.D. 3992
MARK T. MURRAY
Fed I.D. 13521
24 Greenway Plaza, Suite 750
Houston, Texas 77046
(713) 622-3223
FAX (713) 622-3224

ATTORNEYS FOR CLAIMANT

## CERTIFICATE OF SERVICE

I hereby certify that on this the 13th day of April 2011, the foregoing pleading has been served on all counsel by electronically uploading the same to Lexis Nexis File and Serve in accordance with Pretrial Order No. 12, and also electronically filed with the Clerk of Court of the U.S. District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send notice of electronic filing in accordance with the procedures established in MDL 2179.

/s/ *JOHN W. STEVENSON, JR.*
JOHN W. STEVENSON, JR.