UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on April 20, 2010 | MDL NO. 2179<br><br>SECTION:   J<br><br>JUDGE BARBIER<br><br>MAGISTRATE JUDGE SHUSHAN |
| THIS DOCUMENT RELATES TO:<br>2:10-cv-02771 | |

### CLAIMANT BRENT MANSFIELD'S ANSWER AND CLAIM RELATED TO COMPLAINT AND PETITION OF TRITON ASSET LEASING GMBH, ET AL FOR EXONERATION FROM OR LIMITATION OF LIABILITY

Brent Mansfield (Claimant) files this Answer and Claim related to the Complaint and Petition for Exoneration from or Limitation of Liability filed by Triton Asset Leasing GmbH, Transocean Holdings, L.L.C, Transocean Offshore Deepwater Drilling, Inc., and Transocean Deepwater, Inc. (the "Petitioners"):

### OBJECTIONS AND RESERVATIONS

Claimant incorporates the reservations identified on page pages 1-2 of Doc. 1576.3.  Claimant makes these additional objections and reservations:

- It is improper for Petitioners to implead other responsible parties pursuant to Rule 14 because only a Defendant can make use of the Rule.  Petitioners initiated this action and they are not a Defendant within the meaning of Rule 14.

- The Court should not adjudicate the liability of any party impleaded pursuant to Rule 14 because Claimant previously filed or will file his Jones Act case in state

_____

Page 1

court and has a right to a jury trial concerning those claims. He also has a right to a jury trial of a general maritime claim filed in state court.

- Claimant objects to any ruling that Claimant is bound by any findings (beyond Limitation findings concerning privity and knowledge, the value of the vessel, and so forth) apportioning responsibility amongst Petitioners and the impleaded parties. Claimant has a right to try his state court Jones Act and general maritime claims to a jury.

- The filing of this Answer and Claim is in no way a waiver of his right to a jury trial and he is not agreeing to join all issues in this proceeding by filing this Answer and Claim.

## DEFENSES

### FIRST DEFENSE

The allegations of the Complaint fail to state a claim upon which relief may be granted.

### SECOND DEFENSE

The Limitation of Liability Act is discriminatory in that it favors vessel owners over claimants and deprives the claimant of property rights without due process in violation of the Fifth and Fourteenth Amendments of the United States Constitution.

### THIRD DEFENSE

The limitation fund is inadequate and the Verified Complaint should be dismissed because Petitioner has failed to deposit adequate security in accordance with 46 U.S.C.

181(B) and Rule F(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims.

## FOURTH DEFENSE

The Limitation of Liability Act is not applicable because the Deepwater Horizon (vessel) was operated in a willful, wanton, and/or negligent manner and was known by the owners, operators and/or supervisors/foremen to be unseaworthy.

## FIFTH DEFENSE

The negligent and grossly negligent events that gave rise to Claimant's injuries were known, should have been known, and/or were in the privity and knowledge the owners, managing owners, owners *pro hac vice*, and/or operators of the vessel.

## SIXTH DEFENSE

Petitioners' insurance that provided coverage related to the casualty should be included within the limitation fund.

## SEVENTH DEFENSE

Claimant bears no responsibility concerning the events that gave accident to the accident.

## EIGHTH DEFENSE

Any recovery by Petitioners from third parties should be included in the Limitation Fund.

**NINTH DEFENSE**

Petitioners' appraisal of the vessel does not reflect the vessel's and its pending freight's value.

**TENTH DEFENSE**

Certain Petitioners do not have standing to rely upon the Limitation of Liability Act and certain alleged owners of the *DEEPWATER HORIZON* fail to file timely a limitation proceeding.

