UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig  "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * | MDL No. 2179 |
| Relates to: In re: The Complaint and Petition of Triton Asset Leasing GmbH, et al, 10-2771 | * * * * | JUDGE BARBIER |
| *  *  *  *  *  *  *  *  *  *  *  * | | MAGISTRATE SHUSHAN |

## CLAIMANT DARREL REED'S ANSWER AND CLAIM RELATED TO COMPLAINT AND PETITION OF TRITON ASSET LEASING GMBH, ET AL FOR EXONERATION FROM OR LIMITATION OF LIABILITY

**NOW INTO COURT,** through undersigned counsel, comes Claimant, Darrel Reed, who submits the instant Original Notice of Claims, Objections and Original Answer to the Complaint for Exoneration From or Limitation of Liability filed by Petitioners Triton Asset Leasing GmbH, Transocean Holdings, LLC, Transocean Offshore Deepwater Drilling, Inc., and Transocean Deepwater, Inc., alleged to be the Owner, Managing Owners, Owners Pro-Hac Vice, and/or Operators, of the MODU DEEPWATER HORIZON, pursuant to 46 U.S.C. 30505, et seq., and Rule 9(h) of the Supplemental Rules for Certain Admiralty and Maritime Claims and shows the Court as follows:

### ANSWER TO COMPLAINT

### FIRST DEFENSE

The allegations of the Complaint fail to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6).

**SECOND DEFENSE**

The Limitation fo Liability Act, 46 U.S.C. § 30501 *et seq.*, is unconstitutional in that it deprives Claimants of property rights without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and does not provide for equal protection of the law pursuant to the Fifth and Fourteenth Amendments to the United States Constitution.

**THIRD DEFENSE**

Claimant asserts the flotilla doctrine. The limitation fund is inadequate and the Complaint should be dismissed because Petitioners have failed to deposit adequate security for the Vessel and for the additional vessels within the flotilla, which were under common operational control, supervision and enterprise.

**FOURTH DEFENSE**

The limitation fund is inadequate and the Complaint should be dismissed because Petitioners have failed to deposit adequate security for the vessel identified in the Complaint for Exoneration From Limitation of Liability and for the additional vessels within the flotilla which were under common operational control, supervision and enterprise. Pursuant to Rule F(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims, the proper limitation fund must be deposited at the time of filing. Petitioners' deposit at the time of the filing did not meet federal standards. As such, this limitation action must be dismissed.

**FIFTH DEFENSE**

The limitation fund is inadequate and the Complaint should be dismissed because Petitioners have failed to accurately identify all of the vessels in the flotilla which should be included in the limitation fund.

**SIXTH DEFENSE**

The Limitation of Liability Act is not applicable to the instant case because at all times pertinent hereto, the MOUDU DEEPWATER HORIZON and/or other vessels contained within the flotilla were operated in a willful, wanton, and reckless manner or in the alternative, the conduct and actions which lead to Claimants' injuries took place with the privity and knowledge of the owners, managing owners, owners *pro hac vice,* and/or operators of the vessels involved.

**SEVENTH DEFENSE**

The Limitation of Liability Act is not applicable in the instant case because at all relevant times, THE MOUDO DEEPWATER HORIZON and/or other vessels contained within the flotilla were known by owners and/or owners *pro hac vice* to be unseaworthy.

**EIGHTH DEFENSE**

To the extent Petitioners' insurers attempt to avail themselves of the limitation/exoneration defense, Claimants assert that the Limitation of Liability Act is unavailable to insurers of vessel owners under the circumstances.  In the alternative, no *prima facie* case has been made establishing they are entitled to avail themselves of the Limitation of Liability Act.

## NINTH DEFENSE

The Complaint for Exoneration From or Limitation of Liability contains vague and ambiguous statements that are objectionable under Federal Rule of Civil Procedure 12(e), and Claimant seeks more definitive statements of the allegations, regardless of the nature, manner and extent of their Claim and Answer herein.

## TENTH DEFENSE

The events culminating the injuries of Claimants were the result of the negligence, fault or want of due care on the part of Petitioners and/or those for whom Petitioners are responsible, and/or unseaworthiness of the MODU DEEPWATER HORIZON and/or other vessels within the flotilla under common operational control, supervision and enterprise, all of which was within the privity and knowledge of Petitioners, for which the Complaint for Exoneration From or Limitation of Liability should be denied.

