UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG<br>"DEEPWATER HORIZON"<br>in the GULF OF MEXICO,<br>on APRIL 20, 2010 | §<br>§<br>§<br>§<br>§ | MDL NO. 10-2179<br><br>SECTION: "J" |
| This Document Relates To:<br><br>In Re: The Complaint and Petition of<br>Triton Asset Leasing GmbH, et al<br>Civil Action No. 10-2771 | §<br>§<br>§<br>§<br>§<br>§ | JUDGE BARBIER<br>MAG. JUDGE SHUSHAN |

**NOTICE OF CLAIMS, OBJECTIONS
AND ORIGINAL ANSWER OF CLAIMANTS**

**NOW INTO COURT**, through undersigned counsel, come Claimants, (attached as "Exhibit "A" is an individual list of each claimant herein), who file this their Original Notice of Claims, Objections and Original Answer to the Complaint for Exoneration From or Limitation of Liability filed by Petitioners Triton Asset Leasing GmbH, Transocean Holdings, LLC, Transocean Offshore Deepwater Drilling, Inc., and Transocean Deepwater, Inc., alleged to be the Owner, Managing Owners, Owners Pro-Hac Vice, and/or Operators, of the MODU DEEPWATER HORIZON, pursuant to 46 U.S.C. 30505, et seq. and Rule 9(h) of the Supplemental Rules for Certain Admiralty and Maritime Claims and show the Court as follows:

## I. ANSWER TO COMPLAINT

### FIRST DEFENSE

The allegations of the Complaint fail to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6).

### SECOND DEFENSE

The Limitation of Liability Act, 46 U.S.C. § 30501 *et seq.*, is unconstitutional in that it deprives Claimants of property rights without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and does not provide for equal protection of the law pursuant to the Fifth and Fourteenth Amendments to the United States Constitution.

### THIRD DEFENSE

Claimant asserts the flotilla doctrine. The limitation fund is inadequate and the Complaint should be dismissed because Petitioners have failed to depose adequate security for the Vessel and for the additional vessels within the flotilla, which were under common operational control, supervision, and enterprise.

### FOURTH DEFENSE

The limitation fund is inadequate and the Complaint should be dismissed because Petitioners have failed to deposit adequate security for the vessel identified in the Complaint for Exoneration From or Limitation of Liability and for the additional vessels within the flotilla which were under common operational control, supervision and enterprise. Pursuant to Rule F(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims, the proper limitation fund must be deposited at the time of filing. Petitioners' deposit, at the time of filing, did not meet federal standards. As such, this limitation action must be dismissed.

**FIFTH DEFENSE**

The limitation fund is inadequate and the Complaint should be dismissed because Petitioners have failed to accurately identify all of the vessels in the flotilla which should be included in the limitation fund.

**SIXTH DEFENSE**

The Limitation of Liability Act is not applicable to the instant case because at all times pertinent hereto, THE MODU DEEPWATER HORIZON and/or other vessels contained within the flotilla were operated in a willful, wanton, and reckless manner or, in the alternative, the conduct and actions which lead to Claimants' injuries took place with the privity and knowledge of the owners, managing owners, owners *pro hac vice*, and/or operators of the vessels involved.

**SEVENTH DEFENSE**

The Limitation of Liability Act is not applicable in the instant case because at all relevant times, THE MODU DEEPWATER HORIZON and/or other vessels contained within the flotilla were known by the owners and/or owners *pro hac vice* to be unseaworthy.

**EIGHTH DEFENSE**

To the extent Petitioners' insurers attempt to avail themselves of the limitation/exoneration defense, Claimants assert that the Limitation of Liability Act is unavailable to insurers of vessel owners under the circumstances. In the alternative, no *prima facie* case has been made establishing they are entitled to avail themselves of the Limitation of Liability Act.

**NINTH DEFENSE**

The Complaint for Exoneration From or Limitation of Liability contains vague and ambiguous statements that are objectionable under Federal Rule of Civil Procedure 12(e), and

3

Claimant seeks more definitive statements of the allegations, regardless of the nature, manner and extent of their Claim and Answer herein.

### TENTH DEFENSE

The events culminating in the injuries of Claimants were the result of the negligence, fault or want of due care on the part of Petitioners and/or those for whom Petitioners are responsible, and/or the unseaworthiness of THE MODU DEEPWATER HORIZON and/or other vessels within the flotilla under common operational control, supervision and enterprise, all of which was within the privity and knowledge of Petitioners, for which the Complaint for Exoneration From or Limitation of Liability should be denied.