**ANSWER**

1. Denied for lack of knowledge or information sufficient to form a belief about the truth of the allegations.

2. Denied for lack of knowledge or information sufficient to form a belief about the truth of the allegations.

3. Admitted.

4. Admitted.

5. Admitted.

6. Denied for lack of knowledge or information sufficient to form a belief about the truth of the allegations.

7. Denied for lack of knowledge or information sufficient to form a belief about the truth of the allegations.

8. Denied for lack of knowledge or information sufficient to form a belief about the truth of the allegations.

9. Denied for lack of knowledge or information sufficient to form a belief about the truth of the allegations.

10. Denied.

11. Denied.

12. Denied.

13. Denied for lack of knowledge or information sufficient to form a belief about the truth of the allegations.

14. Denied for lack of knowledge or information sufficient to form a belief about the truth of the allegations.

15. Denied for lack of knowledge or information sufficient to form a belief about the truth of the allegations, except insofar as Ussin, as described in this paragraph, had retained counsel prior to Petitioners' filing.

16. Denied for lack of knowledge or information sufficient to form a belief about the truth of the allegations.

17. Denied for lack of knowledge or information sufficient to form a belief about the truth of the allegations.

18. Denied for lack of knowledge or information sufficient to form a belief about the truth of the allegations.

19. Denied for lack of knowledge or information sufficient to form a belief about the truth of the allegations.

20. Denied for lack of knowledge or information sufficient to form a belief about the truth of the allegations.

21. Denied for lack of knowledge or information sufficient to form a belief about the truth of the allegations.

22. Denied for lack of knowledge or information sufficient to form a belief about the truth of the allegations.

23. Denied for lack of knowledge or information sufficient to form a belief about the truth of the allegations.

24. Denied for lack of knowledge or information sufficient to form a belief about the truth of the allegations.

25. To the extent that a response to the Prayer is required (otherwise, Claimant offers no response), the allegations are denied.

WHEREFORE, Claimant prays that the Petition seeking exoneration from or limitation of liability and any and all injunctions or restraining orders granted in this matter be dismissed and dissolved.

## **CLAIM IN LIMITATION (NO. 10-2771)**

AND NOW, in the alternative pending the injunction and order of stay being lifted so that he may prosecute his claims against Petitioners in the venue of his choosing, Claimant asserts his claims against Petitioners as follows:

1. At all times material hereto, Claimant was aboard the DEEPWATER HORIZON and was acting within the course and scope of his employment as an American seamen in service of the vessel.

2. Claimant was a Jones Act seaman of the Petitioners.

3. On April 20, 2010, as Claimant was performing his regular duties aboard the vessel, he sustained severe injuries to his person. Such injuries were legally caused by

the negligence of the Petitioners and the unseaworthiness of the Vessel in question. Specifically, the vessel caught fire and exploded, and ultimately sunk while on navigable waters, injuring many and killing eleven. Such an incident does not occur without an unseaworthy condition or negligence.

4. Petitioners were negligent, negligent per se, grossly negligent, and reckless for the following reasons:

    a. failure to properly supervise their crew;

    b. failure to properly train their employees;

    c. failure to provide adequate safety equipment;

    d. failure to provide adequate medical treatment;

    e. operating the vessel with an inadequate crew;

    f. failure to maintain the vessel;

    g. failure to heed test results and other warnings regarding the well's integrity;

    h. vicariously liable for their employees' and agents' negligence, gross negligence, and recklessness;

    i. violating applicable Coast Guard, MMS and/or OSHA regulations; and,

    j. other acts deemed negligent, grossly negligent, and reckless.

5. At all relevant times, the DEEPWATER HORIZON was unseaworthy.

6. By reason of the occurrences made the basis of this action, including the conduct on the part of Petitioners, Claimant sustained severe bodily and emotional

Page 7

injuries. Claimant suffered physical pain and mental anguish and, in reasonable medical probability, will continue to do so for the balance of his natural life. As a result of the foregoing injuries, Claimant suffered a loss of wages in the past and a loss of or reduction in the capacity to work and earn money in the future and, in reasonable probability, his earning capacity has been impaired permanently. Additionally, Claimant has incurred reasonable and necessary medical expenses in the past and, in reasonable probability, will incur reasonable medical expenses in the future. As a result of the injuries sustained in the occurrences of April 20, 2010, Claimant has suffered in the past and will, in reasonable medical probability, continue to suffer permanent physical impairment. Claimant is physically impaired as a result of injuries he sustained on April 20, 2010. As a consequence he has lost the ability to perform certain household services and, in reasonable probability, he has lost the ability permanently.