## ELEVENTH DEFENSE

The events culminating in the injuries of Claimants were the result of negligence, fault, or want of due care on their part or of those for whom they may be responsible.

## TWELFTH DEFENSE

Claimants further allege that there was insurance coverage on THE MODU DEEPWATER HORIZON insuring Petitioners in the event of an occurrence such as that which is the subject of Claimants' Claims, and the proceeds of said insurance policy(ies) should be included in this limitation proceeding (in the event the Court determines these limitation proceedings are appropriate).

**THIRTEENTH DEFENSE**

Claimant states that the proceeds of any judgment, award, or settlement that may be received by Petitioners from any third party in recompense of any losses or damages sustained herein to the property or interests of Petitioners, as a result of the fault of said third party(ies), must be included in the limitation fund.

**FOURTEENTH DEFENSE**

In filing this Answer and Claim, Claimants specifically reserve all rights to pursue all available claims in state court for resolution of any and all issues beyond this exclusive jurisdiction of this Admiralty Court pursuant to the "Savings to Suitors" clause, 28 U.S.C. §1333, and all state law remedies. The filing of this Claim and Answer is in no way a waiver of this right and defense and Claimants are not agreeing to join all issues in this proceeding by filing this Claim and Answer.

**FIFTEENTH DEFENSE**

Claimant specifically reserves all rights to pursue all available claims in the forum of their choice for resolution of any and all issues beyond the exclusive jurisdiction of this Admiralty Court pursuant to the "Savings to Suitors" clause, 28 U.S.C. §1333, and all remedies, and no part of this Claim and Answer is a waiver of this defense or these rights. Further, pursuant to the holdings of *in re Liverpool, etc. Nac. Co. (Vestris),* 57 F.2d 176, 179 (2d Cir. 1932) and *The Silver Palm,* 94 F. 2d 776, 780 (9th Cir. 1973), upon Petitioners' failure to obtain relief in this limitation action (should resolution of this action precede judgment in other actions), Claimants hereby assert and claim their right to have their claims and damages tried in the court of their choosing.

**SIXTEENTH DEFENSE**

Page 5

The purpose of a limitation action is to provide a single forum for determining whether the vessel and its owner are liable at all, whether the owner may in fact limit liability to the value of the vessel and pending freight, and how the funds are to be distributed to the claimants. *See* 46 U.S.C. §30501m *et seq.*; see also THOMAS J. SCHOERBAUM, ADMIRALTY AND MARITIME LAW 2nd Ed. § 13-15 (1994). Because of the nature and circumstances of this action, a limitation proceeding is inappropriate and unjustified.

### SEVENTEENTH DEFENSE

The limitation fund is inadequate and should be increased and/or this action should be dismissed because the limitation fund does not properly account for the value of the minerals and other appurtenances, attachments, freight and/or cargo aboard the vessel, subject to the control of the vessel and/or owner by the Petitioners.

**AND NOW**, specifically reserving all defenses asserted herein, including without limitation, Claimants' right to pursue their claims in state court pursuant to the Savings to Suitors clause, 28 U.S.C. §1333, and all state law remedies, Claimants respond to the individual paragraphs of the Complaint for Exoneration From or Limitation of Liability upon information and belief, as follows:

I.

The allegations contained in Paragraph 1 of the Complaint are denied for lack of sufficient information to justify a belief therein.

II.

The allegations contained in Paragraph 2 of the Complaint are denied for lack of sufficient information to justify a belief therein.

III.

The allegations contained in Paragraph 3 of the Complaint are denied for lack of sufficient information to justify a belief therein.

IV.

The allegations contained in Paragraph 4 of the Complaint are denied for lack of sufficient information to justify a belief therein.

V.

The allegations contained in Paragraph 5 of the Complaint are denied for lack of sufficient information to justify a belief therein.

VI

The allegations contained in Paragraph 6 of the Complaint are denied.

VII.

The allegations contained in Paragraph 7 of the Complaint are denied.

VIII.

The allegations contained in Paragraph 8 of the Complaint are denied for lack of sufficient information to justify a belief therein.