### ELEVENTH DEFENSE

The events culminating in the injuries of Claimants were not the result of any negligence, fault, or want of due care on their part or those for whom they may be responsible.

### TWELFTH DEFENSE

Claimants further allege that there was insurance coverage on THE MODU DEEPWATER HORIZON insuring Petitioners in the event of an occurrence such as that which is the subject of Claimants' Claims, and the proceeds of said insurance policy(ies) should be included in this limitation proceeding (in the event the Court determines these limitation proceedings are appropriate).

### THIRTEENTH DEFENSE

Claimant states that the proceeds of any judgment, award, or settlement that may be received by Petitioners from any third party in recompense of any losses or damages sustained herein to the property or interests of Petitioners, as a result of the fault or alleged fault of said third party(ies), must be included in the limitation fund.

**FOURTEENTH DEFENSE**

In filing this Answer and Claim, Claimants specifically reserve all rights to pursue all available claims in state court for resolution of any and all issues beyond the exclusive jurisdiction of this Admiralty Court pursuant to the "Savings to Suitors" clause, 28 U.S.C. §1333, and all state law remedies. The filing of this Claim and Answer is in no way a waiver of this right and defense and Claimants are not agreeing to join all issues in this proceeding by filing this Claim and Answer.

**FIFTEENTH DEFENSE**

Claimants specifically reserve all rights to pursue all available claims in the forum of their choice for resolution of any and all issues beyond the exclusive jurisdiction of this Admiralty Court pursuant to the "Savings to Suitors" clause, 28 U.S.C. §1333, and all remedies, and no part of this Claim and Answer is a waiver of this defense or these rights. Further, pursuant to the holdings of *In re Liverpool, etc. Nav. Co. (Vestris)*, 57 F.2d 176, 179 (2d Cir. 1932) and *The Silver Palm*, 94 F.2d 776, 780 (9th Cir. 1937), upon Petitioners' failure to obtain relief in this limitation action (should resolution of this action precede judgment in other actions), Claimants hereby assert and claim their right to have their claims and damages tried to a jury in the court of their choosing.

**SIXTEENTH DEFENSE**

The purpose of a limitation action is to provide a single forum for determining whether the vessel and its owner are liable at all, whether the owner may in fact limit liability to the value of the vessel and pending freight, and how the funds are to be distributed to the claimants. *See* 46 U.S.C. §30501, *et seq.*; see also THOMAS J. SCHOENBAUM, ADMIRALTY AND

MARITIME LAW 2nd Ed. § 13-5 (1994). Because of the nature and circumstances of this action, a limitation proceeding is in appropriate and unjustified.

**SEVENTEENTH DEFENSE**

Claimant reserves the right to contest the appraisal value of THE MODU DEEPWATER HORIZON and/or for any additional vessels in the flotilla, their engines, apparel, appurtenances, pending freight, etc., and the adequacy of the security.

**EIGHTEENTH DEFENSE**

The limitation fund is inadequate and should be increased and/or this action should be dismissed because the limitation fund does not properly account for the value of the minerals and other appurtenances, attachments, freight and/or cargo aboard the vessel, subject to the control of the vessel, and/or owned by the Petitioners.

**AND NOW,** specifically reserving all defenses asserted herein, including without limitation, Claimants' right to pursue their claims in state court pursuant to the Savings to Suitors clause, 28 U.S.C. §1333, and all state law remedies, Claimants respond to the individual Paragraphs of the Complaint for Exoneration From or Limitation of Liability, upon information and belief, as follows:

I.

The allegations contained in Paragraph 1 of the Complaint are denied for lack of sufficient information to justify a belief therein.

II.

The allegations contained in Paragraph 2 of the Complaint are denied for lack of sufficient information to justify a belief therein.

III.

The allegations contained in Paragraph 3 of the Complaint are denied for lack of sufficient information to justify a belief therein.

IV.

The allegations contained in Paragraph 4 of the Complaint are denied for lack of sufficient information to justify a belief therein.

V.

The allegations contained in Paragraph 5 of the Complaint are denied for lack of sufficient information to justify a belief therein.

VI.

The allegations contained in Paragraph 6 of the Complaint are denied.

VII.

The allegations contained in Paragraph 7 of the Complaint are denied.

VIII.

The allegations contained in Paragraph 8 of the Complaint are denied for lack of sufficient information to justify a belief therein.

IX.

The allegations contained in Paragraph 9 of the Complaint are denied for lack of sufficient information to justify a belief therein.

X.

The allegations contained in Paragraph 10 of the Complaint are denied.

XI.

The allegations contained in Paragraph 11 of the Complaint are denied.

XII.