7.   Pleading further, in the alternative, if it be shown that Claimant was suffering from some pre-existing injury, disease and/or condition, then such was aggravated and/or exacerbated as a proximate result of the occurrence made the basis of Claimant's underlying lawsuit.

8.   Claimant would show that on the above-mentioned date, he was injured while in the service of a vessel. As Claimant was an employee or borrowed employee, Petitioners have, and continue to have, a non-delegable duty to provide Claimant with the benefits of maintenance and cure. Claimant would show that he ha not reached maximum medical improvement and that Petitioners' duty continues. Petitioners have denied payment and/or have unreasonably delayed payments for maintenance and cure and/or

have paid maintenance in an insufficient amount. Petitioners' conduct towards these injured seamen is arbitrary, malicious, capricious, and wrong. As a result of Petitioners' failure to pay and/or delay in paying the benefits of maintenance and cure, Claimant has suffered further injuries and damages, for which they now sue. Claimant would further show that Petitioners' failure to provide the benefits of maintenance and cure was not only unreasonable, but was arbitrary and capricious, or willful, callous and persistent, and that as a result thereof, Claimant is thus entitled to punitive damages, and an award of attorneys' fees, for which they now sue, in addition to all other relief sought.

9. Claimant is also entitled to punitive damages because the aforementioned actions of Petitioners were grossly negligent and reckless. Petitioners' conduct was willful, wanton, arbitrary, and capricious. They acted with flagrant and malicious disregard of Claimant's health and safety and the health and safety of their co-workers. Petitioners were subjectively aware of the extreme risk posed by the condition which caused Claimant's injuries, but did nothing to rectify them. Instead, Petitioners had Claimant and other crew members continue working despite the dangerous conditions that were posed to them and the faulty, defective equipment provided to them. Petitioners did so knowing that the conditions posed dangerous and grave safety concerns. Petitioners' acts and omissions involved an extreme degree of risk considering the probability and magnitude of potential harm to Claimant and others. Petitioners had actual, subjective awareness of the risk, and consciously disregarded such risk by allowing Claimant to work under such dangerous conditions. Moreover, Claimant may recover punitive damages under the general maritime law because of the Vessel's

unseaworthiness following the United States Supreme Court's ruling in *Atlantic Sounding*. All of the conduct mentioned in the above paragraphs was within the knowledge and privity of Petitioners.

WHEREFORE, PREMISES CONSIDERED, Claimant prays that this Claim be deemed good and sufficient, that the injunction and order of stay in place be lifted so that he may prosecute his claims against Petitioners and other parties in the venue of his choice, that after due proceedings, there be judgment denying the Complaint of Petitioners for exoneration from or limitation of liability, with all costs to be borne by such Petitioners; alternatively, that Petitioners be required to deposit additional security in the minimum amount required by law for the full value of all vessels in the flotilla which were under common operational control and supervision and engaged in a common enterprise, and that said security be based upon an appraisal issued by a commissioner appointed by the Court, in default of which the Complaint be dismissed; and for such other relief which they may show themselves entitled.

Respectfully submitted,

**GORDON, ELIAS & SEELY, L.L.P.**

*/s/ R. Todd Elias*
_____
R. Todd Elias
Federal:           21551
Texas Bar No.:     00787427
Jeff Seely
Texas Bar No.:     24033172
1811 Bering Drive, Suite 300
Houston, Texas  77057
Telephone:         713-668-9999
Facsimile:         713-668-1980

_____

**CERTIFICATE OF SERVICE**

I certify that the above and foregoing Claimant's Answer and Claim Related to Complaint and Petition of Triton Asset Leasing GmbH, et al for Exoneration From or Limitation of Liability will be served on all counsel by electronically filing with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System which will send a notice of electronic filing in accordance with the Federal Rules of Procedure, on this 18th day of April, 2011.

*/s/ R. Todd Elias*

_____
R. Todd Elias