IX.

The allegations contained in Paragraph 9 of the Complaint are denied for lack of sufficient information to justify a belief therein.

X.

The allegations contained in Paragraph 10 of the Complaint are denied.

XI.

The allegations contained in Paragraph 11 of the Complaint are denied.

XII.

The allegations contained in Paragraph 12 of the Complaint are denied.

XIII.

The allegations contained in Paragraph 13 of the Complaint are denied for lack of sufficient information to justify a belief therein.

XIV.

The allegations contained in Paragraph 14 of the Complaint are denied for lack of sufficient information to justify a belief therein.

XV.

The allegations contained in Paragraph 15 of the Complaint are denied for lack of sufficient information to justify a belief therein.

XVI.

The allegations contained in Paragraph 16 of the Complaint are denied for lack of sufficient information to justify a belief therein.

XVII.

The allegations contained in Paragraph 17 of the Complaint are denied for lack of sufficient information to justify a belief therein.

XVIII

The allegations contained in Paragraph 18 of the Complaint are denied.

XIX.

The allegations contained in Paragraph 19 of the Complaint are denied for lack of sufficient information to justify a belief therein.

XX.

The allegations contained in Paragraph 20 of the Complaint are denied.

XXI.

The allegations contained in Paragraph 21 of the Complaint are denied for lack of sufficient information to justify a belief therein.

XXII.

The allegations contained in Paragraph 22 of the Complaint are denied for lack of sufficient information to justify a belief therein.

XXIII.

The allegations contained in Paragraph 23 of the Complaint are denied for lack of sufficient information to justify a belief therein.

XXIV.

The allegations contained in Paragraph 24 of the Complaint are denied for lack of sufficient information to justify a belief therein.

XXV.

The allegations contained in the prayer of relief are not statements of facts, but conclusions of law, from which no response is necessary from these Claimants. However, if responses be

deemed necessary, said allegations are denied.  Claimants further specifically deny the adequacy of the value of all vessels in the flotilla which were under the common operational control, supervision and enterprise in the limitation fund together with any insurance proceeds, and any sums received or which may be received by Petitioners from any third party as a result of the fault or alleged fault of said third party having caused damage to the property interest of Petitioners.  Claimants further deny the adequacy of Petitioner's *Ad Interim* Stipulation for an amount equal to the value of its interest in THE MODU DEEPWATER HORIZON and/or other vessels in its flotilla and appurtenances and hereby makes demand for Petitioners to either deposit cash proceeds into the registry of the Court in the amount of the state calue of vessel(s) and/or provide a bond for the value of the vessel(s), issued by a reputable surety company to be approved by the Court.  In doing so, Claimants specifically reserve the right to contest the stated cause of the vessel and the limitation fund as aforesaid.  Claimants further deny the applicability of Petitioners' Complaint to claims arising under the Oil Pollution Act of 1990.  *Metlife Capital Corp. V. M/V EMILY S.,* 132 F.3d 181 (1st Cir 1997).

## CLAIM FOR DAMAGES

AND NOW, specifically reserving all defenses asserted herein, Claimant files his Claim in the Complaint for Exoneration from and Limitation of Liability and states as follows:

1.

Claimant re-urge each and every defense and objection set forth above as if the same was stated herein verbatim.

2.

Claimant adopts and incorporates by reference all factual and legal allegations and statements made in the Amended B1 Master Complaint [No.10-md-2179, Doc 1128].

3.

At all material times, Claimant Darrell L. Reed was employed by ART CATERING as a Jones Act seaman and Claimant invokes the "savings to suitors" clause.

4.

Claimant was permanently assigned to the DEEPWATER HORIZON offshore drilling vessel as a seaman and member of the crew.

5.

DEEPWATER HORIZON was in navigation in the Gulf of Mexico, using sophisticated propulsion/navigation system, and was owned and/or operated and/or chartered and/or controlled by TRANSOCEAN and/or BP at all material times herein.

6.

On or about April 20, 2010, Claimant, Darrell L. Reed, was an employee of ART CATERING on board the DEEPWATER HORIZON when suddenly and without warning, at approximately 10 p.m. on April 20, 2010, an explosion occurred on DEEPWATER HORIZON.