The allegations contained in Paragraph 12 of the Complaint are denied.

XIII.

The allegations contained in Paragraph 13 of the Complaint are denied for lack of sufficient information to justify a belief therein.

XIV.

The allegations contained in Paragraph 14 of the Complaint are denied for lack of sufficient information to justify a belief therein.

XV.

The allegations contained in Paragraph 15 of the Complaint are denied for lack of sufficient information to justify a belief therein.

XVI.

The allegations contained in Paragraph 16 of the Complaint are denied for lack of sufficient information to justify a belief therein.

XVII.

The allegations contained in Paragraph 17 of the Complaint are denied for lack of sufficient information to justify a belief therein.

XVIII.

The allegations contained in Paragraph 18 of the Complaint are denied.

XIX.

The allegations contained in Paragraph 19 of the Complaint are denied for lack of sufficient information to justify a belief therein.

XX.

The allegations contained in Paragraph 20 of the Complaint are denied.

XXI.

The allegations contained in Paragraph 21 of the Complaint are denied for lack of sufficient information to justify a belief therein.

XXII.

The allegations contained in Paragraph 22 of the Complaint are denied for lack of sufficient information to justify a belief therein.

XXIII.

The allegations contained in Paragraph 23 of the Complaint are denied for lack of sufficient information to justify a belief therein.

XXIV.

The allegations contained in Paragraph 24 of the Complaint are denied for lack of sufficient information to justify a belief therein.

XXV.

The allegations contained in the prayer of relief are not statements of facts, but conclusions of law, from which no response is necessary from these Claimants.  However, if response be deemed necessary, said allegations are denied.  Claimants further specifically deny the adequacy of the value of THE MODU DEEPWATER HORIZON and/or the other vessels in its flotilla as asserted by Petitioners.  Claimants further re-urge their prior objection to Petitioners failing to include the value of all vessels in the flotilla which were under the common operational control, supervision and enterprise in the limitation fund, together with any insurance proceeds, and any sums received or which may be received by Petitioners from any third party as a result

of the fault or alleged fault of said third party having caused damage to the property interests of Petitioners. Claimants further deny the adequacy of Petitioner's *Ad Interim* Stipulation for an amount equal to the value of its interest in THE MODU DEEPWATER HORIZON and/or other vessels in its flotilla and the appurtenances and hereby makes demand for Petitioners to either deposit cash proceeds into the registry of the Court in the amount of the state value of the vessel(s) and/or provide a bond for the value of the vessels(s), issued by a reputable surety company to be approved by the Court. In doing so, Claimants specifically reserve the right to contest the stated value of the vessel and the limitation fund as foresaid. Claimants further deny the applicability of Petitioners' Complaint to claims arising under the Oil Pollution Act of 1990. *Metlife Capital Corp. v. M/V EMILY S.*, 132 F.3d 818 (1st Cir. 1997).

## II.  CLAIM FOR DAMAGES

AND NOW, specifically reserving all defenses asserted herein, Claimants file their Claims in the Complaint for Exoneration from and Limitation of Liability and state as follows:

1.

Claimants re-urge each and every defense and objection set forth above as if the same was stated herein verbatim.

2.

On April 20, 2010, the Mobile Offshore Drilling Unit ("MODU") DEEPWATER HORIZON ("Rig") exploded, caught fire, burned for two days, and on April 22, 2010, sank in about 5,000 feet of water approximately 40 miles offshore Venice, LA. Upon information and belief, the source and continuing fuel for the fire were hydrocarbons (oil and gas) escaping from a ruptured well, which shortly before had been drilled by the Rig. These events individually and collectively began the uncontrolled release and spill of millions of gallons of oil into the Gulf of

Mexico. Such release of various hazardous chemicals into the fishing waters has caused irreparable harm and legal damages to the aforementioned Claimants.

3.

Claimants earn a living and operate businesses in Louisiana and elsewhere that rely upon the water that was closed by government officials and subject to hazardous clean up due to the oil spill and gross negligence of Petitioners.

4.

As a result of the spill and closing of the waterways, Claimants could not operate their businesses for an extended period of time and earn a living, causing significant legal damages. Certain claimants were also injured during the course of clean up work after the oil spill.

5.