7.

The explosion violently threw the Claimant, Darrell L. Reed, approximately sixteen feet down a hall on a second floor walkway. Claimant was unconscious for a few moments before an unidentified crewman helped him up. With debris in his eyes, Claimant was then forced to evacuate

the burning vessel, traversing smoke-filled galley-ways, various compartments and/or decks aboard the vessel until he reached the evacuation craft. Chaos reigned during this evacuation as flames continued to bellow, personnel feared for their lives, crying, and threats to jump into the dark waters below to escape the burning inferno. Claimant witnessed, observed, participated, and felt this. He was traumatized by it. Claimant was able to evacuate by evacuation craft to the DAMON B. BANKSTON.

8

As a result, claimant, Darrell L. Reed, sustained the following injuries:

A. Cuts and bruises on his body;

B. Severe trauma and shock;

C. Aggravation of pre-existing psychiatric condition; and

D. Post traumatic stress disorder.

E. General soreness throughout the body.

9.

As a result of the trauma of the foregoing events, claimant is also suffering from serious emotional and/or psychological problems, including, but not limited to, the following:

A. Anxiety;

B. Restlessness;

C. Nightmares;

D. Post-traumatic stress;

E. Depression; and

    F.    Aggravation of pre-existing psychiatric condition.

10.

Claimant, Darrell L. Reed, was at all times pertinent hereto ordered to be and performing his duties and functions as instructed and obliged to perform pursuant to directives of defendants, ART CATERING and/or BP.

11.

The accident was caused by no fault of Claimant and was caused solely by the negligence of defendants, as more particularly set forth herein.

12.

At all times pertinent hereto, the vessel DEEPWATER HORIZON on which the explosion occurred was owned, navigated in navigable waters, manned, possessed, managed, controlled, chartered and/or operated by defendant, BP.

13.

The explosion which caused Claimant's injuries occurred as a result of the negligence of defendants. These acts of negligence render the defendants liable to Claimant pursuant to the provisions of 46 U.S.C. § 688 and/or the general maritime law for negligence.

14.

Claimant is also entitled to punitive damages because the aforementioned actions of Petitioners were grossly negligent and reckless. Petitioners' conduct was willful, wanton, arbitrary and capricious. Petitioners acted with flagrant and malicious disregard for the safety of others. Petitioners were subjectively aware of the extreme risk posed by the conditions which caused

Claimant's injuries, but did nothing to rectify them.  Instead, Petitioners proceeded despite the dangerous conditions that were posed to Claimant by the faulty, defective equipment. Petitioners' acts and omissions involved an extreme degree of risk considering the probability and magnitude of potential harm to Claimant and others.  Petitioners had actual, subjective awareness of the risk, and consciously disregarded such risk.  Moreover, claimant may recover punitive damages under the United States Supreme Court's ruling in *Atlantic Sounding.* All of the conduct mentioned in the above paragraphs was within the knowledge and privity of Petitioners.

WHEREFORE, premises considered, Claimant assert that Petitioners' claim for exoneration from and/or limitation of liability are improper and should be dismissed.  Claimants assert that they are entitled to damages which they have sustained as a result of the legal fault of Petitioners and their vessel, the MODU DEEPWATER HORIZON. Claimant demands judgment against Petitioners in an amount to be determined by this Court, and including attorney's fees, punitive damages, interests and costs.

This 19th day of April, 2011.

Respectfully submitted,

    /s/ Soren E. Gisleson
**Stephen J. Herman**, La. Bar No. 23129
**Soren E. Gisleson,** La Bar No. 26302
**James C. Klick,** La Bar No. 7451
**HERMAN HERMAN KATZ & COTLAR LLP**
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Telephone: (504) 581-4892
Fax No. (504) 569-6024

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that the above and foregoing Motion will be electronically filed into the record using the Court's EFC filing system, thereby effecting service on all Interim Liaison Counsel;

IN ADDITION, the Motion will be served, *via* E-MAIL, upon all known Claimants' counsel of record with cases relating to the Deepwater Horizon explosion, fire and resulting oil spill, including those who appear on the MDL Service List and/or who have cases pending in this District and Section.

This 20th day of April, 2011.

/s/ Soren E. Gisleson