The explosion and sinking of the Deepwater Horizon and resulting oil spill and subsequent hazardous clean up was proximately and legally caused by the unseaworthy condition of the vessel which all Petitioners, with full privity and knowledge, knew or should have known prior to commencing operations, and also as well as the concurrent negligence, negligence per se, gross negligence, reckless conduct, and fault of all Petitioners in the following non-exclusive particulars:

    a.    Failing to inspect the Deepwater Horizon properly to assure that his equipment and personnel were fit for all intended purposes;

    b.    Failing to implement and enforce Federal and State safety rules and regulations pertaining to the safe work operation aboard the Deepwater Horizon which, would have prevented the fire, explosion, and oil spill;

c.  Failing to take appropriate action to avoid or mitigate the vessel fire, explosion and well blowout;

d.  Failing to insure that the Deepwater Horizon, her gear, rigging, appurtenance and equipment were seaworthy, safe and free from defects;

e.  Failing to timely warn of foreseeable risks;

f.  Failing to bring the oil release and spill under control;

g.  Failing to provide appropriate well blowout prevent equipment;

h.  Failing to observe warnings that would have indicated excessive well pressure;

i.  Failing to anticipate and observe obvious signs of danger;

j.  Failing to monitor or other test the blowout preventers to insure operation in the event of a blowout;

k.  Operating the Deepwater Horizon with poorly trained, untrained and unlicensed personnel;

l.  Operating the Deepwater Horizon in such a manner that a fire and explosion occurred causing her to sink and resulting in an oil spill;

m.  Acting in a careless, reckless and negligent manner without due regard for the safety of others;

n.  Negligently training and hiring personnel;

o.  Negligently implementing required policies and procedures to safely conduct operations in the Gulf of Mexico;

p.  Providing blowout preventers that failed to work;

q.  Conducting well and well cap cementing operations unsafely and improperly;

r.  Acting in a manner that justifies imposition of punitive damages; and

     s.     Such other acts of commission and omission that will be shown at trial.

6.

At all relevant times, THE MODU DEEPWATER HORIZON was unseaworthy.

7.

As a result of said occurrences, Claimants sustained severe economic injuries, loss of earnings in the past, as well as a loss of future earning capacity, and in some instances debilitating personal injuries. Claimants are entitled to a full measure of compensatory damages.

8.

Claimants are also entitled to punitive damages because the aforementioned actions of Petitioners were grossly negligent and reckless. Petitioners' conduct was willful, wanton, arbitrary, and capricious. Petitioners acted with flagrant and malicious disregard for the safety of others. Petitioners were subjectively aware of the extreme risk posed by the conditions which caused Claimant's injuries, but did nothing to rectify them. Instead, Petitioners proceeded despite the dangerous conditions that were posed to Claimants by the faulty, defective equipment. Petitioners did so knowing that the conditions posed dangerous and grave safety concerns. Petitioners' acts and omissions involved an extreme degree of risk considering the probability and magnitude of potential harm to Claimants and others. Petitioners had actual, subjective awareness of the risk, and consciously disregarded such risk. Moreover, Claimants may recover punitive damages under the general maritime law because of the Vessel's unseaworthiness following the United States Supreme Court's ruling in *Atlantic Sounding*. All of the conduct mentioned in the above paragraphs was within the knowledge and privity of Petitioners.

WHEREFORE, premises considered, Claimants assert that Petitioners' claim for exoneration from and/or limitation of liability are improper and should be dismissed. Claimants assert that they are entitled to damages which they have sustained as a result of the legal fault of Petitioners and their vessel, the MODU DEEPWATER HORIZON. Claimants demand judgment against Petitioners in an amount to be determined by this Court, and including attorney's fees, punitive damages, interests and costs.

    Respectfully submitted:

    **LEAKE & ANDERSSON, LLP**

    BY:   /s/ Edward T. Hayes
    Edward T. Hayes, T.A. (#25700)
    W. Paul Andersson (#2474)
    Dean M. Arruebarrena (#24283)
    Stanton E. Shuler (#19152)
    J. Roumain Peters (#21810)
    Louis P. Bonnaffons (#21488)
    Jeffrey M. Burg (#25993)

    1100 Poydras Street
    Suite 1700
    New Orleans, LA 70163-1701
    Telephone: (504) 585-7500
    Facsimile: (504) 585-7775
    Email: ehayes@leakeandersson.com
    pandersson@leakeandersson.com
    darruebarrena@leakeandersson.com
    sshuler@leakeandersson.com
    rpeters@leakeandersson.com
    lbonnaffons@leakeandersson.com
    jburg@leakeandersson.com

    -AND-

    Patrick M. Wartelle, Esq. (#14484)
    600 Jefferson Street, Suite 603
    Suite 603
    Lafayette, LA 70501
    Telephone: (337) 354-2427
    Email: pwartelle@leakeandersson.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 20, 2011, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, and provided notice by and through Lexis Nexis to all counsel of record.

        /s/ Edward T. Hayes